**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:05-cv-00636-LTB

CARLOS E. SALA, and
TINA ZANOLINI-SALA,

       Plaintiffs,

v.

UNITED STATES OF AMERICA,

       Defendant.

---

**OPENING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT**

---

Plaintiffs CARLOS E. SALA and TINA ZANOLINI-SALA, by and through their undersigned counsel, move this Court pursuant to Rule 56 of the Federal Rules of Civil Procedure and District Court for the District of Colorado Local Civil Rule 56.1, for partial summary judgment against Defendant United States, determining that a portion of the interest assessed against and collected from Plaintiffs shall be refunded.

**A. Facts.**

Plaintiffs timely filed their 2000 federal income tax return ("original return") on or before April 15, 2001. On or about November 18, 2003, Plaintiffs filed an amended federal income tax return for 2000 ("amended return"), and paid additional taxes with the filing of the return. *See* Exhibit 1, ¶ 2, Declaration of Carlos E. Sala. They also paid interest on the taxes paid, computed as accruing from the due date of their original return (April 16, 2001) until October 16, 2002, 18 months from the filing of the original return. *See* Exhibit 1, ¶ 2. Prior to the filing of their amended return, Plaintiffs did not receive any notice of additional tax due. *See* Exhibit 1, ¶ 3. Despite a specific provision in the Internal Revenue Code of 1986 (the "Code"), which provides for the suspension of accrual of interest on additional tax where no notice of tax due has been issued to the taxpayer within 18 months of the filing of the original return, on or about February 9, 2004, the Internal Revenue Service ("IRS") erroneously assessed interest purportedly accrued beyond the 18-month period. *See* Exhibit 1, ¶ 4.

Plaintiffs were ultimately forced to pay the additional interest demanded by the IRS ("excess interest").[1] *See* Exhibit 1, ¶ 7. Indeed, an IRS Revenue Officer visited Plaintiffs' home and personally demanded payment from Plaintiff Tina Zanolini-Sala shortly after the excess interest was assessed. *See* Exhibit 1, ¶ 6. After the excess interest was paid and a Claim for Refund filed, the IRS refused to refund the excess interest, which amounted to over $1,500,000, compelling Plaintiffs to include the excess interest issue in this tax refund suit.

---

[1] The excess interest consisted of interest which the IRS insisted accrued between October 17, 2002 and September 2004, the date Plaintiffs paid the excess interest.

OPENING BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

Respondent does not dispute these facts. Accordingly, summary judgment is appropriate.

### B. Summary Of Argument.

Taxpayers are required to pay interest (at rates compounded daily and adjusted quarterly) on any additional income tax determined to be due after the filing of the taxpayer's tax return. 26 U.S.C. §§ 6601, 6621. However, the accrual of interest shall be suspended where the taxpayer receives no notice from the IRS of additional tax due within 18 months of the due date of the original return.[2] 26 U.S.C. § 6404(g). Generally, the suspension continues until 21 days after the taxpayer receives notice from the IRS. *Id*. Where the taxpayer files an amended return after 18 months has expired since the filing of the original return, and pays the full tax shown on the amended return, the taxpayer's liability for interest is limited to that accruing between the filing of the original return and the expiration of the 18 month period. *Id*. These rules are also set forth in an IRS Revenue Ruling, Revenue Ruling 2005-4, 2005-4 I.R.B. 366. In this case, the IRS has, to date, refused to follow the Code or the IRS Revenue Ruling.

### C. Argument.

The material facts are not in dispute. Plaintiffs are entitled to judgment as a matter of law with respect to the excess interest issue asserted in the Complaint. *See* Plaintiffs' Complaint pp. 3- 4. Accordingly, while Plaintiffs' entitlement to a refund of the tax and the

---

[2] If the return is filed after the original due date, without regard to extensions, then the 18 month period begins with the filing date.

OPENING BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

remainder of interest paid with the filing of the amended return remains at issue, partial summary judgment is appropriate. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986).

As part of the 1998 Taxpayer Bill of Rights II, Congress enacted Code § 6404(g) to limit a taxpayer's liability for interest on additional taxes determined to be due following the filing of the taxpayer's original return. Congress did so because it concluded that the IRS should promptly inform taxpayers of their obligations with respect to additional taxes due. S. Rep. No. 174, 105th Cong., 2d Sess., at 64-65, 1998-3 C.B. 537, 600-01. Interest on taxes due was considered particularly significant because it accrued from the due date of the tax return until the tax was paid, at rates compounded daily and adjusted quarterly. *Id.*

As an incentive for the IRS to provide prompt notification and to relieve taxpayers of liability for interest when it fails to do so, Congress provided for the suspension of interest on additional taxes due beginning the day after the expiration of 18 months from the filing or due date of the original return. 26 U.S.C. § 6404(g)(3). Generally, the suspension continues until 21 days after the IRS provides notice to the taxpayer of the additional amount due. *Id.* This is the "suspension period" set forth in the statute. *Id.*

Here, it is undisputed that Plaintiffs received no notice of additional tax due for the year 2000, prior to October 16, 2001, 18 months following the due date of their original return. Hence, interest accrual should have been suspended beginning on October 17, 2002. The full amount of interest due with respect to the period, April 16, 2001 to October 16, 2002, was

paid by Plaintiffs with the filing of their amended return.  Nevertheless, without any statutory basis for doing so, the IRS assessed and collected interest it claimed accrued after October 16, 2002.  The IRS did so despite Plaintiffs' numerous attempts to demonstrate that the accrual of interest terminated on October 16, 2002 under the applicable provisions of the Code.  Ultimately, Plaintiffs were forced to pay the full excess interest or face further collection efforts.

Section 6404(g) of the Code does not specifically provide the date on which the suspension period ends where (1) no notice has been received by the taxpayer within 18 months after the filing of the original return, (2) the taxpayer thereafter files an amended return showing additional tax due, and (3) the IRS issues a notice to the taxpayer after the filing of the amended return.  However, in Revenue Ruling 2005-4, the IRS held that accrual of interest is suspended in these circumstances beginning the day after 18 months has expired from the filing of the original return and continuing until the filing of the amended return, provided the taxpayer pays the additional tax due with the amended return. [3]  The Revenue Ruling concludes that, since the taxpayer "knows the amount and the basis for the additional tax reported on the

---

[3] The Revenue Ruling also addresses the issue as to the suspension period where the taxpayer does not pay the full amount of the tax shown due on the amended return with the filing of that return.  The Revenue Ruling concludes that the suspension period ends 21 days after the filing of the amended return.  Since the Code does not specifically address the issue, it could be argued that the suspension period continues until 21 days after the IRS provides notice of its assessment of the tax shown on the amended return.  Since Plaintiffs full paid the tax shown on the amended return with its filing, that issue is irrelevant here.

OPENING BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

amended return," the notice referred to in the statute is rendered unnecessary.  Revenue Ruling 2005-4, 2005-4 I.R.B. 366.

In this case, it makes no difference whether the end of the suspension period is considered to have been the date the amended return was filed or the date thereafter that Plaintiffs received notice from the IRS reflecting the assessment and payment of the tax shown on the amended return.  In either event, Plaintiffs are entitled to a refund of the excess interest.  Not only is Plaintiffs' position supported by the plain language of the statute, but the IRS' own Revenue Ruling describes Plaintiffs' precise situation, and concludes that Plaintiffs were correct in their calculation of interest due.  A Revenue Ruling is treated by the courts as a concession by the IRS.  *Rauenhorst v. Commissioner*, 119 T.C. 157 (2002); *Norwood v. Commissioner*, 66 T.C. 467, 469 (1976); *Burleson v. Commissioner*, T.C. Memo. 1994-130; see also *Alumax Inc. v. Commissioner*, 109 T.C. 133, 163 n.12 (1997) (the public generally has the right to rely on positions taken by the Commissioner in revenue rulings), *affd*. 165 F.3d 822 (11th Cir. 1999).  Plaintiffs' position is both in accordance with the letter of the law and the IRS' own interpretation of law.  Accordingly, Plaintiffs' Motion for Partial Summary Judgment should be granted.

DATED this 30th day of June, 2005.

          Attorneys for Plaintiffs Carlos E. Sala and Tina Zanolini-Sala,

s/ John M. Colvin
John M. Colvin

s/ Darrell D. Hallett
Darrell D. Hallett
**Chicoine & Hallett, P.S.**
1011 Western Avenue, Suite 803
Seattle, WA  98104
Telephone (206) 223-0800
Facsimile  (206) 467-8170
Email: jcolvin@chicoine-hallett.com

**Plaintiffs' Address:**

Carlos E. Sala and Tina Zanolini-Sala
2424 Ginny Way
Lafayette, CO 80026

CERTIFICATE OF SERVICE

   I hereby certify that on June 30, 2005, I electronically filed Petitioners' Motion for Partial Summary Judgment, Opening Brief in Support of Petitioners' Partial Motion for Summary Judgment and Declaration of Carlos E. Sala, using the CM/ECF system, which will send notification to the following:

   Philip Blondin:  Philip.Blondin@usdoj.gov

   I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

   DATED this 30th of June, 2005.

                CHICOINE & HALLETT, P.S.

                s/ John M. Colvin
                John M. Colvin
                Chicoine & Hallett, P.S.
                Attorneys for the Plaintiffs Carlos E. Sala
                and Tina Zandolini-Sala
                1011 Western Ave. Suite 803
                Seattle WA, 98104
                Telephone: (206) 223-0800
                Facsimile: (206) 223-0800
                Email: jcolvin@chicoine-hallett.com