IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CARLOS E. SALA and <br> TINA ZANOLINI SALA, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> )   05-cv-00636-LTB-OES <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

_____

UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF UNDER
FED. R. CIV. P. 56(F) WITH RESPECT TO PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
_____

The United States of America, by its undersigned counsel, submits the following memorandum in support of its motion pursuant to Fed. R. Civ. P. 56(f) and requests that the United States be granted until the close of the discovery period in this matter to submit a substantive response to plaintiffs' motion for partial summary judgment on the issue of whether they are entitled to a refund of approximately $1.5 million in interest. As set forth more fully below, the relevant facts and discovery necessary to the determination of whether plaintiffs' claim for $1.5 million in interest should be denied due to fraud exception of 26 U.S.C. §6404(g)(2), are expected to be similar, if not identical, to the facts and discovery necessary to fully develop the facts for the remainder of the issues presented in plaintiffs' refund suit. Neither party wants duplicative discovery. Accordingly, the Court should either (1) deny plaintiffs' motion without prejudice or (2) continue the proceedings with respect to the motion until the completion of discovery in this case.

1

## INTRODUCTION

This case involves a variant of the Son of BOSS[1] abusive tax shelter, which the Internal Revenue Service ("IRS") has determined involves tax avoidance through the use of artificially-high basis in a partnership. *See* Internal Revenue Notice 2000-44. This scheme is designed to generate artificial tax losses. It works as follows: a taxpayer contributes offsetting foreign currency options to a partnership, the partnership artificially inflates the taxpayer's basis in the partnership by including only the value of contributed purchase call options in taxpayer's partnership share while disregarding the offsetting liability assumed by the partnership in the form of written call options. *Id*. The partnership then sells those currency options to generate a massive artificial loss, without incurring any actual economic loss. *Id*. That artificial loss is passed through to the partners for deduction against income on their federal tax returns. *See id*. In this case, the Salas participation in this abusive tax shelter "saved" them roughly $27 million in federal tax. Complaint at 7.

Plaintiffs commenced the instant case seeking a refund of tax, penalties and interest of approximately $28 million. On June 20, 2005 plaintiffs filed a motion for partial summary judgment on the issue of whether they are entitled to a refund of certain interest payments in excess of $1.5 million pursuant to 26 U.S.C. § 6404(g). Upon review of the materials submitted by plaintiff and the relevant administrative files, the United States agrees that *if* the exceptions to 26 U.S.C. § 6404(g)(1) do not apply, the plaintiffs satisfy the requirements of this provision and would be entitled to a refund of interest. 26 U.S.C. § 6404(g)(2), however, contains an exception

---

[1] BOSS stands for Bond and Options Sales Strategy. The BOSS tax shelters were invalidated by the IRS in Notice 99-59 in December, 1999. The Son of BOSS tax shelters modified the BOSS shelter, but we believe not their abusive nature, by using partnerships, among other differences.

which provides that a refund of interest is not available "in a case involving fraud." At this time it is premature to determine if the exception applies. The United States requests that it be permitted until the end of the discovery period to respond to plaintiffs' motion for partial summary judgment so that it may determine if the exception "in a case involving fraud" applies. *See* 26 U.S.C. § 6404(g)(2). If at the end of the discovery period the Court determines, or the United States concedes, that the case involving fraud exception does not apply, the plaintiffs will receive additional interest until the overpayment is refunded. *See* 26 U.S.C. § 6611.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(e), the party opposing a motion for summary judgment may not rest upon the mere allegations or denials of the adverse party's pleading. Rather, the adverse party's response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial on the issues presented in the motion. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In circumstances where a party moves for summary judgment before the opposing party has had an adequate opportunity to discover information necessary for the preparation of affidavits in opposition to the motion, FED. R. CIV. P. 56(f)[2] authorizes the Court, upon motion of the non-movant, to refuse the motion or to order a continuance or grant such other relief as may be appropriate. The meaning and application of Rule 56(f) is well set out and explained in

---

[2] **(f) When Affidavits are Unavailable**. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Edward Brunet's article *Timing of Summary Judgment*, 198 F.R.D. 679 (2001) ("Brunet Article"):

> Rule 56(f) is the product of a balancing of competing policy considerations. One such policy focuses on the importance of the availability of discovery in the summary judgment process. An opportunity to engage in meaningful discovery is the fulcrum of a notice pleading system, and the resolution of a summary judgment motion before the nonmovant has had that opportunity would undermine the system of which Rule 56 is only one part. That is because it would be patently unfair to permit a judgment to be entered against a person without affording that party the opportunity to gather and submit evidence on his or her behalf. The legal system would not permit this at trial and it should not permit it at the summary judgment stage which is a substitute for trial. For this reason, Rule 56(c) refers specifically to the fruits of discovery as an appropriate element of proof in the summary judgment process. Operation of that process therefore must ensure that parties have sufficient time to gather materials to support and oppose the motion. Because the movant has the tactical advantage of choosing when to file a summary judgment motion, Rule 56(f) is designed entirely to protect the non-movant from having to respond to a summary judgment motion before he or she is able to obtain evidence to oppose the motion.

Significant factors in evaluating a motion under Rule 56(f) include whether evidence of material facts is within the control of the movant and whether the non-movant has had an adequate opportunity to conduct discovery. *See Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795 (Fed. Cir. 1999); *see also Brunet Article*, 198 F.R.D. at 695-702. In deciding whether to grant a motion under Rule 56(f), the Tenth Circuit Court of Appeals considers whether the party moving for relief under that rule has made a proffer that: (1) is authoritative and timely; (2) explains why facts precluding summary judgment cannot be presented; (3) identifies the probable facts not available and what steps have been taken to obtain these facts; and (4) explains how additional steps will enable the nonmovant to rebut the allegations of no genuine issue of fact. *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992).

## ARGUMENT

I.  **DEFENDANT IS ENTITLED TO RELIEF UNDER RULE 56(f) WITH RESPECT TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant is entitled to relief under Rule 56(f) as all elements with respect to a motion under that rule are fully satisfied.

   A.  *The Request for Relief is Authoritative and Timely.*

Defendant's request for relief under Rule 56(f) plainly is authoritative and timely.  The request is made by the formal motion accompanying this brief and is supported by a declaration executed by one of defendant's trial attorneys.  Pursuant to D.C.COLO.LCivR7.1(a), counsel for plaintiffs has been fully informed of this decision, and unsuccessful attempts were made to secure an agreeable timeframe for response to the underlying motion for partial summary judgment.  Further, the instant motion has been filed and served prior to the expiration of the time for responding to plaintiffs' motions for partial summary judgment.  No more is required in order for the request for relief under Rule 56(f) to be authoritative and timely.  *See Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1204-05 (1st Cir. 1994).

   B.  *Facts Precluding Summary Judgment Cannot be Proffered Because Discovery Has Not Yet Begun.*

Good cause exists for defendant's not having previously adduced material facts, as discovery has not yet commenced in this case.  Defendant can hardly be said to have had an adequate opportunity to conduct discovery where (1) the case and the issues asserted were brought and raised by plaintiffs; (2) plaintiffs filed their motion for partial summary judgment during the time period in which discovery could not be had "from any source;" and (3) defendant has not initiated, sent, or performed written discovery in the seven day's time since the time in

which the parties held their FED. R. CIV. P. 26(f) conference.  Defendant has orally requested information from plaintiffs as to the persons and entities involved in the transaction, but plaintiffs' counsel provided no information beyond what was stated in the exhibits to the complaint.  Defendant has not had an adequate opportunity to conduct discovery—it has had no opportunity to conduct discovery at all.  Summary judgment should not be granted "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5, 106 S.Ct. 2548, 2511 n.5 (1986); *Committee for the First Amendment*, 962 F.2d at 1521.  Accordingly, because there has been no opportunity for discovery of the information essential to the United States' opposition, this Court should grant the United States motion for Rule 56(f) relief.

### C. *The United States Has a Reasonable Belief that Discoverable Material Facts Exist.*

The question of what facts are "material" depends upon the applicable substantive law.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  In that the instant proceeding is a refund suit stemming from disallowed deductions taken as a result of plaintiffs' involvement in an abusive tax shelter, the complaint brings into question both the validity of the tax shelter, as well as the validity of the interest and penalties stemming from the United States' disallowance of the shelter's tax benefits.  The motion for partial summary judgment demands the refund of interest to which no refund may be made in a case involving fraud.

Section 6404(g) of the Internal Revenue Code (26 U.S.C.) sets forth the parameters governing suspensions of interest as they relate to the interest at issue in plaintiffs' motion for partial summary judgment.  Under subsection 6404(g)(2), however, plaintiffs may not recover

that interest in a "case involving fraud." The United States has a good faith belief that this is a case which may involve fraud.

Pursuant to Rule 56(e), the United States must oppose this motion for partial summary judgment with specific facts. Pursuant to FED. R. CIV. P. 9, fraud must be pled with particularity, setting forth the specific facts and circumstances thereto. Without an opportunity for discovery, the United States cannot set forth specific facts by affidavit to oppose the motion for summary judgment. That is not to say that those facts may not exist.

Klynveld Peat Marwick Goerdeler, L.L.P. ("KPMG") created and sold several variants of the Son of BOSS shelter, one of which Plaintiffs utilized here. KPMG has admitted that the Son of BOSS shelter and its variants were fraudulent. *See* Statement of Facts at ¶2, attached as Exhibit C to the Deferred Prosecution Agreement ("Agreement"), itself attached as Exhibit A to Declaration of Anton L. Janik, Jr. At this *pre-discovery* stage, the United States has limited knowledge, information, and documentation. However, based upon that limited knowledge, information, and documentation the United States alleges that:

1. KPMG developed, promoted, and/or sold several Son of BOSS variants, including the BLIPS[3] and this variant;

2. KPMG has admitted that the Son of BOSS tax shelters it developed, promoted, and/or sold were fraudulent and resulted in at least $11 billion dollars in phony tax losses. To date, the IRS has collected more than $3.7 billion from taxpayers, including KPMG clients, who took phantom tax deductions created through the Son of BOSS tax shelters then recanted and voluntarily participated in the IRS' global civil settlement initiative;

3. the Salas appear to be a client of Tracie Henderson, of the accounting firm KPMG, a promoter of this abusive tax shelter;

---

[3] BLIPS refers to another abusive tax shelter Son of BOSS variant, Bond Linked Issue Premium Structure.

4. the Salas had earlier signed up for another KPMG Son of BOSS shelter—the BLIPS variant—but backed out when the IRS issued Notice 2000-44, which identified and invalidated the BLIPS variant as an abusive tax shelter;

5. the Salas soon thereafter entered into this Son of BOSS variant which is believed to have generated the same or similar dollar amount of tax loss the Salas sought in the BLIPS variant;

6. the fact that the Salas backed out of a previous iteration of a Son of BOSS shelter—because the IRS knew of and disapproved of that scheme—and yet later involved themselves in a variant of that same abusive tax shelter, warrants the allowance of discovery;

7. KPMG and the law firm Brown & Wood[4] had formed an alliance or agreement to jointly develop and market tax products and jointly share in the fees;

8. Raymond J. Ruble, a then tax partner at Brown & Wood, currently under indictment for his role in the Son of BOSS shelters, wrote the "independent" opinion letter for this abusive tax shelter and sent it to Lawrence E. Nemirow for review and comment on March 23, 2001;

9. Mr. Ruble was not independent of the development, marketing, sale, or implementation of this abusive tax shelter, and had a financial stake in its development and marketing;

10. Mr. Nemirow is a tax attorney at Davis, Graham and Stubbs, a Denver, Colorado law firm, and is believed to be plaintiffs' Colorado attorney and to have facilitated the Salas' participation in this abusive tax shelter;

11. Mr. Ruble also sent the "independent" tax opinion letter to Ms. Henderson of the promoter accounting firm KPMG for review and comment on April 1, 2001. Ms. Henderson replied to Mr. Ruble that Mr. Nemirow wanted the tax opinion letter to be updated from December 31, 2001 through the date of the opinion letter; and

12. through his firm Sidley Austin Brown & Wood, Mr. Ruble billed the Salas $75,000.00 for the tax opinion letter.

---

[4] The law firm is now called Sidley Austin Brown & Wood.

8

This type of close, ongoing, and lucrative collaboration between KPMG and Brown & Wood raises serious questions about the independence of the advice given and the value of the opinion letter in light of the financial stake that Brown & Wood and KPMG had in the sale of the tax product being analyzed. Similarly, the involvement in a variant of a scheme which its promoter now admits was fraudulent demands exploration of the circumstances surrounding plaintiffs' involvement in this abusive tax shelter. Indeed, based upon the facts as we know them at this time, the United States plainly has a good faith basis to pursue whether this is "a case involving fraud." However, it currently lacks sufficient testimonial or documentary information to conclusively state that this case involves fraud at this time, or to submit evidence sufficient to support a finding in response to plaintiffs' motion for partial summary judgment. Additional time will enable the United States to determine whether this is a case involving fraud such that the United States may rebut plaintiffs' allegations that it is entitled to the interest refund it seeks. *Committee for the First Amendment*, 962 F.2d at 1522.

Furthermore, in determining whether the above allegations are material, it is important to understand that the threshold of materiality at this point, that is, prior to the completion of adequate discovery, is necessarily low. *Resolution Trust*, 22 F.3d at 1207. In *Resolution Trust*, the First Circuit Court of Appeals stated that "[w]e do not believe that it is either necessary or desirable for a court to attempt to probe sophisticated issues on an undeveloped record. If, at this stage of the proceedings, lack of materiality is not apparent, then an inquiring court should err, if at all, on the side of liberality." *Id*., at 1208. The Tenth Circuit agrees that "[u]nless dilatory or lacking in merit, the motion should be liberally treated." *Committee for the First Amendment*,

9

962 F.2d at 1522, *quoting* James W. Moore & Jeremy C. Wicker, MOORE'S FEDERAL PRACTICE ¶56.24 (1988).

Courts have declined to rule on issues of law raised by summary judgment at an early stage of a proceeding where it appears that, upon full development of the facts and the resolution of other legal issues, the issue of law might be moot. *United States for the use and benefit of Greenville Equipment Co. v. United States Casualty Company*, 180 F.Supp. 715 (D.Del. 1960); *see also Consolidated Rail Corporation v. Maddox*, 116 F.R.D. 672 (D.Del. 1987); *Clute v. Davenport Co.*, 116 F.R.D. 599 (D.Conn. 1987); 10A WRIGHT & MILLER FED. PRAC. & PROC. CIV. 3d § 2728, fn.29.  As noted in *Greenville Equipment*:

> In short, a resolution of the legal questions raised by the motion will not perceptibly shorten the trial.  On the other hand, a determination at trial of the fact issues may eliminate the need for deciding the legal questions which defendant's motion raises.  In these circumstances, it is particularly appropriate that the Court, in the exercise of its discretion, deny the motion without prejudice."

*Greenville Equipment*, 180 F.Supp. at 717.

The reasoning of *Greenville* applies with great force to plaintiffs' motion for partial summary judgment.  Here, the issue of whether this is a case involving fraud is not a matter which, once determined, will perceptibly shorten the trial.  The issue of whether plaintiffs are liable for the taxes and penalties assessed by the IRS with regard to tax year 2000, will remain regardless of whether fraud is involved.  However, if this is a case involving fraud, a certain subset of interest may not be refunded.  *See* 26 U.S.C. § 6404(g)(2).

Whether this is a case involving fraud will be based in large part on the same discovery used to determine whether the taxes and penalties were properly assessed; i.e., whether the transaction at issue supports the losses claimed.  Clearly, resolution of the issue of fraud will

require a thorough analysis of all facts and circumstances, including all the depositions and documents, with respect to this transaction.  Resolving the fraud issue now, an issue whose discovery is coextensive with that required in the United States' case in chief, would not be proper and will not serve to appreciably reduce, if at all, the Government's discovery in this case.  In these circumstances, plaintiffs' motion for partial summary judgment should be denied without prejudice, or in the alternative, further proceedings with respect to the motion should be continued until after completion of discovery.

### D.     *Discovery of these Additional Facts Will Enable the United States to Rebut the Allegations Presented in Plaintiffs' Motion*

Tax shelter cases generally are factually complex.  To rebut the allegations in plaintiffs' refund suit, as well as their motion for partial summary judgment, will require extensive discovery, including but not limited to significant written discovery to the plaintiffs, subpoenas *duces tecum* to the several third parties, and the deposition of the plaintiffs, the promoters, the accounting firms, the law firms, the trading firms, the banks, and the financial advisors which developed, promoted, and/or assisted in carrying out the abusive tax shelter.  Accordingly, a substantial amount of time will be required for a full development of the facts.

Rule 56(f) does not require that material facts be discovered within a short period of time, but rather, within a reasonable period of time.  In this context, reasonableness must be determined based upon the nature of the case.  The parties have met and conferred, and determined that one year of discovery is appropriate given the issues presented.  Plaintiffs' counsel have informed the undersigned attorneys that they do not want any bifurcation of discovery or duplication of depositions in this case.  In other words, although plaintiffs have indicated that they will oppose this Rule 56(f) motion based on the position that the IRS had

11

adequate time administratively to determine if this is "a case involving fraud," the plaintiffs do not want two discovery periods—one for the case involving fraud issue, and a second for the remaining tax refund issues.

The facts necessary to development of the United States' "case involving fraud" allegation are so closely tied to the development of the facts underlying the validity of the tax shelter at issue, *e.g.* whether the transaction had economic substance, whether the transaction had a true business purpose, whether the transaction had any purpose other than the creation of massive losses, etc., that discovery as to both issues should necessarily proceed at one time and over the course of the discovery period.  The United States firmly believes that the information-gathering required to state that this is a case involving fraud will necessarily require the deposition and discovery of documents from each of the anticipated persons and entities that the United States will seek discovery from during its case in chief, including but not limited to the plaintiffs, the promoters of the shelter, the authors of any legal opinions, and the parties to the transactions giving rise to the claimed losses.  Accordingly, this discovery will enable the United States to determine whether this is a case involving fraud, such that the United States may rebut plaintiffs' allegations that it is entitled to the interest refund it seeks.

The Government does not propose being allowed to conduct a formless, unfocused discovery in hopes of finding material facts.  Rather, the involved transactions, based upon the information presented in the exhibits to the complaint, appear to fit squarely into a well-known type of abusive tax shelter arrangement.  The United States expects to be able to pursue the discovery of facts, from plaintiffs and third parties, in a diligent manner once discovery has commenced.  Absent unforeseen circumstances, such as intransigence by a third party from

whom discovery may be sought, necessary discovery should be completed within a reasonable amount of time. We submit there is no reason, or legitimate benefit to the plaintiffs, for providing anything less than the entire discovery period for this investigation.

The United States cannot say with authority what facts will come in discovery until all discovery is completed. Were this Court to bifurcate the discovery period, ordering that discovery first proceed upon whether this is a case involving fraud, and then order that the discovery period the parties have contemplated (and which will be heard at the parties' October 28, 2005 scheduling conference) begin, the process of discovery will be duplicitous and give rise to a result the parties seek to avoid. Were this Court instead to allow discovery on both the case involving fraud issue and the United States case in chief, but limit the discovery on the former issue to some period shorter than the full discovery period, it is likely that material information will not be discovered within the shortened time period. It is exactly because tax-avoidance schemes of this type are complicated and may require extensive formal discovery to recover vital records and documents and establish the abusive nature of this scheme, that these cases are particularly unsuited to resolution prior to the development of a record by thorough discovery.

The United States cannot oppose plaintiffs' motion for partial summary judgment based upon the bare record that exists now. Pursuant to FED. R. CIV. P. 56(f), this Court may refuse the application for judgment, may order a continuance to permit discovery to be had, or may make such other order as is just. The United States needs a sufficient discovery period to develop the facts to determine if the 26 U.S.C. § 6404(g)(2) case involving fraud exception applies. Because the issues here are intertwined, the discovery process should not be bifurcated, and the United States requests that it be granted until the discovery period is over to respond to the motion for

13

partial summary judgment. Granting the full discovery period will not disadvantage the plaintiffs. If the case involving fraud exception does not apply, plaintiffs are eligible for a refund of the interest already paid for this period, plus interest owed while that overpayment was in the hands of the Government. Even if they were to win on their interest claim now, no payment would be made to plaintiffs until final judgment is entered and an appeal determination is made. Accordingly, plaintiffs will not be disadvantaged by this Court granting the United States request that it be granted until the discovery period is over to respond to the motion for partial summary judgment. The Court should continue the response date until discovery has closed.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for partial summary judgment should not be considered until such time as discovery has been completed.

WHEREFORE, defendant prays that its motion be allowed and that the Court refuse this motion (without prejudice to refile) or, in the alternative, continue proceedings with respect to the motion until after the completion of discovery, or granting such other relief as necessary to provide defendant with an adequate opportunity to respond.

Dated this 3rd day of October, 2005.   WILLIAM J. LEONE
　　　　　　　　　　　　　　　　　　　　Acting United States Attorney
　　　　　　　　　　　　　　　　　　　　MARK S. PESTAL
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　　　s/ Anton L. Janik, Jr.
　　　　　　　　　　　　　　　　　　　　PHILIP E. BLONDIN
　　　　　　　　　　　　　　　　　　　　ANTON L. JANIK, JR.  CO#35164
　　　　　　　　　　　　　　　　　　　　Trial Attorneys, Tax Division
　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　　P.O. Box 683
　　　　　　　　　　　　　　　　　　　　Ben Franklin Station
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20044-0683
　　　　　　　　　　　　　　　　　　　　Telephone:    (202) 307-6322
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(202) 305-2558
　　　　　　　　　　　　　　　　　　　　Facsimile:    (202) 307-0054
　　　　　　　　　　　　　　　　　　　　Email:Anton.L.Janik@usdoj.gov

　　　　Street Address:   Judiciary Center Building
　　　　　　　　　　　　　　555 Fourth Street, N.W.
　　　　　　　　　　　　　　Washington, D.C. 20001

15

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on October 3, 2005, I electronically filed the foregoing UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF UNDER FED. R. CIV. P. 56(F) WITH RESPECT TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT  with the Clerk of  Court using the ECF system which will send notification of such filing to the following e-mail addresses:

dhallett@chicoine-hallett.com

jcolvin@chicoine-hallett.com

philip.blondin@usdoj.gov

and I hereby certify that I have mailed or served the document to the following non CM/ECF participants in the manner (mail, hand delivery, etc.)  indicated by the non-participants name:

Internal Revenue Service
Office of Associate Area Counsel
701 Market Street, Suite 2200
Philadelphia, PA 19106

> s/ Anton L. Janik, Jr.
> ANTON L. JANIK, JR.
> Attorney for Defendant
> United States of America
> Trial Attorney, Tax Division
> United States Department of Justice
> Ben Franklin Station
> P.O. Box 683
> Washington, D.C. 20044-0683
> Telephone:     (202) 305-2558
> Facsimile:     (202) 307-0054
> Email:Anton.L.Janik@usdoj.gov

Street Address:           Judiciary Center Building

16

555 Fourth Street, N.W.
Washington, D.C. 20001