IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| CARLOS E. SALA and | ) | |
| TINA ZANOLINI SALA, | ) | |
| | ) | 05-cv-00636-LTB-OES |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

_____

DECLARATION OF ANTON L. JANIK, JR. IN SUPPORT OF UNITED STATES' MOTION
FOR RELIEF UNDER FED. R. CIV. P. 56(F) WITH RESPECT TO PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
_____

I, Anton L. Janik, Jr., declare and state as follows:

1.      I am a Trial Attorney for the United States Department of Justice, Tax Division.  I am a trial attorney of record and assigned responsibility for representing the interests of the United States in this case.

2.      The complaint was filed April 5, 2005.

3.      The United States served its answer on July 27, 2005.

3.      Plaintiffs' motion for partial summary judgment was filed June 30, 2005.

4.      The early meeting of counsel, pursuant to FED. R. CIV. P. 26(f), occurred on September 19, 2005.  The parties agreed that one year of discovery was appropriate on the matters raised in the complaint, and that each party would likely employ two experts.

5.      The FED. R. CIV. P. 16 scheduling conference has not yet occurred.  It is set for October 28, 2005.

1

6.      Because FED. R. CIV. P. 26(d) (subject to exceptions not applicable here) bars discovery "from any source" prior to the early meeting of counsel, and because the United States had no reason to contemplate any need for formal discovery prior to the initial disclosures, no discovery has yet been conducted by defendant (nor could discovery have been undertaken prior to September 19, 2005).

7.      At the parties September 19, 2005 and September 22, 2005 conference calls, it became apparent that plaintiffs' counsel would not agree to continue the response to the motion for partial summary judgment until the end of discovery.  However, plaintiffs' counsel did state that they did not want a duplication of depositions or discovery if the "case involving fraud" issue was separated from the main issues in the case.  At both conference calls, counsels for the United States sought to resolve the dispute as to the amount of time in which to make a response.

8.      I have received information from various persons and entities with regards to the underlying transaction.  I have a good faith belief that the following statements are true and accurate, subject to further discovery:

     a.      KPMG developed, promoted, and/or sold several Son of BOSS variants, including the BLIPS and the variant used in this case;

     b.      KPMG has admitted that the Son of BOSS tax shelters it developed, promoted, and/or sold were fraudulent and resulted in at least $11 billion dollars in phony tax losses.  To date, the IRS has collected more than $3.7 billion from taxpayers, including KPMG clients, who had taken phantom tax deductions created through the Son of BOSS tax shelters then recanted and voluntarily participated in the IRS' global civil settlement initiative;

     c.      the Salas were a client of Tracie Henderson, of the accounting firm KPMG, a promoter of this abusive tax shelter;

2

    d.     the Salas had earlier signed up for another KPMG Son of BOSS shelter—the BLIPS variant—but backed out when the IRS issued Notice 2000-44, which identified and invalidated the BLIPS variant as an abusive tax shelter;

    e.     the Salas soon thereafter entered into this Son of BOSS variant which is believed to have generated the same or similar dollar amount of tax loss the Salas sought in the BLIPS variant;

    f.     KPMG and the law firm Brown & Wood (now Sidley Austin Brown & Wood) had formed an alliance or agreement to jointly develop and market tax products and jointly share in the fees;

    g.     Raymond J. Ruble, a then tax partner at Brown & Wood, currently under indictment for his role in the Son of BOSS shelters, wrote the "independent" opinion letter for this abusive tax shelter and sent it to Lawrence E. Nemirow for review and comment on March 23, 2001;

    h.     Mr. Ruble was not independent of the development, marketing, sale, or implementation of this abusive tax shelter, and had a financial stake in its development and marketing;

    i.     Mr. Nemirow is a tax attorney at Davis, Graham and Stubbs, a Denver, Colorado law firm, and is believed to be plaintiffs' Colorado attorney and to have facilitated the Salas' participation in this abusive tax shelter;

    j.     Mr. Ruble also sent the "independent" tax opinion letter to Ms. Henderson of the promoter accounting firm KPMG for review and comment on April 1, 2001.  Ms. Henderson replied to Mr. Ruble that Mr. Nemirow wanted the tax opinion letter to be updated from December 31, 2001 through the date of the opinion letter; and

    k.     through his firm Brown & Wood, Mr. Ruble billed the Salas $75,000.00 for the tax opinion letter.

9.     Because, among other things, the involved transactions appear to be part of a Son of BOSS abusive tax shelter and the Salas knew the IRS had questioned a variant of their Son of BOSS tax shelter, the United States needs to conduct substantial formal discovery regarding

objective facts with respect to the underlying transaction, including determining whether this was a case involving fraud.

10.    The discovery necessary to rebut the plaintiffs' allegations that they are entitled to refund of the interest claimed is concomitant with the discovery necessary to defend the United States' case in chief.  The necessary discovery includes but is not limited to the depositions of the Salas, the promoters, the law firms, the accounting firms, the trading firms, and the financial advisors which developed, promoted, and/or assisted in carrying out the abusive tax shelter. Furthermore, extensive written discovery to the Salas and subpoenas *duces tecum* to the involved third parties will be necessary.

11.    The additional time will enable the United States to determine whether this is a case involving fraud such that the United States may rebut plaintiffs' allegations that it is entitled to the interest refund it seeks.

12.    Attached as Exhibit A to this declaration is a true and correct copy of a Deferred Prosecution Agreement entered into by KPMG and the United States and accepted by the Court at a hearing on August 29, 2005 in the criminal case *United States v. KPMG LLP*, 05-CR-0903, filed in Court in the Southern District of New York.  Attached to that Agreement as Exhibit C is KPMG's Statement of Facts.

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 3, 2005                              s/ Anton L. Janik, Jr.
                                                      ANTON L. JANIK, JR.
                                                      Trial Attorney, Tax Division
                                                      U.S. Department of Justice