il -7

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00636-LTB-OES

CARLOS E. SALA and
TINA ZANOLINI SALA,

      Plaintiffs,

   v.

UNITED STATES OF AMERICA,

      Defendant.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The conference was held on October 28, 2005. The plaintiffs were represented by Darrell D Hallett and John M. Colvin of the law firm Chicoine & Hallett, P.S., 1011 Western Avenue, Suite 803, Seattle, Washington, 98104, telephone (206) 223-0800. The defendant was represented by Philip E. Blondin, Trial Attorney, Tax Division, United States Department of Justice, P.O. Box 683, Ben Franklin Station, Washington, D.C. 20044-0683, telephone (202) 307-6322.

## 2. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs Carlos E. Sala and Tina Zanolini Sala: Plaintiffs maintain that the IRS improperly denied their claim for refund of taxes and interest paid for the tax year 2000. After

Case 1:05-cv-00636-LTB-OES   Document 26   Filed 10/21/2005   Page 2 of 14

diligent research and advice from several professionals, Plaintiffs entered into a 5 year investment program involving foreign currency positions with the objective of making a significant profit. The investments were made with the advice of highly reputable individuals with substantial experience in, and successful results from foreign currency trading. Plaintiffs were also advised that certain transactions undertaken in 2000 would generate favorable tax consequences. Contrary to Defendant's assertions, Plaintiffs entered into no "abusive tax shelter," "scheme" or otherwise impermissible transactions. Their losses were the result of actual transactions with economic substance, and the application to those transactions tax law that has been in place for over 30 years.

Plaintiffs also maintain that part of the interest assessed and collected should be refunded even if it were determined that the additional taxes were owed. The Internal Revenue Code provides that if the IRS gives no notice of tax due within a period of 18 months from the time that a return is timely filed, then interest on any additional tax assessed ceases to accrue at the end of the 18 month period. Nevertheless, the IRS assessed and collected interest accruing after the 18 month period. Plaintiffs have filed a motion for partial summary judgment on this issue. For the first time Defendant asserted in its response to Plaintiffs' motion for partial summary judgment that this case may be an exception to the interest accrual rules because of a clause "involving fraud" in the statute. After a review period of approximately 18 months, which included a full audit of the 2000 tax return and a 6 month review of the claim for refund filed, the government alleged no fraud. Plaintiffs maintain there in no fraud involved with this case.

Finally, in Defendant's claims and defenses set forth below, Defendant asserts that there is a pending criminal investigation which Defendant apparently maintains is somehow related to

2

Plaintiffs' transactions. To Plaintiffs' knowledge, no transaction undertaken by them are the subject of a criminal investigation. Furthermore, Plaintiffs maintain that the Defendant's assertions regarding criminal investigations of other entities and individuals have no relevance to this case.

b. Defendant United States of America: The United States maintains that this case involves the use of an abusive tax shelter through which purported partners obtain an artificially high basis in a purported partnership. See Internal Revenue Notice 2000-44. The scheme works as follow: a taxpayer purports to contribute offsetting foreign currency options to a partnership. *Id.* The purported partnership artificially inflates the taxpayer's basis in the partnership by including only the value of the purported purchase call options allegedly contributed to the taxpayer's partnership share while disregarding the offsetting liability assumed by the purported partnership in the form of written call options. *Id.* The purported partnership then allegedly sells the currency options to generate a purported loss without having incurred any economic loss and passes the purported loss through to the purported partners. *Id.*

The United States maintains that the losses claimed by plaintiffs were properly disallowed for several reasons:1) the purported transactions giving rise the claimed losses lack economic substance; 2) the purported transactions violate the partnership anti-abuse rules; 3) the plaintiffs improperly valued their purported partnership interest by including only the value of purchase call options and not the written call options; 4) the plaintiffs' participation in the alleged transactions was not profit motivated; and 5) the gain and loss positions in the alleged currency transactions may be integrated into a single transaction in accordance with their economic substance. Accordingly, plaintiffs' refund suit should be dismissed.

3

Additionally the United States maintains that plaintiffs' S corporation registration fees, management fees and incentive fees are not deductible as the alleged transactions at issue were not undertaken in furtherance of a bona fide profit objective independent of tax consequences.

The United States further maintains that plaintiffs' request for a refund of interest in an amount in excess of $1 5 million pursuant to 26 U.S.C. § 6404(g) may be disallowed in a case involving fraud. The United States has filed a Fed. R. Civ. P. 56(f) motion to continue the time in which to answer plaintiffs' motion for summary judgment as to this latter issue, because the relevant facts and discovery necessary to the determination of whether plaintiffs' claim for $1.5 million in interest should be denied due to fraud exception of 26 U.S.C. § 6404(g)(2), are expected to be similar, if not identical, to the facts and discovery necessary to fully develop the facts for the remainder of the issues presented in plaintiffs' refund suit.

The Office of the United States Attorney for the Southern District of New York has a pending criminal investigation with respect to certain tax shelter transactions. Additionally a superseding indictment in *United States v. Jeffery Stein et al.*, S1 05 CR 888 (LAK) was filed on October 19, 2005, charging 19 with a conspiracy to defraud the IRS in connection with tax shelters designed marketed and implemented by the accounting firm KPMG and others. Transactions known as SOS and by other names are specifically identified as fraudulent transactions that are part of the charged conspiracy. The transactions allegedly entered into by the Salas giving rise to the claimed losses in the instant case are substantially similar to the transactions which are referred to as KPMG/SOS deals in the superseding indictment.

R.J. Ruble, who wrote an opinion letter in this case, wrote opinion letters for the KPMG/SOS shelters and is a named defendant in the *United States v. Stein* criminal case, in part,

4

Case 1:05-cv-00636-LTB-OES   Document 26   Filed 10/21/2005   Page 5 of 14

based on his preparation of fraudulent opinion letters. In addition, in their initial disclosures, the Salas disclosed that KPMG employee Tracie Henderson was involved in "the review and analysis" of the transactions at issue in this case.

The Office of the United States Attorney for the Southern District of New York has been asked that it be kept apprised of any discovery in this action in order to ensure that this action does not adversely affect its pending criminal investigations. In the event that it does, the United State anticipates that it will seek either a protective order, or such other relief, including a stay if necessary, to protect the important interests of law enforcement. Although the United States has agreed to a discovery schedule in this case, it believes that it may be necessary to stay discovery to prevent interference with the trial in *United States v. Stein.* If a stay is entered, all deadlines in this case will have to be extended. Counsel for the United States has notified plaintiffs that, in addition to Rule 6(e) of the Federal Rules of Criminal Procedure which protects grand jury information, the IRS criminal files are also privileged and not subject to discovery at this time.

## 3. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiffs are citizens of the United States and residents of the State of Colorado with their principal residence at 2424 Ginny Way, Lafayette, CO 80026.

2. On or before April 15, 2001, the plaintiffs filed a federal income tax return (Form 1040) for the 2000 tax year.

3. On or about November 26, 2003, plaintiffs filed an amended federal income tax return, Form 1040X, for the year 2000, paying an additional $26,179,875 00 in tax and interest with their amended return.

5

Case 1:05-cv-00636-LTB-OES Document 26 Filed 10/21/2005 Page 6 of 14

4. On December 4, 2003, the Internal Revenue Service assessed additional tax in the amount of $23,705,626.00

5. On December 5, 2003, the Internal Revenue Service assessed $3,991,881.20 in interest.

6. On or about June 18, 2004, the Internal Revenue Service issued a Notice of Deficiency to plaintiffs, asserting that plaintiffs owed additional taxes in the amount of $22,204 00, and an accuracy-related penalty in the amount of $4,400.80 for tax year 2000.

7. On or about July 6, 2004, plaintiffs made a $31,987.23 advance payment of the tax and penalty referred to in paragraph 6.

8. The IRS assessed the additional tax and penalty referred to in paragraph 6.

9. On or about September 17, 2004, plaintiffs filed a Form 1040X claim for refund of the payments they made, both with respect to the payment transmitted with the amended return, referenced in paragraph 2, and the payment of the tax and penalty, referenced in paragraph 7.

10. On September 23, 2004, plaintiffs paid an additional $1,571,088.00 to the Internal Revenue Service.

11. On September 27, 2004, plaintiffs filed a Form 843 claim for refund and request for abatement of the $1,571,088.00 payment plaintiffs made.

## 4. COMPUTATION OF DAMAGES

The plaintiffs seek a refund of $27,782,950.15, plus applicable interest, costs, and attorneys' fees  The refund amount is based on the tax and interest paid by plaintiffs with respect to the deficiencies assessed against them for their tax year 2000.

The United States does not seek damages but will request its costs if it prevails in this matter.

## 5. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P 26(f)

a. The Rule 26(f) meeting was held on September 19, 2005.

b. John M. Colvin, Esq., Chicoine & Hallett, 1011 Western Avenue, Suite 803, Seattle, Washington, 98104 appeared for and on behalf of plaintiffs. Philip E. Blondin and Anton L. Janik, Jr., Trial Attorneys, Tax Division, United States Department of Justice, P.O. Box 683, Ben Franklin Station, Washington, D.C. 20044-0683 appeared for and on behalf of the United States.

c. Proposed changes in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): None.

d. The Fed. R. Civ. P. 26(a)(1) disclosures were made on October 11, 2005.

e. The parties have agreed to provide each other with copies of documents identified in their Rule 26(a)(1) disclosures, subject to the right to withhold documents or portions thereof for privilege or other legally valid grounds, within 30 days of the disclosures.

## 6. CONSENT

The parties do not consent to the assignment of this matter to United States Magistrate Judge.

## 7. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: Monday, December 12, 2005.

b. Discovery Cut-off: Friday, October 27, 2006.

c. Dispositive Motion Deadline: Tuesday, November 28, 2006.

d. Expert Witness Disclosure:

7

Case 1:05-cv-00636-LTB-OES   Document 26   Filed 10/21/2005   Page 8 of 14

(1) Anticipated fields of expert testimony:

Plaintiffs anticipate offering expert testimony in the fields of 1) economics, to explain the transactions giving rise to the claimed loss at issue and to analyze its economic substance of those transactions; and 2) the trading of foreign currency contracts. Plaintiffs may offer expert testimony in the field of investment advice, to analyze whether from an investment advisory perspective the investment had a valid profit potential. Plaintiffs reserve the right to name additional experts/witnesses on additional topic grounds.

The United States anticipates offering expert testimony in the fields of 1) economics, to explain the purported transactions giving rise to the claimed loss at issue and to analyze the economic substance of those purported transactions; and 2)investment advice, to analyze whether from an investment advisory perspective the alleged transactions giving rise to the loss claimed by plaintiffs had any valid purpose other than the generation of a loss for tax savings. The United States may offer expert testimony in the field of trading foreign currency contracts. The United States reserves the right to name additional proposed expert witnesses on additional topic grounds.

(2) Limitations on the proposed use or number of expert witnesses: Each party shall be limited to no more than 4 expert witnesses.

(3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 1, 2006.

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 15, 2006.

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to

8

Case 1:05-cv-00636-LTB-OES   Document 26   Filed 10/21/2005   Page 9 of 14

the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. Deposition Schedule:

When the appropriate individuals have been identified, located and their availability determined, the United States anticipates taking depositions of individuals associated with the promoters, accounting firm(s), the law firm(s), trading firm(s), bank(s) and the financial advisor(s) which developed, promoted, and/or assisted in carrying out the purported transactions giving rise to the claimed losses at issue.

The parties anticipate taking the deposition of any individuals designated as proposed experts.

f. Interrogatory Schedule:  Interrogatories shall be served on or before September 27, 2006, and responses shall be made within the time required by Fed. R. Civ. P. 33(b).

g. Schedule for Request for Production of Documents:  Requests for production of documents shall be served on or before September 27, 2006, and responses shall be served within the time required by Fed. R. Civ. P. 34(b).

h. Discovery Limitations:

(1) The parties shall take no more than 20 depositions each.

(2) Limits on the length of depositions: 7 hours.

(3) Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules: 20 depositions for each party.

(4) Limitations on requests for production of documents and/or requests for admissions: Each party shall be limited to two sets of requests for production of documents with a

Case 1:05-cv-00636-LTB-OES   Document 26   Filed 10/21/2005   Page 10 of 14

total of 100 requests.  Each party shall be limited to two sets of requests for admission with a total

of 100 requests.

(5) Other planning or Discovery Orders: None.

## 8. SETTLEMENT

The parties certify here that, as required by Fed. R. Civ. P. 26(f), they have discussed the

possibilities for a prompt settlement or resolution of the case by alternative dispute resolution.

## 9. OTHER SCHEDULING ISSUES

a. Discovery or Scheduling Issues on which counsel, after a good-faith effort were unable to

reach agreement: The parties have been unable to agree on whether the United States should be

permitted to complete discovery before responding to plaintiffs' motion for partial summary

judgment on the claim for a refund of interest pursuant to 26 U.S.C. § 6404(g)(2) .

b. Anticipated length of trial and whether trial is to court or jury. The parties anticipate

that this Court trial will be completed within 15 days. A Trial Preparation Conference is set for 6-12-07, at 8:00 Am, before Chief Judge Babcock. Trial is set to commence on 7-9-07, before Chief Judge Babcock.

## 10. DATES FOR FURTHER CONFERENCES

a. A settlement conference will be held on ~~set later~~ at _____

o'clock __.m.

It is hereby ordered that all settlement conferences that take place before the magistrate

judge shall be confidential.

( ) *Pro se* parties and attorneys only need be present.

( ) *Pro se* parties, attorneys and client representatives with authority to settle must be

present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an

insurance company is involved, an adjustor authorized to enter into settlement must also

Case 1:05-cv-00636-LTB-OES   Document 26   Filed 10/21/2005   Page 11 of 14

be present.)

( ) Each party shall submit a Confidential Settlement Statement to the magistrate judge

On or before _____outlining the facts and issues in the case and the party's

settlement position.

b. Status conferences will be held in this case on the following dates and times:

_____

_____

c. A final pretrial conference will be held in this case on __*Feb 9 2007*at

_*9*__o'clock*A*_m. A Final Pretrial Order shall be prepared by the parties and submitted

to the court no later than five days before the final pretrial conference.

## 11. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy

of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's

address or telephone number with the clerk of magistrate judge assigned to the case.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a

copy of a notice of change of his or her address or telephone number with the clerk of the magistrate

judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with

D.C.COLO LCivR 6.1D by submitting proof that a copy of the motion has been served upon the

moving attorney's client, all attorneys of record, and all *pro se* parties.

11

## 12. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this 24th day of October, 2005.

BY THE COURT:

_____
United States Magistrate Judge

O. Edward Schlatter
United States Magistrate Judge
Denver, Colorado

12

APPROVED:

FOR PLAINTIFFS:                    FOR UNITED STATES OF AMERICA:

                                   JOHN W. SUTHERS
                                   United State Attorney

s/ DARRELL D. HALLETT
DARRELL D. HALLETT                 MARK S. PESTAL
                                   Asst. U.S. Attorney


s/ JOHN M. COLVIN                  s/ PHILIP E. BLONDIN
JOHN M. COLVIN                     PHILIP E. BLONDIN
Chicoine & Hallett                 ANTON L. JANIK, JR
1011 Western Avenue                Trial Attorneys, Tax Division
Suite 803                          U.S. Department of Justice
Seattle, WA 98104                  P.O. Box 683
Telephone (206) 223-0800           Ben Franklin Station
Facsimile (206) 467-8170           Washington, D.C. 20044-0683
                                   Telephone:    (202) 307-6322
                                                 (202) 514-9593
                                   Facsimile:    (202) 307-0054

                                   Street Address:

                                   Judiciary Center Building
                                   555 Fourth Street, N.W.
                                   Washington, D.C. 20001

Case 1:05-cv-00636-LTB-OES Document 26 Filed 10/21/2005 Page 14 of 14

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2005, I electronically filed the SCHEDULING ORDER using the CM/ECF system, which will send notification to the following:

Philip Blondin:          Philip.Blondin@usdoj.gov

Anton. L. Janik, Jr.    Anton.L.Janik@usdoj.gov

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 21st of October, 2005.

CHICOINE & HALLETT, P.S.

s/ JOHN M. COLVIN
John M. Colvin
Darrell D. Hallett
Chicoine & Hallett, P.S.
Attorneys for the Plaintiffs Carlos E. Sala
and Tina Zandolini-Sala
1011 Western Ave. Suite 803
Seattle WA, 98104
Telephone: (206) 223-0800
Facsimile: (206) 223-0800
Email: jcolvin@chicoine-hallett.com
Email: dhallett@chicoine-hallett.com