IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:05-cv-00636-LTB-OES

CARLOS E. SALA, and
TINA ZANOLINI-SALA,

   Plaintiffs,

v.

UNITED STATES OF AMERICA,

   Defendant.

---

DECLARATION OF CARLOS E. SALA REGARDING
PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION FOR RELIEF

---

  I, Carlos Sala, being above 21 years old and competent to testify hereby declare and state:

  1. I timely filed a joint federal income tax return for myself and my wife, on which was claimed the loss that is at issue in this case.

Page 1
DECLARATION OF SALA RE: OPP. TO 56(F) MOTION

2. In 2003, I filed an amended return for the 2000 tax year, eliminating the loss claimed. I paid the tax shown due on the amended return, along with interest calculated through the date 18 months after the initial due date of the return.

3. The IRS subsequently assessed interest it asserted was due beyond the 18 month period. I paid the full amount, and filed a claim for refund for the additional interest. A true and correct copy of this Claim is attached hereto as Exhibit A. I received notice from the IRS that this Claim was assigned for Examination, a copy of which is attached as Exhibit B.

4. I also filed a claim for refund for the tax and interest referred to in paragraph 2 above. A true and correct copy of this Claim is attached hereto as Exhibit C.

5. On February 25, 2004, I received notices from the IRS of examination of both my 2000 personal return and the 2000 return filed by my wholly-owned S-corporation, Solid Currencies, Inc. ("Solid Currencies"). These notices included Information Document Requests (IDRs), requesting production of virtually all of the documents I have pertaining to the loss at issue in this case, and all related transactions and events. True and correct copies of the IRS' Notices of Examination are attached hereto as Exhibit D. True and correct copies of the IDRs are attached hereto as Exhibit E.

6. At approximately the same time that I received notices regarding the IRS examination of my personal return and the Solid Currencies' return, I also received a notice (in my capacity as a partner) that the IRS was commencing an examination of the Deerhurst Investors General Partnership ("Deerhurst Investors"). I communicated with several of the

Page 2
DECLARATION OF SALA RE: OPP. TO 56(F) MOTION

partners in Deerhurst Investors, all of whom indicated that they had likewise received notices of examination.

7.  In response to the IDRs, I produced approximately 1,800 pages of documents. In addition, I provided information.

8.  The documents and information provided in response to the IDRs, and in my claims for refund, include the following:

(a) I invested approximately $8.9 million in a five year program involving contracts and options to buy and sell hundreds of millions of dollars worth of foreign currencies. My investments were pooled in funds which included millions of dollars invested by other individuals;

(b) Monthly statements and contemporaneous transaction documents confirmed that these transactions actually occurred, and were conducted through a large independent broker which routinely handled the purchase and sale of foreign currency contracts and options in the international foreign currency markets;

(c) The investment manager of the fund was Deerhurst Management, Inc. ("Deerhurst"), a New Jersey currency management firm whose principals had a long history of managing foreign currency investments, producing substantial profits for clients;

(d) Deerhurst had no relationship or dealings with KPMG;

(e) Deerhurst was paid a fee by the fund, based upon a percentage of investments under management and a percentage of the profits generated;

(f) KPMG was the preparer of my 2000 tax return. No fees were paid to KPMG by me for any tax opinion;

(g) In connection with the transactions that are at issue in this case, I paid fees to (a) Deerhurst; (b) Brown & Wood (tax opinion); (c) Davis Graham & Stubbs - Denver (review of tax opinion and legal services in connection with structure of underlying investments); (d) Rosenmann &

Page 3
DECLARATION OF SALA RE: OPP. TO 56(F) MOTION

                Collin – New York (legal opinion on personal liability arising out of the underlying transactions); and (e) Holland & Hart – Salt Lake City (incidental legal services);

    (h)    I purchased long options and sold short options on foreign currencies, transferred the options to Solid Currencies, which in turn transferred them to a partnership formed to pool the foreign currency investments of many individuals. Prior to December 31, 2000, the partnership liquidated, and Solid Currencies received foreign currencies, which it subsequently sold for dollars. The dollars were then transferred to a long term pooled investment fund, which continued to trade in currency positions on behalf of myself and others in subsequent years; and

    (i)    My tax loss resulted from Solid Currencies' basis in the foreign currency sold. It was calculated in accordance with a long-standing IRS ruling, and was derived largely from the cost of the long options. Short options contributed to the partnership were not taken into account as liabilities to reduce basis based upon the IRS' *prevailing* position in a Tax Court case, *Helmer v. Commissioner*, T.C. Memo 1975-160.

9.    I have reviewed Mr. Janik's allegations regarding KPMG's tax shelters, including BLIPS. The documents and information which I produced to the IRS verified that I did not invest in, or claim a loss with respect to any KPMG-promoted investments, including BLIPS. To the best of my knowledge, KPMG had no connection with Deerhurst.

10.    On June 18, 2004, the IRS issued a Notice of Deficiency with respect to my 2000 tax return, disallowing $56,000 in investment management fees paid to Deerhurst, asserting additional tax of approximately $22,204, and an accuracy-related penalty of $4,440.

11.    I never attempted to mislead or conceal any information from the IRS on my tax return, in response to its Examination requests, or in my Claims for Refund. I believed at the

Page 4
DECLARATION OF SALA RE: OPP. TO 56(F) MOTION

time I filed my return, and I believe now, that there is a legitimate basis for claiming the loss at issue in this case.

I declare under penalty of perjury under the laws of the United States of America and the State of Colorado that the foregoing is true and correct.

DATED this 14th day of November, 2005.

_____
Carlos E. Sala

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2005, I electronically filed DECLARATION OF CARLOS E. SALA REGARDING PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION FOR RELIEF and EXHIBITS A-E, using the CM/ECF system, which will send notification to the following:

Philip Blondin:         Philip.Blondin@usdoj.gov

Anton. L. Janik, Jr.    Anton.L.Janik@usdoj.gov

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 14th of November, 2005.

CHICOINE & HALLETT, P.S.

s/ John M. Colvin
John M. Colvin
Darrell D. Hallett
Chicoine & Hallett, P.S.
Attorneys for the Plaintiffs Carlos E. Sala
and Tina Zandolini-Sala
1011 Western Ave. Suite 803
Seattle WA, 98104
Telephone: (206) 223-0800
Facsimile: (206) 223-0800
Email: jcolvin@chicoine-hallett.com
Email: dhallett@chicoine-hallett.com

Page 1