**EXHIBIT A**
**TO PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR RELIEF**


**Internal Revenue Service IRS.gov**

DEPARTMENT OF THE TREASURY

**Statement by IRS Commissioner Mark W. Everson**

**REGARDING KPMG CORPORATE FRAUD CASE
DELIVERED AT THE JUSTICE DEPARTMENT**

Monday, Aug. 29, 2005

Simply stated, if you had a multi-million dollar tax liability, KPMG would find a way to wipe it out even when the firm's own experts thought the transactions would not survive IRS scrutiny. The only purpose of these abusive deals was to further enrich the already wealthy and to line the pockets of KPMG partners.

Since the income tax first came into being under President Lincoln during the Civil War, the wealthy have always paid more than average citizens. But not according to KPMG. KPMG's actions were a direct assault on our progressive system of income taxation, and, left unchecked, would have badly eroded the faith of hard working, taxpaying Americans in the fairness of government itself.

Today's actions demonstrate our resolve to hold accountable those who play fast and loose with the tax code. At some point such conduct passes from clever accounting and lawyering to theft from the people. We simply can't tolerate flagrant abuse of the law and of professional obligations by tax practitioners, particularly those associated with so-called blue chip firms like KPMG that, by virtue of their prominence, set the standard of conduct for others. Accountants and attorneys should be the pillars of our system of taxation, not the architects of its circumvention.

I want to thank Attorney General Gonzales and the Justice Department for its strong partnership with the IRS in combating abusive tax shelters. Beyond today's announcement of the deferred prosecution and indictments, I want to stress the cooperation between the Justice Department and the IRS in civil enforcement litigation. I would like to note, in particular, that when KMPG and others raised false claims of privilege to resist legitimate IRS requests for documents, the Justice Department's Tax Division successfully defended the IRS right to these materials. Also, during this investigation, the IRS and Southern District of New York together broke new ground on the use of parallel civil and criminal enforcement. Simultaneous with this criminal investigation, the IRS collected over $4 billion dollars of unpaid taxes through a series of large-scale civil settlement initiatives on abusive transactions, including Son of Boss.

Turning to today's actions, I want to first thank David Kelley. David, you have been a strong guiding hand and have brought us to where we are today. I most especially want to commend the tireless efforts of Shirah Nieman and her entire team. The IRS is proud to be a part of this landmark investigation.

At the IRS itself I would like to note the contributions of our Director of Professional Responsibility, Cono Namorato, and John Klotsche, my senior advisor. I would also like to thank our criminal investigators and revenue agents whose efforts were led by Lori Lachapelle and Michael Halpert. The team of IRS agents and Justice Department prosecutors made great personal sacrifices to complete this investigation.

Finally, I would be remiss were I not to mention the important work of the Senate Permanent Subcommittee on Investigations led by Senators Norm Coleman and Carl Levin, and in particular the excellent staff work of Elise Bean, Leland Erickson, Robert Roach and Ray Shepherd.

Statement by IRS Commissioner Mark W. Everson                                    Page 2 of 2

Thank you.

**Related Link:** IR-2005-83, KPMG to Pay $456 Million for Criminal Violations

3

# EXHIBIT B
# TO PLAINTIFF'S OPPOSITION TO
# DEFENDANT'S MOTION FOR RELIEF

2005 TNT 181-2 - News Stories (Copyright, 2005, Tax Analysts)                                Page 1 of 3

# IRS Defends Criminal Action Against KPMG Professionals
by Sheryl Stratton

**An IRS official defended the recent criminal indictments against tax professionals while challenging the tax bar to aspire to the higher ethical standards imposed on KPMG, during a September 17 meeting in San Francisco of the American Bar Association Section of Taxation Standards of Tax Practice Committee.**

**Date:** Sep. 20, 2005

Full Text Published by **tax**analysis℠

An IRS official defended the recent criminal indictments against tax professionals while challenging the tax bar to aspire to the higher ethical standards imposed on KPMG, during a September 17 meeting in San Francisco of the American Bar Association Section of Taxation Standards of Tax Practice Committee.

## Crossing the Rubicon

Contrary to some published reports, the government's tax fraud conspiracy case against KPMG and the resulting deferred prosecution agreement is not about the IRS and the Justice Department criminalizing the tax practice of technical tax shelters, said John **Klotsche**, a senior adviser to IRS Commissioner Mark Everson. "Nor is it a case about criminalizing aggressive tax planning or tax advice," or about tax opinions on abusive tax shelters with which the IRS disagrees or which turn out to be wrong, he said. (For prior coverage of the indictment and deferred prosecution agreement, see *Doc 2005-18028* [PDF] or *2005 TNT 167-1* ⎙.)

A review of the public documents filed with the court in New York revealed that the case is about core criminally fraudulent activities in four specific contexts, according to **Klotsche**.

The individuals are charged with conspiring to (1) prepare false and fraudulent tax returns; (2) prepare false and fraudulent factual representations as part of the underlying documentation and issuing tax opinions based on those false representations; (3) actively conceal from the IRS the abusive tax shelter transactions by failing to register them; and (4) impede the IRS audit by knowingly failing to produce documents covered by summonses.

And, **Klotsche** pointed out, neither the deferred prosecution agreement between KPMG and the Justice Department, nor the firm's admissions conclude that the four transactions as originally proposed (which included BLIPS, SOS, and the FLIP/OPIS strategies) are criminally fraudulent tax shelters per se. Nor do the admissions conclude that KPMG is being penalized for its aggressive promotional activities of the shelters, per se. Rather, **Klotsche** emphasized, the public documents say KPMG "crossed the Rubicon" from the civil to the criminal side when it:

- decided not to register tax shelters with the IRS even though the technical experts in the firm told senior management that the shelters should be registered and even that criminal implications might result from a failure to register;
- designed and advised its tax clients on a scheme using a separate grantor trust to net

the gains and losses on the abusive transactions so the results that were reported on the Form 1040 effectively concealed the abusive transaction from the IRS. (The important point, **Klotsche** emphasized, is that the technical experts in the firm said the netting scheme might be criminal, as did the IRS when it declared the transaction abusive in Notice 2000-44.);

- drafted false representations in the underlying documentation (that were also included in its opinions regarding several different issues) stating that the transaction provided a reasonable opportunity for a profit -- a key fact from a tax standpoint and one KPMG knew was not true, according to **Klotsche**;
- withheld, under a claim of privilege, documents from the IRS that were covered by summonses that a federal court rejected; the court held that KPMG had misrepresented its unprivileged activities as privileged communications.

It remains to be seen whether the Rubicon was crossed, or how many crossed it, responded moderator Larry Campagna of Chamberlain, Hrdlicka, White, Williams, & Martin in Houston. Moreover, no one should characterize the deferred prosecution agreement between KPMG and the government as a negotiated document, he said. The firm had a "gun to its head" and was given the choice of living with the terms, or not living at all, he said.

### Raising the Bar

KPMG's deferred prosecution agreement includes a matrix chart that lays out the elevated tax opinion and tax return standards that the firm agreed to permanently maintain. KPMG is usually required to institute standards that exceed the requirements of Circular 230, **Klotsche** said, and usually the positions require a "should" level opinion. From a tax administration standpoint, **Klotsche** said, the IRS would like to see the tax profession begin to move in that direction even though not required by Circular 230 or the code.

Emily Parker, a former acting Treasury chief counsel, now with Thompson & Knight in Dallas, disagreed. Increasing standards over the past 20 years has not translated into an actual increase in standards, she argued, so the Service's legitimate concerns have not been addressed. Raising standards forces people to become less strict in the application of those standards to meet market demand, she later told Tax Analysts.

One difference today is that the IRS has its Office of Professional Responsibility to oversee the profession and act as an institutional barometer, said **Klotsche**.

With the law as uncertain and complex as it is, taxpayers have a right to take a position in which they believe they have a greater than 50 percent chance of being correct, said Richard Shaw of San Diego. It would be inappropriate to subject taxpayers to a "should" standard, Shaw believes.

The problem would be mitigated by the "elegant simplicity" of requiring the government to take litigating and ruling positions that were only "more likely than not" to be correct, said Martin McMahon, a law professor at the University of Florida College of Law. And the same rule should be imposed on taxpayers in their reporting positions, he said. There should be a substantive rule that nothing goes on a tax return unless there is a bona fide opinion reaching a "more likely than not" standard, he said.

2005 TNT 181-2 - News Stories (Copyright, 2005, Tax Analysts)                    Page 3 of 3

Documents

The following documents are available from Tax Analysts:

- Criminal indictment against individuals. *Doc 2005-17997 [PDF], 2005 TNT 167-12* ⌐]
- Information document on KPMG. *Doc 2005-17996 [PDF], 2005 TNT 167-11* ⌐]
- KPMG settlement agreement. *Doc 2005-17995 [PDF], 2005 TNT 167-16* ⌐]

---

✉ Comment on this story

---

Tax Analysts Information

**Code Section:** Section 7201 -- Attempt to Evade Tax; Section 7206 -- Fraud and False Statements
**Geographic Identifier:** United States
**Subject Area:** Criminal violations
Professional responsibility
**Author:** Stratton, Sheryl
**Institutional Author:** Tax Analysts
**Tax Analysts Document Number:** Doc 2005-19231
**Tax Analysts Electronic Citation:** 2005 TNT 181-2
**Cross Reference:** For prior coverage of the indictment and deferred prosecution agreement, see *Doc 2005-18028 [PDF]* or *2005 TNT 167-1* ⌐]. For the criminal indictment against individuals, see *Doc 2005-17997 [PDF]* or *2005 TNT 167-12* ⌐].
For the information document on KPMG, see *Doc 2005-17996 [PDF]* or *2005 TNT 167-11* ⌐].
For the KPMG settlement agreement, see *Doc 2005-17995 [PDF]* or *2005 TNT 167-16* ⌐].

▭—▭ Use this link to bookmark or link to this document

4