# EXHIBIT C

LEXSEE 1989 U.S.DIST. LEXIS 14047

**ASSOCIATED WHOLESALE GROCERS, INC. and its subsidiary, SUPER MARKET DEVELOPERS, INC., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant**

Civil Action No. 88-2261-O

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

*1989 U.S. Dist. LEXIS 14047; 89-2 U.S. Tax Cas. (CCH) P9518; 64 A.F.T.R.2d (RIA) 5102*

June 7, 1989, Decided and Filed

**LexisNexis(R) Headnotes**

*Administrative Law > Judicial Review > Standards of Review > De Novo Review*
[HN1] The legal and factual analysis undertaken by the Internal Revenue Service is subject to de novo review.

*Evidence > Relevance > Relevant Evidence*
*Civil Procedure > Discovery Methods > Motions to Compel*
[HN2] Relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action. Although relevancy is not limited by matters stated in the pleadings, they do provide a basis from which to judge relevancy. If relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the request.

*Administrative Law > Judicial Review > Standards of Review > De Novo Review*
*Tax Law > Federal Tax Administration & Procedure > Tax Liabilities & Credits > Overassessments, Refunds & Credits (IRC secs. 6401-6427)*
[HN3] In a tax refund action the ultimate issue is whether the tax payer has overpaid its tax. This requires a redetermination of the entire tax liability. Consequently, the factual and legal analysis of the Commissioner of the Internal Revenue Service is of no concern to a District Court. The court's determination is de novo. The district court does not review the action of the Commissioner of the Internal Revenue Service because for there is no record to review.

*Tax Law > Federal Tax Administration & Procedure > Tax Liabilities & Credits > Assessments (IRC secs. 6201-6207, 6501-6533)*
*Administrative Law > Judicial Review > Standards of Review > Standards Generally*
[HN4] Even if an income tax assessment is made on erroneous grounds, it must be upheld if it is appropriate under any theory.

*Civil Procedure > Discovery Methods > Oral Depositions*
*Tax Law > Federal Tax Administration & Procedure > Tax Liabilities & Credits > Assessments (IRC secs. 6201-6207, 6501-6533)*
*Evidence > Relevance > Relevant Evidence*
[HN5] Given the nature of a tax refund proceeding, the analysis and opinions of Internal Revenue Service employees are irrelevant.

*Administrative Law > Judicial Review > Standards of Review > De Novo Review*
*Tax Law > Federal Tax Administration & Procedure > Tax Liabilities & Credits > Assessments (IRC secs. 6201-6207, 6501-6533)*
*Administrative Law > Judicial Review > Standards of Review > Standards Generally*
[HN6] It is of no moment whether an Internal Revenue Service employee was correct or not in his interpretation of the law at the administrative state. A reviewing court's determination of a plaintiffs' correct tax liability is made

Case No. 1:05-cv-00636-LTB-KLM   Document 44-5   filed 12/13/05   USDC Colorado   pg 3 of 5

Page 2
1989 U.S. Dist. LEXIS 14047, \*; 89-2 U.S. Tax Cas. (CCH) P9518;
64 A.F.T.R.2d (RIA) 5102

by examining the deduction in question in light of the underlying facts and applicable law. Accordingly, a portion of a supporting statement comprising the Internal Revenue Service employee's legal analysis is not relevant to any of the issues in a tax refund case and is thus outside the scope of discovery.

*Evidence > Relevance > Relevant Evidence*
*Tax Law > Federal Tax Administration & Procedure > Tax Liabilities & Credits > Overassessments, Refunds & Credits (IRC secs. 6401-6427)*

[HN7] An allegation that the Commissioner of the Internal Revenue Service acted in a capricious manner is not a necessary element of a taxpayer's complaint for a refund of taxes so the production of documents revealing the process of tax determination will not further a material part of a plaintiff's case and is irrelevant.

**COUNSEL:** [\*1]

H. David Barr, Overland Park, Kansas.

Joel B. Voran, Kansas City, Missouri.

Janice Miller Karlin, Kansas City, Kansas.

Mark Nebergall, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, D.C.

**OPINIONBY:**

RUSHFELT, Magistrate

**OPINION:**

MEMORANDUM AND ORDER

GERALD L. RUSHFELT, UNITED STATES MAGISTRATE

Under consideration is defendant's oral Motion for Protective Order presented to the court via teleconference on January 27, 1989. See Clerk's Courtroom Minute Sheet (doc. 15). Plaintiffs filed a Memorandum in Support of Plaintiffs' Motion to Compel Discovery (doc. 16). There is no indication they have submitted a motion to compel. All parties have addressed the oral motion, however, as one to compel discovery, asserted by plaintiff. Accordingly, the court assumes this to be the motion identified by the minute sheet as defendant's oral motion for protective order.

The following facts relate to the issues presented: This is an action for refund of federal income taxes plaintiff paid for the tax year ending December 27, 1980. The dispute concerns the characterization of a transaction and its tax treatment. The Internal Revenue Service (hereinafter IRS) initially accepted plaintiffs' characterization [\*2] of the transaction as a capital loss. After additional review it rejected this characterization. Consequently, it asserted additional taxes. In order to understand why the IRS re-characterized the transaction, plaintiff sought to depose defendant's designated witnesses and requested supporting documents. See Notice Duces Tecum for Deposition of defendant's designated witnesses (Exhibit A to Doc. 16). Defendant objected to the depositions and document requests as irrelevant, burdensome and seeking privileged matter.

Defendant claims the discovery sought is irrelevant for the following reasons:

1. [HN1] The legal and factual analysis undertaken by the IRS should be of no concern to the courts; this court gives the issues do novo review. *National Right to Work Legal and Educational Foundation, Inc. v. U.S., 487 F. Supp. 801, 803 (E.D.N.C. 1979).*

2. The attempt by plaintiff to prove defendant's actions arbitrary, capricious and an abuse of discretion are improper, because this theory was not set forth in the claim for refund. *Real Estate-Land Title & Trust Co. v. U.S., 309 U.S. 13, 60 S.Ct 371, 84 L.Ed 542 (1940); U.S. v. Felt & Terrant Mfg. Co., 283 U.S. 269, 51 S.Ct 376, 75* [\*3] *L.Ed 1025 (1931).*

3. The agents who would be deposed and the documents requested can give only their personal legal theories which are not necessarily the legal theories proffered by the government to this court. Defendant contends the assessment must be sustained, if correct on any theory, whether or not the IRS relied upon it for its assessment. *Helvering v. Gowran, 302 U.S. 238, 246, 58 S.Ct 154, 82 L.Ed 224 (1937).*

[HN2] Relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action. *Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138-39 (W.D. Okla 1977);* Fed. R. Civ. P. 26(b). Although relevancy is not limited by matters stated in the pleadings, they do provide a basis from which to judge relevancy. See *In Re Folding Carton Antitrust Litigation, 83 F.R.D. 251 (N.D. Ill. 1978).* If relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the request. See *McClain v. Mack Trucks, Inc., 85 F.R.D. 53, 57 (E.D. Pa. 1979).*

In this case it is necessary only to address [\*4] defendant's first argument concerning relevancy. Plaintiffs claim the discovery is necessary to show defendant's action was arbitrary, capricious and an abuse of discretion. They also contend it is relevant to defenses in this matter. The court finds these assertions inadequate to meet their burden of establishing the discovery sought is

relevant or reasonably calculated to lead to the discovery of admissible evidence.

[HN3] This is a tax refund action. The ultimate issue in any tax refund action is whether the tax payer has overpaid its tax. *Lewis v. Reynolds, 284 U.S. 281, 283, 52 S.Ct. 145, 146, 76 L.Ed. 293 (1932).* This requires a redetermination of the entire tax liability. Id.; *National Right to Work Legal Defense & Educational Foundation Inc. v. U.S., 487 F. Supp. 801 (E.D.N.C. 1979).* Consequently, the factual and legal analysis of the commissioner is of no concern to the District Court. *Kentucky Trust Co. v. Glenn, 217 F.2d. 462, 465-66 (6th Cir. 1954).* The court's determination is de novo. The court does not review the action of the commissioner for there is no record to review. *National Right to Work Legal Defense, 487 F. Supp. at 805.* [HN4] Even if an assessment [*5] was made on erroneous grounds, it must be upheld if it is appropriate under any theory. *Blansett v. U.S., 283 F.2d. 474, 478 (8th Cir. 1960).* [HN5] Given the nature of the tax refund proceeding, the analysis and opinions of the IRS employees are irrelevant. *Mayes v. U.S., 86-2 U.S.T.C. 9607 (W.D. Mo. 1986).*

The Mayes court concluded:
[HN6]
[I]t will be of no moment whether the IRS employee was correct or not in his interpretation of the law at the administrative state. The court's determination of plaintiffs' correct tax liability will be made by examining the deduction in question in light of the underlying facts and applicable law. Given these circumstances, the court concludes that the portion of the supporting statement comprising the IRS employee's legal analysis is not relevant to any of the issues herein and is thus outside the scope of discovery.

Mayes at 85, 402.

Plaintiffs have not explained how the requested discovery could lead to the discovery of admissible evidence. They have thus failed to meet their burden.

The cases cited by plaintiff are unpersuasive. *Bank of America v. U.S., 78-2 U.S.T.C. § 9493 (N.D. Cal. 1978)* involved § 482 of the Internal Revenue [*6] Code, which authorizes reallocation of income among taxpayers. In such cases the determination of the commission is set aside only if unreasonable, arbitrary and capricious. See e.g. *Your Host v. C.I.R., 489 F.2d 957 (2nd Cir. 1973).* Plaintiff has not alleged § 482 is applicable in this case. Bank of America is thus distinguishable.

*Able Investment Co. v. U.S., 53 F.R.D. 485 (D. Neb. 1971)* also cited by plaintiff, was a tax refund case that permitted discovery of documents that contained the conclusions and opinions of the IRS agents. The court, however, gave no explanation. Nor did it consider the question of whether the IRS agent's opinion was relevant, given the scope of review in tax refund actions.

*Timkin Roller Bearing Co. v. U.S., 38 F.R.D. 57 (N.D. Ohio 1964)* considered the identical question presented by this case. The court found:

That [HN7] an allegation that the commissioner acted in a capricious manner is not a necessary element of the taxpayer's complaint, and production of documents revealing the process of determination would not further a material part of plaintiff's case.

*Id. at 62.*

The court nevertheless compelled production of documents, reasoning [*7] as follows:

It is reasonable to expect that a novel theory of defense will be interposed to defeat the claim of the plaintiff; it should not be kept secret until the moment of trial. Since the letters and reports sought by this motion will probably clarify the governments defense, good cause exists for their production.

*Id. at 63.* The court acknowledged Timkin was a most unusual case. The IRS had disallowed 91% of deduction sought for "Employee and Public Relation" as not ordinary and necessary.

In this case plaintiffs have not demonstrated any unusual theory of defense to justify the proposed discovery. The reasoning of the IRS agents, moreover, would not necessarily reveal the government's defense. They merely conclude that their proposed discovery relates either to their claims or to the asserted defenses. They have not met their burden. Accordingly, defendant need not produce its agents as requested in paragraphs 1 and 2 of the deposition notice. Defendant also need not produce the documents requested in paragraphs (a), (b), (c) and (d).

Paragraphs 3, 4, 5, 6 and 7 of plaintiff's deposition notice request public and private letter rulings, opinions or decisions in [*8] cases similar to this one, written policies for determination of such cases, written interpretations of relevant provisions of the Internal Revenue Code, and written procedures or policies regarding discoverable information or other rulings relevant to issues raised in Counts I through IV of plaintiff's complaint. Defendant argues the private and public letter rulings are available in law libraries and are thus equally accessible to plaintiff. It also contends the request would require burdensome research into the files of all corporate taxpayers to produce responsive documents.

1989 U.S. Dist. LEXIS 14047, \*; 89-2 U.S. Tax Cas. (CCH) P9518;
64 A.F.T.R.2d (RIA) 5102

The court sustains the objection of defendant, based on burdensomeness. It need not search the files of every corporate taxpayer. It shall, however, produce any other private or public letter rulings, opinions or decisions within its possession, custody or control, which can be produced without such a search. Defendant has raised no work-product objection. Its argument of equal accessibility is not sufficient to resist discovery. *City Consumer Services v. Horne, 100 F.R.D. 740 (D. Utah 1983)*.

Plaintiffs have not shown that the policies, interpretations and procedures of defendant are reasonably calculated [\*9] to lead to the discovery of admissible evidence. If such policies, interpretations, and procedures indeed support the position of defendant in this case, they would appear to be inadmissible against the objection of plaintiffs. If they support plaintiffs, on the other hand, they would also appear to be inadmissible upon the objection of defendant. Accordingly, it need not produce such documents.

Plaintiffs state the discovery sought by the deposition notice is necessary because the IRS has failed to adequately explain its actions. This does not explain how the depositions or documents are reasonably calculated to lead to the discovery of admissible evidence. As already noted, the government's decision will be upheld, if correct under any theory. *Allen v. U.S., 359 F.2d 151, 153 (2nd Cir. 1966)*, cert. denied *385 U.S. 832 (1966)*. The explanation for the IRS's past decision to recharacterize the transaction is not relevant.

Plaintiff has asked for an order directing defendant to produce persons requested. Paragraph 3 of the deposition notice requests the "chief interpreter" or other principal expert within the IRS on the issues made the basis of Counts I through IV. Paragraph [\*10] 1 and 2 seek the individuals responsible for decisions for the tax treatment in this case. Defendant states it sought a protective order prohibiting the taking of the depositions. Plaintiff has not shown how the depositions of persons identified in paragraph 1 and 2 are reasonably calculated to lead to the discovery of admissible evidence.

Defendant also apparently challenges the relevancy of testimony of its chief interpreter or principal expert. Plaintiff has not demonstrated relevance, and it is otherwise not apparent. If plaintiff seeks the chief interpreter's past decisions, the information is irrelevant. The chief interpreter's opinions could conceivably be relevant if such a person determined the IRS's position with respect to this particular litigation. The chief interpreter may not have established the position of the IRS, however, in this litigation. Trial attorneys or their supervisors may have done that. The request for this testimony is not reasonably calculated to lead to the discovery of admissible evidence.

The chief interpreter or principal expert theoretically possesses the subject matter of expert testimony. Defendant has designated expert witnesses. Plaintiff has [\*11] not suggested, however, that the chief interpreter is among them. In short, plaintiff has failed to show how the testimony of the chief interpreter or principal expert would be relevant. It is not otherwise apparent. Plaintiff has failed to meet its burden. Accordingly, plaintiff's Motion for Protective Order is denied with respect to witnesses identified in paragraphs 1, 2 and 3 of the deposition notice.

In summary, the court grants in part and denies in part plaintiff's Motion to Compel (doc. 15). Defendant need only respond to paragraphs 3 and 4 of the Deposition Notice to the extent responsive documents can be obtained without a search of the files of all corporate taxpayers. While these documents are discoverable, the court does not find that plaintiff has designated a deponent to produce relevant testimony to which the documents are incidental. Inasmuch as plaintiff sought them in conjunction with a notice for depositions under Fed. R. Civ. P. 30(b)(6), the court will treat the request as a request for production, directed to defendant under Fed. R. Civ. P. 34. Accordingly, defendant shall produce the documents to plaintiff within 20 days of the date of this order at the offices [\*12] of their counsel at Suite 40, 9401 Indian Creek Parkway, Overland Park, Kansas 66210.

IT IS SO ORDERED

Dated at Kansas City, Kansas, this 7th day of June, 1989.