# EXHIBIT PP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CARLOS E. SALA and<br>TINA ZANOLINI SALA,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | )<br>)<br>)  05-cv-00636-LTB-OES<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DECLARATION OF DAVID N. GEIER IN SUPPORT OF UNITED STATES' MOTION FOR RELIEF UNDER FED. R. CIV. P. 56(F) WITH RESPECT TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

I, David N. Geier, declare and state as follows:

1. I am a Trial Attorney for the United States Department of Justice, Tax Division. I am an attorney of record in this case. I have a good faith belief that the following statements are true and accurate, subject to further discovery.

2. Exhibits A, D, JJ, KK, LL, MM and NN to the "United States' Reply to Plaintiffs' Response to Motion for Relief Under Fed. R. Civ. P. 56(f) with Respect to Plaintiffs' Motion for Summary Judgment" (hereinafter "Reply") are true and accurate copies of what they purport to be.

3. If permitted to conduct discovery to establish that this is "a case involving fraud," the United States would depose and request documents from those individuals and entities mentioned throughout the Reply. As more fully explained in the Reply, based upon the documents now available, many of these individuals and entities worked

directly or indirectly with or for Plaintiff Carlos Sala ("Sala"), his accountants, and others, to locate a shelter transaction to shelter in excess of $60 million of taxable income. As reflected in the documents annexed to the Reply, many of these individuals have information concerning the shelter transactions relevant to this case. Because fraud is seldom proven by admission, but rather is shown by indirect evidence or badges, discovery from third parties is critical to establishing fraud.

4. In the papers filed in support of its request for Rule 56(f) relief, the United States set forth in considerable detail the significance of certain documents obtained from KPMG and how these documents impact upon this case. These documents shoe that Sala worked with KPMG to facilitate his participation in shelter transactions that KPMG now admits were fraudulent. These documents further show that several individuals who are criminal defendants in the case of United States v. Stein were also involved in the marketing, devising and implementing of the shelters in this case. Discovery will allow the United States to authenticate these documents, will shed light on the context in which these documents were created as well as permit the United States to inquire about communications and events not memorialized. The need for discovery is particularly critical here because Plaintiffs have not, by their own admission, voluntarily produced all of the documents in their possession relating to this case.

5. Sala's accountant, Tracie Henderson, and others, have had significant interaction with individuals, some now criminal defendants, concerning the Salas and their shelter transactions. From the information I have reviewed, and which has been made available to Plaintiffs' counsel, Ms. Henderson communicated with individuals who participated in marketing, devising and implementing tax shelters such as the ones presented by her to Mr. Sala.

The United States intends to depose Ms. Henderson and these individuals and/or entities. The United States anticipates that this discovery will assist in developing admissible evidence of Sala's motivation for participating in the tax shelter and explaining the transaction.

6. I contacted Ms. Henderson's counsel, Justin Thornton, to arrange for her deposition and inquire whether his client would provide testimony. After consulting with other counsel, he advised me that Ms. Henderson would not provide testimony but rather intended to assert her Fifth Amendment privilege and refuse to testify. I asked Mr. Thornton to confirm this in a letter, which he did. The letter is annexed to the Government's Reply as Exhibit JJ. Counsel for the Plaintiffs has also spoken with Mr. Thornton and about the Government's effort to arrange for Ms. Henderson's deposition.

7. In its Reply, the Government raises that Plaintiff Carlos Sala's declaration offered in opposition to the Government's request for Rule 56(f) relief, omits facts regarding the role of KPMG. Reply at section II.E. Discovery is necessary to develop admissible evidence to conclusively establish KPMG's role. However, from the documents available to the Government, it is believed that KPMG had a much greater role than Mr. Sala admitted. Further, as mentioned above, Mr. Sala concedes that he has yet to turn over all the transactional documents at issue in this case. All of this would be the subject of discovery.

8. The documents provided by KPMG to date reflect a laundry list of shelter promoters, financial advisers, law firms, and KPMG employees who have information relevant to the Plaintiffs, their motivation in seeking and ultimately entering into a tax shelter. Depositions and subpoenas duces tecum of these individuals and entities will be required to

develop admissible evidence of Sala's motivation for participating in the tax shelter and to explain the transaction.

I declare under penalty of perjury that the foregoing is true and correct.

Executed December 13, 2005 in Washington, D.C.

                                              s/ David N. Geier
                                              DAVID N. GEIER
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice