# EXHIBIT 1

480.1

KEVIN V. RYAN (CSBN 118321)
United States Attorney

STUART D. GIBSON (MnSBN 34587)
Senior Litigation Counsel
Stuart.D.Gibson@usdoj.gov
BARRY E. REIFERSON (CtSBN 420974)
Trial Attorney
Barry.E.Reiferson@usdoj.gov
JENNIFER K. BROWN (CSBN 224041)
Trial Attorney
Jennifer.K.Brown@usdoj.gov
Tax Division, U.S. Department of Justice
P.O. Box 403
Washington, DC 20044
Tel: (202) 307-6586 (Mr. Gibson)
    (202) 514-6058 (Mr. Reiferson)
    (202) 307-0401 (Ms. Brown)
Fax: (202) 307-2504
Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHASTA STRATEGIC INVESTMENT FUND, LLC; AND PRESIDIO GROWTH LLC (Tax Matters Partner),<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. C-04-4264-VRW<br>Related Cases: C-04-4309, C-04-4310, C-04-4398, C-04-4399 and C-04-4064<br><br>FOURTH DECLARATION OF SHIRAH NEIMAN IN SUPPORT OF UNITED STATES' MOTION FOR RULE 56(f) RELIEF AND RENEWED MOTION TO STAY PROCEEDINGS<br><br>Date: November 3, 2005<br>Time: 2:00 p.m.<br>Judge: Vaughn R. Walker, C.J. |

1.  I am an Assistant United States Attorney and Chief Counsel to the United States Attorney for the Southern District of New York. I submit this declaration in support of the United States of America's Reply to Petitioners' Opposition to Respondent's Motion for Rule 56(f) Relief

C-04-4264-VRW

1  and Renewed Motion to Stay Proceedings, and to rebut a number of the inaccurate representations contained in the papers filed with the petitioners' opposition to the motion.

2. A Superseding Indictment was filed on October 17, 2005 in the criminal case, <u>United States v. Stein, et al.,</u> Indictment No. S1 05 Cr 888 LK (SDNY). The Indictment charges the following 19 individuals with one count of conspiracy to defraud the IRS by devising, marketing and implementing illegal tax shelters, including BLIPS; conspiracy to evade taxes; and conspiracy to file and cause to be filed false and fraudulent tax returns: John Larson, Robert Pfaff, David Amir Makov, Raymond J. Ruble, Jeffrey Stein, John Lanning, Richard Smith, Jeffrey Eischeid, Philip Wiesner, Mark Watson, Larry Delap, Steven Gremminger, Gregg Ritchie, Randy Bickham, Carol Warley, David Rivkin, Carl Hasting, Richard Rosenthal, and David Greenberg. The Superseding Indictment also charges all defendants with 39 counts of tax evasion relating to the returns of certain clients; the individual returns of certain defendants (including Larson and Pfaff); and entity returns relating to defendants including Larson, Pfaff and Makov. Four counts charge Raymond J. Ruble with personal income tax evasion. The final two counts charge certain defendants with obstruction of the due administration of the Internal Revenue laws in connection with summons compliance in the IRS examination of KPMG for failure to register transactions with the IRS. A copy of the Superseding Indictment is attached as Exhibit 1.

3. On October 24, 2005, all but three of the defendants charged in the Superseding Indictment – David Amir Makov, David Greenberg, and Carol Warley – were arraigned in United States District Court for the Southern District of New York. Makov, who received notice of the charges and the arraignment, failed to appear for arraignment. According to his attorney, Makov – who holds dual Israeli and United States citizenship – is in Israel. The Government considers Makov to be a fugitive. Greenberg, arrested on October 17, 2005, is in jail in Los Angeles and has been

denied bail. He will be arraigned when he arrives in New York. Warley's request to be arraigned on October 28, 2005 has been granted. On October 25, 2005, Judge Kaplan entered a Scheduling Order setting the trial in the criminal case to begin on September 11, 2006, after counsel for one of the added defendants indicated he was unavailable for a May 1, 2006 trial, and counsel for all 19 defendants indicated their availability for a September trial.

4. Since the inception of the tax shelter grand jury investigation that I am supervising, my office has closely monitored all cases we know of – whether or not the United States is a party – relating to the tax shelter transactions that are the focus of the criminal investigation, including BLIPS. These include cases in the United States Tax Court, the United States District Courts, the Court of Federal Claims, and private civil litigation pending in federal and state courts. Where the case had not proceeded to the stage where it would prejudice or interfere with the criminal investigation and any potential prosecutions, we did not attempt to intercede. Where we believed the civil litigation had reached a stage where an action would prejudice or interfere with the criminal investigation and any potential prosecutions, we have taken steps to prevent that action from occurring. Among those steps:

A. We have asked litigants not to take depositions.

B. We have asked litigants to delay taking depositions, and postpone deposition discovery for extended periods of time (including attorneys with the IRS, the civil trial sections of the Department of Justice, Tax Division, and attorneys for private litigants and potential deponents).

C. We have asked litigants, through attorneys representing the Government, to continue or stay proceedings. The Diversified Group, Incorporated (DGI) voluntarily agreed as tax matters partner to stay three district court cases in the Southern District of New York (AD Equity Investment Fund LLC v. U.S., 05-CIV-2598 (LAP); AD Global 2001 Fund LLC v. U.S., 05-CIV-

6261 (RO); AD Global FX Fund LLC v. U.S., 5-CV-0223 (RJH)), and the IRS filed a joint motion with Manzanita Consulting LLC to continue the trial of its Tax Court case involving BLIPS, in part because of the pendency of the criminal indictment.

D. When we believed it was necessary, we have asked attorneys with the IRS and attorneys in the civil trial sections of the Department of Justice, Tax Division, to intercede with the courts to prevent specific actions from taking place, including requesting stays and continuances of discovery and trial dates and, where appropriate, dismissal:

i. We have made those requests with respect to the following cases pending in the United States Tax Court: Meruelo (Docket No. 624-04), Tucker (Docket No. 12307-04), Hechler (Docket No. 16572-04), Spilsbury and related cases (Docket Nos. 22022-03, 22023-03 and 11829-04), Goddard and Goddard, (Docket Nos. 1144-05 and 1145-05) Pointe Du Hoc (Docket No. 006041-05) (involving Pfaff's BLIPS transactions), Vaughn-Lewis (Docket Nos. 018370-04 and 018186-04) (involving the same BLIPS transactions as are at issue in the Sill Strategic Investment Fund case pending in this Court), Belford (023698-04) (involving the same BLIPS transactions as are at issue in the Belford Strategic Investment Fund case pending in this Court), Shimmon (19735-04) (involving the same BLIPS transactions as are at issue in the Belford Strategic Investment Fund case pending in this Court), Wilson (Docket No. 9237-05) (involving the same BLIPS transactions as are at issue in the 63 Strategic Investment Funds case pending in this Court), Soward/Alverstone (Docket No. 8753-05) (involving the same BLIPS transactions as are at issue in the 63 Strategic Investment Funds case pending in this Court), and Capitol Partners/Moorehead (Docket No. 8856-05) (involving the same BLIPS transactions as are at issue in the 63 Strategic Investment Funds case pending in this Court). The IRS has advised me that it will take all steps necessary to protect the integrity of the criminal investigation and prosecution. The IRS has specifically advised me that it

has advised the Tax Court that it does not object to dismissal of the Belford case, and that it will move to dismiss the Shimmon Tax Court case. The IRS also advised me that in Pointe du Hoc it advised the Tax Court, during a telephone conference held with the parties earlier in the case, that it wanted to move to stay the case and the court indicated that it would not grant a stay motion at that time. I have also been advised that at my request, within a week the IRS will file a written motion to stay Pointe du Hoc.

    ii.  In addition to requesting the Tax Division to seek a stay in the six related cases administratively consolidated here under Shasta, and the follow-on cases involving BLIPS transactions for 85 additional strategic investment funds, filed in this Court, we have made those requests in the following cases pending in the United States District Courts and the United States Court of Federal Claims: Klamath SIF v. United States and Kinabalu SIF v. United States, BLIPS cases consolidated under Case No. 5:04-CV-00278 (E.D. Tex.); Prestop Holdings v. United States, Case No. 05-576-T (Fed. Cl.); Presidio Advisors, LLC, Norvest Ltd. v. United States, 05-411-T (Fed. Cl.); Sala v. United States, Case No. 1:05-CV-00636 (D. Col.); AD Global Fund v. United States, Case No. 04-336 (Fed. Cl.); FFRE Holdings, LLC v. United States, 05-785T (Fed. Cl.) (and related cases); InstaShred Security Services, LLC v. United States, 05-299T (Fed. Cl.) (and related cases); DR Management, LLC et al. v. United States et al.; 05-1010 MMC (N.D. Cal.); AWS Acquisitions, LLC v. United States, 05-1058 SI (N.D. Cal.); AWS Management, LLC v. United States, 05-1056 CW (N.D. Cal.). I was advised that the court, *sua sponte*, stayed MIPW I Acquisitions, LLC v. United States, 05-304T (Fed. Cl.)

    E.  We have asked the IRS and the Tax Division to agree to appropriate stays requested by other litigants in civil tax shelter cases, based on the pendency of the criminal investigation and prosecution (such as in the Belford/Shimmon Tax Court cases, the five InstaShred

1  cases – consolidated under <u>InstaShred Security Services, LLC v. United States</u>, 05-299T (Fed. Cl),

2  and <u>PTC Investments LLC, etc. v. United States</u>, Case No. CV 05-1846-RGK (FMOx) (C.D. Cal.)).

3
4  I have been advised that on October 24, 2005, the Court of Federal Claims entered an order staying

5  the five <u>InstaShred</u> cases.

6     F.  We have intervened in private civil litigation where the Government is not a

7  party, including to seek a stay .

8     5.  Specifically regarding private civil litigation, my office carefully monitors relevant
9
10  cases pending in federal and state courts to determine whether scheduled depositions or other activity

11  threaten to prejudice or interfere with the grand jury investigation and potential prosecutions,

12  including prosecution of the pending indictment. Attorneys in my office have requested that private

13  litigants and/or attorneys for certain witnesses postpone or cancel certain depositions. We have also

14
15  moved to intervene in cases to ask for appropriate relief, including a stay of depositions, as

16  appropriate. Where we determined that specific actions would not prejudice or interfere with the

17  criminal case, we did not take action.

18     6.  The Office of the United States Attorney for the Southern District of New York will
19
20  continue to monitor the civil cases described above and will continue to take appropriate action, and

21  to recommend and request appropriate action by, among others, the IRS and the Tax Division, to

22  avoid prejudicing or interfering with <u>United States v. Stein</u>, the ongoing criminal investigation and

23  other potential prosecutions.

24
25
26
27
28

7. For the reasons stated in my previous declarations, and the other declarations and all the arguments made by the Government in this case, permitting this civil case to proceed now would prejudice and interfere with the prosecution of <u>United States v. Stein</u>, the continuing grand jury investigation and other potential prosecutions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York on October 27, 2005.

SHIRAH NEIMAN
Assistant United States Attorney
Chief Counsel to the United States Attorney
Southern District of New York.

C-04-4264-VRW