# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00636-LTB-OES

CARLOS E. SALA and
TINA ZANOLINI SALA,

        Plaintiffs,

   v.

UNITED STATES OF AMERICA,

        Defendant.

## UNITED STATES' AMENDED ANSWER

The United States of America, by its undersigned counsel, answers plaintiffs' complaint as follows:

### First Defense

To the extent that plaintiffs are determined to have overpaid interest due on their tax deficiency, the United States is entitled to setoff any amount due plaintiffs against an accuracy related penalty owed, but not assessed. *Lewis v. Reynolds,* 284 U.S. 281 (1932).

### Second Defense

For the reasons articulated below as well as those contained in the Government's Reply to Plaintiffs' Response to Motion for Relief Under Fed. R. Civ. P. 56(f) with Respect to Plaintiffs' Motion for Partial Summary Judgment, and based upon the information available to the Government at the initial stage of this litigation, this is "a case involving fraud." 26 U.S.C. § 6404(g)(2)(B).

These reasons include:

(A) Over the course of one year or more, and with the assistance of KPMG and others, Plaintiff Carlos Sala ("Sala") actively searched for a scheme to evade the payment of taxes he anticipated he would owe in 2000. The scheme he chose, an SOS shelter transaction, was without any reasonable expectation of profits;

(B) In 2000, Sala claimed a substantial tax shelter loss on his joint federal income tax return which loss purported to offset virtually all of his reported income ($60,449,984). Sala knew, should have known, or acted in reckless disregard to the fact that the claimed loss was illegal;

(C) Sala elected to participate in the SOS shelter transaction after learning that the IRS had published a notice declaring it invalid;

(D) The individuals and entities who assisted in promoting, marketing and implementing the SOS shelter knew, should have known, or acted in reckless disregard of the fact that the shelter was an illegal scheme to evade the payment of taxes lawfully due;

(E) Sala expressed concern to his accountants about taking action that might alert the IRS to the fact of the tax shelter loss;

(F) In connection with an earlier aborted shelter transaction, Sala asked KPMG to revise a standard engagement letter to delete a reference to the possibility that the IRS might challenge the shelter transaction;

(G) KPMG concedes that the SOS tax shelters generated "bogus" losses;

(H) Sala attempted to hide the role KPMG played in his SOS transaction by mis-classifying the nature of the fees paid to KPMG;

(I) Sala paid $75,000 for a tax opinion letter issued by R.J. Ruble purporting to support Sala's claimed tax shelter loss. Ruble worked with KPMG in connection with various tax shelter related transactions including Sala's SOS shelter. Ruble and others who worked with Sala and his accountants have been indicted for their roles in conspiring to defraud the IRS, including in connection with SOS shelter transactions; and

(J) The Ruble opinion letter contains representations purportedly made by Sala, which Sala knew at the time were not accurate, including that Sala entered into the shelter transaction for substantial non-tax business reasons, that the use of a sub-chapter S corporation by Sala was for a substantial non-tax business reason, and that the shelter transaction was entered for the purpose of diversifying Sala's portfolio.

### Third Defense

And in further answer to the specific numbered paragraphs of the plaintiffs' Complaint, the United States, admits, denies and alleges as follows:

1. The United States admits the allegations contained in paragraph 1.

2. The United States admits the allegations contained in paragraph 2.

3. The United States denies that taxes were "erroneously assessed against, collected from, and paid by Plaintiffs." The United States admits the remainder of the allegations contained in paragraph 3.

4. The United States admits the allegations contained in paragraph 4.

5. The United States admits the allegations contained in paragraph 5.

6. The United States realleges paragraphs 1 through 5 in response to the allegations

contained in paragraph 6.

7. The United States admits the allegations contained in paragraph 7 with the exception that the payment was applied on November 26, 2003, and the amended return was recorded by the Internal Revenue Service as having been filed on December 5, 2003.

8. The United States admits the allegations contained in paragraph 8.

9. The United States admits the allegations contained in paragraph 9.

10. The United States admits the allegations contained in paragraph 10, with the exception that the payment was applied July 6, 2004.

11. The United States admits the allegations contained in paragraph 11, with the exception that the Claim for Refund, Form 1040X was filed on September 17, 2004.

12. The allegations contained in paragraph 12 are legal conclusions to which no response is required. To the extent that the allegations contain any averments which require a response, such averments are denied.

13. The United States admits the first sentence of paragraph 13. The United States currently lacks knowledge or information concerning the second sentence of paragraph 13.

14. The United States admits that on December 5, 2003, it made an interest assessment against plaintiff in the amount of $3,991,881.20. The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 and therefore denies those allegations.

15. The United States denies the allegations contained in paragraph 15.

16. The United States admits that on September 23, 2004, plaintiffs made a payment of $1,571,088.00, denies that any of this amount was for a failure to pay penalty, and currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in paragraph 16.

17. The United States admits the allegations contained in paragraph 17.

18. The United States denies the allegations contained in paragraph 18.

19. The allegations contained in paragraph 19 are legal conclusions to which no response is required. To the extent that the allegations contain any averments which require a response, such averments are denied.

20. The allegations contained in paragraph 20 are legal conclusions to which no response is required. To the extent that the allegations contain any averments which require a response, such averments are denied.

21. The United States admits that more than six months have elapsed since both the 1040X and the 843 Claim for Refund were filed. The United States admits that it failed to refund any of the amounts claimed. The United States denies that its failure to refund taxes and the interest, other than that claimed in the 843 Interest Claim for Refund, was erroneous. With respect to the allegations related to the interest on the 843 Interest Refund Claim, the United States currently lacks sufficient knowledge or information concerning those allegations to respond and therefore denies those allegations.

22. The allegations contained in paragraph 22 fail to contain averments which require a response. To the extent that these averments require a response, they are denied.

23. The United States denies the allegations contained in paragraph 23.

24. The United States denies the allegations contained in paragraph 24.

25. The United currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies those allegations.

Wherefore the United States prays that the Court:

      A. Dismiss the plaintiffs' complaint with prejudice;

      B. Award the United States is costs; and

      C. Grant such other relief as is just and proper.

Dated this 21st day of December, 2005.

                                  WILLIAM J. LEONE
                                  Acting United State Attorney
                                  MARK S. PESTAL
                                  Asst. U.S. Attorney

                                  s/ DAVID N. GEIER
                                  DAVID N. GEIER
                                  ANTON L. JANIK, JR.
                                  Trial Attorneys, Tax Division
                                  U.S. Department of Justice
                                  P.O. Box 683
                                  Ben Franklin Station
                                  Washington, D.C. 20044-0683
                                  Telephone: (202) 616-3448
                                                (202) 305-2558
                                  Facsimile:   (202) 307-0054
                                  Email:david.n.geier@usdoj.gov

           Street Address:             Judiciary Center Building
                                      555 Fourth Street, N.W.
                                      Washington, D.C. 20001