**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-00636-LTB-OES

CARLOS E. SALA and
TINA ZANOLINI SALA,

        Plaintiffs,

    v.

UNITED STATES OF AMERICA,

        Defendant.

_____

PLAINTIFFS' MOTION TO DEFER RULING ON DEFENDANT'S MOTION FOR
RELIEF UNDER FED. R. CIV. P. 56(f)
_____

Plaintiffs, by and through their undersigned counsel, hereby move the Court to defer ruling on Defendant's Motion for Relief under Fed.R.Civ.P. 56(f), ("Motion for Relief") pending its ruling on Defendant's Motion for Leave to Amend its Answer and to Assert Additional Defenses ("Motion to Amend").  As grounds for this Motion, Plaintiffs state the following:

    1.    On June 30, 2005, Plaintiffs filed a Motion for Partial Summary Judgment on the grounds that the interest suspension provisions of section 6404(g) of the Internal Revenue Code of 1986 ("the Code") as applied to the undisputed facts of this case, entitle Plaintiffs to a refund of a portion of the deficiency interest assessed against and collected from them.

    2.    Defendant responded on October 3, 2005, by filing its Motion for Relief,

asserting that the court should either: 1) deny Plaintiffs' Motion without prejudice; or 2) defer ruling of the motion pending completion of discovery.  Defendant contended that additional discovery was necessary for it to determine whether this is "a case involving fraud" within the meaning of section 6404(g)(2) of the Code.  Defendant stated that, if after discovery is completed, it determined that this was not such a case, it would concede Plaintiffs' Motion;  if it determined that this is such a case, the Court would be requested to decide the fraud issue.  *See* Defendant's Memorandum in Support of its Motion for Relief, page 3.

3. Plaintiffs' Opposition to Defendant's Motion for Relief filed on November 14, 2005, pointed out, among other problems with Defendant's approach, that Defendant cannot rely upon fraud as a defense because fraud had not been pled affirmatively in compliance with Fed.R.Civ.P. 8(c) and 9(b).

4. On December 12, 2005, the last day to move to amend its answer, Defendant filed its Motion to Amend.  Plaintiffs oppose Defendant's Motion to Amend on grounds that will be set forth in its Opposition due on January 17, 2006.

5. If the Court denies Defendant's Motion to Amend, it should also deny Defendant's Motion for Relief on the grounds that fraud had not properly been pled as an affirmative defense.  In its Reply to Plaintiffs' Response to Defendant's Motion for Relief ("Reply") filed on December 13, 2005, Defendant makes no argument to the contrary, i.e., that it was not necessary to plead fraud in order to raise fraud as an affirmative defense.  Defendant has thus implicitly conceded that an amended answer asserting fraud as a defense in compliance with the Federal Rules is essential to its requested 56(f) relief.

6. Additionally, in Defendant's Proposed Amended Answer submitted with

its Motion to Amend, it relies upon allegations set forth in its Reply (a 36 page document with 44 attached exhibits – extraordinary lengthy for a reply brief) as satisfying the requirements of Fed.R.Civ.P. 8(c) and 9(b) concerning the sufficiency of allegations to support a fraud defense.  Therefore, Plaintiffs, in their Opposition to the Motion to Amend, will be addressing matters set forth in Defendant's Reply with respect to the Motion for Relief.  Accordingly, the Court should defer ruling on the Motion for Relief until it has had an opportunity to consider the arguments that will be set forth in Plaintiffs' Opposition to the Motion to Amend, as well as any reply thereto filed by the government.

7. Plaintiffs' counsel conferred with one of Defendant's counsel, David N. Geier regarding the filing of this Motion in compliance with D.C.Colo.LCivR 7.1(A). Defendant's counsel indicated that he neither agreed with nor opposed this Motion.

WHEREFORE, Plaintiffs respectfully requests this Court to defer ruling on Defendant's Motion for Relief under Fed.R.Civ.P. 56(f), pending its ruling on Defendant's Motion to Amend.

DATED this 6th day of January, 2006.

CHICOINE & HALLETT, P.S.

s/ Darrell D. Hallett
Darrell D. Hallett
Chicoine & Hallett, P.S.
Attorneys for the Plaintiffs Carlos E. Sala
    and Tina Zanolini-Sala
1011 Western Ave. Suite 803
Seattle WA, 98104
Telephone: (206) 223-0800
Facsimile: (206) 467-8170
Email: dhallett@chicoine-hallett.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 6th, 2006, I electronically filed PLAINTIFFS' MOTION TO DEFER RULING ON DEFENDANT'S MOTION FOR RELIEF UNDER FED. R. CIV. P. 56(f) using the CM/ECF system, which will send notification to the following:

      David N. Geier      David.N.Geier@usdoj.gov

      Philip Blondin:      Philip.Blondin@usdoj.gov

      Anton. L. Janik, Jr.      Anton.L.Janik@usdoj.gov

I declare under the penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

DATED this 6th day of January, 2006.

      CHICOINE & HALLETT, P.S.

      s/ Darrell D. Hallett
      Darrell D. Hallett
      Chicoine & Hallett, P.S.
      Attorneys for the Plaintiffs Carlos E. Sala
          and Tina Zanolini-Sala
      1011 Western Ave. Suite 803
      Seattle WA, 98104
      Telephone: (206) 223-0800
      Facsimile: (206) 467-8170
      Email: dhallett@chicoine-hallett.com