# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:05-cv-00636-LTB

CARLOS E. SALA, and
TINA ZANOLINI-SALA,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

### DECLARATION OF MICHAEL N. SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION FOR STAY

---

I, Michael N. Schwartz, being above 18 years old and competent to testify hereby declare and state:

1.    I am the owner of Multi-National Strategies, a New York firm which has advised clients in investment matters since I formed the firm in 1999. I am also a Certified Public Accountant licensed to practice in New York.

Page 1
DECLARATION OF MICHAEL N. SCHWARTZ
RE: OPP. TO MOTION TO STAY

2. In 2000, I was working with a foreign currency trader, Deerhurst Management Co., Inc. ("Deerhurst"), in developing a long term investment program involving contracts and options in foreign currencies. I understood then and now that Deerhurst and its principal, Andrew Krieger, had successfully managed investments in foreign currencies for clients over many years.

3. An investment program was established with Deerhurst functioning as fund manager, buying and selling foreign currencies and options on foreign currencies. The Deerhurst investment program required a substantial investment by participants, as well as a five-year commitment by investors. The overall goal of the program was to make a profit on the investments. The program also offered significant tax benefits to participants who invested in long and short options on foreign currencies.

4. Prior to the formation of my own firm, I worked for Coopers & Lybrand which subsequently merged with Price Waterhouse to become Pricewaterhouse Coopers ("PwC"). While working for PwC, I became aware of a possible tax strategy involving the investment in long and short options on property, and, in determining the taxpayer's basis and gain or loss on the options, taking into account the cost of the long options, but not treating the short options as a liability. This strategy was largely based upon the Tax Court case of *Helmer v. Commissioner*, T.C. Memo. 1975-160.

5. The tax benefits that we designed as part of the Deerhurst program involved the strategy referred to in ¶ 4 above. KPMG was not involved in the development and implementation of the Deerhurst program. To my knowledge, KPMG did not market the Deerhurst program, nor were any fees generated in connection with that program paid to KPMG.

6. I have become aware of the indictment of numerous partners and employees of KPMG, and I have read that part of the indictment involves a KPMG "short option" or "SOS" strategy. I never discussed with KPMG the option strategy which I developed with Deerhurst, nor, as set forth above, did I learn of that strategy from KPMG. I am aware that many individuals and firms other than KPMG advised clients on the use of short options to create favorable tax benefits.

7. In 2000, Mr. Jonathan Raby referred Mr. Carlos Sala to me. I had initially met Mr. Raby when he was associated with the PwC, Colorado office and I worked in the New York City PwC office. Mr. Raby provided investment and tax advice to high net worth individuals in the Boulder area. After Mr. Raby and I both left PwC, we stayed in contact.

8. Mr. Raby had discussed financial and tax matters with Mr. Sala. He was aware that I was working with Deerhurst on its investment program, and he believed that program might be of interest to Mr. Sala. He referred Mr. Sala to me as a client. I advised Mr. Sala about the Deerhurst investment program, and continued to advise him from the time he initially

entered into the investment program in 2000 until the termination of his participation in that program in 2004.

9. Neither I, nor to my knowledge, Deerhurst, ever worked with KPMG in implementing Mr. Sala's participation in the Deerhurst program. I understood Mr. Sala was represented with respect to his investment in the Deerhurst investment program by a Denver, Colorado attorney, Larry Nemirow. I understood Mr. Nemirow reviewed and advised Mr. Sala as to contracts and other operative documents involved in the program. I understood he also reviewed the tax opinion provided by R.J. Ruble of Brown & Wood.

10. When Mr. Sala was considering and evaluating the Deerhurst investment program, I referred Mr. Sala to Mr. Ruble. I understood Mr. Ruble was familiar with the Deerhurst program, and was willing to provide a tax opinion to participants in the program.

11. I did not have any contact with any persons affiliated with KPMG regarding Mr. Sala's participation in Deerhurst.

I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct.

DATED this 31st day of January, 2006.

Michael N. Schwartz