# EXHIBIT B



COPY

# UNITED STATES TAX COURT

| | |
|---|---|
| KEITH A. and LAURA B. TUCKER, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Docket No. 12307-04 |
| ) | |
| COMMISSIONER OF INTERNAL REVENUE, ) | Judge Halpern |
| ) | |
| Respondent. ) | |

## MOTION FOR STAY OF PROCEEDINGS

RESPONDENT MOVES, pursuant to the provisions of Tax Court Rule 50, that the Court stay the proceedings in this case pending the resolution of a federal grand jury investigation whose progress and outcome are expected to affect the disposition of this case.

Respondent further moves that in the event this motion is granted, the parties be directed to file status reports with the Court six months after the Court's Order granting this motion, describing the then current status of the criminal proceedings and their impact on the instant case.

IN SUPPORT THEREOF, respondent respectfully states:

1. The petition in this case was filed on July 14, 2004. Respondent's answer was filed on October 12, 2004. The notice of deficiency asserts a deficiency in income tax in the amount of $15,518,704 and an accuracy related penalty under I.R.C. § 6662 in the amount of $6,206,488 for the taxable year 2000.

Docket No. 12307-04                - 2 -

2. The notice of deficiency disallowed a $39,188,666 Schedule E loss claimed by petitioners from Sligo (2000) Company, Inc. ("Sligo"), a Subchapter S corporation claimed to have been wholly owned by petitioners. Sligo purports to have derived this loss from Epsolon, Ltd. ("Epsolon"), an Irish entity in which Sligo claims to have held a majority interest. The claimed loss results from various foreign currency options transactions alleged to have been entered into by Epsolon. Petitioners claim Sligo had sufficient basis to absorb the Epsolon losses by virtue of petitioners having contributed a pair of foreign currency options to Sligo. Respondent regards the subject transactions as abusive tax shelter transactions.

3. There is an ongoing federal grand jury investigation being conducted in the Southern District of New York regarding certain tax shelter activities. The United States Attorney's office for the Southern District of New York has informed respondent that a certain group of transactions, including the specific transactions which give rise to the deficiency in this case, are under investigation by the grand jury. Subjects of the grand jury investigation include, among others, accounting firms, law firms, banks, shelter promoters, accountants, lawyers, bankers, and individual taxpayers. The grand jury is also investigating whether there was criminal obstruction of

Docket No. 12307-04        - 3 -

justice in connection with failure to produce records in response to IRS summonses relating to this group of transactions.

4. The United States Attorney's office has advised respondent that this Tax Court case will involve both documents and testimony that could adversely affect the ongoing grand jury investigation. Additionally, information developed during the criminal investigation is likely to have a significant impact on the disposition of the issues presented in this case. In order to avoid prejudicing the grand jury investigation by submissions of the parties to the Court, factual development of the transactions under investigation through discovery or otherwise, or other activities in preparing this case for trial or other disposition, the United States Attorney's office has requested that respondent move this Court for a stay of the Tax Court proceedings pending resolution of the grand jury investigation.

5. Critical witnesses who are subjects of the grand jury investigation, including promoters, accountants, lawyers and bankers directly involved in the transactions at issue, may possess and are likely to assert Fifth Amendment privileges in response to respondent's discovery. One prospective witness believed to have information relevant to this case, attorney R.J. Ruble of Sidley, Austin, Brown & Wood, has already claimed

Docket No. 12307-04                - 4 -

the Fifth Amendment privilege against self-incrimination in a hearing before a Subcommittee of the United States Senate. In addition, the results of the grand jury investigation may reveal that petitioners are exposed to criminal liability with respect to the transactions at issue in this case, and thus, may have valid Fifth Amendment privileges to assert in response to requests for information from respondent. Accordingly, a stay of proceedings would serve to protect any valid Fifth Amendment privileges held by petitioners and/or third party witnesses, while permitting the case to be fully developed and presented to this Court with the testimony of such witnesses once any criminal proceedings have concluded.

6. Petitioners' discovery requests to respondent in this case may call for responses that would be unavailable to a criminal defendant in response to discovery requests in a criminal proceeding. In addition, should the substance of respondent's discovery responses in this proceeding become public prior to the completion of criminal proceedings, such responses could be disclosed to potential defendants who are unentitled to such information under the more restrictive discovery procedures applicable in federal criminal cases.

7. Because information developed during the criminal investigation is likely to have a significant impact in this

Docket No. 12307-04 - 5 -

case, a stay of these proceedings could also permit respondent to obtain access to relevant information developed by the grand jury, either by showing particularized need sufficient to obtain an order of disclosure under Fed. R. Crim. P. 6(e), or by obtaining access to information and documents that become public in any subsequent prosecution.

8. Because the rules governing criminal discovery are far more restrictive than those applicable in civil cases, the courts have long recognized that it may be appropriate to stay civil proceedings "to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962). In addition, as discussed above, allowing civil proceedings to proceed during the pendency of a criminal investigation may put a party or witness in a position of being required to testify in order to present or defend the civil case when the testimony may be incriminating and subject to a valid Fifth Amendment privilege. See United States v. Kordel, 397 U.S. 1, 25 (1970). Thus a civil litigant or witness in such a situation may be forced to choose between asserting a valid constitutional privilege or suffering a sanction for failure to prosecute or testify in the civil proceeding. There is also the confusion

Docket No. 12307-04              - 6 -

inherent in two cases that are pending concurrently. Taylor v. Commissioner, 113 T.C. 206 (1999).

9. It is for the foregoing reasons that the courts generally have held the civil action in abeyance while the criminal prosecution goes forth. Kordel, supra, at 12, n. 27. The rationales present in the above-cited cases are also present in the instant case, particularly with respect to potential witnesses.

10. A stay would also facilitate a more orderly disposition of this case, thereby conserving the time and resources of the parties and the Court. Absent a stay, respondent anticipates that the parties would have to approach the Court repeatedly to seek protective orders and otherwise resolve conflicts stemming from the pendency of the criminal proceedings. Staying the Tax Court proceedings until the criminal matter is concluded would avoid needlessly involving this Court in those types of disputes.

11. In weighing the equities, it is also noteworthy that respondent issued the notice of deficiency herein only after petitioners declined repeated requests to extend the statute of limitations on assessment. As recited in the parties' Joint Motion For Assignment To Judge, petitioners, in 2003, brought an injunction action against KPMG, LLP in the United States

Docket No. 12307-04           - 7 -

District Court for the Northern District of Texas to enjoin KPMG from disclosing to respondent that petitioners had engaged in the transactions at issue. As set forth in a Memorandum Opinion And Order of the District Court dated April 2, 2004 (Attached hereto as Exhibit A), although both the United States and the District Court requested that petitioners consent to an extension of the statute of limitations for their taxable year 2000, petitioners declined. On April 12, 2004, the District Court dismissed petitioners' suit, and on April 15, 2004, respondent, in order to protect the period of limitations, issued the notice of deficiency that forms the basis of this case.

12. Moreover, where, as here, the duration of the stay will be monitored by the Court, and will remain in effect only as long as necessary to accomplish the objective of protecting concurrent civil and criminal proceedings, there will be no significant prejudice to petitioners in staying these proceedings. Petitioners have not articulated, nor can respondent discern, any specific prejudice caused by the temporary delay of factual development and the trial of this case that would result if this motion is granted. To the contrary, staying the instant proceedings would benefit petitioners by protecting any valid Fifth Amendment privileges

Docket No. 12307-04                - 8 -

available to them in response to information gathering attempts by respondent, without facing the threat of sanctions. A stay would also benefit petitioners by allowing discovery to proceed after the stay is lifted, unimpeded by the complicating factor of a parallel criminal proceeding. In addition, petitioners would enjoy equal access to evidence made public in any criminal trial. Since significant prejudice to petitioners is absent, the likelihood that the Tax Court case will interfere with the ongoing grand jury investigation weighs heavily in favor of the proposed stay.

13. The interests of justice strongly support the granting of the proposed stay. The issues in this case are important to tax administration. A stay will promote full factual development of this case by both parties once the criminal proceedings have concluded and allow the court to resolve this matter based on a full factual record, rather than the piecemeal record that would result were the case to be tried before relevant information can be gathered from critical third party witnesses who are subjects of the grand jury investigation. These concerns are heightened by the fact that the grand jury is investigating potential obstruction of justice stemming from failures to produce records pertaining to the transactions under investigation.

Docket No. 12307-04         - 9 -

14. Petitioner's counsel has indicated that petitioners object to the granting of this motion.

WHEREFORE, it is prayed that this motion be granted.

DONALD L. KORB
Chief Counsel
Internal Revenue Service

Date: May 31, 2005      By: _____
JAMES D. HILL
Special Trial Attorney
(Large & Mid-Size Business)
Tax Court Bar No. HJ1129
Enquirer Bldg.
312 Elm St.
Suite 2350
Cincinnati, OH 45202-2727
Telephone: (513) 263-4875

OF COUNSEL:
PETER J. LABELLE
Division Counsel
(Large & Mid-Size Business)
JOSEPH F. MASELLI
Area Counsel
(Heavy Manufacturing & Transportation: Edison)
MARY HELEN WEBER
Deputy Area Counsel (SL)
(Strategic Litigation)

Docket No. 12307-04

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing MOTION FOR STAY OF PROCEEDINGS was served on petitioners by mailing the same on ___May 31, 2005___ in a postage paid wrapper addressed as follows:

>A. Duane Webber, Esq.
>Baker & McKenzie
>815 Connecticut Ave., N.W.
>Washington, D.C.  20006-4078

Date: _May 31, 2005_

JAMES D. HILL
Special Trial Attorney (SL)
(Cincinnati)
(Large & Mid-Size Business)
Tax Court Bar No. HJ1129