# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| KLAMATH STRATEGIC INVESTMENT FUND, LLC, by and through ST. CROIX VENTURES, LLC, <br> Plaintiff, <br><br> v. <br><br> UNITED STATED OF AMERICA, <br> Defendant. | § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 5:04-CV-278 (TJW) <br> § (consolidated with Civil Action No. 5-04-CV- <br> § 279) <br> § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Stay Proceedings Until Completion of Related Criminal Case (#27). The Court has carefully considered the parties' written submissions and conditionally grants Defendant's Motion as set forth herein.

### I.  Introduction

The United States moves for a stay of this case until the completion of trial and sentencing in a related criminal case, *United States v. Stein, et al.*, Case No. S1:05-CR-00888 (LAK) (S.D.N.Y.). This case is a civil action by the Plaintiffs, St. Croix, Klamath, Rogue and Kinabalu ("the Plaintiff Entities") against the United States under 26 U.S.C. § 6266 for readjustment of the partnership items arising out of tax returns for the year ended December 31, 2000. Actions under section 6226 are similar to suits for refund where the court makes a *de novo* determination of the facts and law as they relate to the taxpayers' activities.

In this case, the Plaintiffs seek a refund of the money they deposited on account of deficiencies assessed against them by the IRS under the TEFRA audit procedures set forth in sections 6221 through 6234 of the Internal Revenue Code (Title 26). These deficiencies arose

out of a tax shelter entered into by Plaintiffs, known as a BLIPS shelter, and that was marketed and designed by KPMG and Presidio Growth and Presidio Resources ("Presidio"). During the relevant tax years, Presidio was owned or operated by John Larson, Robert Pfaff and David Amir Makov – all of which having been indicted in the *Stein* criminal case.

This case began because the government issued Notices of Final Partnership Administrative Adjustments ("FPAAs") against the Plaintiffs for deficiencies in their tax returns. Principally, the government contends that the premiums Plaintiffs received in exchange for their agreement to repay two loans at an above-market interest rate are not "liabilities" for purposes of 26 U.S.C. § 752. The FPAAs also state additional theories for adjusting the partnership returns.

The law requires any partner wishing to challenge an FPAA to file suit in court within 150 days of the day on which the FPAA is issued. If no partner files suit, the FPAA is deemed to be correct and the result is binding on all partners in the partnership. Thus, to challenge the deficiencies, at least one partner of the Plaintiffs had to file suit within 150 days. Those suits were timely filed by Plaintiffs on December 13, 2004.

A plaintiff may only file suit, however, after he has deposited with the government the amount by which his tax would increase if the FPAA were correct (a deposit of penalties and interest is not required to bestow jurisdiction on the court). To meet this requirement, Plaintiffs deposited in excess of $8,000,000 with the defendant on December 9, 2004.

The IRS has taken the position that even though Plaintiffs were not required to deposit potential penalties and interest to bring this suit, it nevertheless has the authority to assess and collect these amounts while this case is pending. Since the inception of this case, the IRS has assessed more than $5,000,000 in penalties and interest. Thus, on the one hand, the government moves for a stay of this case while at the same time continuing to engage in efforts to assess and

collect additional money from the Plaintiffs. The Court will address this issue *infra*.

## II. Analysis

The government asserts that *United States v. Stein* is a related criminal case and that this case should therefore be stayed until *Stein* is resolved. The Court has reviewed the indictment in *Stein* and agrees that this case is related to *Stein*, but not in the ordinary sense of the word. The Plaintiffs in this case are not criminal defendants in *Stein*. Instead, the overlap or relation between the two cases arises out of the designing, marketing and implementing of BLIPS tax shelters. These BLIPS tax shelters are the focus of this case as well as being part of the criminal case. Further, the Court notes that potential relevant witnesses in this case, Pfaff, Larson, and Makov, have all been criminally indicted in the *Stein* case. Thus, to a certain degree, this case is related to the *Stein* criminal case.

Determining whether to grant a stay for a pending criminal case was addressed by the Fifth Circuit in *Cambell v. Eastland*, 307 F.2d 478 (5th Cir. 1962). However, *Campbell v. Eastland*, while instructive, is not directly on point. Further, the law regarding whether to grant stays has evolved a great deal over the last forty years. Accordingly, this Court will adhere to the broad principles enunciated in *Campbell v. Eastland*, but will also consider the analysis of other courts in the Fifth Circuit and other jurisdictions. *See Keating v. OTS*, 45 F.3d 322 (9th Cir. 1995); *S.E.C. v. Mutuals.com, Inc.*, 2004 WL 1629929 (N.D. Tex. 2004); *Heller Healthcare Fin., Inc. v. Boyes*, 2002 WL 1558337 (N.D. Tex. 2002); *Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36 (S.D.N.Y. 1993).

A review of *Campbell* as well as these other instructive cases results in the following four factors this Court should consider when faced with a request to stay civil proceedings: (1) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice

to the plaintiff with a delay; (2) the burden which any particular aspect of the proceedings may impose on the defendants; (3) the convenience of the courts in managing its cases and the efficient use of judicial resources; (4) the interest of the public in pending civil and criminal litigation and how far they overlap and how far they have proceeded. *See id.* After consideration of these four factors, the Court holds that a stay should be granted in this case.

    A.    <u>Factor 1: The interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice to plaintiff with a delay.</u>

In this case, the Plaintiffs have a very strong interest in proceeding expeditiously with their case. With penalties and interest included, the IRS has already assessed more than $16,000,000 against the Plaintiffs. Further, the Plaintiffs have already deposited millions of dollars with the IRS. Once a deficiency is assessed, Plaintiffs ability to proceed is accorded "great weight." *Campbell*, 307 F.2d at 489. Further, while the criminal case is currently set for September, 2006, there is no guarantee that the case will not be continued.

However, the prejudice to Plaintiffs is lessened somewhat because the Plaintiffs may recover their money with interest (based on the T-bill) if successful in their suit. Further, the government notes that the delay is only for nine months.

On balance, the Court finds that the Plaintiffs' interest in proceeding and the potential prejudice weighs against grating a stay – especially in light of the IRS' continued conduct in assessing additional penalties and interest during the prosecution of this case. This Court will not grant a stay while at the same time allowing such penalties and interest to accrue. The prejudice to Plaintiffs would so great as to require that this case proceed. Accordingly, in order for any stay to be entered in this case, the IRS will need to file with this Court documentation, binding on the IRS, evidencing that no additional penalties, interests or assessments will be

levied against the Plaintiffs during the pendency of any stay. Only this action will overcome the great weight this Court is required to apply to Plaintiffs' interest in proceeding expeditiously and without prejudice.

    B.    Factor 2: The burden which any particular aspect of the proceedings may impose on the defendants.

The government asserts that it can not adequately defend itself in this lawsuit without revealing the strategy and evidence in possession of the criminal prosecutors. Further, the government asserts that the liberal civil discovery rules might provide criminal defendants Pfaff and Larson with a "peek" at the government's case. In addition, the government asserts that it will be inhibited in defending itself in this litigation due to potential 5th Amendment assertions from third-party witnesses.

The Court finds little merit in the government's assertions. The government need not use the prosecution's evidence – it can use the civil discovery rules to develop its case just like every other civil litigant. Further, the government should be adequately able to defend itself in this case. Presumably, the government had some evidence from which it assessed the deficiency. This evidence would operate as the government's threshold defense. Finally, while the government has raised vague assertions of 5th Amendment issues, the government has not pointed to any relevant witness who has refused to testify by relying on 5th Amendment rights. In sum, factor weighs against the government's request for a stay.

    C.    Factor 3: Convenience of the Courts in managing its cases and the efficient use of judicial resources.

The Plaintiffs quite rightly note that this case is set in a different jurisdiction from the criminal case and all the other BLIPS civil cases. Thus, the Plaintiffs assert, the *Stein* case and the various other civil cases would not impinge upon this Court's docket. While Plaintiffs are

correct in this regard, there are other factors that weigh strongly in favor of granting a stay.

First, Pfaff and Larson are either partners or managers of the Plaintiff Entities. Thus, a refusal to grant a stay could result in duplicative judicial effort. Further, the resolution of the criminal case may simplify or moot certain issues of law or fact. Moreover, completion of the criminal case may also make certain witnesses less likely to invoke their 5th Amendment rights.

However, the most important factor this Court finds that weighs in favor of a stay is the 93 civil cases that have already been stayed across this country in California, the Tax Court and elsewhere. These courts will have some common questions of law and, at a minimum, will need to determine whether BLIPS tax shelters are sham shelters under the Internal Revenue Code. Further, allowing this case to go forward in the face of 93 other stays would do violence to the opinions and holdings of these other courts. This factor weighs very strongly in favor of granting the requested stay.

> D. Factor 4: Interest of the public in pending civil and criminal litigation and how far they overlap and how far they have proceeded.

As mentioned above, while this case and the criminal case are related, there is an important distinction. None of the Plaintiffs in this action are criminal defendants. In addition, the public has a right to know what the Internal Revenue Code provisions at issue in this case mean. These factors weigh against granting a stay.

However, the public's primary interest, which is given "substantial weight," is in effective law enforcement and effective tax collection. *Campbell v. Eastland*, 307 F.2d at 487. Further, while the Plaintiffs are not criminal defendants, the tax shelter at the center of this case is of the exact same structure and design as those at issue in the criminal case. Moreover, partners and/or managers of the Plaintiff Entities are criminal defendants in the *Stein* case. In

addition, this civil case is in its earliest stages while the criminal case has issued indictments and is set for trial in nine months. On balance, factor four would favor a stay.

### III.  Conclusion

The Court recognizes that this issue is a close call. However, the Court finds that the balance of factors weigh in favor of a stay *only if* the IRS provides written documentation, that is binding on the IRS, that evidences that the IRS will not levy any further assessments, penalties or interest against Plaintiffs without further order of this Court. Accordingly, the Court hereby orders that a stay until September 11, 2006 is effective upon receipt of the aforementioned documentation from the IRS. If such documentation is not provided to the Court within 30 days of entry of this Order, no stay will issue and Plaintiffs will be permitted to prosecute their suit expeditiously. All other relief not specifically awarded herein is denied.