# EXHIBIT

# G

480.1

**UNITED STATES TAX COURT**

|  |  |
|---|---|
| KEITH A. and LAURA B. TUCKER, | ) ) ) |
| Petitioners, | ) ) |
| v. | ) Docket No.  1 2 3 0 7 - 0 4 |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) POSTMARK DATE |
| Respondent. | ) POSTMASTER DATE ) HAND-DELIVERED |

**PETITION**

Keith A. Tucker and Laura B. Tucker, the above-named Petitioners, hereby petition for a redetermination of the deficiency in tax for the calendar year 2000 set forth by the Commissioner of Internal Revenue in his Notice of Deficiency dated April 15, 2004 (Symbols: S:C:F:TS:AREA 4:GROUP 8:SM) (hereinafter referred to as the "Notice of Deficiency"), and as a basis for this proceeding alleges as follows:

1.    Petitioners, Keith A. Tucker and Laura B. Tucker (Social Security Numbers            and            respectively), are married individuals who currently maintain their residence                            Petitioners have a mailing address as of the date hereof at

ADDRESS USED BY COURT

*Klamath v. US, 5:04-cv-278-TJW:*
*US Motion to Reconsider Order Denying Stay- Exhibit A*

2

Petitioners filed a Form 1040, U.S. Individual Income Tax Return ("income tax return"), for the taxable year ended December 31, 2000 ("2000"), with the Internal Revenue Service Center in Austin, Texas.

2.  The Notice of Deficiency upon which this Petition is based is dated April 15, 2004, and on information and belief, was mailed to Petitioners on or about April 15, 2004.  A copy of such Notice of Deficiency, including the statement and schedules accompanying the Notice, is attached hereto and marked as "Exhibit A."  Such Notice of Deficiency was issued by the Commissioner of Internal Revenue (the "Commissioner") through the Internal Revenue Service Center located in Baltimore, Maryland 21201.

3.  In the Notice of Deficiency, the Commissioner determined a deficiency in Petitioners' income tax for 2000 in the amount of $15,518,704.  The entire amount of such deficiency determination is in dispute.  In addition, in the Notice of Deficiency, the Commissioner determined a penalty under section 6662[1] for 2000 in the amount of $6,206,488.  The entire amount of such penalty is in dispute

---

[1]  Unless otherwise indicated, all references to "section" or "Code" are references to the Internal Revenue Code of 1986, as amended.  All references to "Treasury Regulations" or "Treas. Reg." are references to the Treasury Regulations promulgated under the Code.

*Klamath v. US, 5:04-cv-278-TJW:*
*US Motion to Reconsider Order Denying Stay- Exhibit A*

4.   The Commissioner's determinations of Petitioners' income tax and penalty for 2000, as set forth in the Notice of Deficiency, are based upon the following errors:

a.   **Schedule E-Income/Loss.**   The Commissioner erred in disallowing the loss in the amount of $39,188,666 that was reflected on Schedule E of Petitioners' income tax return for 2000.

b.   **Penalty   Under   Section   6662.**   The Commissioner erred in determining a penalty in the amount of $6,206,488 with respect to Petitioners for 2000, by erroneously   determining   that   Petitioners   had   an underpayment of tax attributable to the loss reflected on their income tax return for 2000 and that Petitioners did not   have   a   reasonable   basis   for   believing   that   the treatment of such loss was more likely than not correct.

5.   The facts upon which Petitioner relies as the basis for this proceeding are as follows:

a.   **Schedule E-Income/Loss.**

(1)   Petitioners own all of the outstanding stock of Sligo (2000) Company, Inc., which is a domestic corporation that has elected to be treated as an S corporation for United States Federal income tax purposes ("Sligo").

4

(2)  Prior to December 18, 2000, Cumberdale
Investment Limited ("Cumberdale"), which is an Irish
investment company, owned 100 percent of the shares of
Epsolon Limited ("Epsolon"), which was organized as an
Irish private limited company.

(3)  Sligo purchased 99 percent of the
shares of Epsolon from Cumberdale on December 18, 2000, and
continued to own such shares thereafter.  Cumberdale
retained 1 percent of the shares of Epsolon.

(4)  On December 20, 2000, Epsolon purchased
from Lehman Brothers, N.A., multiple foreign currency
options for a combined net premium of $156,041,001.

(5)  On December 20, 2000, Epsolon sold to
Lehman Brothers, N.A., multiple foreign currency options
for a combined net premium of $157,500,000.

(6)  On December 21, 2000, Epsolon sold, for
$50,531,399, options that it had acquired for a combined
net premium of ($729,056).  Epsolon realized gain of
$51,260,455 as a result of the termination of its position
in those options.

(7)  Epsolon was not subject to United
States Federal income tax with respect to the gain in the
amount of $51,260,455 that Epsolon realized from the sale
of options on December 21, 2000 because Epsolon was a

5

foreign corporation that was not engaged in a United States trade or business, and the gain from the sale of the foreign currency options was not "fixed, determinable, annual, or periodic" income as that phrase is defined by sections 881 and 882.

(8) Sligo was not subject to United States Federal income tax under sections 951 through 964 of the Code ("subpart F") with respect to the gain in the amount of $51,260,455 that Epsolon realized from the sale of options on December 21, 2000 because Epsolon was not a Controlled Foreign Corporation within the meaning of section 957(a) for more than 30 days during its fiscal year ended December 26, 2000.

(9) On December 21, 2000, Epsolon used the $50,531,399 in proceeds from the sale of the options (along with additional funds) to enter into additional foreign currency option transactions with Lehman Brothers, N.A.

(10) Pursuant to a timely filed Form 8832, Epsolon elected to be classified as a partnership for United States Federal income tax purposes effective on December 27, 2000. Pursuant to this election, Epsolon was deemed to have distributed its assets and liabilities to its shareholders in a deemed liquidation under section 332 on December 26, 2000, and the former shareholders were

6

deemed to have contributed under section 721 such assets and liabilities to Epsolon in its classification as a partnership ("Epsolon Partnership").

(11) As of December 27, 2000, Sligo's basis in its partnership interest in Epsolon Partnership was equal to the basis in the assets that Epsolon distributed to Sligo and that Sligo contributed to Epsolon Partnership.

(12) On December 28, 2000, Epsolon Partnership paid $1,428,190 to dispose of options that it had acquired for a combined net premium of $37,055,703. Epsolon Partnership incurred investment advisory fees with respect to the disposition of such options in the amount of $1,100,618. Accordingly, Epsolon Partnership realized a loss for its taxable year ended December 31, 2000, in the total amount of $39,584,511.

(13) Sligo's distributive share of Epsolon Partnership's loss for its taxable year ended December 31, 2000 was a loss in the amount of $39,188,666.

(14) During 2000, Petitioners contributed to Sligo cash in the amount of $2,024,700.

(15) On December 21, 2000, Petitioners contributed to Sligo a put option to sell 1,439,249,000 Japanese Yen at a strike price of 108.96 Yen per U.S. dollar, which Petitioners previously purchased for a

*Klamath v. US, 5:04-cv-278-TJW:*
*US Motion to Reconsider Order Denying Stay- Exhibit A*

premium of $51,000,000 ("Long Yen Put"). As a part of the same transaction, Sligo assumed Petitioners' obligation to fulfill a put option to sell 1,427,736,000 Japanese Yen at a strike price of 108.97 Yen per U.S. dollar, which Petitioners previously sold for a premium of $50,490,000 ("Short Yen Put").

(16) As of December 21, 2000, the likelihood that the Yen/U.S. dollar exchange rate would be greater than 108.96 on December 21, 2001 (and therefore the likelihood that the Short Yen Put would be exercised) was approximately 40 percent.

(17) As of December 31, 2000, based on the contribution of cash and the Long Yen Put, Petitioners had a basis in their shares of Sligo in the amount of $53,024,700.

(18) During 2000, Sligo did not distribute to Petitioners any cash or other property.

(19) Because Petitioners had a basis in their shares of Sligo in the amount of $53,024,700, Petitioners were required under section 1366 to take into account in determining their taxable income and Federal income tax liability for 2000 the full amount of Sligo's distributive share of Epsolon Partnership's loss for its taxable year ended December 31, 2000 (i.e., $39,188,666).

*Klamath v. US, 5:04-cv-278-TJW:*
*US Motion to Reconsider Order Denying Stay- Exhibit A*

8

(20) Accordingly, the Commissioner erroneously disallowed the loss reported on Petitioners' income tax return for 2000 in the amount of $39,188,666.

      **b.**    **Penalty Under Section 6662.**

(1) The allegations set forth in paragraph 5.a., supra, are incorporated by reference in this paragraph 5.b.(1).

(2) Petitioners did not have an underpayment of tax required to be shown on their income tax return for 2000.

(3) In the alternative, any underpayment of tax required to be shown on Petitioners' income tax return for 2000 was not attributable to a substantial understatement of income tax, a gross valuation misstatement, or negligence or disregard of rules or regulations.

(4) In the alternative, Petitioners had substantial authority for the tax treatment reflected on their income tax return for 2000 with respect to the loss in the amount of $39,188,666.

(5) In the alternative, Petitioners had a reasonable basis for believing that the tax treatment reflected on their income tax return for the year 2000 with

respect to the loss in the amount of $39,188,666 was more likely than not the proper treatment.

(6) Accordingly, the Commissioner erroneously determined a penalty in the amount of $6,206,488 with respect to Petitioners' tax liability for 2000.

WHEREFORE, Petitioners pray that this Court hear this proceeding and determine that the deficiency in tax and penalty under section 6662 determined by the Commissioner for 2000 are erroneous, that there is no deficiency in Petitioners' income tax for 2000, that no penalty is imposed on Petitioners for 2000, and that this Court grant such other further relief to Petitioners as this Court may deem proper.

Respectfully submitted,

ADMITTED U.S. TAX COURT

A. DUANE WEBBER
T.C. No. WA0351

BAKER & McKENZIE
815 Connecticut Avenue, N.W. *Suite 900*
Washington, D.C. 20006
(202) 452-7000

ADMITTED-NOT RECOGNIZED

DAVID G. GLICKMAN
T.C. No. GD0300

*Klamath v. US, 5:04-cv-278-TJW:*
*US Motion to Reconsider Order Denying Stay- Exhibit A*

10

ADMITTED - NOT RECOGNIZED

~~ROBERT H. ALBARAL~~
~~T.C. No. AR0375~~

BAKER & McKENZIE
2300 Trammel Crow Center
Dallas, Texas 75201
(214) 978-3000

Attorneys for Petitioners,
    Keith A. Tucker and Laura
    B. Tucker

Dated: July 14, 2004