# EXHIBIT H

480.1

Case 5:05-cv-00293-TJW   Document 56-5   Filed 09/29/2005   Page 1 of 35



FILED
SEP 15 2005
U.S. COURT OF
FEDERAL CLAIMS

IN THE
UNITED STATES COURT OF FEDERAL CLAIMS

| | )
EPSOLON LIMITED, by and through | )
SLIGO (2000) COMPANY, INC., | )
Tax Matters Partner, | )
| )
Plaintiff, | )
| )
v. | )
| )
THE UNITED STATES OF | )
AMERICA, | )
| )
Defendant. | )

## COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER INTERNAL REVENUE CODE SECTION 6226[1]

### NATURE OF ACTION

1. This is a Federal income tax action for readjustment of partnership items brought under section 6226 and Appendix F of the Rules of the United States Court of Federal Claims.

### STATEMENT OF CLAIM

2. This action is brought with respect to Epsolon Limited ("Plaintiff" or "Epsolon"), by and through its Tax Matters Partner, Sligo (2000) Company, Inc., to contest the untimely issuance of and the determinations in the Notice of Final Partnership Administrative Adjustment (the "FPAA"), dated June 17, 2005, issued by the Commissioner of Internal Revenue (the "Commissioner") through the Internal Revenue Service Center located in Baltimore, Maryland 21201. The proposed adjustments in the FPAA relate to the Form 1065, U.S. Return of Partnership Income, that Epsolon filed for the tax year ended December 31, 2001. A copy of the FPAA, including the accompanying statements and schedules, is attached hereto and marked as

---

[1] Unless otherwise indicated, all references to "section" or "Code" are to the Internal Revenue Code of 1986, as amended. All "Treas. Reg." and "Treasury Regulation" references are to the Treasury Regulations promulgated under the Code.

"Exhibit A." In the FPAA, the Commissioner determined an increase in income in the amount of $13,890,954 and determined that accuracy related penalties under section 6662 were applicable to the tax resulting from this determination. The entire amount of such determinations (including any such penalty) is in dispute.

## GENERAL ALLEGATIONS

3. Epsolon is a company that is limited by shares, and is organized and existing under the laws of the Republic of Ireland. During 2001, Epsolon was treated as a partnership for United States Federal income tax purposes. Epsolon's principal corporate offices are located at 43 Ailesbury Road, Hallsbridge, Dublin 4, Ireland. Epsolon's Federal employer identification number is ▬▬▬▬. Epsolon's Form 1065 for the tax year ending December 31, 2001 was filed with the Internal Revenue Service Center in Philadelphia, Pennsylvania 19255.

4. The Plaintiff is the Tax Matters Partner of Epsolon, Sligo (2000) Company, Inc., a corporation organized under the laws of Delaware which has made an election under Subchapter S of the Code ("Sligo"). Sligo's address is Department 502, 2644 Capitol Trail, Suite 300; Newark, Delaware 19711. Sligo's Federal employer identification number is ▬▬▬▬

5. The Defendant is the United States of America, with respect to the claims and actions of its agent, the Internal Revenue Service (the "IRS"), an executive agency within the Department of Treasury. Service of process may be made on Defendant through the Attorney General at the Tax Division of the Department of Justice and upon such other offices or individuals as may be required.

## JURISDICTION

6. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. §1508 and 26 U.S.C. §6226(b).

2

7. Pursuant to 6226(e)(1), Sligo made a deposit of $6,100,000 with the Internal Revenue Service Center, Cincinnati, Ohio 45999 by mailing, via certified mail with return receipt requested, a check in that amount along with a notifying letter to that address on September 12, 2005. Sligo reserves the right under section 6226(e) to post any greater amount this Court determines to be due.

## PERIOD OF LIMITATIONS DEFENSE

8. The FPAA is invalid because it was not mailed to the tax matters partner on a timely basis in accordance with Code sections 6225 and 6229, and the determinations therein therefore are barred by the period of limitations. Section 6229 establishes an exclusive partnership-specific period of limitations that is separate from the period of limitations in Code section 6501, and that applies to partnership items reported on the partnership information return (Form 1065). Such partnership items become final upon the expiration of this period of limitations. See, e.g., Transpac Drilling Venture 1983-2 v. United States, 32 Fed. Cl. 810 (Fed. Cl. 1995), aff'd, 83 F.3d 1410 (Fed. Cir. 1996). Code section 6229 provides finality for partnership items and ensures that such partnership items are applied on a unified, consistent, and equal basis to all partners.

12. The limitations period of Code section 6229(a) expires if that period is not suspended by the Commissioner's mailing of a notice of a final partnership administrative adjustment to the tax matters partner before three years after the later of the date on which the partnership return for the taxable year was filed or the last day for filing such return, determined without regard to extensions. There are exceptions elsewhere in section 6229 for limited situations that are not applicable here.

13. The partnership return was properly mailed via certified mail, return receipt requested, to the IRS on or before April 15, 2002, the due date of the return without extension.

Case 5:04-cv-00288-MMS   Document 56-5   Filed 09/29/2005   Page 4 of 35

The limitations period for assessment under section 6229(a) expired three years thereafter on April 15, 2005.

14. The FPAA was dated June 17, 2005 and was mailed on or about that date, which was more than two months after the expiration of the period of limitations on April 15, 2005.

15. An untimely FPAA cannot suspend the period of limitations specified in Code section 6229(a) after that period has expired and cannot be the basis of any adjustments with respect to partnership items. Because the FPAA was mailed after the requisite period for making any assessment of a deficiency attributable to any partnership item, the FPAA is invalid and cannot suspend the running of the period of limitations under section 6229(a), and the partnership items as originally reported on Epsolon's return have become final.

## ASSIGNMENTS OF ERROR

16. In the alternative, if the Court determines that the FPAA was mailed to the tax matters partner on a timely basis, the Commissioner's determination of the adjustments, as set forth in the FPAA, is based on the following errors.

    a. The Commissioner erred in determining an increase to Other Income in the amount of $13,890,954.

    b. The Commissioner erred in determining that penalties under section 6662 are appropriate with respect to the amount of tax that would arise as a result of the adjustment to Other Income referenced in paragraph 16.a of this Complaint.

17. In the FPAA the Commissioner alleged the following partnership items as a basis for its adjustments:

    a. That Epsolon failed to establish the actual existence of Epsolon as an entity or that it constituted a partnership for Federal income tax purposes.

b.   That Epsolon failed to establish that the basis of Epsolon in any property disposed of by Epsolon was greater than zero for purposes of determining gain or loss.

c.   That Epsolon's formation, the acquisition of any interest therein by Epsolon's partners, and Epsolon's foreign currency options transactions lacked any genuine business purpose apart from tax reduction and that Epsolon and its transactions lacked economic substance and constituted economic shams for Federal income tax purposes.

d.   That one of Epsolon's partner, Sligo, and an entity wholly owned by Sligo that is disregarded for Federal income tax purposes, Sligo (2000) LLC, as well as the options transactions in which Sligo and Sligo (2000) LLC engaged, lacked any genuine business purpose apart from tax reduction and that Sligo (2000) LLC, Sligo, and the transactions entered into by both entities, lacked economic substance and constituted economic shams for Federal income tax purposes.

e.   That pursuant to Treasury Regulation section 1.701-2, Epsolon was formed and/or availed of in connection with a transaction or transactions, a principal purpose of which was to reduce substantially the present value of its partners' aggregate Federal tax liabilities, in a manner inconsistent with the intent of Subchapter K of the Internal Revenue Code.  That Epsolon is therefore disregarded for Federal income tax purposes, and that all transactions engaged in by Epsolon are treated as engaged in directly by its partners, such that the assets purportedly acquired by Epsolon, including but not limited to options, are deemed to be acquired directly by its partners, including Sligo.

f.   That the closure of the loss legs of any Epsolon foreign currency options was purposely delayed until after the effective date of Epsolon's purported election to be treated as a partnership for U.S. income tax purposes, and that any losses from those positions were

5

economically incurred and substantially locked in prior to the effective date of the election, when Epsolon was purportedly a controlled foreign corporation ("CFC") of Sligo. That pursuant to Treasury Regulation section 1.988-2(f), any losses from foreign currency options positions of Epsolon are deemed to have been recognized by Epsolon as a CFC prior to its election to be treated as a partnership for United States tax purposes. That based on the foregoing, the partners in Epsolon are not entitled to claim losses from these transactions.

      g.    That, alternatively, if the substance of any Epsolon foreign currency options indicates that those transactions are not properly considered section 988 transactions, then pursuant to Treasury Regulation section 1.988-1(a)(11)(i), the losses claimed from the options transactions are not treated as derived from section 988 transactions, and (only if otherwise allowable under applicable law) are recharacterized as capital losses.

      h.    That the options claimed to have been written by Epsolon on December 20, 2000 and December 21, 2000 constitute liabilities for purposes of section 752 and the regulations thereunder, and that such liabilities reduce the basis of the partners in Epsolon accordingly.

      i.    That pursuant to section 482, in order to clearly reflect income and/or to prevent the avoidance of Federal income taxes, the losses from foreign currency options positions of Epsolon are hereby allocated from Epsolon (the partnership) to Epsolon (the CFC), both of which were owned and controlled by Sligo (2000) Company, Inc. That based on the foregoing, the partners of Epsolon are not entitled to claim losses from these transactions.

      j.    That the loss claimed by Epsolon and by Sligo is further disallowed because it is has not been established that Sligo became a partner in Epsolon, contributed any assets thereto, or had basis in its alleged partnership interest in Epsolon greater than zero.

k.  That it has not been established that Epsolon's other partner, Cumberdale Investments ("Cumberdale"), became a partner in Epsolon, contributed any assets thereto, or had basis in its partnership interest in Epsolon greater than zero.

l.  That the losses claimed by Epsolon and its partners are further disallowed because it has not been established that the losses, or any portion thereof, were actually sustained or constituted real economic losses.

m.  That Epsolon failed to establish that any foreign currency options transactions that were entered into were entered into primarily for profit and/or that the requirements for deduction of the claimed losses under section 165 were otherwise met.

n.  That Epsolon failed to establish that the claimed losses of Epsolon (including but not limited to losses that may have represented investment advisory fees or other transaction costs) are deductible under any provision of the Code, including but not limited to sections 162 and 212.

o.  That the losses claimed by Epsolon are further disallowed because Epsolon's method of accounting does not clearly reflect income as required by section 446(b).

p.  That Epsolon failed to establish that the overall substance of the transactions, as opposed to the form in which they were cast, entitles Epsolon and its partners to the losses claimed.

q.  That Epsolon failed to establish that the claimed losses are not limited by the provisions of section 465.

r.  That the adjustments of partnership items of Epsolon are attributable to a "tax shelter" for which no substantial authority has been established for the positions taken, and for which there is no showing of reasonable belief by the partnership or its partners that the

positions taken were more likely than not the correct treatment of the "tax shelter" and related transactions. That all of the underpayments of tax resulting from said adjustments are attributable to, at a minimum, (1) gross valuation misstatement(s), (2) negligence or disregard of rules and regulations, (3) substantial understatement(s) of income tax, or (4) substantial valuation misstatement(s). That there has been no showing by Epsolon or any of its partners that there was reasonable cause for any of the resulting underpayments, that Epsolon or any of its partners acted in good faith, or that any other exceptions to the penalty apply. That, based on the foregoing, the accuracy-related penalty under section 6662 applies to all underpayments of tax attributable to adjustments of partnership items of Epsolon. That a 40 percent penalty should be imposed on the portion of any underpayment attributable to the gross valuation misstatement as provided by sections 6662(a), 6662(b)(3), 6662(e), and 6662(h). That a 20 percent penalty should be imposed on the portion of the underpayment attributable to negligence or disregard of rules and regulations as provided by sections 6662(a), 6662(b)(1), 6662(c). That a 20 percent penalty should be imposed on the underpayment attributable to the substantial understatement of income tax as provided by section 6662(a), 6662(b)(2), and 6662(d). That a 20 percent penalty should be imposed on the underpayment attributable to the substantial valuation misstatement as provided by sections 6662(a), 6662(b)(3), and 6662(e).

18. The facts upon which Plaintiff relies as the basis for this proceeding are as follows:

    a. Increase to Other Income.

        1. On December 20, 2000, Epsolon purchased from Lehman Brothers, N.A., multiple foreign currency options for a combined net premium of $156,041,001.

2. Also on December 20, 2000, Epsolon sold to Lehman Brothers, N.A., multiple foreign currency options for a combined net premium of $157,500,000.

3. On December 21, 2000, Epsolon sold, for $50,531,399, options that it had acquired for a combined net premium of ($729,056). Epsolon realized a gain of $51,260,455 as a result of the termination of its position in these options.

4. Epsolon was not subject to United States Federal income tax with respect to the gain in the amount of $51,260,455 that Epsolon realized from the sale of options on December 21, 2000 because Epsolon was a foreign corporation that was not engaged in a United States trade or business, and the gain from the sale of the foreign currency options was not "fixed, determinable, annual, or periodic" income as that phrase is defined by sections 881 and 882 of the Code.

5. On December 21, 2000, Epsolon used the $50,531,399 in proceeds from the sale of the options (along with additional funds) to enter into additional foreign currency option transactions with Lehman Brothers, N.A.

6. Pursuant to a timely filed Form 8832, Epsolon elected to be classified as a partnership for United States Federal income tax purposes effective on December 27, 2000. Pursuant to this election, Epsolon was deemed to have distributed its assets and liabilities to its shareholders in a deemed liquidation under section 332 on December 26, 2000, and the former shareholders were deemed to have contributed under section 721 such assets and liabilities to Epsolon in its classification as a partnership. As a result of this deemed distribution and contribution, the shareholders in Epsolon had a basis in their shares of Epsolon (the partnership) equal to the basis that Epsolon had in its assets prior to this transaction.

Case 5:04-cv-00278-TJW   Document 56-5   Filed 09/23/2005   Page 10 of 35

7.  For the year ended December 31, 2000, Epsolon (partnership) realized a loss in the amount of $39,584,511 with respect to various foreign currency options it disposed of during 2000.

8.  On January 8, 2001, Epsolon (the partnership) paid $122,401,534 to dispose of options that it had acquired for a combined net premium of $108,510,580. Epsolon (the partnership) thus realized a loss for its taxable year ending December 31, 2001 in the amount of $13,890,954.

9.  Accordingly, the Commissioner erroneously proposed an adjustment to increase Other Income by disallowing this loss, realized by Plaintiff and reported on Plaintiff's partnership information return for 2001 in the amount of $13,890,954.

   b.  Penalty Under Section 6662.

   1.  The allegations set forth in paragraph 18.a., *supra*, are incorporated by reference in this paragraph 18.b.1.

   2.  The adjustment to Other Income determined by the FPAA is erroneous.

   3.  In the alternative, any such increase to Other Income was not attributable to a substantial understatement of income tax, a gross valuation misstatement, or negligence or disregard of rules or regulations.

   4.  In the alternative, Epsolon (and its partners) had substantial authority for the tax treatment reflected on their income tax returns for 2001.

   5.  In the alternative, Epsolon (and its partners) had a reasonable basis for believing that the tax treatment reflected on their income tax returns for 2001 was more likely than not the proper treatment.

6.  Accordingly, the Commissioner erroneously determined a section 6662 penalty for 2001.

WHEREFORE, Plaintiff, Epsolon, prays that this Court determine that the FPAA was not mailed within the period of limitations for assessments under section 6229(a) and is invalid, or in the alternative, that the proposed adjustments in the FPAA are erroneous, and that this Court redetermine the FPAA to remove all adjustments to income, losses, distributions, basis, and penalties and grant such other further relief to Plaintiff as this Court may deem proper

Respectfully submitted,

*[signature]*

A. Duane Webber
Attorney of Record

George M. Clarke III
Of Counsel

Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, DC  20006
(202) 452-7000
(202) 452-7074

Attorneys for Plaintiff,
  Epsolon Limited, by and through
  Sligo (2000) Company, Inc.
  Tax Matters Partner

Dated: September 15, 2005