# EXHIBIT L

FEB-13-2006  14:19

US TAX COURT
FILED
MAR 25 2005

UNITED STATES TAX COURT
MAILROOM #2

UNITED STATES TAX COURT

2005 MAR 25 AM 9: 45

BESICORP GROUP, INC. & SUBSIDIARIES,  )
)
Petitioner,  )
)
v.  )   Docket No.
)            5785-05
COMMISSIONER OF INTERNAL REVENUE,  )
)
Respondent.  )

## PETITION

Besicorp Group, Inc. ("Besicorp") and Subsidiaries (collectively, "Petitioner") hereby petitions for a redetermination of the deficiency in income tax set forth by Respondent in a Notice of Deficiency dated December 30, 2004 and as the basis for his case alleges as follows:

**1. Taxpayer Identification**

Address Used By Court

(a) Besicorp is a New York corporation with its principal office at 950 Third Avenue, New York, NY 10022. Besicorp's Employer Identification Number is ▮▮▮▮. For its tax year ended on March 31, 1999 ("TY 1999"), Besicorp filed a consolidated return with the following subsidiaries:

| Subsidiary Companies | EIN # | Taxable Year |
|---|---|---|
| Beta Beaver Falls Inc. | 14-1▮ | 04/01/1998-03/31/1999 |
| Beta Carthage Inc. | 14-1▮ | 04/01/1998-03/31/1999 |
| Beta C & S Limited | 14-1▮ | 04/01/1998-03/31/1999 |
| Beta N Limited | 22-3▮ | 04/01/1998-03/31/1999 |
| Beta Natural Dam Inc. | 14-1▮ | 04/01/1998-03/31/1999 |
| Beta Nova Inc. | 14-1▮ | 04/01/1998-03/31/1999 |
| Beta South Glens Falls Inc. | 14-1▮ | 04/01/1998-03/31/1999 |
| Beta Syracuse Inc. | 14-1▮ | 04/01/1998-03/31/1999 |
| Reina Distributing Inc. | 14-1▮ | 04/01/1998-03/22/1999 |
| Bio-Energy Systems, Inc. | 14-▮ | 04/01/1998-03/22/1999 |

SERVED Mar 28 2005

Klamath v. US, 5:04-cv-278-TJW:
US Motion to Reconsider Order Denying Stay- Exhibit K

| Entity | | Period |
|---|---|---|
| Bio-Energy Services Corp. | 14-1█ | 04/01/1998-03/22/1999 |
| Beta Allegany Inc. | 14-1█ | 04/01/1998-03/22/1999 |
| Beta Hydroponics Allegany Inc. | 14-1█ | 04/01/1998-03/22/1999 |
| Bio Thermal Unlimited Inc. | 14-1█ | 04/01/1998-09/30/1998 |
| Bio-Hydroponics Inc. | 14-1█ | 04/01/1998-03/22/1999 |
| Besicorp International Power Corp. | 14-1█ | 04/01/1998-03/22/1999 |
| Beta International Power Corp. | 14-1█ | 04/01/1998-03/22/1999 |
| Beta Mexico Inc. | 14-1█ | 04/01/1998-03/22/1999 |
| Beta Worldwide Power Inc. | 14-1█ | 04/01/1998-03/22/1999 |
| Beta Brasil Inc. | 16-1█ | 04/01/1998-03/22/1999 |
| Beta BGE Inc. | 16-1█ | 04/01/1998-03/22/1999 |
| Sunwize Technologies Inc. | 16-1█ | 04/01/1998-03/22/1999 |
| Besicorp Ltd. | 14-█ | 11/20/1998-03/22/1999 |
| Besicorp Services Inc. | 14-█ | 12/29/1998-03/22/1999 |
| Beta Partnerships Inc. | 14-█ | 12/29/1998-03/22/1999 |
| Besicorp Development Inc. | 14-█ | 12/29/1998-03/22/1999 |

(b) Petitioner's federal income tax return for TY 1999 was filed with the office of Internal Revenue Service at Holtsville, New York. Petitioner kept its books and filed its federal income tax return using the accrual method of accounting and with the March 31 year as its reporting period.

2. *Notice of Deficiency*

The Notice of Deficiency was mailed to Petitioner on December 30, 2004 and was issued on behalf of the Commissioner by Leo V. Alvarado, Technical Services Territory Manager, Sacramento, California. A copy of the Notice of Deficiency with accompanying statements and schedules is attached hereto as Exhibit A.

3. *Tax Deficiency in Dispute*

The income tax deficiency and penalty determined by the Commissioner for the tax year ended March 31, 1999 and the amounts in dispute are as follows:

|                          | Determined by Commissioner | Amount in Dispute |
|--------------------------|----------------------------|-------------------|
| Amount of Tax            | $49,505,050                | $49,012,862       |
| Section 6662(b) Penalty  | $113,467                   | $113,467          |
| Section 6662(h) Penalty  | $19,575,086                | $19,575,086       |

All "section" references herein are to the Internal Revenue Code of 1986, as amended (the "Code") and any applicable Treasury Regulations thereunder in effect during the tax years in question.

**4. Assignments of Error**

The determination of tax set forth in the Notice of Deficiency are based upon the following errors:

(a) <u>The Asserted Adjustment of $139,774,367 to Petitioner's Capital Gain Net Income Is Erroneous</u>

The Commissioner erred in increasing Petitioner's capital gain net income by $139,774,367. Specifically:

(i)  The Commissioner erred in determining that BGI Associates, a New York general partnership ("the Partnership") was "purported" as opposed to actual, and that it was a sham, lacked economic substance, or had a principal purpose to reduce its partners' federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Code. The Commissioner further erred in determining that the Partnership is disregarded and that its transactions are treated as engaged in, and its assets and income are treated as owned and earned, by its partners.

- 3 -

*Klamath v. US, 5:04-cv-278-TJW:*
*US Motion to Reconsider Order Denying Stay- Exhibit K*

(ii) The Commissioner erred in determining that the foreign currency digital options (the "Options") contributed to, assigned to or assumed by the Partnership were never contributed, assigned or assumed.

(iii) The Commissioner erred in determining that the Partnership's partners are "purported" as opposed to actual, or that they should be treated as not partners in the Partnership.

(iv) The Commissioner erred in determining that contributions to the Partnership will be adjusted to reflect clearly the income of the Partnership or its partners.

(v) The Commissioner erred in determining that the Options assigned to or assumed by the Partnership are liabilities within the meaning of section 752, the assumption of which by the Partnership is treated as a distribution of money to its partners and a reduction in the partners' outside basis in the Partnership. Furthermore, the Commissioner erred in determining that there would be a reduction of outside basis in the amount of $140 million, "respectively." Alternatively, the Commissioner erred in determining that the amount of the liability at the time of its assignment or assumption was other than zero.

(vi) The Commissioner erred in determining that Petitioner did not enter into the Options with a profit motive and furthermore that Petitioner's profit motive is relevant to whether Petitioner's capital gain net income should be increased.

(vii) The Commissioner erred in determining that if the Options are treated as having been contributed to the Partnership, the amounts treated as contributed and therefore Petitioner's outside basis in the Partnership should be reduced by the proceeds received from sales of options to Lehman Brothers Commercial Corporation ("Lehman"). Furthermore, the Commissioner erred in determining that there would be a reduction of outside basis in the amount of $140 million, "respectively."

- 4 -

(viii) The Commissioner erred in determining that there was a "fee" paid to Lehman that was included in Petitioner's outside basis in the Partnership, and, alternatively, that any amount paid to Lehman is not so includible and not deductible under any provision of the Code.

(ix) The Commissioner erred in determining that the increase of Petitioner's capital gain net income in the amount of $139,774,367 results in an increase of $142,5496,966 to its taxable income.

(b) <u>The Adjustment Relating to Payments and Reimbursements Is Unjustified</u>

The Commissioner erred in disallowing a deduction of $262,382 on the grounds that certain payments for and reimbursements of fines and expenses are not ordinary and necessary business expenses.

(c) <u>The 20% Penalties Imposed Under Sections 6662(b)(1) and (2) Are Unjustified</u>

The Commissioner erred in imposing a negligence or substantial understatement penalty on tax attributable to:

(i) Petitioner's share of interest income and other income from partnerships in which it was a partner;

(ii) The increase in taxable income resulting from the Commissioner's disallowance of deductions for payments of and reimbursements for fines and expenses; and

(iii) The increase in taxable income resulting from the Commissioner's disallowance of the deduction for stock option compensation.

- 5 -

Klamath v. US, 5:04-cv-278-TJW;
US Motion to Reconsider Order Denying Stay- Exhibit K

    (d) <u>The 40% Penalty Imposed Under Section 6662(h) Is Unjustified</u>

(i) As a result of the Commissioner's erroneous adjustment to Petitioner's capital gain net income, the Commissioner erroneously assessed an accuracy related penalty under section 6662(h) in the amount of $ 19,575,085.

(ii) The Commissioner further erred in determining that Petitioner is liable for any additions to tax under section 6662(h) even if the adjustment to Petitioner's capital gain net income is correct.

## 5. *Supporting Facts*

The Petitioner relies on the following facts as the basis of its case:

    (a) <u>Adjustment to Petitioner's Capital Gain Net Income</u>

(i) The Partnership was an actual partnership; it was not a sham because it actually engaged in the transactions ascribed to it; it did not lack economic substance because its partners had a subjective intent and objective ability to make a before-tax profit; and its principal purpose was not to reduce its partners' federal income tax liability in a manner that is inconsistent with the intent of subchapter K of the Code.

(ii) The Options were in fact contributed to, assigned to or assumed by the Partnership pursuant to written agreements that provided for relief of the assignor's obligations and were consented to by the counterparty.

(iii) The Partnership's partners were actual partners because under the Partnership Agreement, profit and loss were shared in proportion to the members' capital accounts, and on resignation, a member was entitled to receive the amount of his capital account, which, in accordance with Article VII of the Operating Agreement, was equal to his proportionate share of the fair market value of the Partnership's assets.

(iv) The results of the challenged transaction correctly reflect the income of the Partnership and its partners.

(v) The ultimate amount of the undertaking under the Options assigned to or assumed by the Partnership and whether any amount would ever be paid were unknown at the time of assignment or assumption, and those Options were "out of the money" at such time. Furthermore, $140 million does not represent the amount of any undertaking in the arrangements at issue in this case.

(vi) Petitioner entered into the Options and contributed them to the Partnership with a subjective intent and objective ability to profit therefrom.

(vii) The terms of each Long and Short Option were set out in separate confirmations and each Long Option and Short Option could be transferred or assigned independently of the other provided Lehman's credit requirements were met. Furthermore, $140 million does not represent the amount of any undertaking in the arrangements at issue in this case.

(viii) Lehman received a bid-ask spread, which is a cost of Petitioner's entering into the Options.

(ix) An increase of $139,774,367 in Petitioner's capital gain net income does not and cannot result in an increase of $142,546,966 in Petitioner's taxable income.

(b) **Payments and Reimbursements**

Besicorp reimbursed its president for fines arising out his participation in a political campaign and paid legal expenses relating to his contest of governmental actions relating to such participation. These amounts were paid by Besicorp in the ordinary course of its business and were "ordinary" and "necessary".

-7-

### (c) The 20% Penalties

(i) Petitioner's error in failing to report its share of interest income and other income from partnerships in which it was a partner was due to an honest, good-faith mistake of fact.

(ii) The taxpayer's position regarding payments of and reimbursements for fines and expenses is correct and there is therefore no underpayment attributable to these items. Alternatively, the resulting underpayment was due to an honest and reasonable position taken by Petitioner in good faith.

(iii) Petitioner's error in failing to report correctly the stock option compensation was due to an honest, good-faith mistake of fact.

### (d) The 40% Penalty

(i) There was no gross valuation misstatement because the position taken by Petitioner was correct.

(ii) Even if it was not correct, there was no misstatement of value because the Commissioner has never claimed that the value of the Options is other than as stated by Petitioner, and furthermore Petitioner acted with reasonable cause and in good faith

### 6. Prayer for Relief

WHEREFORE, Petitioner prays that this Court will hear this case and determine that:

(1) The Commissioner erred as alleged in each assignment of error set forth in paragraph 4;

(2) The deficiency in income taxes due from Petitioner is as modified as set forth herein;

(3) Petitioner is entitled to all deductions, losses, credits, carrybacks, carryovers, and setoffs allowed by operation of law;

(4) Petitioner and any related parties are entitled to all correlative adjustments allowed by operation of law;

(5) Even if any portion of any adjustment is sustained, Petitioner is not subject to any accuracy-related penalties under Section 6662;

(6) Petitioner is entitled to the correction of any mathematical, mechanical, computational, and typographical errors in the Notice of Deficiency; and

(7) Petitioner shall be granted such other and further relief as the Court deems appropriate.

ADMITTED >

Elliot Silverman
McDermott Will & Emery LLP
Attorney for Petitioner
18191 Von Karman Avenue, Suite 400
Irvine, California 92612-7107
Telephone: (949) 757-7105
Tax Court Bar No. SE 0486
Date of Signature: March 24, 2005

ORC 160065-1.065481 0011



- 9 -

*Klamath v. US, 5:04-cv-278-TJW:*
*US Motion to Reconsider Order Denying Stay- Exhibit K*