IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CARLOS E. SALA and<br>TINA ZANOLINI SALA,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | 05-cv-00636-LTB-PAC |

---

### UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE
---

Defendant, the United States of America ("United States") hereby responds to Plaintiffs' Motion to Strike Defendant's First Affirmative Defense.[1]

## INTRODUCTION

Plaintiffs filed their civil complaint on April 5, 2005. On July 27, 2005 the Government answered. A Rule 26(f) meeting was conducted on September 19, 2005, and the parties' initial Rule 26 disclosures were provided on October 11, 2005. A Scheduling Order was entered on October 24, 2005 and established the following relevant deadlines:

    Amendment of Pleadings:    December 12, 2005

    Completion of Discovery:    October 27, 2006

    Dispositive Motions:    November 28, 2006

---

[1] Plaintiffs actually argue in opposition to the United States' second affirmative defense. The first affirmative defense was a right of setoff. The second affirmative defense was that this is a case involving fraud. The United States' response proceeds upon that basis.

1

On June 30, 2005, several months before the commencement of discovery, and before the United States even answered the complaint, Plaintiffs filed a Motion for Partial Summary Judgment, demanding that the Court order the IRS to abate (refund) certain interest payments.  In an intervening pleading, the United States asserted the 26 U.S.C. § 6404(g) statutory defense that no return of interest was owed because this was a case involving fraud, and filed a Rule 56(f) request to conduct discovery on that issue.[2]  On December 12, 2005, the United States also filed a motion to amend its answer to plead the Section 6404(g) defense.

On January 17, 2006, plaintiffs responded to that motion to amend, asserting that the Amended Answer fails to make any specific allegations of fraud, and expressing plaintiffs continuing misunderstanding of the difference in pleading requirements when stating an affirmative defense under Rule 8 versus offering evidence of material fact in opposition to a Rule 56(e) motion for summary judgment.  On February 8, 2006, the United States replied.  On February 15, 2006, the Court entered its Order permitting the United States to Amend its Answer to assert the fraud defense.  Now, plaintiffs seek to strike the filed Amended Answer under Rule 12(f), setting forth the same objections they raised in their opposition to the United States' motion to amend.[3]

---

[2]   That request was granted by the Court on March 13, 2006.

[3]   The United States notes that plaintiffs' March 8, 2006 motion to strike was filed while the docket reflected entry of the wrong Amended Answer.  On March 9, 2006, the docket entry was amended to include the correct Amended Answer.

## ARGUMENT

### I. THE COURT HAS ALREADY REVIEWED THIS MATTER AND HAS ENTERED A DECISION ON THE MERITS.

Plaintiffs are merely rehashing the same arguments they made two months ago to this very Court. The United States filed its motion to amend on December 12, 2005. Plaintiffs responded on January 17, 2006, and the United States replied on February 8, 2006. On February 15, 2006, this Court, having fully and fairly decided the matter, ruled on the merits and ordered that the United States' lodged Amended Answer be filed.

In plaintiffs' newly-filed motion to "strike," which is actually either a disguised sur-reply or a motion for relief from Order, they have presented no new evidence, information, law, or made any argument that the Court committed an error in judgment. They merely restate what they unsuccessfully argued before.

This matter has already been fully briefed to the court, and an order entered on the merits. Plaintiffs have provided no basis for overturning this Court's sound decision. Accordingly, plaintiffs' motion should be denied with prejudice.

### II. THE AMENDED ANSWER AS FILED APPROPRIATELY MEETS THE REQUIREMENTS SET FORTH IN THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff argues that the Tenth Circuit requires that with respect to tax refund suits, allegations of fraud must set forth the "time, place, and contents of the false representation, the identity of the party making the false statement, and the consequences thereof," as well as the "'who, what, when, where, and how' of the allegedly fraudulent conduct." Motion to Strike at 5. However, this is not the state of the law in the Tenth Circuit, such a requirement is not imposed

3

by the Federal Rules of Civil Procedure, and moreover, the cases plaintiffs cite do not stand for this proposition.

Plaintiffs cite to *Seattle First National Bank*, a securities fraud case, for the proposition that the Tenth Circuit requires that the "party pleading fraud act like a journalist and set out the 'who, what, when, where, and how' of the allegedly fraudulent conduct." Motion to Strike at 5. The quoted language cannot be found in this Tenth Circuit case.[4]  Indeed, *Seattle First National Bank* instead offers the maxim that, "Rule 9(b) does not … require the pleading of detailed evidentiary matter, nor does it require any particularity in connection with an averment of intent, knowledge, or condition of mind.  It only requires *identification of the circumstances* constituting fraud or mistake." *Seattle-First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986) (emphasis added).[5]  Importantly, as noted in the United States' reply to the opposition to the motion to amend, the Tenth Circuit took particular care to note the necessity of reading the pleading requirements of Rule 9(b) in conjunction with Rule 8(e), which requires that any

---

[4] Nor does this quote appear in the Ninth Circuit case plaintiffs cite to.  Interestingly, the Ninth Circuit case that plaintiff did cite to holds that fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud, even if the word "fraud" is not used. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105  (9th Cir. 2003).  Even were the Ninth Circuit's standard to be applied, the United States' Amended Answer properly pleads fraud.

[5] And for purposes of securities fraud cases, that means only that "individual plaintiffs should identify particular defendants with whom they dealt directly, and from whom they purchased stock; that individual plaintiffs should designate the occasions on which affirmative statements were allegedly made to them -- and by whom; and that individual plaintiffs should designate what affirmative misstatements or half-truths were directed to them -- and how." *Id*. Again, as detailed below, even were this heightened standard applied, the United States' Amended Answer provides this level of explicit detail.

averment of a pleading be simple, concise, and direct, and that a court construe all pleadings as to do substantial justice. Motion to Strike at 5; *see also* FED. R. CIV. P. 8(e).[6]

Plaintiffs also cite to *In re Edmonds*, which held that for the purpose of cases brought pursuant to Bankruptcy Code Section 727, that is, Chapter 7 discharge cases, and where false statements were alleged as a defense to discharge, the Section 727 complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false representation, the identity of the party making the false statement, and the consequences thereof." *In re Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991). However, this is not a bankruptcy case alleging false statements. Nor is this a case subject to Section 727(d) of the Federal Rules of Bankruptcy Procedure. Rather, this is a tax refund suit proceeding under Section 7422 of the Internal Revenue Code alleging that the Section 6404(g) "case involving fraud" exception applies, and furthermore, this case is governed by the Federal Rules of Civil Procedure. To the extent that false statements are at issue here, they have been specifically identified. Amended Answer at ¶ J. Further, as discussed below, the United States' fraud averment more than meets the *Edmonds* requirements, as well as those imposed under the Federal Rules of Civil Procedure and the applicable Tenth Circuit case law.[7]

The Federal Rules of Civil Procedure provide that fraud is properly pled as a defense, where it is stated "with particularity." FED. R. CIV. P. 9(b). The Federal Rules provide specific

---

[6] Plaintiffs also seek to use various Ninth Circuit "fraudulent statement" cases, for the same or similar propositions. Motion to Strike at 5,6. These cases therefore do not lend any further support for the plaintiffs' position.

[7] Plaintiffs have also alleged that the United States never explicitly stated that this is a case involving fraud. Motion to Strike at 3. However, the Amended Answer starts by explicitly stating that this is a "case involving fraud," then proceeds to state, in ten paragraphs, the circumstances surrounding that fraud. Amended Answer at 2,3.

examples of a "particularly" pled allegation of fraud. Rule 84 provides that the Federal Rules' Appendix of Forms, "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." Those Forms provide, for example, that fraudulent conveyance is pled by simply alleging that the property was conveyed "for the purpose of defrauding plaintiff and hindering and delaying the collection of the indebtedness" owed. Appendix of Forms at Form 13. Inapposite to plaintiffs' argument, neither the Tenth Circuit nor the Federal Rules of Civil Procedure require that the "who, what, when, where, and how" be stated.

Regardless, the United States pleading is quite detailed in its allegation that this is a case involving fraud, and while unnecessary, does go so far as to state the "who, what, when, where, and how." In its Amended Answer, the United States pled that:

(A) Over the course of one year or more, and with the assistance of KPMG and others, Plaintiff Carlos Sala ("Sala") actively searched for a scheme to evade the payment of taxes he anticipated he would owe in 2000. The scheme he chose, an SOS shelter transaction, was without any reasonable expectation of profits;

(B) In 2000, Sala claimed a substantial tax shelter loss on his joint federal income tax return which loss purported to offset virtually all of his reported income ($60,449,984). Sala knew, should have known, or acted in reckless disregard to the fact that the claimed loss was illegal;

(C) Sala elected to participate in the SOS shelter transaction after learning that the IRS had published a notice declaring it invalid;

(D) The individuals and entities who assisted in promoting, marketing and implementing the SOS shelter knew, should have known, or acted in reckless disregard of the fact that the shelter was an illegal scheme to evade the payment of taxes lawfully due;

(E) Sala expressed concern to his accountants about taking action that might alert the IRS to the fact of the tax shelter loss;

  (F)  In connection with an earlier aborted shelter transaction, Sala asked KPMG to revise a standard engagement letter to delete a reference to the possibility that the IRS might challenge the shelter transaction;

  (G)  KPMG concedes that the SOS tax shelters generated "bogus" losses;

  (H)  Sala attempted to hide the role KPMG played in his SOS transaction by mis-classifying the nature of the fees paid to KPMG;

  (I)  Sala paid $75,000 for a tax opinion letter issued by R.J. Ruble purporting to support Sala's claimed tax shelter loss.  Ruble worked with KPMG in connection with various tax shelter related transactions including Sala's SOS shelter.  Ruble and others who worked with Sala and his accountants have been indicted for their roles in conspiring to defraud the IRS, including in connection with SOS shelter transactions; and

  (J)  The Ruble opinion letter contains representations purportedly made by Sala, which Sala knew at the time were not accurate, including that Sala entered into the shelter transaction for substantial non-tax business reasons, that the use of a sub-chapter S corporation by Sala was for a substantial non-tax business reason, and that the shelter transaction was entered for the purpose of diversifying Sala's portfolio.

These explicit allegations of fraud go much farther than the bare minimum allegations necessary to allege fraud under Rule 9(b).  They identify the circumstances, events, documents, positions, and representations underlying the United States' fraud allegation, and as such, are more than sufficient to state a proper fraud defense under the Federal Rules and controlling Tenth Circuit law.[8]  As the Court has already had the benefit of a full round of briefing on this issue, and has already "[u]pon Defendant's Motion, … Plaintiffs' response, and Defendant's reply" entered its Order granting amendment, this Court made this exact determination of sufficiency when it ordered the Clerk to file the lodged Amended Answer.  That determination is solidly grounded in law, and should stand.

---

[8]  Regardless, even if there was no such specificity, plaintiffs concede that fraudulent intent may be alleged generally, without specifics as to "who, what, where, when, and how."  Motion to Strike at 8.

7

### III. PLAINTIFFS REMAIN CONFUSED OVER THE DIFFERENCE BETWEEN PLEADING FRAUD AS AN AFFIRMATIVE DEFENSE UNDER RULE 8, AND ARGUING FRAUD UNDER RULE 56(e) IN SUPPORT OF SUMMARY JUDGMENT.

It is mystifying why the parties are still arguing about whether the United States is required to *prove* fraud in its Answer, *a la* Rule 56(e) which requires proof "by affidavits … or otherwise," or whether the United States need merely allege fraud as required by Rule 9(b) of the Federal Rules of Civil Procedure. The direct answer is that an Answer is not a Motion for Summary Judgment or response thereto, and accordingly is not governed by Rule 56's burden of proof. Rather, an Answer is a notice pleading, which requires *only* that it put the opposing party on notice of the United States' claims and defenses. *See, e.g., Farlow v. Peat, Marwick, Mitchell & Co.,* 956 F.2d 982, 987 (10th Cir. 1992) (stating the prevailing purpose of the specificity requirement in Rule 9(b) is to afford the defendant fair notice of plaintiff's claims and the factual background upon which it is based).

Under the Federal Rules, the notice required is a bare allegation that the fraud occurred, and under Tenth Circuit precedent, at least as far as securities law is concerned, that notice need only state that facts and circumstances thereto. Furthermore, as the Tenth Circuit noted above, the statement of factual background must be construed in light of Rule 8, which requires that the statement be simple, concise, and direct, with no technical form of pleading required. The United States' Amended Answer clearly goes beyond that simple and brief pleading requirement, and states a proper defense that this is a case involving fraud.

## CONCLUSION

Plaintiffs have presented nothing more than a disguised sur-reply to the United States' motion to amend. As such, this sur-reply offers nothing new, and merely re-hashes old arguments already denied on their merits. The Amended Answer properly sets forth, under the requirements of the Federal Rules of Civil Procedure and governing Tenth Circuit case law, a defense to the return of interest upon the grounds that this is a case involving fraud. Nothing plaintiffs have presented should cause this Court to hold otherwise.

Dated this 28th day of March, 2006.    WILLIAM J. LEONE
                                       Acting United State Attorney
                                       MARK S. PESTAL
                                       Asst. U.S. Attorney

                                       s/ ANTON L. JANIK, JR.
                                       DAVID N. GEIER
                                       ANTON L. JANIK, JR. CO #35164
                                       PHILIP E. BLONDIN
                                       Trial Attorneys, Tax Division
                                       U.S. Department of Justice
                                       P.O. Box 683
                                       Ben Franklin Station
                                       Washington, D.C. 20044-0683
                                       Telephone: (202) 616-3448
                                       Facsimile:   (202) 307-0054
                                       Email: Anton.L.Janik@usdoj.gov

      Street Address:                  Judiciary Center Building
                                       555 Fourth Street, N.W.
                                       Washington, D.C. 20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on March 28, 2006, I electronically filed the foregoing United States' Response to Plaintiffs' Motion to Strike with the Clerk of Court using the EFC system which will send notification of such filing to the following e-mail addresses:

dhallett@chicoine-hallett.com
jcolvin@chicoine-hallett.com
david.n.geier@usdoj.gov
anton.l.janik@usdoj.gov
philip.blondin@usdoj.gov

                                              /s/ Anton L. Janik, Jr.
                                              ANTON L. JANIK, JR.
                                              U.S. Department of Justice
                                              Tax Division