IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00636-LTB-PAC

CARLOS E. SALA and
TINA ZANOLINI SALA,

       Plaintiffs,

  v.

UNITED STATES OF AMERICA,

       Defendant.

_____

UNITED STATES' MOTION TO RECONSIDER
ORDER DENYING STAY AND ENTERING A PROTECTIVE ORDER
_____

       The United States of America, by its undersigned counsel, respectfully moves this Court for reconsideration of an Order (Docket No. 82) entered March 23, 2006 (hereinafter "Order"). The Court denied the Government's Motion for Stay Pending Related Criminal Trial ("Motion") (Docket No. 46) and instead granted a protective order prohibiting the parties from disclosing any deposition testimony taken in this case to the criminal defendants and prosecutors in *United States v. Stein*. Reconsideration is appropriate because the Order does not serve the purpose for which it was intended and unnecessarily and improperly impedes the Government's access to information.

       The undersigned certifies that pursuant to D.C.COLO.LCivR7.1(a), counsel for the United States attempted in good faith to reach an agreement with Plaintiffs as to the matters raised in this motion, but was unable to do so.

## INTRODUCTION

The Government requested a stay of pretrial discovery pending the *Stein* trial. By doing so, it hoped to avoid providing a preview of its criminal case given the overlap of facts and witnesses and also to protect its interest in this civil case because several important witnesses have either refused to testify or are likely to refuse.  Although the Court concluded that the criminal and civil cases overlap and that the criminal prosecution is in furtherance of a substantial public interest, it nevertheless denied the Motion.

Instead, as alternative relief, the Court entered a civil protective order.  The Order permits depositions to proceed but prohibits the parties, but not witnesses, from sharing the testimony with either the *Stein* defendants or prosecutors. Therefore, under the terms of the Order, no one is prevented from sharing information with third parties or witnesses, and the third parties or witnesses are not prevented from sharing any discovery with the criminal defendants or others aligned with the criminal defendants.[1]

The United States files this motion seeking reconsideration of the Order because: (1) the Order does not accomplish its intended purpose, (2) the Order unfairly restricts the

---

[1] While other courts have entered protective orders in civil cases involving parallel criminal proceedings, the United States knows of no case where a court has done so under the facts now before this Court.  While typically, courts have entered protective orders to allow individuals under criminal investigation to give testimony in a civil case without fear that their testimony might be used in a criminal prosecution, the Order entered in this case is not such an order.  *See Mid-America's Process Service v. Ellison et al.*, 767 F.2d 684 (10th Cir. 1985) (recognizing trial court's grant of civil protective to permit civil defendants opportunity to testify without fear of incriminating themselves was appropriate); *United States v. Pignatiello*, 628 F.Supp. 68 (D. Col. 1986) (determining that a protective order is an appropriate remedy to address concerns surrounding the potential use of civil discovery in a criminal prosecution). Instead, the Order provides that those individuals likely to refuse to testify fearing criminal prosecution need not be deposed.

Government's access to information when such relief had not been requested by any party or third party, and (3) a stay would protect the important public interest previously recognized by this Court.

## ARGUMENT

### I.      The Order Does Not Accomplish its Intended Purpose

Although not set out in the Order, the Government assumes that the Court intended that by entering the protective order, the Defendants in *Stein* would not gain any tactical advantage by the discovery taken in this case and, that to ensure fairness, the prosecutors would similarly be restrained. The Order does not achieve this goal for at least two reasons.

First, the protective order may not be sufficient to prevent the dissemination of information. The Court has determined that there is overlap between this case and *U.S. v. Stein*. Further, the information generated in discovery is relevant to an ongoing criminal investigation in the Southern District of New York. The discovery in this case may therefore be requested by others. However, a protective order, according to several federal circuit courts, may not be the final word on the release of information as it is subject to challenge. *In re Grand Jury Subpoena (Roach)*, 138 F.3d 442, 445 (1st Cir. 1998), *cert. denied* 524 U.S. 939 (1998) (adopting a rebuttable presumption strongly in favor of enforcing grand jury subpoenas); *In re Grand Jury Subpoena Served on Meserve, Mumper & Hughes*, 62 F.3d 1222, 1226-27 (9th Cir. 1995) (in a case of first impression, the court held that a grand jury subpoena takes precedence over a validly issued civil protective order); *In re Grand Jury Proceeding (Williams)*, 995 F.2d 1013, 1020 (11th Cir. 1993) (civil protective order did not shield information from a grand jury subpoena).

Because the individuals to be deposed are not expected to give testimony in reliance upon a protective order which they have not even requested there may not be a sufficiently compelling reason to continue to protect the testimony from disclosure in the face of *bona fide* requests made by others.

Second, the Court's intended goal, is difficult, if not impossible, to achieve through a protective order. The Order contains no restriction upon any witnesses/deponents, or their counsel, from releasing the information to either side in *Stein*. It also does not prevent the release of information by any parties, witnesses or others (or their counsel) to others who may in turn give the information to the criminal defendants. The protective order's restrictions are somewhat illusory in that the information subject to the Court's Order can, without violating the terms of the Order, be made available to the *Stein* defendants. Thus, the Order does not appear to achieve its goal of preventing this civil case from intruding on the criminal case.

The Government had hoped to obviate the need to confront these issues by precluding the generation of the testimony. A stay would accomplish this. Simply waiting until depositions are taken and the transcripts are requested by the *Stein* defendants is not a viable option. If another court requires the Government to produce the transcripts, the protective order will have served no purpose and it will place the Government in the untenable position of necessarily having to comply with conflicting orders. At that point it will be too late to enter a stay as the depositions will have already been taken. Once the depositions have commenced, and several have already been noticed by the Government, the bell cannot be un-rung. The testimony will exist and the rights and obligations of the Government and the criminal defendants will already be *choate*.

## II. The Government Should be Allowed to Share Information

There are two significant reasons to dissolve the protective order and allow the Government to share information with its branches and divisions. First, the sharing of information promotes a significant interest in protecting the public's interest; such protections should not be impaired without cause.[2] A court should limit access to such information only in rare circumstances where it finds that constitutional rights are imperiled or the government is acting with an improper purpose. *See United States v. Unruh, 855 F.2d 1363* (9th Cir. 1988) ("The prosecution may use evidence obtained in a civil proceeding in a subsequent criminal action unless the [criminal] defendant shows that to do so would violate his constitutional rights or depart from the proper administration of criminal justice.") In this case no party or third party has alleged that the Government's actions have either departed from the proper administration of criminal justice or violated anyone's constitutional rights, justifying the restrictions imposed.

Second, while courts have placed restrictions on the Government's use of information in cases where cause has been shown, no such finding has been made here. *See In re Grand Jury Subpoena*, 920 F. 2d 235 (4th Cir. 1990) (". . .it is generally accepted that related IRS criminal and civil proceedings [to obtain information] may be pursued simultaneously and that information maybe shared between the divisions, absent a showing of bad faith . . ."); *Harris v. Amoco Production Co.*, 768 F.2d 669 (5th Cir. 1985) (finding good cause existed to honor a party's

---

[2]The sharing of information between the civil and criminal enforcement sections within the Government can only further the pursuit of justice in the criminal trial. It assures that the prosecutors have available all information which may bear on their case.

request to restrict the government's use of internal documents obtained during discovery.)

In this instance, the Government is a defendant to a civil suit. The Government has not sought discovery to obtain tactical advantage in another case nor has there been any allegation made that this will happen or is likely to happen - indeed, the Government has sought a stay of discovery in this case. Although the protective order imposes significant restrictions on the Government's sharing of testimony gathered in support of its defense, such an order has not been requested by any party or third party.

### III.     Reconsideration of the Stay

This Court has recognized the important public interest served by the criminal prosecution and the overlap between the civil and criminal cases. The stay was denied, at least in significant part, out of concern that the relief requested by the Government was over-broad and that a more narrowly tailored protective order was appropriate under the circumstances.[3] However, the protective order does not provide the intended relief and impedes the Government's access to information to which it is entitled without any showing by a party or third party of cause.

On the other hand, a stay of all depositions in this case while still allowing for document discovery will prevent the *Stein* prosecution from becoming a tactical weapon. The Government should not be penalized because the Plaintiffs do not want the Court to hear from Plaintiffs'

---

[3]After the entry of the Order in this case, a *second* legal counsel retained by Carlos Sala, Bruce Lemmons, Esq., refused to testify, albeit in another civil case, *Klamath Strategic Investment Fund v. United States* (Civil No. 5:04-278-TJW, E.D. Texas), in which he, like here, provided a legal opinion regarding a tax shelter. Mr. Lemmons relied upon his Fifth Amendment right to refuse to testify. Lemmons, like Raymond Ruble, Esq., was identified by Mr. Sala at the beginning of this case as someone with knowledge about Mr. Sala's shelter transaction, and who reviewed and analyzed the transaction for Mr. Sala. The refusal of Mr. Sala's representatives, including his lawyers and accountant, to testify about the these tax shelter transactions greatly impairs the United States' defense of this case, and provides further support for the relatedness of this case and *United States v. Stein* and provides further justification for the entry of a stay.

accountants and lawyer, who each have refused to testify in light of the criminal investigation. The United States respectfully requests that the Court reconsider its Order denying a stay for the reasons expressed herein.

## CONCLUSION

Because the protective order improperly grants relief no one has requested and because the Order does not provide the full relief intended, the Court should reconsider its Order. The United States requests that the protective order be lifted and a stay entered in its place. A stay will protect

the intertwined interests of the public and the United States. Should the Court continue to deem it appropriate to continue to deny a stay, the United States respectfully requests that the restrictions imposed on its use of pretrial discovery be lifted.[4]

                                            WILLIAM J. LEONE
                                            Acting United States Attorney

                                            MARK S. PESTAL
                                            Assistant United States Attorney


                                            <u>s/ DAVID N. GEIER</u>
                                            DAVID N. GEIER
                                            ANTON L. JANIK, JR. CO#35164
                                            PHILIP E. BLONDIN
                                            Trial Attorneys, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 683
                                            Washington, D.C. 20044-0683
                                            Telephone: (202) 616-3448
                                            Facsimile:   (202) 307-0054
                                            Email:david.n.geier@usdoj.gov

Street Address:            Judiciary Center Building
                                            555 Fourth Street, N.W.
                                            Washington, D.C. 20001

---

[4] If the Court is not inclined to reconsider the entry of stay or the lift the restrictions imposed on the use of pretrial discovery, then the United States requests that the protective order be modified to prevent the parties, witnesses, and their respective counsel from disseminating this information to anyone, except as it is necessary for the prosecution and defense of this case.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on May 11th, 2006, I electronically filed the foregoing Motion to Reconsider with the Clerk of Court using the EFC system which will send notification of such filing to the following e-mail addresses:

dhallett@chicoine-hallett.com

jcolvin@chicoine-hallett.com

                                                          s/ DAVID N. GEIER
                                                          DAVID N. GEIER
                                                          Attorney for Defendant
                                                          United States of America
                                                          Trial Attorney, Tax Division
                                                          United States Department of Justice
                                                          Ben Franklin Station
                                                          P.O. Box 683
                                                          Washington, D.C. 20044-0683
                                                          Telephone: (202) 616-3448

Street Address:          Judiciary Center Building
                                        555 Fourth Street, N.W.
                                        Washington, D.C. 20001