# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00636-LTB-PAC

CARLOS E. SALA and
TINA ZANOLINI-SALA,

      Plaintiffs,

  v.

UNITED STATES OF AMERICA,

      Defendant.

_____

### PLAINTIFFS'[1] RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING STAY AND ENTERING PROTECTIVE ORDER

_____

After briefing and extensive oral argument, on March 23, 2006, the Court entered an order declining to enter a stay of discovery in this case pending trial of the federal criminal case against several accountants and attorneys involved in certain tax shelters promoted by KPMG. *United States v. Stein*, S.D.N.Y. No 05-CR-888. The Court order also precluded either party from providing deposition testimony taken in this case to either the prosecution or defense in the *Stein* case.

As an initial matter, we dispute Defendant's certification that counsel for the United States attempted in good faith to reach an agreement regarding the matters raised in the motion pursuant to District of Colorado Local Rule 7.1. David Geier, counsel for

---

[1] Plaintiffs Carlos E. Sala and Tina Zanolini-Sala are husband and wife. Plaintiff wife is a party to this suit solely by reason of having filed a joint federal income tax return. Plaintiff husband will hereinafter be referred to as "Plaintiff".

1

Defendant, contacted Plaintiff's offices on Friday, April 28, 2006, asking to speak to either Darrell Hallett or John Colvin. Mr. Geier indicated that the subject matter of the call was a proposed Motion for Reconsideration. Connie Tang, the administrative assistant in Plaintiff's counsel's offices assigned to the case, informed Mr. Geier that both Darrell Hallett and John Colvin were out of town, but that the call would be returned the following Monday. On Monday, May 1, 2006, John Colvin returned Mr. Geier's April 28, 2006 call, but was told that the matter had been resolved in a prior telephone conversation with Mr. Hallett. In fact, Mr. Geier never spoke to Mr. Hallett regarding the Motion for Reconsideration.

Had Mr. Geier consulted with Plaintiff's counsel, we certainly would not have agreed to the Motion for Reconsideration in its totality. However, we would have been willing to see if some agreement could be reached between the parties as to a modification of the protective order to preclude witnesses from sharing their deposition testimony with parties in *Stein*. That opportunity was not provided because the government did not see fit to discuss its motion with Plaintiff's counsel. The government should be required to abide by the Court's rules.

## **Argument**

In fashioning its order, the court thoroughly considered the positions of both parties, as well as the interests of non-party witnesses. The Court did not find the degree of overlap between the *Stein* case and the instant case significant enough to warrant a stay of discovery in these proceedings.

The court's ruling was issued on March 23, 2006. The government waited until May 11, 2006, or approximately 49 days, to file a Motion for Reconsideration. Since that

2

time, there have not been any developments, either factually or legally, which would justify reconsideration of the court's order. While the government argues in its Motion (pp. 6–7) that Plaintiff is trying to use the Stein prosecution as a "tactical weapon" and preclude the court from hearing the testimony of witnesses in this case, nothing could be further from the truth.

Currently, the depositions and document production of Andrew Krieger of Deerhurst and Michael Schwartz of Multi-National Strategies are set for June, 2006. These are the individuals and firms who structured and managed the Deerhurst investment program that is at issue in this case. Plaintiff's counsel has worked cooperatively with the witnesses, their counsel and government counsel to schedule and accomplish the document production and testimony. The firms and individuals have indicated their willingness to produce documents and testify. Plaintiff's counsel has had further communications with government counsel urging that additional depositions (within the 20 witness per party limit imposed by the agreed scheduling order) and production of documents from individuals not covered by the protective order be scheduled. All of Plaintiff's documents (thousands of pages, including documentation of every investment transaction over a four year period) were produced to the government months ago. Plaintiff also produced copies of Schwartz's documents. Plaintiff has stood ready to testify on deposition at the government's request. The government has responded to Plaintiff's request for production of documents. In short, in so far as a need for a stay is concerned, the situation has not changed since the court issued its order[2].

---

[2] The government states, without any supporting affidavit or declaration, that one potential witness in this case (Bruce Lemons) has indicated (to whom?) that he will assert the Fifth Amendment if deposed in the *Klamath* case. As described in our Response to the Motion to Stay, *Klamath* involves a BLIPS transaction, one of the tax shelter strategies clearly at issue in the *Stein* indictment. The government has not claimed

3

Much discovery can be accomplished before the discovery cut-off date without intruding at all on the *Stein* prosecution and without hampering the government's ability to discover information and obtain testimony in this case.

The government argues that the Protective Order may not accomplish its intended purpose because witnesses' depositions may be subpoenaed by the grand jury. This argument completely overlooks the fact that the *Stein* case has been indicted and is scheduled for trial in September. Thus the grand jury subpoena power has ended.

The government also complains that witnesses who are deposed can disclose their testimony to the defendants or the prosecutors in *Stein*, such that the protective order limitation on disclosure of deposition testimony may be circumvented. This argument is pure speculation. The government points to no witness in this case whose deposition is not precluded by the protective order who could reasonably be expected to share their deposition testimony with the parties in *Stein*. No *Stein* defendant and/or his/her counsel has ever contacted Plaintiff or Plaintiff's counsel seeking to obtain any information about Plaintiff's case. Neither has Plaintiff or his counsel had any contact with any *Stein* defendants or their counsel. In short, the *Stein* defendants have shown no interest in Plaintiff's case and Plaintiff has no interest in the *Stein* case.

As the government asserts in its Motion, the purpose of the Court's protective order was to preclude the *Stein* defendants and the prosecutors from gaining a tactical advantage by using discovery in this case to develop evidence for the criminal case. However, the government now urges that witnesses should not have the right they normally do to share their testimony or information with anyone. Grand jury witnesses

---

that Mr. Lemons has taken the position that he will not testify in the instant case. In any event, Lemons advised Plaintiff on a relatively minor aspect of the business structure pertaining to his investment program.

4

are free to share their testimony with defendants and their counsel.

Nevertheless, should the Court deem it appropriate, Plaintiff has no objection to a modification of the protective order to preclude witnesses from sharing their deposition testimony with parties in *Stein.*

The government's purported fear that *Stein* defendants will gain any tactical advantage from disclosure of questions and answers of deposed witnesses in this case borders on the fanciful.  The government in this case, where it believed its interests were served by doing so, did not hesitate to place in the public record great detail about its theories in this case, what it expects the evidence will show, contents of documents it obtained from KPMG, and much more.[3]  Plaintiff's filed declaration likewise provides much detail concerning his involvement in Deerhurst, and his contacts with KPMG.[4]  The declaration of Michael Schwartz detailed his involvement with Plaintiff and Deerhurst, and lack of involvement with KPMG.[5]

Likewise, the government's argument that discovery in this case will provide the *Stein* defendants a "preview" of the government's case against them is without merit. The government has already provided a comprehensive preview of its case in its court ordered response for a bill of particulars (Exhibit A attached hereto).  That response includes a detailed description of why the KPMG designed and implemented short option strategy was allegedly fraudulent (Exhibit A, pp. 7-8.)

The government also argues that the protective order limitation unjustifiably

---

[3] *See United States Memorandum in Support of Motion to Stay Pending Related Criminal Trial filed on December 15, 2005, pp. 8 – 20;  see also United States' Reply in Support of Motion for Stay Pending Related Criminal Trial and Response to Motion for Leave to File Notice of Recent Court Decisions* filed on February 28, 2006, pp. 6-9.
[4] *See Declaration of Carlos E. Sala regarding Plaintiffs' Opposition to United States' Motion for Stay* filed on February 3, 2006.  (*See* Exhibit B attached hereto)
[5] *See Declaration of Michael N. Schwartz regarding Plaintiffs' Opposition to United States' Motion for Stay* filed on February 3, 2006. (*See* Exhibit C attached hereto).

5

prevents the civil and criminal side of the government from sharing information. This argument is wholly inconsistent with the argument that all proceedings in this case should be stayed. If that were the case, there would be no information developed on the civil side to share with the criminal side. The prosecutors are in no worse position if the government's civil lawyers have depositions they cannot share than if there were no depositions to share. Having lost its attempt to have a stay imposed, the government now simply seeks to obtain a tactical advantage over the *Stein* defendants.

### Conclusion

The government should stop consuming the Plaintiff's and the Court's time and resources by rearguing its stay motion. Plaintiff has no objections to a modification of the protective order to preclude witnesses from sharing their deposition testimony with parties in *Stein*. Since no significant event has occurred showing that further protection is warranted, the government should proceed to make every effort to complete as much discovery as possible prior to the cut-off date. At that time, the parties can evaluate whether depositions of those individuals currently subject to the protective order are necessary. This will best ensure that the presently scheduled trial date, approximately one year from now, can take place.

WHEREFORE, Plaintiffs respectfully request this Court deny Defendant's Motion for Reconsideration.

DATED this 22nd day of May, 2006.

          CHICOINE & HALLETT, P.S.

          s/ John M. Colvin
          Darrell D. Hallett
          John M. Colvin
          Chicoine & Hallett, P.S.
          Attorneys for the Plaintiffs Carlos E. Sala
              and Tina Zanolini-Sala
          1011 Western Ave. Suite 803
          Seattle WA, 98104
          Telephone: (206) 223-0800
          Facsimile: (206) 467-8170
          Email: dhallett@chicoine-hallett.com
                  jcolvin@chicoine-hallett.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2006, I electronically filed PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING STAY AND ENTERING PROTECTIVE ORDER, DECLARATION OF JOHN M. COLVIN, DECLARATION OF DARRELL D. HALLETT AND DECLARATION OF CONNIE J. TANG using the CM/ECF system, which will send notification to the following:

| | |
|---|---|
| David N. Geier | David.N.Geier@usdoj.gov |
| Philip Blondin: | Philip.Blondin@usdoj.gov |
| Anton. L. Janik, Jr.: | Anton.L.Janik@usdoj.gov |

I declare under the penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

DATED this of 22nd day of May, 2006.

CHICOINE & HALLETT, P.S.

s/ John M. Colvin
Darrell D. Hallett
John M. Colvin
Chicoine & Hallett, P.S.
Attorneys for the Plaintiffs Carlos E. Sala
       and Tina Zanolini-Sala
1011 Western Ave. Suite 803
Seattle WA, 98104
Telephone: (206) 223-0800
Facsimile: (206) 467-8170
Email: dhallett@chicoine-hallett.com
           jcolvin@chicoine-hallett.com

8