IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00636-LTB-PAC

CARLOS E. SALA and
TINA ZANOLINI SALA,

        Plaintiffs,

v.

UNITED STATES OF AMERICA,

        Defendant.

---

REPLY IN SUPPORT OF UNITED STATES' MOTION TO RECONSIDER
ORDER DENYING STAY AND ENTERING A PROTECTIVE ORDER

---

The United States of America, by its undersigned counsel, respectfully submits this Reply in further support of its Motion to Reconsider (Docket No. 86).[1]

---

[1] The Plaintiffs spend an inordinate amount of their Opposition and supporting exhibits attacking counsel for not conferring prior to filing the Motion and not addressing the merits of the Motion. The attack, a virtual overkill, is both excessive and unjustified.

       First, Mr. Colvin and Ms. Tang's declarations are irrelevant because Government counsel spoke with Mr. Hallett about the Government's intention to file a Motion to Reconsider. During that telephone call, in which counsel also discussed discovery matters, Mr. Hallett was advised of the Government's intention to file a Motion and did not offer any comment or a response. Mr. Hallett had an identical reaction to the Government initially advising him that it intended to seek a stay. Plaintiffs' papers concede the parties' numerous communications on pretrial matters making the attack that much more troubling.

       Second, Plaintiffs' counsel had no intention of agreeing to the relief requested by the Motion. (Response at 2.)

       Third, while counsel for both sides has sought to cooperate on pretrial matters, Plaintiffs counsel suggests that through Plaintiffs' counsels' efforts, the Government has obtained information from third parties. In fact, the Government has subpoenaed third parties for information and for deposition. That counsel may have chosen to intercede with closely aligned third parties and vet information before the Government received it is not a matter known to

The Government believes, for the reasons expressed in its Motion for a Stay and its Motion to Reconsider, that a stay is appropriate in this case. However, to the extent that the Court is not inclined to revisit this issue, the United States requests that the protective order be lifted. In reply to the Plaintiffs' arguments, the following points are relevant to the Government's position:

First, nowhere in the Plaintiffs' Opposition do they offer an explanation how the Protective Order, which Plaintiffs did not request, is necessary or appropriate in the civil case or how they would be harmed if the order is lifted. Plaintiffs' argument for the protective order appears to advance the interests of those *not before the Court* as the Plaintiffs have not explained how the protective order adversely impacts them. In fact, in opposing the Government's Motion, Plaintiffs appear to have reversed their earlier position that this civil case is unrelated to the criminal trial.

Second, Plaintiffs misstate the reasons why the Protective Order was entered in the first place. Plaintiffs argue that order was necessary to prevent the Government from obtaining a tactical advantage in the criminal case. (Response at 4). Far from seeking a tactical advantage, the Government sought a stay of discovery in this civil case. The logic of the Plaintiffs' argument rests on an implicit assumption that the civil and criminal cases are in fact related, a point that, up until this time, Plaintiffs have vehemently disputed.

Third, Plaintiffs suggest that because an indictment has already been handed down

---

Government counsel. The documents produced in response to the Government's subpoenas to date, were sent directly by a third party to the Government.

Plaintiffs' counsel asked for an accommodation on the dates of the scheduled depositions and Government counsel agreed to reschedule.

against the *Stein* defendants, the criminal investigation has come to an end. (Response at 4.) In fact, the criminal investigation is ongoing. (Ex. 2 (Declaration of Shirah Neiman) to Docket No. 47 at ¶ 10.)

Fourth, Plaintiffs state that they have had no contact with the *Stein* defendants and that it is therefore pure speculation that the criminal defendants will even want to obtain the testimony generated in this case. (Response at 4.) Even if the Court assumes this to be correct, the argument supports lifting the protective order and not enforcing it. Plaintiffs are left arguing in favor of restrictions which they claim serve no purpose. Moreover, Plaintiffs ignore that the criminal investigation is broader than the present defendants in *Stein*.

Fifth, Plaintiffs argue that the Government delayed in seeking a reconsideration of the Court's Order. (Response at 2.) While there is no time limit on filing such motions, Plaintiffs have presented no explanation on how a delay, if any, has negatively impacted them. Moreover, the suggestion that moving to reconsider is merely a waste of time is contrary to the position they advance in their own pending motion to strike the Government's Amended Answer, which Plaintiffs had earlier opposed. (Docket Nos. 54 and 76.)

Sixth, the Plaintiffs allege that by disclosing specific non-confidential, non-grand jury information in support of its motion for a stay, the Government has somehow waived the right to obtain a stay or other relief from the Court. (Response at 5.) Taken at face value, Plaintiffs advance the untenable position that by presenting the facts necessary to establish a stay, the Government has simultaneously waived its right to the relief it seeks.

Similarly, Plaintiffs argue that the Government's compliance with the *Stein* Court's requirement of a bill of particulars, also constitutes a waiver in this civil case. The Government

3

has not revealed witnesses or exhibits pertinent to the criminal case. Instead, the bill of particulars explains the Government's theory of prosecution.[2] It does not, as Plaintiffs incorrectly represent, contain a "comprehensive preview" of the prosecution's case. (Response at 5.) However, in making this argument, Plaintiffs once again ask the Court to assume that the civil and criminal cases are intertwined.

Finally, Plaintiffs have articulated no explanation why both the criminal prosecution and defense should not have access to information which may shed light on the merits of the indictment and which is not otherwise protected. The criminal prosecutors hoped that such testimony would not be generated in the first instance, avoiding the issue now being confronted. However, if the testimony is available, it should be equally available to the prosecution and defense. A civil or criminal trial is a search for justice. It contradicts this purpose to restrict access to relevant evidence unless there is specific legal grounds to do so. Plaintiffs have cited no rule of law in favor of maintaining the protective order. Seeing no stated rationale for Plaintiffs' strenuous opposition, it may very well be that Plaintiffs wish to protect the interests of third parties whom "counsel has worked cooperatively with" in this case.  (Response at 3).

---

[2]Tellingly, the bill of particulars contains information on the SOS shelter transaction at issue in this case.

4

## CONCLUSION

Absent the grant of a stay, and because the protective order grants relief no one has requested and may impair a criminal prosecution and/or defense, the Court should reconsider its Order.

>WILLIAM J. LEONE
>Acting United States Attorney
>
>MARK S. PESTAL
>Assistant United States Attorney
>
>
>s/ DAVID N. GEIER
>DAVID N. GEIER
>ANTON L. JANIK, JR. CO#35164
>PHILIP E. BLONDIN
>Trial Attorneys, Tax Division
>U.S. Department of Justice
>P.O. Box 683
>Washington, D.C. 20044-0683
>Telephone: (202) 616-3448
>Facsimile:   (202) 307-0054
>Email:david.n.geier@usdoj.gov

Street Address:     Judiciary Center Building
>555 Fourth Street, N.W.
>Washington, D.C. 20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on May 31st, 2006, I electronically filed the foregoing Reply in Support of the Government's Motion to Reconsider with the Clerk of Court using the EFC system which will send notification of such filing to the following e-mail addresses:

dhallett@chicoine-hallett.com

jcolvin@chicoine-hallett.com

|  |  |
|---|---|
|  | s/ DAVID N. GEIER |
|  | DAVID N. GEIER |
|  | Attorney for Defendant |
|  | United States of America |
|  | Trial Attorney, Tax Division |
|  | United States Department of Justice |
|  | Ben Franklin Station |
|  | P.O. Box 683 |
|  | Washington, D.C. 20044-0683 |
|  | Telephone: (202) 616-3448 |
| Street Address: | Judiciary Center Building |
|  | 555 Fourth Street, N.W. |
|  | Washington, D.C. 20001 |