**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO**

Case No. 05-cv-00636-LTB-MEH

**CARLOS E. SALA,** *et al.,*

      **Plaintiffs,**

v.

**UNITED STATES OF AMERICA,**

      **Defendant.**

_____

**NON-PARTY GARY JACOB'S MOTION TO QUASH** *SUBPOENA*
_____

Non-party Gary Jacobs, through his counsel, files this Motion to Quash the *subpoena* directed to him in this proceeding, and shows as follows:

**INTRODUCTORY STATEMENT**

1. On August 29, 2006, the *subpoena* attached hereto as Exhibit A was served on Mr. Jacobs in Boulder, Colorado. The *subpoena* directs Mr. Jacobs to:

    a. appear for a deposition on September 12, 2006, at 10:00 a.m. at the office of the United States Attorney in Denver, Colorado; and

    b. to produce eighteen (18) extremely broad categories of documents by 10:00 a.m. on August 31, 2006 (***less than 48 hours*** from the date he received the *subpoena*).

2. Mr. Jacobs was not contacted by any parties to this case with respect to the deposition or document production prior to receiving the *subpoena* and was not given any opportunity to coordinate the scheduling of the deposition and document production commanded in the *subpoena*. Since receiving the *subpoena*, counsel for Mr. Jacobs has attempted to contact Amy Matchison of the United States Department of Justice (the Issuing Officer of the *subpoena*), as well as several other attorneys in the United States Attorney's office, to discuss the scheduling

of Mr. Jacobs' compliance with the *subpoena* as well as to limit the scope of the *subpoena*, but has not been successful in establishing contact with anyone. Because one of the dates for compliance is tomorrow, August 31, 2006, Mr. Jacobs files this Motion as a protective measure, but will continue to attempt communication with the U.S. Attorney's office to resolve these issues.

## MOTION TO QUASH

3.      FED. R. CIV. P. 45(c)(3)(A) permits a court may to quash or modify a *subpoena* that "fails to allow reasonable time for compliance" or "subjects a person to undue burden."

4.      The *subpoena* directed at Mr. Jacobs directs him to produce documents responsive to eighteen (18) extremely broad categories of documents less than forty-eight (48) hours after he was served with the *subpoena*. Such request is unduly burdensome, harassing, and oppressive. Furthermore, Request Nos. 1 and 18 seek sensitive documents of a personal and confidential nature, and Mr. Jacobs should not be forced to produce such documents in the absence of an appropriate protective or confidentiality order. In addition, Request No. 11 seeks, in part, documents pertaining to communications with Robert King. Mr. Jacobs and Mr. King have been personal acquaintances and business associates for over a decade and there have been countless communications between these two individuals since January 1, 1999 (the time period covered by the *subpoena*) that have nothing whatsoever to do with the subject matter at issue. Accordingly, this Request is overly broad, unduly burdensome, not limited to a relevant time period, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, unless it is appropriately limited, Mr. Jacobs should not be required to respond to such a far-reaching request.

2

5.	With respect to the date and time for deposition, Mr. Jacobs has a scheduling conflict that can only be avoided with considerable personal inconvenience. Mr. Jacobs is generally available the remainder of that week and even at a later time on September 12, 2006. Mr. Jacobs respectfully requests that the date and/or time of the deposition be changed. As mentioned above, Mr. Jacobs' request to the Department of Justice for re-scheduling has not been answered.[1]

## **CONCLUSION**

Mr. Jacobs requests that the Court quash the *subpoena* directed to him since the time for compliance is unreasonable and the scope of the requests for production of documents is overly broad, unduly burdensome, seeks confidential information, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted this 30th day of August, 2006.


| DEARY MONTGOMERY DEFEO & CANADA, LLP | BUESCHER, GOLDHAMMER, KELMAN & DODGE, P.C. |
|---|---|
| David R. Deary<br>Jeven R. Sloan<br>Chateau Plaza, Suite 1565<br>2515 McKinney Avenue<br>Dallas, Texas  75201<br>(214) 292-2600<br>(215) 739-3879 (fax) | *s/ Ellen Kelman*<br>_____<br>Ellen Kelman, Atty # 10566<br>1563 Gaylord Street<br>Denver, CO  80206<br> (303) 333-7751<br> (303) 333-7758<br>ekelman@laborlawdenver.com |
| LEAD ATTORNEYS FOR NON-PARTY GARY JACOBS | LOCAL ATTORNEYS FOR NON-PARTY GARY JACOBS |

---

[1] To be fair, Mr. Jacobs' counsel attempted to contact Ms. Matchison and other attorneys at the U.S. Attorneys' office on the morning of August 30, 2006 (which was the day after Mr. Jacobs was served). Mr. Jacobs does **not** believe and does not intend to suggest to the Court that the U.S. Attorneys' failure to respond was dilatory or otherwise in bad faith, but the fact remains that he was unable to wait more then a few hours for them to respond in light of the fact that the *subpoena* was served only yesterday and calls for compliance tomorrow.

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via facsimile upon all other counsel of record on the 30th day of August, 2006:

| | |
|---|---|
| William J. Leone | Darrell Delmar Hallett |
| David N. Geier | John Mark Colvin |
| Anton L. Janik, Jr. | Chicoine & Hallett, Inc., P.S. |
| Amy Matchison | One Waterfront Place |
| Philip E. Blondin | 1011 Western Avenue, #803 |
| United States Attorney | Seattle, WA  98104 |
| Trial Attorneys, Tax Division | Fax:  206/467-8170 |
| U.S. Department of Justice | |
| P.O. Box 683 | |
| Ben Franklin Station | |
| Washington, D.C.  20044-0683 | |
| Fax: 202/307-0054 | |

*s/ Ellen Kelman*
_____
Ellen Kelman