# EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF  Colorado

Carlos E. Sala, et al.

V.

United States of America

**SUBPOENA IN A CIVIL CASE**

Court Where Pending:

Case Number:[1] 05-cv-00636-LTB-MEH (D.Colo)

TO: Gary Jacobs, 525 Highland Avenue, Boulder, CO 80302

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION United States Attorney's Office, 1225 Seventeenth Street, Suite 700 Seventeenth Street Plaza, Denver, CO, 80202 | DATE AND TIME 9/12/2006 at 10:00 am |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached "Attachment to Fed. R. Civ. P. 45 Subpoena"

| PLACE United States Attorney's Office, 1225 Seventeenth Street, Suite 700 Seventeenth Street Plaza, Denver, CO, 80202 | DATE AND TIME 8/31/2006 at 10:00am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR Amy Matchison Trial Attorney, U.S. Department of Justice (Attorney for Defendant) /s/ | DATE 8/9/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Amy Matchison, U.S. Department of Justice, Ben Franklin Station, P.O. Box 683, Washington, D.C. 20044 (202) 307-6531

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CARLOS E. SALA and<br>TINA ZANOLINI SALA, | )<br>)<br>) |
| Plaintiffs, | ) 05-cv-00636-LTB-MEH<br>) |
| v. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | )<br>) |

ATTACHMENT TO FED. R. CIV. P. 45 SUBPOENA

Pursuant to FED. R. CIV. P. 45, and in connection with the *subpoena duces tecum* attached hereto, GARY JACOBS is hereby required to produce for inspection and copying the documents set forth below.

The production of the requested documents may be effected by mailing the originals or clear copies of each to Amy Matchison, Trial Attorney, Tax Division, United States Department of Justice, Post Office Box 683, Ben Franklin Station, Washington, D.C., 20044. If you are unwilling or unable to transmit originals or copies in the manner described above, you are requested to advise the undersigned counsel for the United States forthwith upon receipt hereof, in which event, the documents requested herein will be produced for inspection and copying at the United States Attorney's Office, 1225 Seventeenth Street, Suite 700, Denver, Colorado 80202, on August 31, 2006, at 10:00 a.m., and continuing from day to day thereafter for so long as is reasonably necessary to examine and copy them.

## DEFINITIONS

1.  As used herein, (a) the singular shall include the plural, and vice versa, (b) masculine and feminine pronouns shall be deemed to be interchangeable, (c) the words "or" and "and" shall mean "and/or." The word "or" shall not be interpreted to narrow the scope of any request, and shall be interpreted in its broadest sense, as denoting "and/or," (d) the words "any" and "all" shall mean "any and all." The word "any" shall not be interpreted to narrow the scope of any discovery or other request, and shall be interpreted in its broadest sense, as denoting "any and all."

2.  The terms "you" and "your," and refer to the summoned party, and any representative, employee, agent, advisor, assignee, contractor, or other person who, because acting as the summoned party's representative, they can be required by that summoned party to furnish information and produce documents, including any person acting on the summoned party's behalf in this case.

3.  The term "Deerhurst" refers to Deerhurst Management Company, Inc., Deerhurst Trading Strategies LLC, Deerhurst Investors General Partnership, Deerhurst Trading Company, and/or Breckenham Trading Co., and their subsidiaries, related entities, employees, agents or representatives.

4.  The term "Northbridge" refers to Northbridge Capital Management and its subsidiaries, related entities, employees, agents or representatives.

5.  The term "MultiNational" refers to MultiNational Strategies, Inc. and/or MultiNational Currencies, Inc., and their subsidiaries, related entities, employees, agents or representatives, including Michael Schwartz.

6.  The term "transaction" includes all of the factual elements relevant to the expected tax treatment of any investment, entity, plan, program, or arrangement, and includes any series of steps carried out as part of a plan.

7.  The term "Deerhurst Transaction" shall mean any transaction, investment and/or trading program involving Deerhurst and MultiNational. It shall also refer to events and communications that ultimately resulted in a Deerhurst Transaction.

8.  The term "Carlos or Tina Sala," or any reference to Carlos or Tina Sala shall also be deemed to include Solid Currencies, Inc.

9.  The term "communication" is to be liberally construed to include the transmittal of documents, and includes both oral and written communication.

10. The term "document" is to be liberally construed to include all originals, copies, and nonidentical copies (whether by reason of handwritten notations thereon or otherwise) kept in any form including paper and electronic means, including but not limited to the following examples: any affidavit, agreement, appraisal, book, brochure, check or other instrument, communication of any nature including but not limited to those oral and written, computation, computer tape or disk, contract, corporate minute, correspondence, deed, electronic transmission including but not limited to electronic mail and any backup copies, telegram, telex and telephone facsimile, financial statement, lease, ledger, letter, literature, material, memorandum, note, notebook of any character, offering, prospectus, publication, record, report, routing slip, summary or record of personal conversation, and any other type of written or documentary or other tangible material on which information or data may be recorded, stored, or otherwise contained.

11. The United States has no objection to the responding party redacting all but the last four digits of any social security or financial account number contained within any responsive document.

## INSTRUCTIONS

1. If a document has information on both sides, provide copies of both sides or make available the original documents.

2. If any document is withheld under any claim of privilege or for any reason, list such documents by supplying separately as to each such document the following information:

   A. the date and type of document (e.g. letter, notebook, etc.) and the number of pages of which it consists;

   C. the name and title of the signor of the document (and if it was not signed, the name and title of the person who prepared it);

   D. the name and title of each recipient or addresses of such document (whether specifically named therein or not);

   F. an indication of the claim of privilege with a citation to the statute, regulation or rule claimed to apply;

   G. a brief statement of the grounds on which the claim or privilege rests;

   H. a general statement of the subject matter; and

   I. the identity of all persons (and their positions) who received copies of such document subsequent to the time of initial distribution.

If a claim of privilege applies to only a portion of any document, that portion only should be withheld and the remainder of the document should be produced. As used herein, claim of

privilege or privilege includes, but is not limited to, any claim that a document either may or must be withheld from production pursuant to any statute or regulation.

## DOCUMENTS REQUESTED

Please make available for our review, inspection and copying the following specific categories of documents:

1. your federal and state tax returns and any amended tax returns, with all schedules and attachments, for tax year 2000.

2. all documents evidencing, memorializing, concerning or regarding any communication or correspondence with Carlos Sala and/or Tina Sala between January 1, 1999 and the present in connection with any investment or transaction, potential investment or transaction, or Deerhurst, or any Deerhurst Transaction.

3. all documents evidencing, memorializing, or constituting communications with anyone in connection with or related to any Deerhurst Transaction.

4. all documents mentioning, describing, explaining, marketing and/or promoting Deerhurst or any Deerhurst Transaction.

5. all documents provided by Deerhurst or MultiNational in connection with any Deerhurst Transaction or potential Deerhurst Transaction.

6. all documents reflecting, describing or accounting for any services performed by Deerhurst, Northbridge or MultiNational in connection with any Deerhurst Transaction.

7. all documents prepared in connection with the planning, implementing, conducting and/or analyzing any Deerhurst Transaction.

8. all documents reflecting fees, expenses or commissions paid or received in connection with any Deerhurst Transaction.

9. all documents identifying (including name, address and telephone number) the members or partners (and/or the owners of any members or partners) of Deerhurst Investors General Partnership and/or Deerhurst Trading Strategies, LLC.

10. all documents which describe, discuss or refer to any potential or possible tax benefit (including losses, credits, and/or deductions) arising from any Deerhurst transaction.

11. all documents reflecting, evidencing or describing communications with any of the following individuals (including their corporations), or their representatives at anytime since January 1, 1999: Kathleen Aburrow (Astro Currencies), Paul Bagwell (Balanced Currencies), Roger Bagwell (Branded Currencies Inc.), Ronald Budacz (Bundled Currencies, Inc.), Beckett Cantley (Multinational Currencies, Inc.), Mark Crossen (Cross Currencies, Inc.), Allen Cuff (Border Currencies Inc.), Dominic Dean (Dual Currencies, Inc.), Christopher Dice (Draft Currencies, Inc.), Jim Ferrerra (Multinational Currencies, Inc.), Michael Hartigan (Multinational Currencies, Inc.), Randy Henderson (Hard Currencies, Inc. and Multinational Currencies, Inc.), Robert King (Kensington Currencies Inc.), Kevin Kops (Multinational Currencies, Inc.), Ron Kops (Multinational Currencies, Inc.), Andrew Krieger (Multinational Currencies, Inc.), David Livingston (Multinational Currencies, Inc.), Paul McManus (Multinational Currencies, Inc.), Pierre Panos (Principle Currencies, Inc.), Ira Rachelson (Multinational Currencies, Inc.), Carlos Sala (Solid Currencies, Inc.), Michael Schwartz (Multinational Currencies, Inc.), Thomas Smach (Stapled Currencies Inc.), Ronald Snyder (Secured Currencies Inc.), Greg Stringer (Standard

Currencies Inc.), Carl Vertuca (Virtual Currencies Inc.), and/or Martin "Tony" White (Wired Currencies, Inc. and Umbrella Currencies, Inc.).

12. all documents reflecting, evidencing or describing communication or information exchanged with between you and any or all of the following persons and/or entities, regarding any Deerhurst Transaction: Michael Schwartz, MultiNational, Deerhurst, Carlos Sala, Tina Sala, Lawrence Nemirow, Jeffrey Stein, John Lanning, Richard Smith, Jeffrey Eischeid, Philip Wiesner, John Larson, Robert Pfaff, David Amir Makov, Larry Delap, Steven Gremminger, Raymond J. Ruble a/k/a R.J. Ruble, Greg Ritchie, Randy Bickham, Mark Watson, Carol Warley, David Rivkin, Carl Hasting, Richard Rosenthal, David Greenberg, Andrew Krieger, Peter Molyneux, Michael Schwartz, Tracie Henderson, David Schwartz, Bruce Lemons, REFCO, Northbridge Capital Management, and/or Kevin Brady, at anytime between January 1, 1999 and the present.

13. all documents, reflecting, constituting or memorializing communications with any government taxing authority, federal or local, in connection with any Deerhurst Transaction.

14. all trading agreements and master agreements executed or available in connection with any Deerhurst Transaction.

15. all confidentiality or non-compete agreements, either proposed or executed, related to any Deerhurst Transaction.

16. all documents evidencing, describing or relating to communications with any of the following in connection with any Deerhurst Transaction: Bruce Lemons, Holland & Hart, Lawrence Nemirow, Davis Graham & Stubbs LLP, Rosenman & Colin LLP, MultiNational,

and/or KPMG or any of its employees and partners, including, but not limited to, Tracie Henderson.

17. all documents reflecting payments made to or received by any of the following: R.J. Ruble, Brown & Wood, Bruce Lemons, Holland & Hart, Lawrence Nemirow, Davis Graham & Stubbs, Rosenman & Colin LLP, MultiNational, Michael Schwartz, Tracie Henderson, and/or KPMG, in connection with any Deerhurst Transaction.

18. all documents reflecting any settlement or compromise of any kind related to or stemming from any audit, investigation, assessment of any tax, penalty, or interest, between the Internal Revenue Service and any Deerhurst partner or partnership with regard to any Deerhurst Transaction.

Dated this 9/7 day of August, 2006.

WILLIAM J. LEONE
United States Attorney

DAVID N. GEIER
ANTON L. JANIK, JR. CO#35164
AMY MATCHISON
PHILIP E. BLONDIN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 305-2558
Facsimile: (202) 307-0054
Anton.L.Janik@usdoj.gov

Street Address:

Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20001

8