# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00636-LTB-PAC

CARLOS E. SALA and
TINA ZANOLINI-SALA,

                        Plaintiffs,

                        v.

UNITED STATES OF AMERICA,

                        Defendant.

---

### UNITED STATES' RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSION

---

Defendant United States of America (hereinafter "Defendant" or "United States"), pursuant to Rule 36 of the Federal Rules of Civil Procedure, and in response to the Plaintiffs' Requests for Admission, states as follows:

### GENERAL OBJECTIONS

1.      The United States objects to the Requests for Admission, including the Definitions, to the extent they (a) contain requests that exceed the scope and requirements of the Federal Rules of Civil Procedure, (b) purport to require discovery not provided for by the Federal Rules of Civil Procedure, and/or (c) rely upon definitions for terms contrary to the manner in which those terms are defined in the Federal Rules of Civil Procedure. Further, the United States objects to the definition of "you" and "your" in the Definitions section as overbroad and unduly burdensome to the extent it includes all departments and agencies of the

REQUEST FOR ADMISSION NO. 33:

Admit that the IRS did not contact KPMG with respect to an examination of Deerhurst Investors General Partners, prior to the time that Plaintiffs filed an amended return in 2003.

RESPONSE:

Subject to and without waiving its general objections, the United States admits that the IRS did not contact KPMG with respect to an examination of Deerhurst Investors General Partners prior to the time that Plaintiffs filed an amended return in 2003. However, the United States avers that the IRS is not required to identify co-promoters in a Section 6700 examination and that the IRS did contact KPMG with respect to transactions substantially similar to the transactions at issue in this case.

REQUEST FOR ADMISSION NO. 34:

Admit that KPMG did not promote the Deerhurst investment to Plaintiffs.

RESPONSE:

The United States cannot admit or deny this request for admission for lack of information or knowledge. Subject to and without waiving its general objections, the United States avers that KPMG worked closely in promoting and assisting Carlos Sala in selecting a tax shelter and was paid a fee in connection with such work. Furthermore, the United States avers that it has made reasonable inquiry but, because of the limitations upon the discovery it can obtain due to individuals asserting or likely to assert their Fifth Amendment rights, the information known or readily obtainable by the United States at this time is insufficient to enable it to admit or deny this request for admission.

REQUEST FOR ADMISSION NO. 35:

Admit that KPMG did not receive any portion of the investment management fees paid by Plaintiffs to Deerhurst with respect to their investment in Deerhurst.

RESPONSE:

The United States cannot admit or deny this request for admission for lack of information or knowledge. Subject to and without waiving its general objections, the United States avers that it has made reasonable inquiry but that the information known or readily obtainable by the United States at this time is insufficient to enable it to admit or deny this request for admission.

REQUEST FOR ADMISSION NO. 36:

Admit that the IRS did not contact KPMG with respect to a section 6700 examination of transactions similar to those described in the option variant of the transaction described in Notice 2000-44 and promoted by KPMG, prior to the time that Plaintiffs filed an amended return in 2003.

RESPONSE:

Deny.

REQUEST FOR ADMISSION NO. 37:

Admit that when the IRS extended the KPMG section 6700 examination to include transactions described in Notice 2000-44, the IRS was only aware that KPMG had promoted BLIPS (the loan variant described in Notice 2000-44), and was not aware that KPMG was involved in promoting transactions similar to the option variant of Notice 2000-44.

RESPONSE:

Admit.

23

and/or Solid Currencies claim to have paid $56,021 in 2000 for management and incentive fees for the Deerhurst transaction.

REQUEST FOR ADMISSION NO. 48:

Admit that there was a reasonable possibility for Carlos Sala to profit from the Deerhurst transactions.

RESPONSE:

Deny.

Dated this 30th day of November, 2006.

TROY A. EID
United States Attorney

MARK S. PESTAL
Assistant United States Attorney

_____
DAVID N. GEIER
ANTON L. JANIK, JR.   CO#35164
AMY MATCHISON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:   (202) 616-3448
Facsimile:   (202) 307-0054
Email:David.N.Geier@usdoj.gov

Street Address:

Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20001