# EXHIBIT 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | **SUPERSEDING INDICTMENT** |
| - against - | |
| | S1 05 Cr. 888 (LAK) |
| JEFFREY STEIN, | |
| JOHN LANNING, | |
| RICHARD SMITH, | |
| JEFFREY EISCHEID, | |
| PHILIP WIESNER, | |
| JOHN LARSON, | |
| ROBERT PFAFF, | |
| DAVID AMIR MAKOV, | |
| LARRY DELAP, | |
| STEVEN GREMMINGER, | |
| RAYMOND J. RUBLE, | |
|   also known as "R.J. Ruble," | |
| GREGG RITCHIE, | USDC SDNY |
| RANDY BICKHAM, | DOCUMENT |
| MARK WATSON, | ELECTRONICALLY FILED |
| CAROL WARLEY, | DOC #: _____ |
| DAVID RIVKIN, | DATE FILED: OCT 1 7 2005 |
| CARL HASTING, | |
| RICHARD ROSENTHAL, and | |
| DAVID GREENBERG, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COUNT ONE**
(Conspiracy)

The Grand Jury charges:

**Background**

1

meeting, in substance and in part, that the tax position taken in BLIPS was "close to frivolous." During that meeting, the participants also discussed the risks of proceeding with tax shelter transactions like BLIPS, including the risk of criminal investigation, civil penalties, civil liability for fraud, action by the IRS's Director of Professional Practice, and action by state Boards of Accountancy. Nevertheless, and despite the obviously fraudulent nature of BLIPS and the warnings conveyed, the defendants JEFFREY STEIN and JOHN LANNING, and others, decided not to refund BLIPS fees and to proceed (i) with the issuance of "more likely than not" opinion letters on all of the 1999 transactions with the intent that BLIPS clients would claim the phony BLIPS losses on 1999 tax returns, and (ii) continued to implement more BLIPS tax shelter transactions in 2000 and, in 2001, to issue opinions to support those transactions and the claiming of those BLIPS losses.

46. In addition, in or about March 2000, the defendant STEVEN GREMMINGER telephoned KPMG's relationship partner at Law Firm 2 about the Law Firm 2 Memo and stated that Law Firm 2 was interfering with a KPMG tax transaction and that senior tax partners at KPMG were irate.

### The Fraudulent SOS Shelters

47. These shelters were designed to generate substantial capital and ordinary tax losses through a series of pre-arranged transactions that involved the clients entering into virtually offsetting foreign currency option positions with a bank, including

26

but not limited to Bank A, sometimes transferring the offsetting positions to a partnership or other entity, and then withdrawing from the transaction, claiming a loss in the desired amount. These shelters were referred to by various names, including Short Option Strategy, Spread Option Strategy, Split Option Strategy, SOS, Binary Option, Digital Option, Gain Mitigator, Loss Generator, COINS, BEST, FX Transaction (hereinafter "SOS"). KPMG's Washington National Tax office and the defendant RICHARD SMITH considered whether KPMG could issue "more likely than not" opinions regarding SOS transactions, and they concluded that the phony losses generated by those transactions were *not* more likely than not to withstand IRS challenge. Moreover, KPMG's Washington National Tax office and the defendant RICHARD SMITH reviewed draft "more likely than not" SOS opinion letters prepared by the defendant RAYMOND J. RUBLE, also known as "R.J. Ruble," and other firms, and determined that the transactions described therein were not more likely than not to withstand IRS challenge. Nevertheless, between 1998 and 2002, the defendants JEFFREY STEIN, RICHARD SMITH, JEFFREY EISCHEID, LARRY DELAP, STEVEN GREMMINGER, RAYMOND J. RUBLE, also known as "R.J. Ruble," RANDY BICKHAM, CAROL WARLEY, CARL HASTING, and RICHARD ROSENTHAL, and their co-conspirators, assisted in marketing and implementing SOS transactions for KPMG clients for a fee to KPMG generally not less than 1% of the tax losses to be generated, and prepared and caused to be prepared tax returns based on the phony SOS

tax losses. For many of these SOS transactions, KPMG did not issue an opinion letter, but instead certain lawyers, including RUBLE, issued "more likely than not" opinion letters with respect to those transactions so that clients would claim the fraudulent SOS losses and evade taxes.

    48. In addition, from at least in or about 1999 through at least in or about 2002, the defendant DAVID GREENBERG, with the approval of members of KPMG's tax leadership, including the defendants JEFFREY STEIN, RICHARD SMITH, and RICHARD ROSENTHAL, marketed and implemented dozens of SOS transactions to KPMG clients, often charging fees well in excess of 1% of the phony tax loss to be generated. GREENBERG also arranged SOS transactions for at least 14 KPMG partners, including for the defendant RICHARD ROSENTHAL. In connection with the SOS transactions arranged by GREENBERG, GREENBERG issued KPMG opinion letters or caused others to issue opinion letters that falsely claimed that the tax losses purportedly generated by SOS were more likely than not to withstand IRS challenge, so that KPMG partners and GREENBERG's other clients would claim the fraudulent SOS losses and evade taxes.

    49. SOS opinion letters, and other associated documents, were false and fraudulent in a number of ways well known to the conspirators, including the following:

    a. They falsely and misleadingly describe SOS as an investment, when in truth and in fact, it was a tax shelter designed and marketed to generate tax

28

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

- v -

**JEFFREY STEIN,
JOHN LANNING,
RICHARD SMITH,
JEFFREY EISCHEID,
PHILIP WIESNER,
JOHN LARSON,
ROBERT PFAFF,
DAVID AMIR MAKOV,
LARRY DELAP,
STEVEN GREMMINGER,
RAYMOND J. RUBLE,**
    also known as "R.J. Ruble,"
**GREGG RITCHIE,
RANDY BICKHAM,
MARK WATSON,
CAROL WARLEY,
DAVID RIVKIN,
CARL HASTING,
RICHARD ROSENTHAL, and
DAVID GREENBERG,**

Defendants.

---

**SUPERSEDING INDICTMENT**

S1 05 Cr. 888 (LAK)

18 U.S.C. § 371, 26 U.S.C. §§ 7201, 7212,
18 U.S.C. § 2

<u>MICHAEL J. GARCIA</u>
United States Attorney.

**A TRUE BILL**

_____
Foreperson.

10/17/05
Superseding Indictment (S1) 05 CR 888 (LAK)