IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLORADO

| | |
|---|---|
| CARLOS E. SALA and<br>TINA ZANOLINI SALA,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   Civil No. 05-cv-00636-LTB-PAC<br>)<br>)<br>)<br>)<br>)<br>) |

DECLARATION OF DAVID DEROSA

I, David DeRosa, pursuant to 28 U.S.C. § 1746, declare and state to the best of my personal knowledge as follows:

1. I received my Ph.D. in finance and economics from the Graduate School of Business of the University of Chicago, and my A.B. in economics from the College of the University of Chicago.

2. I am an adjunct professor of finance at Yale School of Management and Fellow of the International Center for Finance at Yale, where I have taught courses in international finance, derivatives, and emerging markets financial policy since 1996. I am also an adjunct professor of industrial engineering and operations research at Columbia University, where I teach a course in foreign exchange and related derivative instruments. I have also served on the faculties of the Graduate School of Business of the University of Chicago, the University of Southern California,

2203067.2

and Loyola University of Chicago, and am the author of three books on foreign exchange derivatives.

3. I am the president and owner of DeRosa Research and Trading, Inc., which is a member of the National Futures Association, and am on the board of directors for six hedge funds, some of which specialize in foreign exchange.

4. I have been retained by the United States as an expert witness to offer an expert opinion in the above captioned case, and have reviewed documents provided by plaintiffs and by others, which documents describe Carlos Sala's participation in a transaction which the United States has referred to as the Deerhurst Shelter. Based upon my review of the materials, I have written an expert report and an expert rebuttal report which sets forth my analysis and opinions regarding the transaction. I understand both my report and rebuttal have been provided to the Plaintiffs. Included in my conclusions are the following:

    (a) No leverage was employed by Deerhurst on the trading executed from October through December 2000, and the trading that was executed was of little risk.

    (b) From November 24 through November 28, 2000, Carlos Sala personally acquired certain offsetting option trades which are the subject of my report. Those trades were liquidated in early December 2000. The liquidation of those offsetting option trades was highly unusual given the diversity of their underlying currencies. The maximum profit potential of these offsetting option trades was approximately $553,126, and their net cost to Sala was $728,297.85. Sala's risk on these trades was limited to their net cost of $728,297.85.

    (c) The offsetting option trades were transferred to an S corporation and then into a general partnership. There was no economic or trading purpose in using an S corporation or general partnership structure for the transactions executed in November and December 2000.

      (d)      During the month of December 2000, when Carlos Sala's funds were pooled in a general partnership with the funds of other participants, Deerhurst Investors General Partnership held approximately $24 million in assets. On average, over $20 million was held by the general partnership in cash each day. The remaining funds were spread across seven currency pairs which almost completely offset each other, such that there was virtually no foreign currency exposure or risk.

      (e)      The industry standard ratio for management and performance fees is "two and twenty," or perhaps "one and thirty." This means a two percent (or one percent) management fee, and a twenty percent (or thirty percent) performance fee. It is highly unusual for the management fee to be calculated on the basis of leveraged amounts, even more so where that leverage was not actually utilized.

      (f)      If the money Carlos Sala placed with Deerhurst Management from October to December 2000 were instead placed in an interest bearing account, it would have earned in excess of $50,000 in interest during that time frame.

5. Attached hereto as Exhibit 1 is a true and correct copy of my expert report submitted in the above-captioned case.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 5th day of February, 2007 in New Canaan, Connecticut.

                                        /s David DeRosa
                                        DAVID DeROSA

CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on February 5, 2007, I electronically filed the foregoing DECLARATION OF DAVID DEROSA with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

dhallett@chicoine-hallett.com

jcolvin@chicoine-hallett.com

and I hereby certify that I have mailed or served the document to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participants name:

Internal Revenue Service
Office of Associate Area Counsel
701 Market Street, Suite 2200
Philadelphia, PA 19106

s/ Amy Matchison
AMY MATCHISON
Attorney for Defendant
United States of America
Trial Attorney, Tax Division
United States Department of Justice
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683
Telephone:   (202) 307-6531
Facsimile:   (202) 616-3448
Email:Amy.T.Matchison@usdoj.gov

Street Address:          Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20001