# EXHIBIT Y

# DEERHURST TRADING STRATEGIES LLC

November 20, 2000

Carlos Sala
2424 Ginny Way
Lafayette, Colorado 80026

      Re:    <u>Subscription for shares by Carlos Sala ("Subscriber")</u>

Dear Carlos:

      This letter will confirm that, as consideration for Subscriber's execution of the Subscription Agreement dated November 13th, 2000 attached to this letter and made a part hereof by which Subscriber subscribed to become a member of Deerhurst Trading Strategies, LLC (the "Fund"), and notwithstanding any provision of the Fund's Limited Liability Company Agreement (the "LLC Agreement") or the Private Placement Memorandum, dated November 13th, 2000 and as amended from time-to-time (the "Memorandum"), the Fund and the Managing Member have agreed and confirmed that the following provisions will apply with respect to Subscriber and his permitted assigns (and only with respect to the Subscriber and his permitted assigns):

      1.    Section 3.6(v) of the LLC Agreement shall be revised, and Section 3.6(vi) added, with respect to "Interests" owned by Subscriber to read as follows (the term "Interest" when used below shall refer only to an Interest owned by Subscriber):

      "(v)    At the close of each Measurement Period (beginning with the first Measurement Period with respect to which there are New Net Profits), a separate Interest owned by the Subscriber having a separate Book Capital Account created for this purpose (the "<u>Designated Interest</u>") shall receive an allocation (the "<u>Performance Allocation</u>") calculated and credited as follows:

      (A)    If there are New Net Profits with respect to an Interest (other than the Designated Interest) for a Measurement Period, then a Performance Allocation in an amount equal to 30% of the amount of the New Net Profits of the Interest for such Measurement Period shall be charged against such Interest's Book Capital Account and credited to the Designated Interest's Book Capital Account.

      (B)    If there is any "New Loss" (as defined below) with respect to an Interest (other than the Designated Interest) for a Measurement Period, then 30% of such New Loss shall be charged to the Designated Interest's Book Capital Account and credited to such Interest's Book Capital Account. For purposes of making the calculations required by this Section 3.6(v) only, the Designated Interest's Book Capital Account may have a negative balance.

      (C)    If all or any part of an Interest (other than the Designated Interest) is withdrawn, a proportional amount of the balance of the Designated Interest's Book Capital Account, if positive, shall be charged to the Designated Interest's Book Capital Account and

## DEERHURST TRADING STRATEGIES LLC

credited to the Managing Member's Book Capital Account and, if negative, shall reduce the negative balance in the Designated Interest's Book Capital Account.

    (D)    The balance, if positive, in the Designated Interest's Book Capital Account on December 31, 2005 shall be credited to the Managing Member's Book Capital Account and, if negative, shall be eliminated.

    (E)    Except as otherwise explicitly provided in this Section 3.6(v), no part of the Designated Interest may be withdrawn by the Managing Member or the Subscriber.

    (vi)    For purposes of Section 3.6(v), a "New Loss" exists with respect to an Interest if and to the extent that the balance of such Interest's Book Capital Account at the end of any Measurement Period (after making the adjustments required by Sections 3.6(i) to (iv) of the LLC Agreement), after adding back all amounts withdrawn or distributed during such Measurement Period with respect to such Interest, is smaller than the Book Capital Account balance of such Interest at the beginning of such Measurement Period (after deducting the Performance Allocation, if any, in respect of such Interest for the immediately preceding Measurement Period)."

    2.    Subscriber will be permitted to make withdrawals pursuant to Section 3.13.1(ii) of the LLC Agreement up to the rate at which his income from the Fund is taxed.

    3.    The first clause of Section 3.13.2 will read as follows: "In the event of a withdrawal, including a total withdrawal, the Managing Member shall distribute 90% of its good-faith estimate of the amount withdrawn from the withdrawing Member's Book Capital Account (minus any accrued Performance Allocation through the Withdrawal Date) within 5 days following the Withdrawal Date and the balance of such withdrawal or, in the case of a complete withdrawal, the remaining portion of its Book Capital Account, without interest, within 45 days following the Withdrawal Date;".

    4.    Should the Managing Member require Subscriber to make a mandatory withdrawal pursuant to Section 3.13.4, there will be no Early Withdrawal Fee.

    5.    The Management Fee paid pursuant to Section 4.1.2 of the LLC Agreement, with respect to the Subscriber, shall be 0.083 of the Trading Size of the Company at the end of each month (1% per annum), calculated in the manner set forth in Section 4.1.2 of the LLC Agreement.

    6.    The Managing Member will deliver to Subscriber the reports due pursuant to Sections 7.3.1 and 7.3.2 of the LLC Agreement within 90 days and 30 days, respectively, of the end of the relevant period. The report due pursuant to Section 7.3.2 shall be monthly.

    7.    The Managing Member will deliver to Subscriber the information due pursuant to Section 7.4 no later than March 31 of each year.

    8.    The Fund's annual financial statements, including the calculation of the Performance Allocation, will be audited by a Big 5 accounting firm selected by the Managing Member.

## DEERHURST TRADING STRATEGIES LLC

9. Subscriber may transfer his Interest to his spouse, children, grandchildren or siblings or to a trust for the benefit of the Member and/or such family members; *provided, however,* that the transferee agrees in writing to be bound by the terms of this Agreement and the Certificate of Formation of the Company.

10. Upon the death of Subscriber, the Interest will be deemed to be assigned to his estate and thereafter to the relevant beneficiary or beneficiaries thereof, and each of them shall be substituted in their turn as a Member; *provided, however,* that any such substituted Member agrees in writing to be bound by the terms of this Agreement and the Certificate of Formation of the Company.

11. Prior to the execution of this letter, the Managing Member has provided Subscriber with a description of any and all other agreements entered into or expected to be entered into between the Managing Member and Members of the Fund with respect to the terms under which such Member(s) are expected to subscribe for Interest(s).

Please confirm your agreement with the foregoing by signing and dating the copy of this letter enclosed herewith, and returning the executed copy to Subscriber.

Very truly yours,

DEERHURST TRADING STRATEGIES LLC

By: DEERHURST MANAGEMENT COMPANY, INC., its Managing Member

By: _____
Andrew Krieger, Managing Director

DEERHURST MANAGEMENT COMPANY, INC.

By: _____
Andrew Krieger, Managing Director

Accepted and Agreed to:

_____
Carlos Sala

DHSala 00000076

210/7550.01