# EXHIBIT DD

**Deerhurst Management Inc.**
One Bridge Plaza North - Suite 690
Fort Lee, NJ 07024

February _1_, 2001

Mr. Michael N. Schwartz
Multi-National Strategies LLC
243 West 30th Street
Suite 501
New York, NY 10001

Dear Michael:

This agreement ("Agreement"), executed as of November _1_, 2000, sets forth the terms and conditions upon which Deerhurst Management Co., Inc. ("Deerhurst"), Michael N. Schwartz ("Schwartz") and Multi-National Strategies LLC ("MNS") will continue their business relationship in connection with Deerhurst Trading Strategies LLC (the "Fund").

Any capitalized terms used in this Agreement but not defined herein will have the meanings given to them in the Limited Liability Company Agreement of the Fund, dated September 26, 2000, by and among Deerhurst and such other person or persons as may become parties thereto.

Deerhurst entered into the Fund and enters into this Agreement with the understanding that its responsibilities, and any potential liabilities, are limited to currency trading and money management services. MNS, Schwartz, and Rosenman & Colin LLP have performed all of the analysis in connection with any potential tax benefit that an investor in the Fund may receive from its investment. This analysis includes any and all representations made in the Private Placement Memorandum for the Fund dated September 26, 2000, and all documents related to the Private Placement Memorandum including, but not limited to, the "Tax Memorandum" prepared by Rosenman & Colin LLP, dated September 26, 2000. It is understood and agreed by the parties hereto that the Fund is acting as an agent of Schwartz and MNS in connection with the Fund's activities pursuant to the program reflected in the Private Placement Memorandum and Tax Memorandum referred to herein.

## Terms and Conditions

1. You will perform various services on a non-exclusive basis for the Fund (collectively, the "Services") including, but not limited to:

    a. structuring a test account program for investors who wish to make a long-term investment with the Fund (the "Program"), including the preparation of documentation with respect to the Program;

    b. assisting with the organization and proposed operations of the Fund; and

    c. managing on-going Fund tax-related issues, Fund investor relations, arranging service provider contacts with respect to the Fund and the Program, Fund administration and other activities as agreed from time-to-time between Deerhurst and MNS.

2.  a. In return for the Services, Deerhurst will pay MNS (i) one-half of the Management Fee that it receives from the Fund and the Program; and (ii) one-quarter of the Performance Allocation which it receives from the Fund. (The Management Fee and Performance Allocation are sometimes referred to herein collectively as the "Fees"). The Fees will be paid to MNS by Deerhurst within ten (10) days of receipt by Deerhurst of the Management Fee and of crediting of the Performance Allocation to the capital account of Deerhurst.

    b. MNS shall receive one third (1/3) of its contemplated Management Fee with respect to Carlos Sala, Tony White and Chris Dice.

3. It is understood and agreed that as an Introductory Fee, Beckett Cantley shall receive a fee equal to $424,000 as of January 1, 2001, and John Raby shall receive a fee equal to $969,150 as of January 1, 2001. Further, Legacy Capital Group will receive a fee of $50,000.00. Tharin shall receive $66,000. All such payments shall be received on or before the last day of the month following relevant transactions from Beckenham Trading Co. Inc., and are payable only as long as the clients remain in the Program.

4. Neither of Deerhurst nor MNS may transfer or assign any rights or obligations under this Agreement without the permission of the other party hereto set forth in writing.

5. The Program anticipated hereunder is subject to the availability of a favorable tax opinion from Brown & Wood, Esqs.

6. This Agreement, and the documents referred to in this Agreement, constitute the entire agreement between Deerhurst and MNS with respect to the matters referred to herein, and no other agreement or amendment or modification hereof,

verbal or otherwise, shall be binding as between us unless it shall be in writing and signed by the party against whom enforcement is sought.

7. Should MNS terminate this Agreement or should MNS's Services be terminated by Deerhurst "for cause" the obligation of Deerhurst to pay compensation to MNS pursuant to Paragraph 2 shall terminate at the date of termination and Deerhurst shall have no further obligation to MNS. For purposes of this Agreement, the term "for cause" means (i) a material breach or violation of any term of this Agreement that remains uncured by MNS for thirty (30) days after MNS receives notice thereof from Deerhurst, (ii) intentional failure by MNS to perform and carry out its duties and responsibilities under this Agreement, or (iii) gross negligence by MNS in the performance of its duties.

8. Should MNS be terminated by Deerhurst other than "for cause", MNS shall receive the compensation provided in Paragraph 2 at the times and pursuant to the terms provided in that paragraph.

9. Deerhurst and MNS both agree that any action or proceeding arising directly, indirectly, or otherwise in connection with, out of, related to, or from this Agreement, any breach hereof, or any transaction covered hereby, shall be resolved within the County, City and State of New York. Accordingly, Deerhurst and MNS both consent and submit any such action, dispute or proceeding to arbitration in the County of New York pursuant to the Rules of the American Arbitration Association or JAMS, as the parties shall agree.

10. Deerhurst and MNS both waive their right to seek remedies in court, including any right to a jury trial. The parties both agree that in the event of any dispute between us arising out of, relating to or in connection with this Agreement, such dispute shall be resolved exclusively by arbitration to be conducted only in the County, City and State of New York in accordance with the rules of the American Arbitration Association or JAMS/Endispute ("JAMS"). Disputes shall not be resolved in any other forum or venue. Deerhurst and MNS both agree that such arbitration shall be conducted by a retired judge or arbitrator who is experienced in resolving disputes regarding the securities business, that discovery shall not be permitted except as required by the rules of the American Arbitration Association or JAMS, that the arbitration award shall not include factual findings or conclusions of law, and that no punitive damages shall be awarded. The parties both understand that either party's right to appeal or to seek modification of any ruling or award of the arbitrator is severely limited. Any award rendered by the arbitrator shall be final and binding, and subject to a confirmation proceeding in a court of competent jurisdiction in the County, City and State of New York or as otherwise provided by law.

11. Except as provided in paragraph 10 of this Agreement, MNS and Schwartz hereby agree to indemnify and hold Deerhurst and/or the Fund harmless from

any and all liabilities, claims, judgments or penalties of any kind asserted against or imposed upon either Deerhurst or the Fund by virtue of the conduct or the activities of MNS and/or Schwartz with respect to the subject matter of this agreement including, but not limited to, representations of potential tax benefits made to investors of the Fund whether such claims, liabilities, judgments or penalties are sought to be imposed or are imposed against the Fund, Deerhurst or Deerhurst's officers or directors by the Internal Revenue Service or by a claim of any investor.

12. Deerhurst hereby agrees to indemnify and hold MNS and Schwartz harmless from any and all liabilities, claims, judgments or penalties asserted against or imposed upon either MNS or Schwartz by virtue of Deerhurst's currency trading or money management services whether such claims, liabilities, judgments or penalties are sought to be imposed or are imposed against Schwartz, MNS, or the officers and/or directors of MNS.

13. It is agreed between the parties hereto that any requirements imposed or created by 26 USC 6112 and specifically the maintenance of certain information pursuant thereto, shall be the responsibility of Michael N. Schwartz who shall be the "designated person" of the Fund in accordance with Treas. Reg. § 301.6112-1T, Q/A 11. In connection with the maintenance of such records by Schwartz, duplicate copies thereof shall be provided to the Fund simultaneously with their creation.

14. A waiver by either of Deerhurst or MNS of any terms or conditions of this Agreement in any instance shall not be deemed or construed to be a waiver of such term or condition for the future, or of any subsequent breach thereof. All remedies, rights, undertakings, obligations and agreements contained in this Agreement shall be cumulative, and none of them shall be in limitation of any other remedy, right, undertaking, obligation or agreement of either party.

15. This Agreement may be executed in one or more counterparts, all of which taken together will constitute a single agreement.

If you agree with the above, please execute this letter in the space provided

below for your signature, and return it to me.

I look forward to a mutually rewarding relationship between us.

Sincerely,

DEERHURST MANAGEMENT CO., INC.

By: _____
Andrew Krieger, President

Accepted and agreed:

MULTI-NATIONAL STRATEGIES LLC

By: _____
Michael N. Schwartz

C:\WP\CLIENTS\KRIEGER\MNS-DeerhurstAgr1-30-01.wpd