IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00636-LTB-PAC

CARLOS E. SALA and
TINA ZANOLINI SALA,

      Plaintiffs,

      v.

UNITED STATES OF AMERICA,

      Defendant.

_____

**STIPULATED PROTECTIVE ORDER**
_____

By agreement of the parties, Plaintiffs Carlos and Tina Sala, and the Defendant United States of America (together, "the Parties"), and Refco Capital Markets Ltd. ("Refco Capital Markets"), by and through their attorneys, and in order to protect certain information during the discovery phase of this litigation that non-party Refco Capital Markets may be required to produce during the course of this action while recognizing the "vital public interest in open judicial proceedings," 28 C.F.R. §50.9, it is hereby ORDERED that:

    1.    All information, materials, and documents (whether in paper or electronic form) produced or furnished by Refco Capital Markets to either or both

1

of the Parties in response to subpoenas issued in this case shall be deemed "Protected Information." The Parties and Refco Capital Markets understand and agree that documents produced by Refco Capital Markets in response to subpoenas in this case, and that are otherwise publicly available, are not entitled to treatment as Protected Information pursuant to this Order.

2. Protected Information may be used in any and all discovery proceedings in this case including, but not limited to, document requests, requests for admission, depositions, interrogatories, and discovery motions, but otherwise shall not be publicly disclosed except as permitted by this Order. Protected Information may be used in connection with the prosecution or defense of this action but not for any other pending or threatened civil litigation, nor any business or other purpose except as otherwise provided for in this Order. This Order shall not restrict the transfer of Protected Information in response to a subpoena or other discovery demand in another proceeding in a court of competent jurisdiction. Either party may use Protected Information in other civil litigation involving the same or similar issues, but only with the written authorization of Refco Capital Markets or its counsel.

3. Except as described herein (or by subsequent order of this Court), the Parties agree not to give, show, disclose, disseminate, or describe, either directly or indirectly, Protected Information to any person(s) other than those identified by this Order.

4. Access to Protected Information shall be restricted to:

(a) This Court and its personnel;

(b) Counsel for the Parties, including outside and in-house lawyers; other lawyers regularly employed in their offices; and such supervising attorneys, lawyers' staff, and administrators, to whom it is necessary to disclose Protected Information for purposes of this litigation (including secretaries, paralegals, clerks, and other assistants);

(c) The Parties themselves;

(d) Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including any of their staff to whom it is necessary to disclose Protected Information in order to assist in their participation in this litigation;

(e) Any potential witness in this litigation identified in the Complaint, identified during discovery or by the Parties' witness lists, or planned to be called as a witness by a party at deposition or during trial or to be interviewed about a matter at issue in this case, as well as any counsel for such witness and any person(s) present during such testimony. Individuals identified by this Paragraph may be provided with a copy of any relevant Protected Information for their review in preparation for or during the witness's deposition or testimony, either at trial or other hearing in this litigation. Upon completion of their review, the Protected Information provided shall be returned to counsel for the party that supplied it;

(f) Any mediators, arbitrators, or other outside parties and their staff enlisted by all parties to assist in the resolution of this matter;

3

(g) Outside or contracted litigation-support services, including commercial copying services;

(h) Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition, provided they agree by a statement on the record before the witness begins his or her deposition testimony that no such Protected Information and testimony related thereto revealed shall be disclosed by such reporter, transcriber or videographer except to the attorneys for each party and any other person who is present while such testimony is being given, except that upon use of a deposition exhibit at trial, the exhibit becomes public information and is no longer Protected Information;

(i) Employees of the Department of Justice and the Internal Revenue Service who are assigned to any pending criminal investigation or matter for their unrestricted use in such criminal investigation or matter.

5. No Party shall disclose Protected Information or copies of Protected Information to any of the persons identified in Paragraphs 4(d), 4(e), or 4(f) without first having obtained an executed acknowledgment from such person, substantially in the form attached hereto.

6. The Parties and Refco Capital Markets agree that the inadvertent or unintentional disclosure by a party of Protected Information shall not be deemed a waiver in whole or in part of any claim of confidentiality or protected status. This paragraph applies to both the specific

4

information disclosed as well as any other information relating thereto or on the same or related subject matter.

7. Within ninety (90) days after the final conclusion of the Litigation, including all appeals, Plaintiffs will provide written certification to Refco Capital Markets that all originals and/or copies of all Protected Information (including both paper and electronic versions) in the possession of Plaintiffs, their counsel or other agents, have been either returned to Refco Capital Markets or destroyed.

8. This Protective Order shall be effective immediately upon signature by counsel for either Party, and shall remain in effect after conclusion of this litigation, and the signing Parties agree that the Court may enforce the terms of this agreement and may disclose any Protected Information as part of a Court order or memorandum.

9. This Stipulation may be executed by each party separately.

10. Counsel for the parties shall promptly report any willful breach of the provisions of this Protective Order to counsel for Refco Capital Markets. Upon discovery of any breach of this Protective Order, counsel for the breaching party shall immediately take appropriate action to cure the violation and retrieve any Protected Information that may have been disclosed to persons not covered by this Protective Order. The Parties shall reasonably cooperate in determining the existence of any such breach and whether there is reason to report the breach to the Court.

IT IS SO ORDERED this day of  ____ January, 2007.

_____
PATRICIA A. COAN

FOR PLAINTIFFS,
CHICOINE & HALLETT, P.S.

 s/ John Colvin_____
DARRELL HALLETT
JOHN COLVIN
Chicoine & Hallett, P.S.
Attorneys for the Plaintiffs
1011 Western Ave., Suite
803 Seattle, WA 98104
Telephone: (206) 223-0800
Facsimile: (206) 467-8170
Email:
jcolvin@chicoine-hallett.com


FOR DEFENDANTS, UNITED
STATES OF AMERICA

WILLIAM J. LEONE
Acting United States Attorney

MARK S. PESTAL
Assistant United States Attorney

s/ Anton L. Janik. Jr._____
DAVID N. GEIER
ANTON L. JANIK, JR. CO#35164
AMY MATCHISON
Trial Attorneys, Tax Division U.S.
Department of Justice P.O. Box 683
Washington, D.C. 20044-0683
Telephone: (202) 616-3448
Facsimile: (202) 307-0054
Email:
david.n.geier@usdoj.gov
anton.l.janik@usdoj.ov
Judiciary Center Building 555
Fourth Street, N. W. Washington,
D.C. 20001

TRUSTEE OF REFCO CAPITAL
MARKETS, LTD.

s/Joshua Dorchak
Joshua Dorchak (JD 1874)
BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, NY 10022-4689
Telephone:  (212) 705-7000
Facsimile:   (212) 752-5378
Email:
Joshua.dorchak@binghan.com

FOR THE CHAPTER 11

7