IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLORADO

| | | |
|---|---|---|
| CARLOS E. SALA and | ) | |
| TINA ZANOLINI SALA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil No. 05-cv-00636-LTB-PAC |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DECLARATION OF DAVID N. GEIER IN SUPPORT OF UNITED STATES' MOTION FOR
RELIEF UNDER FED. R. CIV. P. 56(F) WITH RESPECT TO PLAINTIFFS' SECOND
MOTION FOR PARTIAL SUMMARY JUDGMENT

I, David N. Geier, pursuant to 28 U.S.C. § 1746, declare and state to the best of my

knowledge as follows:

1.      I am employed as a trial attorney with the United States Department of Justice,

Tax Division in Washington, D.C.  I am assigned responsibility for representing the interests of

the United States in the above-captioned case.  I make this declaration in support of the United

States' Motion for Relief Under Fed. R. Civ. P. 56(f) With Respect to Plaintiffs' Second Motion

for Partial Summary Judgment.

2.      Attached hereto as Exhibit A-1 is a true and correct copy of the relevant pages

from the deposition of Kevin Brady conducted on September 27, 2006.

3.      Attached hereto as Exhibit A-2 is a true and correct copy of the relevant pages

from the deposition of Angie Napier conducted on September26, 2006.

4.      Plaintiffs' Second Motion for Partial Summary Judgment was filed on February 5, 2007.  The motion raises the issue whether the amended return Sala filed in 2003 is a "qualified amended return" for the purposes of Treas. Reg. § 1.6664-2.  That regulation provides that Sala's amended return is not a "qualified amended return" if, before Sala's amended return was filed, KPMG was first contacted by the IRS "concerning an examination under section 6700 (relating to the penalty for promoting abusive tax shelters) for an activity with respect to which the taxpayer claimed any tax benefit on the return directly or indirectly through the entity, plan or arrangement described in section 6700(a)(1)(A)."   Section 6700(a)(1)(A), in turn, describes the type of plan or arrangement that KPMG must have "organize[d] (or assist[ed] in the organization of)" as being "(i) a partnership or other entity, (ii) any investment plan or arrangement, or (iii) any other plan or arrangement."

5.      During discovery the parties have inquired regarding KPMG's role in this case.  The plaintiffs have pointed out in their motion for summary judgment that depositions were taken of former KPMG employees who worked with former KPMG partner Tracie Henderson who was Sala's accountant.  These former KPMG employees were unable to offer testimony on Henderson's communication with Sala and others regarding the shelter transaction.

6.      The Government subpoenaed Ms. Henderson for deposition.  Both parties have spoken with Ms. Henderson's counsel and have agreed to the terms of a stipulation reflecting that Ms. Henderson will not testify concerning the shelter transaction and would instead invoke her Fifth Amendment Right and refuse to answer questions.

7.      The United States obtained information from KPMG's counsel received in letter form in response to the Plaintiffs' deposition notice.  KPMG's counsel's letter explaining

KPMG's role in Carlos Sala's shelter is annexed as Exhibit AA to Court Docket No. 119. KPMG's counsel represented that he had not spoken with Ms. Henderson.

8.      KPMG's billing records reflect conversations by Ms. Henderson with Carlos Sala and others which predate Mr. Sala's committing to the shelter and appear, by their date, to concern communications about Mr. Sala's entry into the shelter.  Ms. Henderson spoke with R.J. Ruble (the tax opinion writer), Bruce Lemmons and Beckett Cantley.  Mr. Lemmons was an attorney who advised Sala.  Mr. Cantley provided advice to clients regarding the transaction. Mr. Sala's declaration confirms Henderson's review of the tax opinion letter obtained by Sala in connection the shelter as well as her communications with Sala all of which predate Sala's entry into the shelter.

9.      Carlos Sala represented that he has paid Raymond Ruble $75,0000 in connection with a legal opinion for the shelter.  Mr. Ruble is a criminal defendant in *United States v. Stein*, S1 05 Cr. 888 (LAK) and has declined to provide testimony in other civil litigation connected to his shelter activity.

10.      Based upon the discovery and information obtained to date, I have a good faith belief that Ms. Henderson has information relevant to Plaintiffs' Second Motion and which may allow the United States to offer facts relevant to its defense in this case.  According to the information learned in discovery, Ms. Henderson communicated with Sala and others in connection with information and/or advice given to Mr. Sala in connection with Mr. Sala's decision to enter into the shelter transaction.

11.     The deposition of Ms. Henderson is necessary to rebut the factual allegations presented

by the plaintiff about the role of KPMG.

I declare under penalty of perjury that the foregoing is true and correct.


Executed March 12, 2007                    s/ David N. Geier
                                            DAVID N. GEIER

                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice