**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge**

Civil Action No. 05-cv-00636-LTB-OES

CAROLS E. SALA and
TINA ZANOLINI SALA,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant

_____

**Order**
_____

    Plaintiffs Carlos E. Sala and Tina Zanolini Sala (referred to herein as "Sala," since Tina Sala is a named plaintiff only because the Salas filed a joint tax return) move to strike the Second Affirmative Defense in the Amended Answer of defendant United States of America ("Government") for failure to state the Affirmative Defense of fraud with sufficient particularity. For the reasons stated below, Sala's motion is DENIED.

## I.  BACKGROUND

    The underlying dispute in this case concerns Sala's claim against the Government for a multi-million dollar refund on his 2000 federal tax return. The Government contends that Sala is not entitled to a refund because he used an illegal tax shelter. Critical to the Government's defense is that this is "a case involving fraud" under 26 U.S.C. § 6404(g)(2)(B). The Government's Amended Answer to Sala's complaint adds, among other things, the affirmative defense of fraud.

Sala now moves to strike this affirmative defense because it fails to allege fraud with the particularity required under Fed. R. Civ. P. 9(b) ("Rule 9(b)").

I have already denied Sala's motion opposing the Government's motion for leave to amend its Answer, where Sala made many of the same arguments he makes here. In the interest of thoroughness, I now address whether the Government's Second Affirmative Defense meets the pleading requirements of Rule 9(b).

## II.  DISCUSSION

Rule 9(b) states: "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." More specifically, in order to plead fraud with particularity, a complaint must "'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)). Rule 9(b)'s purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . . ." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992). "As an exception to rule eight's requirement that pleadings should be simple, concise and direct, Rule 9 is read restrictively, not expansively." *Gardner v. Investors Diversified Capital, Inc.,* 805 F. Supp. 874, 876 (D. Colo 1992). Rule 9(b) does not require pleading extensive facts. *Id.* It only requires pleading the circumstances of the fraud. *Id.*

When a claim fails to satisfy Rule 9(b), its dismissal is treated as a dismissal under Rule 12(b)(6) for failure to state a claim upon which  relief may be granted. *Ambraziunas v. Bank of*

2

*Boulder*, 846 F. Supp. 1459, 1462 (D. Colo. 1994).  As such, "I must accept all factual allegations as true and must draw all reasonable inferences in favor of the pleader." *Id.* I do not dismiss a claim under this standard "unless it appears beyond doubt that (the pleader) can prove not set of facts which would entitle him to relief." *Id.*

The Government's Second Affirmative Defense states that "this is a case involving fraud," and provides ten paragraphs alleging the fraudulent nature of Sala's actions. These include that Sala in 2000 claimed a tax loss that he "knew, should have known or acted in reckless disregard to the fact that the claimed loss was illegal," that Sala chose the particular tax scheme after learning that the Internal Revenue Service had published a notice declaring it invalid, that Sala "expressed concern to his accountants about taking action that might alert the IRS to the fact of the tax shelter loss," and that Sala procured an opinion later that contained statements about the transaction that Sala knew were not accurate.

Sala, citing *Parks v. Commissioner,* 94 T.C. 654, 664-665 (1990), contends that these allegations, even assumed true, do not constitute the types of affirmative misconduct necessary to demonstrate fraud. Sala argues that the Government has not alleged that Sala mis-stated his actual financial transactions, and has not alleged that Sala engaged in the traditional kinds of conduct that are evidence of tax fraud, such as failure to file a return, making false statements to revenue agents, keeping inadequate records, or offering inconsistent explanations of his behavior. Sala characterizes the dispute here as a disagreement as to whether the shelter he used was not clearly legal at the time, which is insufficient to make out a claim for tax fraud.

I find Sala's argument unpersuasive. Sala does not argue that the allegations in the Second Affirmative Defense are too vague to place him on notice of the alleged fraud or the

3

circumstances surrounding it, so he does not directly challenge the Government's burden under Rule 9(b). Additionally, while the Government does not assert the kind of evidence described in *Park,* the Government does allege that Sala searched for a vehicle to protect his investments from taxation, selected a vehicle he knew or should have known was illegal and then attempted to conceal this from the IRS. Sala stresses that the search for a tax shelter is not illegal. However, "What divides a tax shelter from a tax fraud is the existence of some actual economic purpose," *U.S. v. Kilpatrick,* 726 F. Supp. 789, 794 (D. Colo. 1989). Here, the Government specifically alleges that Sala's investment scheme "was without any reasonable expectation of profits." Taking these allegations cumulatively, and drawing every inference in favor of the Government, I cannot say that the Government can prove no facts that would establish tax fraud.

Sala also argues that the Second Affirmative Defense does not allege that Sala actually knew that the tax vehicle he used was illegal, only that Sala "knew, should have known or acted in reckless disregard to the fact that" his claimed loss was illegal. I am aware of no authority directly interpreting the meaning of "a case involving fraud" under Section 6404. Sala, citing *Cheek v. United States*, 498 U.S. 192, 201-202, 111 C. Ct. 604, 112 L. Ed.2d 617 (1991), contends that the Government must show that Sala was aware of his legal obligation and intentionally violated it, and that constructive knowledge or recklessness do not meet the scienter requirement of tax fraud. However, Sala is citing to the Government's burden of proof, not its pleading obligation. In *Cheek* the Court stated that "In the end, the issue is whether, based on all the evidence, the Government has proved that the defendant was aware of the duty at issue." *Id.*  This case is not yet at a stage where the Government has presented evidence. Moreover, the kinds of behavior alleged in the Amended Answer may show the requisite intent, since intent may be proven by "any

conduct, the likely effect of which would be to mislead or to conceal." *Spies v. U.S.,* 317 U.S. 492, 499, 63 S.Ct. 364, 87 L.Ed. 418 (1943). Courts may use circumstantial evidence to prove fraudulent intent "because direct proof of the taxpayer's intent is rarely available." *Parks,* 94 T.C. at 664. "To establish the requisite fraudulent intent" Courts may examine "the taxpayer's entire course of conduct." *Id.* The allegations in the Second Affirmative Defense, if proven to be true, may be sufficient to prove fraudulent intent, and so satisfy the Government's burden at this stage.

I find and conclude that the Government's Second Affirmative Defense provides Sala fair notice of the Government's claim and the factual basis underlying it; and accordingly satisfies Rule 9(b).

It is so Ordered that Sala's Motion to Strike Defendant's Second Affirmative Defense (Docket # 76) is DENIED.

**DONE and ORDERED,** this ___20th___ day of March, 2007, at Denver, Colorado.

                                                    ___s/Lewis T. Babcock___
                                                    United States District Chief Judge