# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00636-LTB-PAC

CARLOS E. SALA and
TINA ZANOLINI SALA,

      Plaintiffs,

  v.

UNITED STATES OF AMERICA,

      Defendant.

---

## PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION FOR RELIEF UNDER FED.R.CIV.P. 56(F)

---

Plaintiffs CARLOS E. SALA and TINA ZANOLINI-SALA, by and through their undersigned counsel, submit the following in response to the United States' Motion for Relief under Fed.R.Civ.P. 56(f) ("56(f) Motion").

Rather than respond on the merits to Plaintiffs' Motion for Partial Summary Judgment ("Plaintiffs' Motion"), the government requests that this Court postpone ruling on Plantiffs' Motion for an indefinite period of time pending a deposition of former KPMG employee, Tracie Henderson ("Henderson"). The government's 56(f) Motion was filed after the discovery cut-off date of November 27, 2006 and after a year and one half of voluminous discovery conducted by the government, including extensive depositions of former KPMG employees. The government's sole basis for its current request for further delay is that it did not have the opportunity to depose one former KPMG employee, Tracie Henderson.

The government's request falls short because Henderson's testimony is completely irrelevant to Plaintiffs' Motion regarding the government's assertion of accuracy related penalties as an offset.  In order for the government to show that it can assert an accuracy penalty, despite Plaintiffs' filing of an amended 2000 tax return (which would generally preclude the assessment of an accuracy penalty), it must prove that KPMG had been contacted by the IRS concerning an examination of KPMG for promoting the Deerhurst transaction before Plaintiffs' filed their amended 2000 tax return.  *See* Treas. Reg. § 1.6664-2(c)(3)(B)[1].  Henderson's testimony is irrelevant to this requirement in the Treasury Regulations, in light of the fact the government does not dispute that KPMG had not been contacted by the IRS concerning a promoter penalty examination of KPMG related to Deerhurst prior to the time the amended return was filed.

Based upon the government's response to a Request for Admission, we believe it may argue that KPMG had been contacted regarding an examination of it for promoting activities "substantially similar" to Deerhurst.[2]  As discussed in detail below, even if KPMG had been contacted by the IRS regarding the promotion of other activities which involved transactions with some similarity to Deerhurst, that does not suffice under the controlling Treasury Regulation (§ 1.6664-2(c)(3)(B)).  To preclude the amended return from eliminating the

---

[1] This provision in the Regulations reflects an amendment made on January 8, 2007.  The provision in effect prior to the amendment, § 1.6664-2(c)(3)(ii), likewise required, for the exception to come into play,  that there be notice of a promoter penalty investigation "with respect to which the taxpayer claimed any tax benefit..." at the time the taxpayer files the amended tax return.

[2] Plaintiffs' Request for Admission No.33: Admit that the IRS did not contact KPMG with respect to an examination of Deerhurst Investors General Partners, prior to the time that Plaintiffs filed an amended return in 2003.
Answer: The United States admits that the IRS did not contact KPMG with respect to an examination of Deerhurst Investors Partners prior to the time that Plaintiffs filed an amended return in 2003.  However, the United States avers that the IRS is not required to identify co-promoters in a Section 6700 examination and that the IRS did contact KPMG with respect to transactions substantially similar to the transactions at issue in this case.

assertion of an accuracy penalty in the absence of any IRS contact regarding Deerhurst would clearly contradict the Regulation. However, that issue is not now before the Court. All that is before the Court is whether the government is entitled to an indefinite delay in responding to Plaintiffs' Motion on the grounds that it needs to depose Henderson to defend the Motion.

In Plaintiffs' Opening Brief (pp. 15-17), Plaintiffs pointed out the necessity for the government to show that KPMG was contacted by the IRS concerning an examination of it (KPMG) regarding Deerhurst before the amended return was filed. In its 56(f) Motion, the government does not dispute that KPMG was not so contacted, nor that Henderson's testimony would be expected to show that there was such a contact. Instead, the government states that Henderson's testimony is critical to determine, "whether KPMG organized or assisted in the organization of Sala's 'plan or arrangement'." *U.S. Memo in Support of Relief under 56(f) at 4.* The government simply fails to acknowledge that the issue is not <u>whether</u> KPMG promoted Deerhurst, but <u>when</u>, if ever, KPMG was contacted by the IRS concerning an investigation relating to KPMG's activities, and if any, related to Deerhurst.

## I. <u>PROCEDURAL BACKGROUND</u>

In its Amended Answer, the government asserted as a defense to interest suspension: 1) this is "a case involving fraud;" and 2) the government is entitled to an accuracy-related penalty as an offset to the interest refund to which Plaintiffs would otherwise be entitled. In June 2005, Plaintiffs' filed a motion for partial summary judgment on the issue of interest suspension. The government delayed the Court's ruling of Plaintiffs' June Motion by filing its 56(f) Motion on October 3, 2005. After over one year of discovery, Plaintiffs' filed a motion for partial summary judgment on the accuracy penalty offset. The government has again sought to delay the Court's ruling on the merits as to this motion by filing another 56(f) motion.

## II. <u>ARGUMENT</u>

### A. The Government Has Not Met The Requirements Under Fed.R.Civ.P. 56(f)

The government cannot punt forever. The intent of 56(f) is not an indefinite stay, but to allow the government a *reasonable* period of time to engage in meaningful discovery in order to respond to the motion for summary judgment. The government has already been granted additional time through a previous 56(f) motion. When additional discovery is sought, such a motion must: (1) be presented in a timely manner; (2) show good cause for the failure to discover the necessary facts sooner; (3) set forth a plausible basis for believing that the necessary facts probably exist and can be learned in a reasonable time; and (4) establish that the sought facts, if found, will "influence the outcome of the pending motion for summary judgment." *Adorno v. Crowley Towing & Transp. Co.,* 443 F.3d 122, 127 (1st Cir. 2006); *see also Theisen Vending Co., Inc. v. United States*, 58 Fed. Cl. 194, 198 (2003) *citing Vivid Tech., Inc. v. Am. Science & Eng'g, Inc.,* 200 F.3d 795, 809 (Fed. Cir. 1999).

As discussed below, the government has not met the requirements of Fed.R.Civ.P. 56(f), and further delay is unwarranted.

### i. The Government Has Not Set Forth A Plausible Basis For Believing That The Necessary Facts Probably Exist And Can Be Learned In A Reasonable Time.

First, as discussed in more detail below, the facts the government states are "necessary" to obtain from Henderson are totally beside the point for purposes of Plaintiffs' Motion. Further, Henderson cannot be expected to be available to testify in a "reasonable time," and certainly not until long after the trial of this case.

Henderson's counsel recently reaffirmed her intent to refuse to provide any testimony in this matter, based on the advice of counsel to assert the Fifth Amendment. *See Declaration of*

*John M. Colvin.*  It is apparent that Ms. Henderson's Fifth Amendment assertion is based largely upon the pendency of *United States v. Stein,* Crim. No. 1:05 cr. 00888, S.D.N.Y.  The trial date in *Stein* has been continued and there is a related pending appeal before the Second Circuit which involves KPMG's refusal to pay certain of the defendant's legal fees.  Crim. No. 1:05 cr. 00888.

The trial judge in *Stein* sees no resolution of that case in the near future:

> This case has been described as the largest criminal tax case in history. The indictment contains forty-five counts.  Eighteen defendants await trial ... According to the latest account, the government has produced over 22 million pages in discovery ... No end to the document production is in sight.  In addition, the government has named 68 trial witnesses and identified 5,024 trial exhibits amounting to over 128,000 pages.  Estimates of the duration of the trial range from a low of four to a high of eight months or more.

*Stein v. KPMG,* 06-4358-cv, 2007 WL91350 at *1 (S.D.N.Y. Jan. 8, 2007) (Response to Rule 21(b)(4) *Invitation by Honorable Lewis A. Kaplan* filed in related appeal to the Second Circuit).

As this Court recognized in denying the government's Motion to Stay this case pending disposition of the *Stein* case, even if the *Stein* case is eventually tried and results in a conviction of some or all of the defendants, some or all of those defendants will undoubtedly appeal.  See Transcript of Defendant's Motion to Stay dated March 23, 2006 at 60.  Hence, Henderson's counsel's advice to her to refuse to testify on Fifth Amendment grounds will in all probability continue for years.

Justice delayed is justice denied.   As the Court stated *In re WorldCom, Inc. Securities Litigation,* 2003 WL 22953645 (S.D.N.Y. 2003):

> [I]t would be inappropriate and indeed unfair to the litigants in this civil litigation to stay these proceedings for the indefinite period of time suggested by this argument. The plaintiffs have a right to attempt to recover as soon as possible for the massive losses they are alleged to have sustained from the WorldCom debacle; the defendants have a right to know whether they will be found liable,

and to return to their lives and ongoing business operations without the interruptions and expense presented by this litigation.

Id. at * 5.

This Court, in denying the government's prior Motion to Stay, acknowledged the financial harm to the Plaintiffs resulting from delay in obtaining their interest refund: "[a]s Mr. Hallett said, it [7 percent] doesn't sound too bad to him. It sounds pretty good to me, but I'm not an astute investor. Some others would like something in the range of double digits." Transcript of Defendant's Motion to Stay dated March 23, 2006 at 61.

ii.      **The Government Has Not Shown That Henderson's Testimony, If Obtained, Would Influence The Outcome Of The Pending Motion For Partial Summary Judgment.**

Rule 56(f) may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable; the opposing party must demonstrate "how additional time will enable him to rebut movant's allegations of no genuine issue of fact." *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985), *quoting Patty Precision v. Brown & Sharpe Manufacturing Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984). The government in this case has totally failed to make that demonstration.

The government's sole basis for seeking to obtain Henderson's testimony is so that it can determine whether KPMG promoted "Sala's plan or arrangement." But whether KPMG promoted Sala's plan or arrangement is not at issue for purposes of Plaintiffs' Motion. The relevant Treasury Regulation provides that a qualified amended return must be filed before:

> The date any person is first contacted by the IRS concerning an examination of that person under section 6700 (relating to the penalty for promoting abusive tax shelters) for an activity with respect to which the taxpayer claimed any tax benefit on the return directly or indirectly through the entity, plan or arrangement described in section 6700(a)(1)(A)...

6

Treas. Reg. § 1.6664-2(c)(3)(B).

The plain language of this regulation makes it necessary, for the government to succeed, that it show KPMG was notified that it was under promoter penalty investigation "for an activity with respect to which the taxpayer claimed any tax benefits." The government does not dispute that requirement is not met here.

In its response to request for admissions, the government suggests that it may contend that although KPMG had not been contacted regarding an examination of it with respect to the promotion of Deerhurst, it had been notified that it was under examination "with respect to transactions substantially similar to the transactions at issue in this case." But the government does not contend that Henderson's testimony is being sought by it to obtain evidence regarding what activities other than Deerhurst the IRS had contacted KPMG about prior to the filing of the amended tax return. Henderson's testimony the government seeks- "whether KPMG organized or assisted in the organization of Sala's 'plan or arrangement'"- will shed no light on the issue as to whether KPMG had been contacted by the IRS on some activity other than Deerhurst. Thus, even if the government argues, in defending Plaintiffs' Motion, that contact with KPMG about "similar activities" brings the Regulation exception into play, Henderson's sought after testimony will shed no light on that issue.

In any event, the plain language of the Regulation requires contact by the IRS concerning an activity "with respect to which the taxpayer claimed any tax benefit on the return…" Treas. Reg. § 1.6664-2(c)(3)(B). There is no reason to go beyond the plain language of the Regulation. *See Gitlitz v. Commissioner*, 531 U.S. 206 (2001) (when a statute is unambiguous, its language must be followed); *Schlumberger Technology Corp. & Subsidiaries v. United States*, 55 Fed. Cl.

7

203, 211 (2003) (the court's task is to interpret the plain language of the Regulation. The court must first consider the plain language of the statute and any binding authority interpreting the language. Plaintiffs did not point to any binding authority that would require the court to depart from a plain language interpretation).

Plaintiffs claimed tax benefits with respect to Deerhurst. That was a very specific activity with a very specific set of facts. Notice to KPMG that it was under investigation for some other activities that involved a wholly different set of transactions and parties, but that may have had some similarity to Deerhurst does not satisfy the plain language of the Regulation. Despite the government's efforts to make it so, the narrow issue posed by Plaintiffs' Motion is not whether KPMG was in fact a promoter of Deerhurst, nor whether it had been contacted regarding other activities. The government is simply attempting to confuse and delay the Court's ruling based upon the undisputed facts.

### III. CONCLUSION

The government's current motion continues its efforts to delay this case. Indeed, the government indicates it will file another motion to stay. We will address that motion when and if it is filed, but suffice it to say, we firmly believe that any further delay is unwarranted and this case should proceed to trial. The government seeks to have the Court decide at trial the issue of KPMG's involvement with Deerhurst in order to resolve the interest suspension issue. Whether Plaintiffs' claimed tax loss is allowable involves significant legal issues (i.e., whether short option positions are treated as liabilities) and limited issues of fact. Permitting the government to pursue its offset allegation and factual issues irrelevant to it (i.e., KPMG's status as a promoter), will delay, complicate, and increase the cost of resolving the real and relevant issues in dispute between the parties. It is precisely in these circumstances that summary judgment is appropriate.

8

WHEREFORE, Plaintiffs respectfully request this Court enter an order of Partial Summary Judgment on the Offset Affirmative Defense raised by the Defendant and deny Defendant's request to further delay this case.  Plaintiffs further request oral argument on the government's 56(f) motion and Plaintiffs' motion for partial summary judgment.

DATED this 6th day of April, 2007.

CHICOINE & HALLETT, P.S.

s/ John M. Colvin
Darrell D. Hallett
John M. Colvin
Chicoine & Hallett, P.S.
Attorneys for the Plaintiffs Carlos E. Sala
    and Tina Zanolini-Sala
1011 Western Ave. Suite 803
Seattle WA, 98104
Telephone: (206) 223-0800
Facsimile: (206) 467-8170
Email: dhallett@chicoine-hallett.com
    jcolvin@chicoine-hallett.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2007, I electronically filed PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION FOR RELIEF UNDER FED.R.CIV.P. 56(f) AND DECLARATION OF JOHN M. COLVIN using the CM/ECF system, which will send notification to the following:

David N. Geier:          David.N.Geier@usdoj.gov

Anton. L. Janik, Jr.:    Anton.L.Janik@usdoj.gov

Philip Blondin:          Philip.Blondin@usdoj.gov

I declare under the penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

DATED this 6th day of April, 2007.

CHICOINE & HALLETT, P.S.

s/ John M. Colvin
Darrell D. Hallett
John M. Colvin
Chicoine & Hallett, P.S.
Attorneys for the Plaintiffs Carlos E. Sala
          and Tina Zanolini-Sala
1011 Western Ave. Suite 803
Seattle WA, 98104
Telephone: (206) 223-0800
Facsimile: (206) 467-8170
Email: dhallett@chicoine-hallett.com
          jcolvin@chicoine-hallett.com