IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CARLOS E. SALA and <br> TINA ZANOLINI SALA, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) 05-cv-00636-LTB-PAC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

___

UNITED STATES' REPLY IN SUPPORT OF MOTION FOR RELIEF UNDER FED. R. CIV. P. 56(f) WITH RESPECT TO PLAINTIFFS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DEFENDANT'S OFFSET DEFENSE
___

Defendant, the United States of America ("United States") hereby replies to plaintiffs' response to the United States' motion for Rule 56(f) relief in regards to plaintiffs' motion for partial summary judgment on the United States' offset defense.

## DISCUSSION

There are three issues encompassed by the parties' motions on this matter. First, whether Sala filed a qualified amended return before the Internal Revenue Service ("IRS") notified KPMG that it had extended its ongoing Section 6700 promoter examination of all KPMG shelters to include the shelter transactions identified in IRS Notice 2000-44, which includes the SOS tax shelter. Second, whether KPMG's actions arose to "organiz[ing] or assist[ing] in the organiz[ing] of" the SOS shelter Sala used. *See* 26 U.S.C. § 6700(a)(1)(A). Third, whether the United States has met the *Campbell* factors, the Tenth Circuit's test for a Rule 56(f) stay. *See Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir.

1

2002).  The first and third issues can be directly resolved in the United States' favor.  The second issue may only be resolved with Tracie Henderson's testimony.

As to the first issue, Sala did file his amended return *after* the IRS notified KPMG that it had extended its ongoing Section 6700 promoter examination of all KPMG shelters to include the shelter transactions identified in IRS Notice 2000-44, which includes the SOS tax shelter. Sala admits that he filed his amended return in November, 2003.  As the United States showed in this case a year ago, the IRS notified KPMG that it had begun a Section 6700 promoter examination of the shelter transactions identified in IRS Notice 2000-44, which includes the SOS tax shelter, in February, 2002.  *See* Declaration of Michael A. Halpert at ¶3, Docket Entry No 44. at Exhibit OO (filed December 13, 2005).  KPMG admits that Sala's tax shelter falls within the IRS's Section 6700 examination, and produced responsive documents regarding Sala's SOS transaction during that Section 6700 promoter examination.  *See* November 17, 2006 Letter from KPMG counsel Joseph Barloon to plaintiffs' counsel John Colvin at p.4 ¶¶8,10, filed as Exhibit B to Declaration of Anton L. Janik, Jr. in support of Renewed Motion for Stay; *see also* Declaration of Michael A. Halpert at ¶6.  Accordingly, Sala's November 2003 filing of an amended return was well *after* KPMG was notified that the IRS had extended its ongoing Section 6700 promoter examination of all KPMG shelters to include the shelter transactions

identified in IRS Notice 2000-44, which includes the SOS tax shelter.[1]

As to the second issue, we know that the IRS was examining KPMG as to its SOS shelter activities. We know that this is an SOS shelter which KPMG believed fell within the IRS's Section 6700 audit. What we don't know is exactly what role Henderson took with regard to this SOS shelter and whether or not that activity arose to "organiz[ing] or assist[ing] in the organiz[ing] of" the SOS shelter Sala used. *See* 26 U.S.C. § 6700(a)(1)(A). We know from the correspondence referenced in the United States' Motion for Rule 56(f) relief that KPMG's role was at least an advisory one. However, KPMG's draft bills imply a larger role. On their draft bills, they show a total charge of $25,000, but that the actual preparation of the tax return cost only $6,228. *See* Exhibit A to Declaration of Anton L. Janik, Jr. in Support of Motion for 56(f) Relief. Certainly, we would like to know what that remaining $18,772 was charged for.

As we have discussed in several motions before this Court, Tracie Henderson was heavily involved in Sala's entry into this shelter, at minimum finding and/or providing lawyers, advisors, and other assistance to Sala. Henderson's own billing records show that she reviewed the transaction closely, including Raymond J. Ruble's 112-page legal opinion. *See, e.g*. KPMG Billing Records, Docket Entry No. 44 at Exhibit P. They also reflect that Henderson found other attorneys and advisors for Sala to talk to about this transaction, before Sala entered it. *Id*.

---

[1] Plaintiff argues that the United States admits that "KPMG had not been contacted by the IRS concerning a promoter penalty examination of KPMG related to Deerhurst prior to the time the amended return was filed." Response at 2. That is hardly the case. What Sala asked the United States to admit was "that the IRS did not contact KPMG with respect to an examination of Deerhurst Investors General Partners [*sic*], prior to the time that Plaintiffs filed an amended return in 2003." That statement is true. The examination was not *of* Deerhurst Investors General "Partners," or even as it is actually called, the Deerhurst Investors General Partner*ship*. KPMG was contacted with respect to an examination of *KPMG's* shelter activity, which as it turned out happened to include an SOS shelter that involved Deerhurst Investors General Partnership.

3

Henderson's email shows that she was a conduit for information between Sala, Nemirow (Sala's own tax counsel), and Raymond J. Ruble while Ruble was writing the tax opinion.  *See* April 12, 2001 Email, Exhibit B to Declaration of Anton L. Janik, Jr. in Support of Motion for 56(f) Relief.  None of the other KPMG deponents have been able to speak to KPMG's role during this time.  The United States needs Henderson's deposition to help determine whether the "advising" and other activity that Henderson and/or KPMG engaged in arises to "assisting in the organization of … any other plan or arrangement."  26 U.S.C. § 6700(a)(1)(A).  Accordingly, obtaining testimony from Henderson should enable the United States to rebut plaintiffs' allegations that no genuine issue of material fact exists.

As to the third issue, the United States has already spent a great deal of time showing that it meets the *Campbell* test.  However, plaintiffs' response to that argument requires some discussion.  Plaintiffs misstate what factors this Court must consider when granting Rule 56(f) relief.  While the United States has set forth the controlling Tenth Circuit *Campbell* test, plaintiffs instead set forth the *Adorno* test.  *See Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 127 (1st Cir. 2006).  The *Adorno* test is the First Circuit's test, and it applies different

4

factors than the *Campbell* test.[2]  Accordingly there is no reason to apply *Adorno* here.

Meeting its obligations under the controlling *Campbell* test, the United States has shown through its motion and reply that its request for Rule 56(f) relief was authoritative and timely, explains why facts precluding summary judgment cannot be presented at this time, identifies the probable facts not available and what steps have been taken to obtain these facts, and explains how additional steps will enable the United States to rebut the allegations of no genuine issue of material fact.

---

[2]  Before setting out its own 5-point test, the First Circuit notes that it does not require "slavish adherence to Rule 56(f)."  *Adorno*, 443 F.3d at 127.  (And we note that the First Circuit case that *Adorno* relies upon for its statement of the test does set forth that "[c]onsistent with the salutary purposes underlying Rule 56(f), district courts should construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter." *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1203 (1st. Cir. 1994)).  One of the First Circuit factors requires a showing that the facts can be learned in a "reasonable" timeframe.  While that factor is not part of the Tenth Circuit's test—the United States seeks Henderson's testimony in a reasonable timeframe: after the *Stein* trial has concluded.  That trial is scheduled to begin September 15, 2007, barely two months after *Sala* is scheduled for trial.  Once *Stein* has concluded, the landscape of the criminal investigation and the status of individuals will likely change, and based upon a variety of possible scenarios post-verdict, Henderson may no longer invoke the Fifth Amendment.

5

## CONCLUSION

WHEREFORE, the United States prays that its motion be allowed and that the Court continue proceedings with respect to the motion until after the United States is able to depose Tracie Henderson.

Dated this 16th day of April, 2007.                TROY A. EID
                                                                                  United States Attorney
                                                                                   MARK S. PESTAL
                                                                                   Asst. U.S. Attorney

                                                                                  s/ Anton L. Janik, Jr.
                                                                                   DAVID N. GEIER
                                                                                   ANTON L. JANIK, JR. CO #35164
                                                                                  AMY T. MATCHISON
                                                                                  Trial Attorneys, Tax Division
                                                                                  U.S. Department of Justice
                                                                                  P.O. Box 683
                                                                                  Ben Franklin Station
                                                                                  Washington, D.C. 20044-0683
                                                                                  Telephone: (202) 616-3448
                                                                                  Facsimile:   (202) 307-0054
                                                                                  Email: Anton.L.Janik@usdoj.gov

              Street Address:                Judiciary Center Building
                                                                                   555 Fourth Street, N.W.
                                                                                  Washington, D.C. 20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

     I hereby certify that on April 16, 2007, I electronically filed the foregoing United States' Response to Plaintiffs' Motion to Strike with the Clerk of Court using the EFC system which will send notification of such filing to the following e-mail addresses:

dhallett@chicoine-hallett.com
jcolvin@chicoine-hallett.com
david.n.geier@usdoj.gov
anton.l.janik@usdoj.gov
amy.t.matchison@usdoj.gov

                                s/ Anton L. Janik, Jr.
                                ANTON L. JANIK, JR.
                                U.S. Department of Justice
                                Tax Division