# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                 S1 05 Crim. 0888 (LAK)

JEFFREY STEIN, et al.,

        Defendants.
------------------------------------------x

**MEMORANDUM AND ORDER**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/07
```

LEWIS A. KAPLAN, *District Judge.*

        Defendant Gregg Ritchie, joined by most defendants,[1] moves again for severance pursuant to Federal Rule of Criminal Procedure 14 and *United States v. Casamento.*[2] Defendants argue that severance now is warranted because the government's estimate of the duration of its case-in-chief, previously three months, now is four months or more. They note also that the number of government witnesses and exhibits has grown. The government opposed defendants' first motion for severance and filed an opposition to this renewed motion. The new lead prosecutor, however, stated his belief at oral argument that a "single trial of 18 defendants . . . is [not] the best way to try the case."[3]

---

[1] Only Makov and Ruble did not join Ritchie's motion. The Court denied Makov's individual motion for severance. *United States v. Stein*, 2006 WL 3164781 (S.D.N.Y. Oct. 31, 2006).

[2] 887 F.2d 1141 (2d Cir. 1989). Defendants' prior severance motions were denied. *United States v. Stein*, 428 F. Supp. 2d 138 (S.D.N.Y. 2006).

[3] Tr. (10/3/06) 48.

2

The parties have presented several proposals. The government urges severance organized by level of involvement in the alleged tax shelters – one trial for "less senior" players ("Govt. A") and one for "upper echelon leaders" ("Govt. B"). Most defendants support a severance based on type of involvement, trying defendants involved in the approval of the alleged shelters ("Defs. A") separately from those involved in sales ("Defs. B").[4] Each party argues that its respective proposal is the most fair, efficient, or both.

None of these proposals appears to be efficient. The government estimates that its case-in-chief would take four months, or approximately 17 weeks, if all defendants were together.[5] It estimates that it would take 16 weeks to present its case in Govt. A and 13 weeks in Govt. B.[6] Similarly, it estimates that its case would take 14 weeks in Defs. A and 13 weeks in Defs. B.[7] These estimates are supported by the fact that the number of government witnesses and exhibits for each of these trials would be fairly similar.[8]

Thus, any severance would result in approximately twice the trial time for the Court and the government. Additional trials of individual defendants alone, sought by certain defendants, would only multiply this burden.

---

[4] There are some disagreements among the defendants as to who belongs in each group. Certain defendants seek first an individual trial and support severance based on type of involvement only in the alternative.

[5] Gov't Mem. 5.

[6] Ltr. from John M. Hillebrecht (Nov. 29, 2006) at 4.

[7] *Id.* at 5.

[8] *Id* at 2.

3

The Court's conclusion in its denial of the previous severance motions is still applicable:

> "Separate trials would not result in significant time savings for defendants or jurors and would increase radically the burden on the Court and the prosecution. The interest of the public in consistent outcomes also supports a joint trial."[9]

Potential advantages of severance for some defendants do not outweigh these considerations.

For the foregoing reasons, defendants' motions for severance [docket items 694, 697, 698, 706, 715, 716, 719, 720, 721, 722, 725, 726, 727, 728, 740] are denied.

SO ORDERED.

Dated:     April 23, 2007

Lewis A. Kaplan
United States District Judge

---

[9] *United States v. Stein*, 428 F. Supp. 2d at 145-46.