# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| KLAMATH STRATEGIC INVESTMENT FUND, LLC, § § § § v. § § § § UNITED STATES OF AMERICA § | CIVIL ACTION NO. 5:04-CV-278 (consolidated with Civil Action No. 5:04-CV-279) |

## MEMORANDUM OPINION AND ORDER

Before the Court are the United States' Motion to Reconsider and Vacate Summary Judgment Decision (#217) and the United States' Motion for Partial Reconsideration of Trial Decision with Respect to Partnership Operational Expenses (#216). The Court has carefully considered the parties' written submissions and DENIES the motions as set forth below.

**I.    Background**

The Court issued a partial summary judgment decision in this case on July 20, 2006 (Dkt. #99). In that decision, this Court concluded that a "liability" under Section 752 does not include an obligation that is contingent and that the retroactivity of Treasury Regulation § 1.752 was ineffective as to these plaintiffs. The Court proceeded to conduct a bench trial on October 16, 2006 and issued its findings of fact and conclusions of law on January 31, 2007 (Dkt. #212). The government now requests that this Court vacate the partial summary judgment decision and to reconsider that portion of the trial decision related to the partnerships' operational expenses.

**II.    Partial Summary Judgment Decision**

The government contends that, based on this Court's recent trial decision, this Court's partial summary decision was effectively rendered moot because it was premised on a factual assumption

that is no longer valid, i.e., the validity of the loan transactions. The plaintiffs, on the other hand, argue that the partial summary judgment was not rendered moot because it was necessary to the Court's decision on penalties. The plaintiffs also argue that, although this Court found the loans to lack economic substance, the loans still existed and, therefore, the partial summary judgment decision was not premised on invalid factual assumptions.

The Court has considered these positions and concludes that the plaintiffs have the better argument. The government's motion to reconsider and vacate this Court's partial summary judgment decision is DENIED.

### III.   Operational Expenses

The Court now turns to the plaintiffs' deduction of operational expenses. The government disputes that there was an "apparent agreement [between the parties] that plaintiffs are entitled to deduct operational expenses." In the final partnership administrative adjustments, or FPAAs, that gave rise to this cause of action, the government took the position that it could tax the income, but the taxpayers could not claim a deduction for the operating expenses related to the generation of that income. The government now concedes that it will not tax the income if the deduction for the operating expenses is disallowed. The government, however, refuses to concede that any deduction for operational expenses should be allowed. The government supports its position with essentially two arguments - 1) No deduction can be taken for expenses related to a sham transaction, and 2) Presidio, as the managing partner, did not have the requisite profit motive.

#### A.   Expenses Related to a Sham Transaction

According to the government, expenses incurred in connection with a transaction that lacks economic substance are not deductible. *See Salley v. Commissioner*, 155 F.2d 479, 483 (5th Cir.

2

1972); *Kirchman v. Commissioner*, 862 F.2d 1486, 1490 (11th Cir. 1989); *Lerman v. Commissioner*, 939 F.2d 44, 45 (3d Cir. 1991). The government contends that the fees associated with a loan can only be deducted if the underlying debt is determined to be genuine. *See Knetsch v. United States*, 364 U.S. 361, 365-66 (1960); *Agro Science Co. v. Commissioner*, 934 F.2d 573, 575 (5th Cir. 1991). The plaintiffs, however, contend that courts have allowed taxpayers to deduct the costs incurred from the sham transactions. *See, e.g., ACM Partnership v. Commissioner*, 157 F.3d 231, 260-63 (3d Cir. 1998); *Rice's Toyota World, Inc. v. Commissioner*, 752 F.2d 89, 95-96 (4th Cir. 1985); *Fabreeka Products Co. v. Commissioner*, 34 T.C. 290, 300 (1960) *rev'd on other grounds*, 294 F.2d 876 (1st Cir. 1961).

The Court agrees with the plaintiffs. In two of the cases cited by the government, the courts disallowed deductions related to losses generated from option-straddle transactions. *Kirchman*, 862 F.2d at 1488; *Lerman*, 939 F.2d at 44. The courts disallowed the deduction for those losses because they were generated as part of the sham transactions, i.e., losses generated in the first year equaled the gain realized in the second year. *Kirchman*, 862 F.2d at 1489-90; *Lerman*, 939 F.2d at 55. The government also cites to *Agro Science* and *Knetsch* for the proposition that expenses associated with an illusory debt cannot be deducted. *Agro Science*, 934 F.2d at 575; *Knetsch*, 364 U.S. at 365-66. Similar to *Kirchman* and *Lerman*, these two cases involved disallowed deductions for artificially created losses. In *Agro Science*, the taxpayers entered into a debt transaction that they never planned to repay. 934 F.2d at 575. *Knetsch* involved taxpayers that paid out interest in an amount that was later returned to them in a different transaction. 364 U.S. at 365-66.

The facts of this case are different from the cases cited by the government. The operating expenses were real economic losses and were never going to be recovered as a part of the loan

3

transactions that lacked economic substance. When the taxpayers executed these loan transactions, they expected to repay them in full and the taxpayers planned to use those loan proceeds for the purpose of making a profit.

Furthermore, a court "may not ignore transactions that have economic substance even if the motive for the transaction is to avoid taxes." *Rice's Toyota World*, 752 F.2d at 96. "Even where a transaction is not intended to serve business purposes, it may give rise to a deduction to the extent that it has objective economic substance apart from tax benefits." *ACM Partnership*, 157 F.3d at 262. The plaintiffs in this case incurred actual economic losses which are separable from the tax benefits of the premium loan transactions. Some of these economic losses involve the fees paid to Presidio as part of the investment plan, the losses from the foreign currency transactions, and the interest expenses from the loan. Although these losses relate to the premium loan transactions, they were real and are separable from the tax benefits associated with those loans.

### B. Partners' Primary Motive

The government argues that it is the partnership's primary motive, rather than the individual partners' profit motives, that governs the deductibility of expenses. *Agro Science*, 934 F.2d at 576. According to the government, the primary motive should be based on partnerships' manager, Presidio Growth.

The plaintiffs, on the other hand, point out that these expenses were actually paid by Mr. Harold Nix ("Nix") and Mr. Cary Patterson ("Patterson"), through their single-member limited liability companies, Rogue Ventures, LLC ("Rogue") and St. Croix Ventures, LLC ("St. Croix"), respectively. The plaintiffs also point out that Rogue and St. Croix were the actual borrowers of the loans at issue in this case. Therefore, according to the plaintiffs, the profit motives of Nix and

4

Patterson cannot be ignored.

The Court agrees with the plaintiffs. It is those expenses paid by Nix and Patterson, and filed on their tax returns, that are at issue here. Their profit motives, therefore, need to be considered. In its Memorandum Opinion, this Court found that Nix and Patterson entered into these transactions for the purposes of making a profit. (Mem. Op. at 27). Accordingly, the expenses that they incurred as a result of entering into the transactions should be deductible.

### C.     Conclusion

The plaintiffs are allowed to deduct the operational and interest expenses associated with the loan and foreign currency exchange transactions. Accordingly, the government's motion for partial reconsideration of trial decision with respect to partnership operational expenses is DENIED.

### IV.    Conclusion

The government's motion to vacate this Court's partial summary judgment decision and motion for partial reconsideration of trial decision with respect to partnership operational expenses are DENIED. In accordance with this Court's previous order, the parties are directed to confer and submit a proposed form of judgment within ten (10) days of this order.

SIGNED this 3rd day of April, 2007.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE