IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CARLOS E. SALA and<br>TINA ZANOLINI SALA, | ) |
| | ) |
| | )   05-cv-00636-LTB-PAC |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

_____

UNITED STATES' REPLY IN SUPPORT OF RENEWED MOTION FOR STAY

_____

Defendant, the United States of America ("United States") hereby replies in support of its

Renewed Motion for Stay (Docket Entry No. 147) pending the resolution of the criminal case

*United States v. Stein, et al.* (No. S1 05 Cr. 888), currently set for trial September 15, 2007 in the

Southern District of New York.

## INTRODUCTION

The United States originally approached this Court seeking a stay upon several grounds,

including its determination that it needed discovery from several persons either indicted in the

*Stein* case or asserting their Fifth Amendment rights to decline to testify.  *See* attached Exhibit A,

Party and Witness Communications, provided to the Court at the March 23, 2006 hearing on the

United States' [First] Motion for Stay.  While the United States still believes that relevant,

noncumulative testimony may be obtained from several of the indicted persons in the *Stein* case,

in its Renewed Motion for Stay the United States narrowed its request for stay to obtain the

testimony of only two individuals, Traci Henderson and Raymond J. Ruble, whose testimony the

United States believes is relevant and necessary to its defense in this important and precedential

tax shelter case.  The United States had also moved for a stay so that it could obtain

impeachment information in the possession of the United States Attorney for the Southern

District of New York; material that if helpful to this case will not be released until the *Stein* trial

concludes.  *See* Docket Entry No. 44 at Exhibit B, Declaration of Shirah Neiman at ¶¶4,6.

 In their Rule 26(a) disclosures, plaintiffs identified both Henderson and Ruble as

witnesses possessing relevant information, stating that Henderson could speak to "steps taken by

Plaintiffs in their review of the Deerhurst transaction, the review and analysis of the investment

opportunity offered by Deerhurst and the tax consequences of the transaction by KPMG in

connection with the preparation of the tax return." *See* Plaintiffs' Rule 26(a) Disclosures, Docket

Entry No. 148, at Exhibit C, ¶10.  Plaintiffs note that Ruble has relevant information regarding

"his review and analysis of the investment opportunity offered by Deerhurst Management and

the tax consequences of the transaction." *Id*. at ¶7.

 Plaintiffs oppose the United States' Renewed Motion for Stay upon four grounds.  First,

plaintiffs argue that there is no indication that Henderson will cease to invoke her Fifth

Amendment rights after the conclusion of the *Stein* trial.  Second, plaintiffs argue that if he is

convicted, Ruble would retain his Fifth Amendment rights pending sentencing and appeal.

Third, plaintiffs argue that the United States request is untimely.  Fourth, plaintiffs argue that the

evidence would be cumulative.  The first and second arguments were fully discussed in the

United States renewed motion to stay and will not be restated here.  The third argument is in

conflict with this Court's stated views at the hearing on the motion for stay.  Plaintiffs' fourth

argument lacks any foundation.  Because plaintiffs' arguments in opposition may be readily disposed of, this Court should grant the United States' motion for stay.

## DISCUSSION

One of the central issues in this case is plaintiffs' motive and intent.  To uncover plaintiff Carlos Sala's intent, the United States is seeking the testimony of both his confidant, former KPMG employee Traci Henderson, and of tax opinion writer and former Brown & Wood LLP partner Raymond J. Ruble.  In late 2005 the United States became aware that Henderson and Ruble would invoke their Fifth Amendment rights if compelled to testify.  *See* Renewed Motion for Stay at p.5 n.3.  Accordingly, in early 2006 the United States sought to stay the proceedings in this case pending the outcome of the *Stein* trial.

At the March 23, 2006 hearing on the United States' Motion for Stay, this Court directed the United States to take the depositions of all witnesses not under indictment in the *Stein* case, or expected to invoke their Fifth Amendment rights.  The United States did so, and as detailed in its renewed motion for stay, structured its discovery to elicit testimony it could use in lieu of the testimony which it expected would be obtained from Henderson and Ruble.  The United States was unsuccessful in that endeavor, either because the people deposed were material participants in the tax shelter, or pleaded complete ignorance to the existence of the tax shelter.  *See* United States' Renewed Motion for Stay at pp. 3, 8-9, and references cited therein.  After the conclusion of this discovery, the United States came back to this Court renewing its request for stay upon the grounds that the depositions of Henderson and Ruble were necessary.

The United States' renewed motion is not unexpected.  At the March 23, 2006 hearing on the United States' [First] Motion for Stay, this Court recognized that its "scheduling order is not

set in concrete, certainly," and noted that the Court "can anticipate that there may be follow up depositions."  *See* Hearing Transcript, Docket Entry No. 141 at p.28, ll.4-5 and p.59, ll.2-3.[1] Moreover, in its ensuing Order, the Court explicitly noted that its scheduling order is "subject to reconsideration for good cause."  Docket Entry No. 82 at ¶5; *see also* Fed. R. Civ. P. 16(b).   The United States' Renewed Motion for Stay sets forth what the United States believes is that good cause.

As to plaintiffs fourth argument, the sought discovery would not be cumulative.  As noted in the United States' Renewed Motion, it has taken the deposition of KPMG, Deerhurst and MultiNational Strategies employees with the hope that they could provide an alternative source for this discovery.  The United States was unsuccessful in that endeavor, either because the people deposed were material participants in the tax shelter, or pleaded complete ignorance of the existence of the tax shelter.  *See* United States' Renewed Motion for Stay at pp. 3, 8-9, and references cited therein.  To the extent that plaintiffs are aware of what Henderson and Ruble will testify to at trial, plaintiffs have not shared that knowledge with undersigned counsel.  The United States moves this Court for a stay in order to have the opportunity to access information which the United States believes may be both central and essential to its defense of this case.

---

[1]     The United States obtained these citations from the realtime unedited version of the transcript, so the noted pin citations may differ from the finalized version held at the Clerk's Office.

**CONCLUSION**

For the foregoing reasons, the United States renews its motion for stay pending resolution of the criminal case *United States v. Stein, et al*.  The United States respectfully requests that this Court grant the motion.

Dated this 11th day of May, 2007.        TROY A. EID
United State Attorney
MARK S. PESTAL
Asst. U.S. Attorney

<u>s/ Anton L. Janik, Jr.  </u>
DAVID N. GEIER
ANTON L. JANIK, JR. CO #35164
AMY T. MATCHISON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:  (202) 305-2558
Facsimile:   (202) 307-0054
Email: Anton.L.Janik@usdoj.gov

Street Address:        Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on May 11, 2007, I electronically filed the foregoing United States'
Reply in Support of Renewed Motion for Stay with the Clerk of  Court using the EFC system
which will send notification of such filing to the following e-mail addresses:

dhallett@chicoine-hallett.com
jcolvin@chicoine-hallett.com
david.n.geier@usdoj.gov
anton.l.janik@usdoj.gov
amy.t.matchison@usdoj.gov

s/ Anton L. Janik, Jr.
ANTON L. JANIK, JR.
U.S. Department of Justice
Tax Division