IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CARLOS E. SALA and<br>TINA ZANOLINI SALA,<br><br>           Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | )<br>)<br>)  05-cv-00636-LTB-OES<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

SECOND DECLARATION OF INTERNAL REVENUE SERVICE
TAX SHELTER PROMOTER COMPLIANCE SPECIALIST
MICHAEL A. HALPERT

I, Michael A. Halpert, declare and state on personal knowledge as follows:

1.     I am a Tax Shelter Promoter Compliance Specialist with the Internal Revenue Service ("IRS") in Washington, D.C.

2.     I am responsible for overseeing tax shelter examinations ("examinations") conducted pursuant to Sections 6700, 6701, 6707, 6708, and 7408 of the Internal Revenue Code (26 U.S.C.). These examinations are conducted to determine in part whether or not individuals or entities have complied with these statutory provisions and the applicable Treasury Regulations, and to determine whether or not penalties should be assessed for the failure to comply.

3.     In September 2001, I became the Team Coordinator of the KPMG tax shelter examination and began supervising a team of agents conducting this examination. By letter dated October 17, 2001, the IRS provided formal notice to KPMG that the IRS was commencing a tax shelter examination. At that time, the scope of the examination was to determine KPMG's

1

role, if any, in the Offshore Portfolio Investment Strategy ("OPIS"), a transaction described in IRS Notice 2001-45, and to obtain information from KPMG about OPIS transactions. The October 17, 2001, letter stated the examination was being conducted pursuant to Sections 6700, 6701, 6707, 6708, and 7408 of the Internal Revenue Code.

4. On February 5, 2002 the IRS provided formal notice to KPMG that the IRS was expanding the scope of its examination to determine KPMG's liability with regard to all tax shelter activities from January 1, 1994 to the present. A true and accurate copy of a February 5, 2002, letter to KPMG providing notice is annexed hereto as Exhibit A-1.

5. On March 19, 2002, and in furtherance of its Section 6700, 6701, 6707, 6708, and 7408 examination of KPMG, the IRS served KPMG with 21 administrative summonses.

6. Two of the March 19, 2002 summonses served on KPMG requested information about shelter transactions described in IRS Notice 2000-44, 2002-2 C.B. 255, and Section 6111(c) of the Internal Revenue Code, respectively. Annexed hereto as Exhibits A-2 and A-3 are true and accurate copies of the two administrative summonses referred to in this paragraph.

7. KPMG did not produce any documents or lists of any clients for any "SOS" shelter transactions in response to the tax shelter examination and the administrative summonses served in furtherance of that examination, until August and September 2003. In June 2004, KPMG provided me with a list of clients, including Carlos Sala, who participated in "SOS" tax shelter transactions. "SOS" is a designation given by KPMG to one of the two tax shelter transactions described in IRS Notice 2000-44. At that time, KPMG did not produce any other information about Carlos Sala's "SOS" shelter transaction (referred to in this litigation as Deerhurst) or KPMG's role in connection with that shelter transaction.

3

8. Prior to June 2004, neither I nor my promoter team was aware of Carlos Sala's SOS tax shelter transaction.

9. In September 2005, and in response to the IRS summonses mentioned above and my inquiry to KPMG about Carlos Sala in connection with this litigation, KPMG produced information about Mr. Sala's SOS shelter transaction that is at issue in this litigation.

10. Carlos Sala's SOS shelter transaction is within the scope of the IRS's examination of KPMG.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 19, 2007 in Lake Mary, Florida.

   /s Michael A. Halpert
MICHAEL A. HALPERT
Internal Revenue Service