

# Summons

In the matter of _____ the liability of KPMG LLP for IRC sections 6700, 6701, 6707, and 6708 penalties.

Internal Revenue Service (Division): _____ LMSB

Industry/Area (name or number): _____ Financial Services/ Territory 1130

Periods: _____ January 1, 1998 to the Present

## The Commissioner of Internal Revenue

To: _____ KPMG LLP

At: _____ 2001 M Street, N.W., Washington, D.C. 20036

You are hereby summoned and required to appear before _____ Revenue Agent Michael A. Halpert, ID 52-07253
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See ATTACHMENT 1 to SUMMONS for INSTRUCTIONS.

See ATTACHMENT 2 to SUMMONS for DEFINITIONS.

See ATTACHMENT 3 to SUMMONS for DOCUMENTS TO BE PRODUCED.

See ATTACHMENT 4 to SUMMONS for TESTIMONY REQUIRED.

**Do not write in this space**

**DEFENDANT'S EXHIBIT A-3**

**Business address and telephone number of IRS officer before whom you are to appear:**
500 North Capitol Street, N.W., Suite 2831, Washington, D.C. 20221  (202) 874-0068

**Place and time for appearance at** 500 North Capitol Street, N.W., Suite 2831, Washington, D.C. 20221

# IRS

Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the _____ 18th _____ day of _____ April _____ 2002 _(year)_ at _____ 10:00 _____ o'clock _____ a _____ m.

Issued under authority of the Internal Revenue Code this _____ 19th _____ day of _____ March _____ 2002 _(year)_

_____
Signature of issuing officer

Revenue Agent
Title

_____
Signature of approving officer _(if applicable)_

Team Manager
Title

**Original —** to be kept by IRS



# Service of Summons, Notice and Recordkeeper Certificates

**(Pursuant to section 7603, Internal Revenue Code)**

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| March 19, 2002 | |

**How Summons Was Served**

1. ☒ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____

| Signature | Title |
|---|---|
| | Revenue Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____  Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|---|---|
| | |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| | |

Form **2039** (Rev. 12-2001)



# Summons

In the matter of _____ the liability of KPMG LLP for IRC sections 6700, 6701, 6707, and 6708 penalties.

Internal Revenue Service (Division): _____ LMSB

Industry/Area (name or number): _____ Financial Services/ Territory 1130

Periods: _____ January 1, 1998 to the Present

## The Commissioner of Internal Revenue

To: _____ KPMG LLP

At: _____ 2001 M Street, N.W., Washington, D.C. 20036

You are hereby summoned and required to appear before   Revenue Agent Michael A. Halpert, ID 52-07253
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See ATTACHMENT 1 to SUMMONS for INSTRUCTIONS.

See ATTACHMENT 2 to SUMMONS for DEFINITIONS.

See ATTACHMENT 3 to SUMMONS for DOCUMENTS TO BE PRODUCED.

See ATTACHMENT 4 to SUMMONS for TESTIMONY REQUIRED.

## Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_____          Revenue Agent
Signature of IRS officer serving the summons          Title

**Business address and telephone number of IRS officer before whom you are to appear:**

500 North Capitol Street, N.W., Suite 2831, Washington, D.C. 20221  (202) 874-0068

**Place and time for appearance at**  500 North Capitol Street, N.W., Suite 2831, Washington, D.C. 20221

# IRS

Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev.12-2001)
Catalog Number 21405J

on the ___18th___ day of ___April___ ___2002___ at ___10:00___ o'clock ___a___ m.
_(year)_

Issued under authority of the Internal Revenue Code this ___19th___ day of ___March___ . ___2002___
_(year)_

_____          Revenue Agent
Signature of issuing officer          Title

_____          Team Manager
Signature of approving officer _(if applicable)_          Title

**Part A** - to be given to person summoned

# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

    (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

    (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

    (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -

    (1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

    (2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

    (3) Exceptions. - This subsection shall not apply-

      (A) to any contact which the taxpayer has authorized,

      (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

      (C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-

    (1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

    (2) Justice Department referral in effect. - For purposes of this subsection-

      (A) In general. - A Justice Department referral is in effect with respect to any person if-

        (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

        (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

      (B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-

        (i) the Attorney General notifies the Secretary, in writing, that -

          (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

          (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

          (III) he will discontinue such a grand jury investigation.

        (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

        (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

    (3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

---

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms; sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

\* \* \* \* \*

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty.

(b) Service by mail to third-party recordkeepers. -

    (1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

    (2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -

      (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

      (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

      (C) Any person extending credit through the use of credit cards or similar devices;

      (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

      (E) any attorney;

      (F) any accountant;

      (G) any barter exchange (as defined in section 6045(c)(3));

      (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

      (I) any enrolled agent; and

      (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of Distinct Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States distinct court for the distinct in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner' for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner' to hear the application, and, satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner' shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

\* \* \* \* \*

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

---

'Or United States magistrate, pursuant to P.L. 90-578.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The secretary shall by regulations establish the rates and conditions under which payment may be made of -

    (1) fees and mileage to persons who are summoned to appear before the Secretary, and

    (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment shall be made under paragraph (2) of subsection (a) if -

    (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, o

    (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

# Notice to Third Party Recipient of IRS Summons

As a third-party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce, or transport records in order to comply with a summons.

This payment is made only at the rates established by the Internal Revenue Service to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates and the taxpayer's officer, employee, agent, accountant, or attorney are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

The rate for search costs is $8.50 an hour or fraction of an hour and is limited to the total amount of personnel time spent in locating and retrieving documents or information requested by the summons. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for managerial or legal advice, expertise, research, or time spent for any of these activities. If itemized separately, search costs may include the actual costs of extracting information stored by computer in the format in which it is normally produced, based on computer time and necessary supplies; however, personnel time for computer search may be paid for only at the Internal Revenue Service rate specified above.

The rate for reproduction costs for making copies or duplicates of summoned documents, transcripts, and other similar material is 20 cents for each page. Photographs, films, and other material are reimbursed at cost.

The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination.

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness fees and mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately on the itemized bill or invoice as explained below.

## Instructions for requesting payment

After the summons is served, your should keep an accurate record of personnel search time, computer costs, number of reproductions made, and transportation costs. Upon satisfactory compliance, you may submit an itemized bill or invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail to the address furnished by the Internal Revenue Service officer. Please write on the itemized bill or invoice the name of the taxpayer to whose liability the summons relates.

If you wish, Form 6863, Invoice and Authorization for Payment of Administrative Summons Expenses, may be used to request payment for search, reproduction, and transportation costs. Standard Form 1157, Claims for Witness Attendance Fees, Travel, and Miscellaneous Expenses, may be used to request payment for authorized witness fees and mileage fees. These forms are available from the Internal Revenue Service officer who issued the summons.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear.

Anyone submitting false claims for payment is subject to possible criminal prosecution.



**IRS**

Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev.12-2001)
Catalog Number 21405J

**Part B** — to be given to person summoned

**Sec. 7609. Special procedures for third-party summons**

(a) Notice–

(1) In general. – If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash. –

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash. -

(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. –

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.

(2) Exceptions. - This section shall not apply to any summons

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identify of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of–

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).

(E) - (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)), or

(F) described in subsection (f) or (g).

(3) Records. - For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records. - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made –

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations. –

(1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. - In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to an person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period–

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons. -
Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that –

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses. -
A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying or production of records.

(h) Jurisdiction of district court; etc. -

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g) - The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. -

(1) Recordkeeper must assemble records and be prepared to produce records- On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records of testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitation has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. -
Nothing in this section shall be construed to limit the Secretary's ability to obtain information other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

Form **2039** (Rev.12-2001)



# Summons

| | |
|---|---|
| In the matter of | the liability of KPMG LLP for IRC sections 6700, 6701, 6707, and 6708 penalties. |
| Internal Revenue Service (Division): | LMSB |
| Industry/Area (name or number): | Financial Services/ Territory 1130 |
| Periods: | January 1, 1998 to the Present |

## The Commissioner of Internal Revenue

**To:** KPMG LLP

**At:** 2001 M Street, N.W., Washington, D.C. 20036

You are hereby summoned and required to appear before Revenue Agent Michael A. Halpert, ID 52-07253 an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See ATTACHMENT 1 to SUMMONS for INSTRUCTIONS.

See ATTACHMENT 2 to SUMMONS for DEFINITIONS.

See ATTACHMENT 3 to SUMMONS for DOCUMENTS TO BE PRODUCED.

See ATTACHMENT 4 to SUMMONS for TESTIMONY REQUIRED.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

500 North Capitol Street, N.W., Suite 2831, Washington, D.C. 20221  (202) 874-0068

**Place and time for appearance at** 500 North Capitol Street, N.W., Suite 2831, Washington, D.C. 20221

**IRS**

Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev.12-2001)
Catalog Number 21405J

on the __18th__ day of __April__ __2002__ at __10:00__ o'clock __a__ m.
*(year)*

Issued under authority of the Internal Revenue Code this __19th__ day of __March__ , __2002__
*(year)*

_____     Revenue Agent
Signature of issuing officer                      Title

_____     Team Manager
Signature of approving officer *(if applicable)*        Title

**Part C** — to be given to noticee

# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any re-turn, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -

(1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

(2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

(3) Exceptions. - This subsection shall not apply-

(A) to any contact which the taxpayer has authorized;

(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

(C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-

(1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

(2) Justice Department referral in effect. - For purposes of this subsection-

(A) In general. - A Justice Department referral is in effect with respect to any person if-

(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administra-tion or enforcement of the internal revenue laws or

(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

(B) Termination - A Justice Department referral shall cease to be in effect with respect to a person when-

(i) the Attorney General notifies the Secretary, in writing, that -

(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

(II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

(III) he will discontinue such a grand jury investigation.

(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

(3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

*   *   *   *   *

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602[1] shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -

(1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

(2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

(C) Any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

(E) any attorney;

(F) any accountant;

(G) any barter exchange (as defined in section 6045(c)(3));

(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

(I) any enrolled agent; and

(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of Distinct Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States distinct court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner[1] for the district within which the person so summoned resides or is found for an attachment against him as for a contempt, it shall be the duty of the judge or commissioner[1] to hear the application, and, satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner[1] shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

*   *   *   *   *

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

[1]Or United States magistrate, pursuant to P.L. 90-578.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The secretary by regulations establish the rates and conditions under which payment may be made of -

(1) fees and mileage to persons who are summoned to appear before the Secretary, and

(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment shall be made under paragraph (2) of subsection (a) if -

(1) the person with respect to whose liability the summons is issued has a proprie-tary interest in the books, papers, records or other data required to be produced, or

(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Form 2039 (Rev.12-2001)

**To:**                                    KPMG LLP                    **Date:**    March 19, 2002

**Address:**                    2001 M Street, N.W., Washington, D.C. 20036

---

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

## General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

## Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request. Your filing of a petition to quash may suspend the running of the statute of limitations for civil liability or for criminal prosecution for offenses under the tax laws for the tax periods to which the summons relates. Such suspension would be in effect while any proceeding (or appeal) with respect to the summons is pending.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.



Department of the Treasury
**Internal Revenue Service**
**www.irs.gov**

Form 2039 (Rev.12-2001)
Catalog Number 21405J

**Part D — to be given to noticee**

**Sec. 7609. Special procedures for third-party summons**

(a) Notice-

(1) In general. - If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash. -

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash. -

(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1)

(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. -

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612

(2) Exceptions. - This section shall not apply to any summons

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identify of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of-

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).

(E) - (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)), or

(F) described in subsection (f) or (g).

(3) Records. - For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records. - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash

(e) Suspension of Statute of Limitations. -

(1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. - In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons. -

Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that -

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons.

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses. -

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc. -

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g) - The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. -

(1) Recordkeeper must assemble records and be prepared to produce records-On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records of testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statue of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. -

Nothing in this section shall be construed to limit the Secretary's ability to obtain information other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

# POTENTIAL TAX SHELTER TRANSACTIONS

## ATTACHMENT 1

## INSTRUCTIONS

In responding to this Summons ("Summons"), you are required to make a diligent search of your records and documents (as defined below) that are in your possession, custody or control. This includes documents in the possession of attorneys, accountants, affiliates, advisors, representatives, or other persons directly or indirectly employed by you, hired by you, or connected with you or your representatives, and anyone else otherwise subject to your control. This also includes all records and documents created and/or maintained in the course of employment (at any business or other location) by any employee, officer, director, shareholder, partner, consultant, senior manager, manager, senior or staff employee and/or independent contractor of KPMG (as defined below). This further includes all documents and records used exclusively for KPMG's in-house consideration and discussion(s) of a Transaction. Any use of the singular includes the plural and vice versa.

Each Summons Request should be separately answered. If a document is responsive to more than one request, you need not provide it in response to each request, if you supply a complete and legible copy in response to the first request to which the document is responsive and in response to each subsequent request to which the document is responsive provide a description of the document and specify the request in response to which the document has been provided. However, if a document has any change, notation, and/or modification, you are required to produce it. Each non-identical copy is a separate "document." In addition, you are required to produce generic documents that do not relate to any particular Investor or person.

If you are unable to locate documents or records, then state with specificity the efforts made to locate the documents or records and the reasons such documents or records are unavailable. If the requested records or documents do not exist, so state. If the requested records or documents exist, but are not available to you, state where such documents are located and provide the name, current address, and telephone number of the custodian. If you have disposed of any responsive document, state when such document was disposed of, the reason for such disposition, and the identity of the person(s) that may have possession of a copy of such document.

If a privilege is being claimed with respect to any requested document or information, state with specificity the nature of the privilege and the extent of all allegedly privileged matters. If you object to producing only part of a document, provide us with a redacted copy and retain the original for review by a court (the part to which you object and produce the remainder). With respect to each allegedly privileged document, or portion of a document, provide the following:

1

1. The date appearing on such document or, if it has no date, the date or approximate date that such document was created;

2. The identity or descriptive code number, file number, title, or label of such document used by the custodian of the document to identify it for retrieval;

3. The general nature and description of such document and the identity of the person who signed such document and, if it was not signed, the response shall so state and give the identity of the person(s) who prepared it;

4. The identity of the person to whom such document was addressed and the identity of each person other than such addressee to whom such document, or a copy thereof were given or sent at any time;

5. The identity, if known, of the person having or who may have present possession, custody, or control of such document or a copy thereof; and

6. Whether or not any draft, copy, or reproduction of such document contains any postscripts, notation, change, or addendum not appearing on the document itself and, if so, the response shall give the description of each such draft, copy or reproduction.

As specified on the face of the Summons, the documents and information sought by this Summons are sought only for the period from January 1, 1998 to the present unless otherwise specified.

---

**ATTACHMENT 2**

**DEFINITIONS**

---

The following definitions apply to this Summons:

1. The term "document" or "record" is any writing under Rule 1001(1) of the Federal Rules of Evidence, including, but not limited to memoranda, agreements, papers, correspondence, notes, studies, graphs, diagrams, photographs, charts, projections, tabulations, analyses, questionnaires and responses, work papers, summaries, data sheets, reports, statistical or informational accumulations, data processing cards or worksheets, computer stored and generated documents, computer databases, computer disks and formats, machine readable electronic files or records maintained on a computer, telexes, telegrams, electronic mail (commonly referred to as "e-mail"), and similar or related documents and materials.

2. The terms "Transaction" and "Transactions" refer to all entities, plans, arrangements, investments, strategies, solutions, or transactions, or any part, step or intermediate transaction, for which KPMG made representations to its clients or potential investors from which such clients and potential investors may have reasonably concluded that such transaction will generate tax benefits greater than twice the amount of cash and property to be contributed towards such entities, plans, arrangements investment, strategies, solutions and/or transactions. The terms "Transaction" and "Transactions" do not include other transactions for which the revenue agent in the present case issued written requests separately to KPMG for documents and information for such transactions and received such documents and information

3. The term "person" has the meaning as defined in section 7701(a)(1) of the Internal Revenue Code but also includes all of the person's representatives.

4. The term "Investor" and "Investors" means any person that has or had a direct or indirect economic or beneficial interest in a Transaction and includes agents for and representatives of the Investor with respect to the Transaction. This term also includes anyone who participated in a Transaction.

5. The term "related" person or entity includes the persons specified in sections 267(b), 267(c) and 707(b).

6. "KPMG" refers to the KPMG, LLP accounting firm, including any current or former employee, officer, director, shareholder, partner, member, consultant, senior manager, manager, senior, associate, staff employee, independent contractor, agent, attorney or other representative.

3

7. The term "you" or "your" refers to KPMG.

8. "Investment Adviser(s)" refers to all persons or entities that provided investment advice and/or services regarding a Transaction and includes, but is not limited to an investment advisor, investment banker, investment broker, financial adviser and financial planner. The term "entity" includes successor entities, and any other subsidiary, affiliate, partner or related entity, including any current or former employee, officer, director, shareholder, partner, member, consultant, senior manager, manager, senior associate, staff employee, independent contractor, agent, attorney or other representative of these entities.

9. The term "organize" should be defined broadly within the common usage and includes, but is not limited to making plans, arranging for, bringing into being, and establishing the Transaction and/or participating and assisting in such activity.

10. The term "manage" should be defined broadly within the common usage and includes, but is not limited to having charge of, directing, conducting affairs of and carrying on business of the Transaction and/or participating and assisting in such activity.

11. The term "sell" should be defined broadly within the common usage and includes, but is not limited to giving up, delivering, or exchanging property, goods or services for consideration or it's equivalent and/or participating and assisting in such activity

12. The term "promote" should be defined broadly within the common usage and includes, but is not limited to moving forward, to help bring about or to further a Transaction and/or participating and assisting in such activity

13. The term "market" should be defined broadly within the common usage, including but not limited to offering for sale and/or participating and assisting in such activity.

14. The term "representation" should be defined broadly within the common usage and includes, but is not limited to an oral or written description, discussion, explanation, account, or statement of facts, allegations, or arguments regarding the Transaction and/or participating and assisting in such activity.

15. The term "identify" or "provide the identity of" when used in connection with a person means provide the name, title, TIN (as defined in I.R.C. §7701(a)(41)), and current or last known business and residence address and telephone numbers.

16. The term "identify" or provide "the identity of " when used in connection with a document means provide the following:  a) the date of the document; b) the title of the document, if any; c) a description of the nature of the document (e.g., memorandum, letter) and its purpose; d) the author and/or signatory of the document; e) the identity of the person to whom the document is directed; and f) a summary of the content of the document.

4

**ATTACHMENT 3**

**DOCUMENTS TO BE PRODUCED**

1. All documents that identify all Investor(s) from whom KPMG received any fee, whether or not such fee related to a Transaction.

2. All documents that identify all other Investor(s) in the Transaction of whom KPMG is aware.

3. All documents that identify all person(s) whose participation in a Transaction was solicited by KPMG (whether solely or in conjunction with any other person) and who did not invest in such Transaction.

4. All documents that identify any persons whose names KPMG furnished to anyone that solicited, sold, marketed, organized, or managed any Transaction.  All documents that identify any persons whom KPMG referred to anyone that solicited, sold, marketed, organized, or managed any Transaction.  All documents that identify the persons that solicited, sold, marketed, organized, or managed any Transaction to whom KPMG furnished names or made referrals.

5. For each Investor, all documents that identify the date on which each Investor invested or acquired an interest in the Transaction, the number of units acquired and the amount of money invested, including financing, in such Transaction, and, if the interest was not acquired directly from you, the name of the person from whom the interest was acquired.

6. All documents regarding each Investor's investment and/or participation in the Transaction, including transactional documents, agreements, closing documents, notes and any other documents reflecting the amount invested, including financing, by each Investor.

7. All documents relating to the Transaction describing or defining the relationship between KPMG and each Investor, including all engagement letters, confidentiality agreements and nondisclosure agreements.

8. All documents relating to the Transaction describing or defining the relationship between KPMG and the Investment Adviser(s), including all engagement letters, confidentiality agreements and nondisclosure agreements.

9. All documents relating to the Transaction describing or defining the relationship between KPMG and any person other than an Investor or the Investment Adviser(s), including all engagement letters, confidentiality agreements and nondisclosure agreements. .

10. All documents describing and/or defining services relating to any Transaction
rendered by KPMG to each Investor, including billing records and invoices sent
to each Investor and/or any intermediary or agent of such Investor requesting
payment for services rendered, time records, statements, calendars, diaries,
appointment logs, and telephone logs. Also include any document regarding
payment for services rendered directly or indirectly by KPMG.

11. All documents describing and/or defining services relating to any Transaction
rendered by KPMG to the Investment Adviser(s), including billing records and
invoices sent to the Investment Adviser(s) and/or any intermediary or agent
requesting payment for services rendered, time records, statements, calendars,
diaries, appointment logs, and telephone logs. Also include any document
regarding payment for services rendered directly or indirectly by KPMG.

12. All agreements by KPMG, the Investment Adviser(s), or any person other than an
Investor to reimburse an Investor in the event tax benefits from any Transaction
are disallowed by the Internal Revenue Service ("IRS"), including
indemnification agreements, "hold harmless" agreements, rights of rescission,
rights to full or partial refunds, contingent fee agreements, agreements that fees
paid depend on the realization of tax benefits, guarantees, warranties, or side
agreements.

13. All agreements by KPMG, or any person to reimburse the Investment Adviser(s)
or any person other than an Investor in the event tax benefits from any
Transaction are disallowed by the IRS, including indemnification agreements,
"hold harmless" agreements, rights of rescission, rights to full or partial refunds,
contingent fee agreements, agreements that fees paid depend on the realization of
tax benefits, guarantees, warranties, or side agreements.

14. All agreements by any person to reimburse KPMG in the event tax benefits from
any Transaction are disallowed by the IRS, including indemnification agreements,
"hold harmless" agreements, rights of rescission, rights to full or partial refunds,
contingent fee agreements, agreements that fees paid depend on the realization of
tax benefits, guarantees, warranties, or side agreements.

15. All documents provided by KPMG to the Investment Adviser(s) or any Investor
or any other person that describe any Transaction, including any prospectus,
offering memorandum, brochure, diagrams, pitch books, presentation or other
promotional and/or marketing documents.

16. All documents provided by any person, including the Investment Adviser(s) or an
Investor, to KPMG that describe any Transaction, including any prospectus,
offering memorandum, brochure, diagrams, pitch books, presentation or other
promotional and/or marketing documents.

17. All documents regarding the Transaction provided by KPMG to any person who
attended a meeting at which any Transaction was discussed, including documents
regarding the Transaction provided before or after such meeting and notes of the
meeting(s).

6

18. All documents regarding the Transaction provided by the Investment Adviser(s) to any person who attended a meeting at which any Transaction was discussed, including all documents regarding the Transaction provided before or after such meeting and notes of the meeting(s).

19. All documents regarding the Transaction provided by any person other than KPMG and the Investment Adviser(s) to any person who attended a meeting at which any Transaction was discussed, including all documents regarding the Transaction provided before or after such meeting and notes of the meeting(s).

20. All tax and/or legal opinions regarding any Transaction produced or received by KPMG whether or not such tax and/or legal opinions were provided by KPMG to the Investment Adviser(s), any Investor, or any other person.

21. All documents received by KPMG regarding any Transaction.

22. All documents regarding any Transaction provided by KPMG to the Investment Adviser(s), any Investor, any potential investor, or any other person.

23. All documents regarding any Transaction, including all documents prepared by KPMG, used in any in-house consideration, presentation or discussion of any Transaction.

24. For all Transactions, all documents that analyze the tax benefits of the Transaction for the Investment Adviser(s), Investors, potential investors or any other person and/or which identify the person(s) who prepared such analysis.

25. For all Transactions, all documents that analyze the economics of the Transaction for the Investment Adviser(s), Investors, potential investors or any other person and/or which identify the person(s) who prepared such analysis.

26. All tax shelter registrations filed by KPMG with the IRS with respect to any Transaction.

27. All tax shelter registrations filed by any person other than KPMG with the IRS with respect to any Transaction.

28. All legal and/or tax opinions and all documents containing any discussion regarding KPMG's or any other person's obligation to file any tax shelter registration statement with respect to any Transaction, including but not limited to opinions that support the position that KPMG was not required to file any tax shelter registration statement with respect to any Transaction.

29. All legal and/or tax opinions and all documents containing any discussion regarding KPMG's or any other person's obligation to maintain a list of Investors required under I.R.C. §6112 with respect to any Transaction, including but not limited to opinions that support the position that KPMG was not required to maintain such list with respect to any Transaction.

7

30. All legal and/or tax opinions relied on by KPMG or any other person in support of the position that it was not required to file any tax shelter registration statement with respect to any Transaction.

31. All documents identifying the date of the first offering of a potential participation and/or investment in any Transaction and/or that identify the person to whom such offering was made.

32. All documents identifying the date of the last offering of a potential participation and/or investment in any Transaction and/or that identify the person to whom such offering was made.

33. All documents identifying the date of the first participation and/or investment in any Transaction by an Investor and/or that identify such Investor.

34. All documents identifying the date of the last participation and/or investment in any Transaction by an Investor and/or that identify such Investor.

35. All documents regarding amounts borrowed by any Investor in any Transaction from KPMG, the Investment Adviser(s), or any person that participated in the organization, sale, management and/or promotion of any Transaction, including all documents that identify the borrower, lender, and any other person involved in the financing.

36. All documents regarding amounts borrowed by any Investor in any Transaction from any participant and/or related person, including all documents that identify the borrower, lender, and any other person involved in the financing.

37. All documents regarding amount borrowed by any Investor in any Transaction directly or indirectly from a foreign source, including all documents that identify the borrower, lender, and any other person involved in the financing.

38. If KPMG arranged, participated in arranging, or otherwise assisted in obtaining financing for any Investor, all documents regarding the financing and/or which identify the borrower, lender, and any other person involved in the financing.

39. If any Investor used cash equivalents or marketable securities in connection with the investment in the Transaction, all documents regarding such cash equivalents and marketable securities and/or which identify the Investor.

40. If KPMG participated, directly or indirectly, in creating entities, registering securities, drafting documents such as a prospectus, financial statement, tax and/or legal opinion, appraising property, or negotiating the purchase of any property in connection with the Transaction, all documents regarding such participation and/or that identify the person who participated in such activities.

8

41. If any Investor's investment in any Transaction qualifies as "projected income investment" (as defined under Temp. Treas. Reg. § 301.6111-1T, A-57A), all documents regarding such investment.

42. All Investor list(s) prepared and/or maintained by KPMG in connection with any Transaction.

43. All Investor list(s) prepared and/or maintained by KPMG under section 6112 and all documents regarding KPMG's decision to maintain or not to maintain such list.

44. All agreements entered into by KPMG designating a person to maintain an investor list under section 6112 for the Transaction.

45. If KPMG participated in any way in the transfer of any interest in any Transaction, all documents regarding such participation.

46. If KPMG received any consideration, directly or indirectly, in connection with any person's right to participate in any Transaction, all documents regarding such consideration.

47. If KPMG prepared all or any part of any Federal income tax return for any Investor claiming tax benefits from any Transaction, all documents that were available to KPMG at the time the Federal income tax return was prepared regarding the reporting of such Transaction on such return, including but not limited to the workpapers and a copy of said return.

48. All documents regarding KPMG's role in designing, developing, discovering, creating, investigating, initiating, implementing and facilitating the Transaction, devising the business or financial plans for the Transaction, or carrying out those plans through negotiations or transactions with others, and/or that identify all persons who participated in such activities.

49. All documents regarding KPMG's role in organizing, promoting, selling, marketing, and/or managing any Transaction and/or that identify all persons to whom it was promoted and/or marketed.

50. If the information regarding matters 47 through 49 in Attachment 4, below, was maintained and/or stored electronically, produce printouts and disks of such information.

51. If the information regarding matters 47 through 49 in attachment 4, below, was not maintained and/or stored electronically, all documents reflecting such information.

---

**ATTACHMENT 4**

**TESTIMONY REQUESTED**

---

In addition to providing the above requested documents, in responding to this Summons, provide a person or persons to give testimony, under oath, including, but not limited to testimony about the following matters. As noted in the Instructions, if the following information is contained in document(s) produced in response to a request in Attachment 3, above, the name of the document and reference to the document request to which the document(s) has been provided will suffice as a response.

1.  Steps taken by KPMG to locate and produce documents and witnesses responsive to this Summons.

2.  KPMG's policies with regard to registering and maintaining Investor lists for tax shelters under IRC §§ 6111 and 6112 prior to and after February 28, 2000.

3.  The identity of all KPMG personnel responsible for registering and maintaining Investor lists for tax shelters under IRC §§ 6111 and 6112 prior to and after February 28, 2000.

4.  The identity of all KPMG personnel responsible for making the decision to register and maintain Investor lists for tax shelters under IRC §§ 6111 and 6112 prior to and after February 28, 2000.

5.  All decisions as to KPMG's obligation to register and/or maintain an Investor list for the Transaction. The identity of the person(s) who made such decision, the nature of the decision, any written documents relating in any way to the decision and the information considered and used in making the decision.

6.  The relationship between KPMG and each Investor.

7.  The relationship between KPMG and the Investment Adviser(s).

8.  The relationship regarding any Transaction between KPMG and any person other than an Investor or the Investment Adviser(s).

9.  Any services rendered by KPMG to each Investor other than those relating to any Transaction.

10. The identity of each person from KPMG, who designed, developed, discovered, created, investigated, initiated, implemented, facilitated, organized and/or managed any Transaction.

11.  The identity of each person from KPMG, who promoted, marketed, solicited, and/or sold any Transaction to any Investor.

12. The identity of each person from KPMG who participated in any way in any Transaction and the nature of each such person's participation in each Transaction.

13. With respect to each person identified in response to Summons document requests 17, 18, and 19 in Attachment 3, above: a) the date of any meeting discussing any Transaction; b) the identity of the persons who attended such meeting; c) the location of such meeting; d) the matters discussed at such meeting; and e) the identity of any person(s) who spoke or made any presentation at the meeting(s).

14. With respect to documents produced in response to Summons document request 21 in Attachment 3, above, unless evident from the document itself:  a) the date such document was received; b) the identity of the person who received it; c) the identity of the person who provided such document; d) describe the method of delivery of such document, e.g., mail, meeting; e) the reason such document was provided to KPMG; f) the identity of the person who requested such document; g) describe the purpose of the document; and h) the identity of any person to whom the document was subsequently provided by KPMG.

15. With respect to documents produced in response to Summons document request 22 in Attachment 3, above, unless evident from the document itself:  a) the date such document was provided; b) the identity of the person to whom it was provided; c) the identity of the person who provided such document; d) describe the method of delivery of such document, e.g., mail, meeting; e) the reason such document was provided by KPMG; f) the identity of the person who requested such document; g) describe the purpose of the document; and h) the identity of any person to whom the document was subsequently provided by KPMG.

16. With respect to documents produced in response to Summons document request 23 in Attachment 3, above, unless evident from the document itself:  a) the date such document was prepared; b) the identity of the person who prepared it; c) the reason such document was prepared by KPMG; d) the identity of the person who requested such document be prepared; e) describe the purpose of the document; and f) the identity of any person to whom the document was provided.

17. The date of the first offering of a potential participation and/or investment in any Transaction and the identity of the person to whom such offering was made.

18. The date of the last offering of a potential participation and/or investment in the Transaction and the identity of the person to whom such offering was made.

19. The date of the first participation and/or investment in any Transaction by an Investor and the identity of such Investor.

20. The date of the last participation and/or investment in any Transaction by an Investor and the identity of such Investor.

21. Any tax shelter registration filed with the IRS in connection with any Transaction and, if filed, the identity of the person who prepared and/or filed such registration.

22. KPMG's understanding of who was required to file any tax shelter registration for any Transaction.

23. KPMG's role in designing, developing, discovering, creating, investigating, initiating, implementing and/or facilitating the Transaction, devising the business or financial plans for the Transaction, or carrying out those plans through negotiations or transactions with others, and the identity of all persons who participated in such activity.

24. The Investment Adviser(s)'s role in designing, developing, discovering, creating, investigating, initiating, implementing and/or facilitating the Transaction, devising the business or financial plans for the Transaction, or carrying out those plans through negotiations or transactions with others, and the identity of all persons who participated in such activity.

25. The identity of any person, other than KPMG and the Investment Adviser(s), who had a role in designing, developing, discovering, creating, investigating, initiating, implementing and/or facilitating the Transaction, devising the business or financial plans for the Transaction, or carrying out those plans through negotiations or transactions with others, the identity of all persons who participated in such activity and each such person's role.

26. KPMG's role in organizing, promoting, selling, marketing, and/or managing any Transaction and the identity of all persons to whom and by whom it was promoted and/or marketed.

27. The Investment Adviser(s)'s role in organizing, promoting, selling, marketing, and/or managing any Transaction and the identity of all persons to whom and by whom it was promoted and/or marketed.

28. The identity of all persons who participated in organizing, promoting, selling, marketing, and/or managing any Transaction and a description of each person's participation.

29. The identity of each participation and/or investment in any Transaction sold to any Investor, in which KPMG was not involved in the promoting, organizing, selling, managing, and/or marketing of such investment and the identity of the person(s), who promoted, organized, marketed, managed, and/or sold such investment(s).

30. Amounts borrowed by any Investor(s) from KPMG, the Investment Adviser(s), or any person that participated in the organization, sale, management and/or promotion of any Transaction and the identity of such Investor(s).

31. Amounts borrowed by any Investor(s) from any participant and/or related person and the identity of the borrower, lender, and any other person involved in the financing.

32. Amounts borrowed by any Investor(s) directly or indirectly from a foreign source and the identity of the borrower, lender, and any other person involved in the financing.

33. KPMG's role in arranging, participating, or otherwise assisting in obtaining financing for any Investor and the identity of the borrower, lender, and any other person involved in the financing.

34. Any cash equivalents and/or marketable securities used by any Investor(s) in connection with any Transaction and the identity of such Investor(s).

35. KPMG's role and/or participation in creating entities, registering securities, drafting documents such as a prospectus, financial statement, tax and/or legal opinion, appraising property, or negotiating the purchase of any property in connection with the Transaction and the identity of any person(s) who participated in such activities.

36. Any Transaction that qualifies as a "projected income investment" (as defined under Temp. Treas. Reg. § 301.6111-1T, A-57A) and the identity of such Investor(s).

37. Any Investor list(s) maintained by KPMG in connection with any Transaction and the identity of the person who maintains such list(s).

38. Any Investor list(s) maintained by KPMG (as required under I.R.C. § 6112) and the reasons why any such list(s) was not maintained

39. KPMG's participation in any way in the transfer of any interest in any Transaction, the nature of such participation and the identity of person(s) from whom and to whom such interest was transferred.

40. KPMG's receipt of any consideration in connection with any person's right to participate in any Transaction and the identity of such person, the consideration received, and the services performed for such consideration.

41. KPMG's role in preparing all or any part of any Federal income tax return for any Investor(s) claiming tax benefits from any Transaction and the identity of such Investor(s).

42. Internal presentations made by KPMG to its personnel describing the Transaction, the date and location of such presentations, the identity of the speakers and the attendees and the identity of all presentation materials used to describe the Transaction.

13

43. KPMG's role in describing and/or explaining the Transaction to KPMG clients, the communication medium used, e.g., correspondence, newsletter, telephone call, meeting or presentation, the date and location of such communication, the identity of the speakers and the attendees and the identity of all written materials used to describe and/or explain the Transaction.

44. Presentations made by KPMG to potential Investors, potential promoters, potential Investment Advisers, professional groups and/or industry groups describing the Transaction, the date and location of the presentations, the identity of the speakers and the attendees and the identity of all presentation materials used to describe the Transaction.

45. The identity of all KPMG personnel that had any involvement with the Transactions, the duties and role with regard to the Transactions and the KPMG group to which such person was assigned.

46. The identity of all groups within KPMG, including the identity of the individuals in such groups, that had any involvement with the Transactions, including the Innovative Solutions group, the Personal Financial Planning group, the Capital Transaction Strategies group, the Innovative Strategies group, Stratacom, Washington National Tax and the Director of Professional Practice, and each group's function and role played with regard to the Transactions.

47. The identity of any KPMG internet and/or intranet website, homepage or database, which contained sample engagement letters and other documents for the Transaction, including: a) the name; b) the location; c) the identity of the person who maintained it; d) the identity of contributors; e) the content; f) the identity of person(s) with access; and g) the frequency of updates.

48. The identity of any KPMG internet and/or intranet website, homepage or database, which contained a description of the Transaction, including: a) the name; b) the location; c) the identity of the person(s) who maintained it; d) the identity of contributors; e) the content; f) the identity of the person(s) with access; and g) the frequency of updates.

49. The identity of any KPMG internet and/or intranet website, homepage or database, which includes the fees earned by KPMG from the Transactions, including a) the name; b) the location; c) the identity of the person(s) who maintained it; d) the identity of contributors; e) the content; f) the identity of person(s) who had access to it; and g) the frequency of updates.    Any Transactions entered into by KPMG clients after February 28, 2000 and the identity of such clients.

50. The identity of all KPMG current and former employees, officers, directors, shareholders, partners, members, consultants, senior managers, managers, seniors, associates, staff employees, independent contractors, agents, attorneys or other representatives who charged time with respect to the Transactions, the number of hours charged, the hourly fee charged and the services for which such charges were made.

51. With respect to each person identified in the above request:  (a) the dates of the employment; (b) the positions held; (c) the KPMG practice or other groups to which he/she was assigned; (d) the duties and responsibilities; (e) the identity of the immediate supervisor(s); and (f) the identity of the subsequent employer, if known.