**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-00636-LTB-KLM

CARLOS E. SALA and
TINA ZANOLINI SALA,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE THE UNITED STATES FROM OFFERING TRIAL TESTIMONY OF UNDISCLOSED WITNESSES AND OFFERING EVIDENCE REGARDING THE OFFSET DEFENSE NOT DESCRIBED IN ITS RESPONSES TO INTERROGATORIES**

---

### I.    Introduction

In the Final Pretrial Order filed by the parties on April 30, 2007 and entered by the Court on May 3, 2007, the United States disclosed several witnesses who had not been previously identified in its disclosures or in discovery responses: KPMG Representative - Diane Fuller, Michael Halpert, and a "corporate designee" of Refco Capital Markets. The United States apparently wants to use the testimony of Ms. Fuller and Mr. Halpert in support of its affirmative defense of offset. This evidence was not described by the United States' in responses to Plaintiffs' interrogatories seeking the factual basis for the United States' offset defense.

In this case, the United States' failure to identify Halpert, Fuller, and a "corporate designee of Refco Capital Markets, and its failure to timely describe additional evidence on the

1

offset issue in its responses to interrogatories, is neither justified nor harmless. Accordingly, the government should be precluded from offering the undisclosed witnesses and evidence at trial.

## II.     Factual Background

**Initial Disclosures.**

On October 11, 2005, the United States submitted initial disclosures pursuant to Fed. R. Civ. P. Rule 26(a) ("Initial Disclosures"), which identified eight individuals likely to have knowledge relevant to the United States' claims and defenses. Diane Fuller and Michael Halpert were not identified as witnesses in the Initial Disclosures. Similarly, the Initial Disclosures did not include "corporate designees" of KPMG, the Internal Revenue Service ("IRS") or Refco Capital Markets, Ltd. ("RCM") as witnesses who were likely to have knowledge relevant to the United States' claims and defenses. In fact, no IRS or RCM employees were named. *See* Exhibit 1, United States' Disclosures Pursuant to Fed. R. Civ. P. 26(a), pp. 1-3.

**Amended Disclosures.**

On December 9, 2005, at approximately the same time that the United States moved to amend its Answer to add the affirmative defenses of fraud and offset, the United States amended its Initial Disclosures, providing the names and contact information for an additional thirty-four (34) individuals with potential knowledge. *See* Exhibit 2, United States' Amended Fed. R. Civ. P. 26(a)(1)(A) Disclosures Pursuant to Fed. R. Civ. P. 26(e) ("Amended Disclosures"). Once again, the United States did not disclose Diane Fuller and Michael Halpert as being persons who had information relevant to the United States' claims or defenses. In its Amended Disclosures, the United States did name several former employees of KPMG, including many individuals named as defendants in the Superseding Indictment in *United States v. Stein*, S.D..N.Y. Case No. 05-cr-888 who were listed by name as witnesses who may have information. At this time, the United States did not list any IRS or RCM employees. Although the United States indicated that

a "corporate representative" for both Goldman Sachs and Dean Whitter [sic] might have information relevant to the United States' claims and defenses, it did not indicate that a "corporate representative" from KPMG, the IRS or RCM might also be in possession of information.

### The First Halpert Declaration.

At approximately the same time that the Amended Disclosures were provided to Plaintiff, on December 13, 2005, the United States submitted a Declaration of Michael A. Halpert, a Tax Shelter Promoter Compliance Specialist with the IRS. *See* Exhibit OO to United States' Reply to Plaintiffs' Response to Motion for Relief under Fed. R. Civ. P. 56(f) with respect to Plaintiffs' Motion for Partial Summary Judgment, Docket Entry No. 44. In paragraph three of his declaration, Mr. Halpert states that "on March 19, 2002, the IRS provided notice to KPMG that an ongoing promoter penalty examination had been extended to include the shelter transactions identified in IRS Notice 2000-44, which include the BLIPS and SOS shelters." Despite its submission of the Halpert declaration at this time, the United States did not supplement its disclosures to indicate that Mr. Halpert would be a trial witness.[1]

### Discovery from KPMG Witnesses and KPMG.

During discovery, the United States noted and took the depositions of several current and former KPMG employees. Angie Napier was deposed on September 26, 2006, Kevin Brady was deposed on September 27, 2006, and Timothy Gillis was deposed on October 23, 2006. The United States also noted the deposition of Tracie Henderson, but ultimately did not take that deposition, as Ms. Henderson's counsel indicated that she would assert her Fifth Amendment

---

[1] Moreover, as discussed below, in response to interrogatories, the United States did not disclose that Mr. Halpert was a witness with knowledge or information regarding the United States' Offset Defense.

3

rights. *See* Exhibit 3 to United States' Motion to Stay, Docket Entry No. 47 and Final Pre-Trial Order, p. 22. At no time did the United States attempt to secure Fed. R. Civ. P. 30(b)(6) deposition testimony of either a KPMG or IRS employee.

In fact, it was Plaintiffs who served a Fed. R. Civ. P. 30(b)(6) deposition notice on KPMG's registered agent in Denver, Colorado, on September 29, 2006, requesting both relevant documents, as well as oral testimony. *See* Exhibit 3, Fed. R. Civ. P. 30(b)(6) Subpoena and Notice of Deposition of KPMG. On October 12, 2006, per directions from KPMG's counsel, Plaintiffs served a Fed. R. Civ. P. 30(b)(6) deposition notice on KPMG through its attorneys. *See* Exhibit 4, Fed. R. Civ. P. 30(6)(b) Subpoena and Notice of Deposition of KPMG. On October 20, 2006, Joseph L. Barloon, counsel for KPMG, objected to the 30(b)(6) subpoena, stating, "KPMG would object to the subpoena for testimony ... . For example, the notice asks KPMG to designate a person knowledgeable and competent to testify on numerous matters about which few, if any, individuals at KPMG have any direct knowledge." *See* Exhibit 5, October 20, 2006 letter from J. Barloon to J. Colvin.

On November 17, 2006, Mr. Barloon himself purported to respond to each set of question areas identified in the Rule 30(b)(6) subpoena, setting out a response to each item regarding requested testimony in the subpoena, and then declined to produce a representative for testimony, stating, "We do not believe that a KPMG organizational witness would be able to provide any additional information." *See* Exhibit 6, November 17, 2006 letter from J. Barloon to J. Colvin. David N. Geier, counsel for the United States, was copied on this letter. However, the United States did not respond to this letter.

**Discovery from Refco Capital Markets.**

Plaintiffs, with input on content from Defendant, served a subpoena *duces tecum* on

4

RCM, which, in addition to requesting the production of documents, also asked for a Fed. R. Civ. P. 30(b)(6) designee to authenticate the documents produced in response to the subpoena (there were no other areas of Rule 30(b)(6) testimony requested). *See* Exhibit 7, Subpoena issued to Refco Capital Markets, Ltd. RCM's attorneys responded to the subpoena on July 7, 2006, initially declining to produce documents or a corporate representative, but subsequently providing documents to both Plaintiffs and Defendant. Upon receipt and review of the produced documents, Plaintiffs did not request any oral deposition testimony from a RCM corporate representative. Neither did Defendant.

**The United States' Response to Interrogatory No. 15 Regarding the United States' Affirmative Defense of Setoff.**

In connection with its request to file an Amended Answer in December of 2005, incorporating a setoff defense, the United States indicated that it was aware of the Plaintiffs' position that, because they had filed a "qualified amended return," an accuracy penalty could not be raised against them as a setoff. In its Memorandum in Support of its Motion To Amend (p. 8) (Docket Entry No. 47), the United States stated that Plaintiffs' amended return "does not *appear to* constitute a qualified amended return" because KPMG was placed under promoter penalty investigation prior to the filing of Plaintiff's amended return. After the Plaintiffs challenged the sufficiency of the pleading (on the grounds that it did not set out facts regarding whether an exception to the "qualified amended return" rule was applicable), the United States stated that this issue was a factual issue, not appropriately decided at the pleadings stage, and that,

> The resolution of this issue is dependant upon whether the IRS notified KPMG of its examination of its SOS transactions under IRC section 6700 (relating to the penalty for promoting abusive tax shelters) *prior* to November 2003.

United States' Reply to Plaintiffs' Opposition to Motion for Leave to Amend Answer to Assert Additional Defenses, Document 65, February 8, 2006, at page 18.

5

The United States understood that it was Plaintiffs' position that KPMG did not play a "promoter" role with respect to Deerhurst. ("Plaintiffs' [sic] also argue that the Government has not shown any connection between its shelter transaction and KPMG." *Id.*, at page 19).

The United States was thus well aware that, in connection with the Setoff Defense, there were disputed issues of fact regarding whether KPMG was the "promoter" of Deerhurst for purposes of 26 U.S.C. § 6700(a), and whether Deerhurst was the part of the KPMG promoter penalty examination at the time when Plaintiffs' amended income tax return was filed.

On September 27, 2006, the Plaintiffs served Interrogatories and Requests for Admissions on the United States. These Interrogatories included a number of contention interrogatories on most aspects of the Defendant's case. On November 30, 2006, the United States served its answers to Plaintiffs' Interrogatories and Requests for Admissions.

Plaintiffs' Interrogatory No. 15 requested that the Defendant provide the following information:

> Please describe all of the evidence and legal arguments which you believe supports your claim that the United States is entitled to setoff any amount owed Plaintiffs against an accuracy-related penalty owed, but not assessed (Amended Answer, First Defense), including identifying all facts or communications that support your claim, all witnesses who are in possession of information which may support your claim, and identifying all documents that relate to your claim.

The United States responded by stating that it had received the November 17, 2006 letter from KPMG, and had been frustrated in its efforts to learn about KPMG's role by reason of Tracie Henderson's invocation of her Fifth Amendment rights, and concluding,

> In light of the statement issued by KPMG on November 17, 2006, the United States is evaluating its claim of setoff and will amend and/or supplement its response to this interrogatory as it is appropriate to do so.

*See* Exhibit 8, United States' Response to Plaintiffs' Interrogatories, p. 21.

The United States never supplemented its answer to Interrogatory No. 15 by providing

the identity of any witnesses who would support its claims regarding the Offset Defense. Significantly, the United States did not name any witnesses at KPMG or at the IRS who were in possession of information that would support its claims, or identify any documents that related to these claims.

### In The Final Pretrial Order, the United States Names Previously Undisclosed Witnesses.

In late April 2007, during preparation of the Pretrial Order (well after the end of discovery), the United States disclosed Michael Halpert as a witness who would be called to testify at trial. Final Pretrial Order, Document 160, Filed April 30, 2007 and entered by the Court on May 3, 2007, at p. 22. During preparation of the Final Pretrial Order, the United States also disclosed that it would call "KPMG Representative – Diane Fuller," and that the subject matter of her testimony would be the information set out in Mr. Barloon's November 17, 2006 letter. *Id* at pp. 25-26. The United States also disclosed a Refco "corporate designee" as a fact witness who may be called to testify at trial. *Id.*, at pp. 22-23.

At no time prior to discussions regarding the Final Pretrial Order were these individuals ever disclosed to Plaintiffs as likely to have knowledge relevant to the United States' claims and defenses, thereby denying Plaintiffs the opportunity to conduct discovery depositions of these individuals prior to trial. Plaintiffs objected to this at the time that the Final Pretrial Order was drafted and specifically raised the issue as to whether those individuals who had not properly been disclosed should be permitted to testify at trial. Final Pretrial Order, Document 160, Filed April 30, 2007 and entered May 3, 2007, at pp. 25-26.

In the Pretrial Order, Defendant states that Michael Halpert will authenticate documents and "testify to the matters stated in his declaration on file with this Court." *See* Final Pretrial Order, Filed April 30, 2007 and entered May 3, 2007, Docket Entry No. 160, at p. 22.

In addition, the United States discloses Diane Fuller as a "corporate designee" of KPMG. This was the first time that Ms. Fuller's name was ever provided to Plaintiffs. Defendant has not provided the address and telephone number of Ms. Fuller, as required under Fed. R. Civ. P. 26(a)(3)(A). As noted above, Mr. Barloon, in his November 17, 2006 letter, declined to provide the name of any individual at KPMG as a "corporate designee" and refused to make any corporate representative available for deposition. Defendant states that Ms. Fuller may "testify regarding the facts communicated in [KPMG's] letter of November 17, 2006" (Final Pretrial Order, at p. 23).

In the Final Pretrial Order, the United States discloses "Refco via its corporate designee" as a potential fact witness at trial. Final Pretrial Order, at p. 22. Pursuant to Fed. R. Civ. P. 26(a)(3)(A), "a party must provide to other parties ... the name, and if not previously provided, the address and telephone number of each witness." The United States has not provided any identifying information – even a name - regarding the identity of the RCM "corporate designee," whom the United States may call as a potential witness.

### The United States Files Declarations From Halpert and Fuller That Describe Facts Not Described In The United States' Response to Interrogatories and/or the Information Provided in the Final Pretrial Order.

Subsequent to the entry of the Final Pretrial Order and more than six months after the close of discovery, on June 20, 2007, the United States filed substantive declarations executed by two of the formerly undisclosed witnesses, Michael Halpert and Diane Fuller, in connection with its Opposition to Plaintiffs' Motion for Partial Summary Judgment with respect to the Offset Defense.

In the Second Declaration of Michael Halpert filed on June 20, 2007, Mr. Halpert disclosed new and previously undisclosed information to Plaintiffs. *See* Second Declaration of Michael A. Halpert, Docket Entry No. 171. While the Second Declaration contains information

that differs substantially from that contained in his First Declaration[2] (which is referenced in the Final Pretrial Order), the Final Pretrial Order did not indicate that the United States would rely upon the testimony set out in the Second Declaration of Mr. Halpert, and not included in Mr. Halpert's First Declaration.

On June 20, 2007, Defendant filed a Declaration of Diane Fuller (dated June 12, 2007) in support of their Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding the United States' Offset Defense. *See* Declaration of Diane D. Fuller, Docket Entry No. 173. Apparently feeling the need to explain the appearance of an undisclosed witness, the United States asserted that "Ms. Fuller's testimony as KPMG's corporate designee was outlined in a November 17, 2006 letter sent from KPMG's counsel to John Colvin." *See* United States' Opposition to Plaintiffs' Motion for Partial Summary Judgment regarding the United States' Offset Defense, Docket Entry No. 169, p. 4, n. 4. Nowhere in this letter is Ms. Fuller mentioned; in fact, Mr. Barloon wrote that he "does not believe a KPMG organizational witness would be able to provide any additional information," Exh. 6, p. 2. Moreover, as noted above, to Plaintiffs' knowledge, the United States never responded to this letter, nor requested any additional information from Mr. Barloon or KPMG regarding any such KPMG "corporate designee."

### III. Legal Analysis

Respecting initial disclosures, Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure provides, in pertinent part:

> [E]xcept in categories of proceedings specified in Rule 26(a)(1)(E) or to the extent otherwise stipulated or directed by order, a party must, without

---

[2] For example, in paragraph 10 of the Second Declaration, Mr. Halpert states "Carlos Sala's SOS shelter transaction is within the scope of the IRS's examination of KPMG." Exh. 9, p. 3. Neither this statement nor anything like it appears in Mr. Halpert's First Declaration. Exh. 10.

9

> waiting for discovery requests, provide to the other parties: (A) the name ... of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A).

Rule 26(a)(5) provides that parties can obtain discovery by a variety of methods, including requests for production of documents (Rule 34), interrogatories (Rule 33) and requests for admissions (Rule 36).

Parties are under a duty to supplement or correct their disclosures under Rule 26(a) at appropriate intervals. Fed. R. Civ. P. 26(e)(1). Parties are also required to amend prior responses to interrogatories, requests for admission, and requests for production if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been provided. Fed. R. Civ. P. 26(e)(2).

Halpert and Fuller were not disclosed in the Initial Disclosures or in the Amended Disclosures. Additionally, the substance of the testimony offered by Revenue Agent Halpert and KPMG representative Diane Fuller in connection with the United States' Opposition to Plaintiffs' Motion for Partial Summary Judgment on the Offset Defense was not disclosed in response to Plaintiffs' Interrogatory No. 15, specifically asked for the identity of all witnesses (and the substance of the evidence that they would present) with respect to the United States' Offset Defense. The only potential witness identified by the government in response to this Interrogatory was Tracie Henderson, and the government never amended or supplemented its response.

Rule 37(c) of the Federal Rules of Civil Procedure provides a sanction for parties who fail to live up to their disclosure obligations, including identifying witnesses in initial disclosures and supplementing discovery responses:

10

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is **not . . . permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.**

Fed. R. Civ. P. 37(c)(1) (emphasis supplied).

Under Fed. R. Civ. P. 37(c)(1), the sanction of excluding a witness from testifying and precluding the use of the non-disclosed evidence is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26 was either justified or harmless. *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996).

The Advisory Committee Notes explain that this automatic sanction provides a "strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at trial, at hearing, or on a motion, such as one under Rule 56." Fed. R. Civ. P. 37(c)(1) advisory committee's note (1993 amends.) The Advisory Committee Notes also explain that relief from the mandatory rule in situations where there is "substantial justification" or where the violations are "harmless,"

> [I]s needed to avoid unduly harsh results in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness the name of a potential witness known to all parties; or the lack of knowledge of a pro se litigant of the requirement to make disclosures.

Fed. R. Civ. P. 37(c)(1) advisory committee's note (1993 amends).

In this case, the error can hardly be characterized as justified or harmless. It is not similar to the clerical and unintentional errors described in the Advisory Committee Notes. The omitted witnesses and their expected testimony were not known to Plaintiffs. The Plaintiffs were in fact prejudiced by the government's failure to seasonably disclose: (1) because these witnesses were not identified in the Initial Disclosures or the Amended Disclosures, Plaintiffs did not have an opportunity to depose them; and (2) the names of the witnesses and the subject matter of their

11

expected testimony were not produced in response to discovery requests.

Similarly, the evidence that the United States seeks to rely on in establishing its "Offset" affirmative defense, including the new information contained in the Second Declaration of Michael Halpert and the Declaration of Diane Fuller, was never described in the United States' response to Interrogatory No. 15, or any supplement thereto.

In the following sections, each witness the Plaintiffs ask the Court to exclude, and the type of evidence that they are offering is discussed:

**Refco "Corporate Designee."**

Although the role of RCM in this transaction was known to Plaintiffs and the United States from the inception of this case, even at this late date, no individual witness from this now defunct entity has ever even been identified by the United States. There are no provisions applicable to Final Pretrial Orders (Rule 26(a)(3) disclosures) similar to Rule 30(b)(6) which permit the naming of a "corporate representative" as a witness. Thus, Plaintiffs still do not have any idea as to which former principal or employee of RCM might be testifying and what his or her level of knowledge might be.

**Michael Halpert.**

Despite its early knowledge of the factual dispute between the Plaintiffs and the United States as to the role of KPMG (if any) with respect to Deerhurst, and whether the Section 6700 examination of KPMG included the Deerhurst activity, the United States did not disclose Mr. Halpert as a witness.[3] Moreover, the substance of Mr. Halpert's expected testimony (as set out in his two declarations) was never described in response to Interrogatory No. 15. When Mr. Halpert's name was finally disclosed in the preparation of the Final Pretrial Order, the

---

[3] The United States served its Amended Disclosures at approximately the same time that it filed Mr. Halpert's First Declaration, i.e., December of 2005.

12

government only disclosed that Halpert would authenticate documents and testify as to the very limited facts described in his First Declaration in this case. In his Second Declaration, Mr. Halpert testifies as to substantial additional facts above and beyond what was included in his First Declaration. For example, in paragraph 10 of the Second Declaration, Mr. Halpert states "Carlos Sala's SOS shelter transaction is within the scope of the IRS's examination of KPMG." Exh. 9, p. 3. This is not the type of "harmless" error described in the Advisory Committee Notes. *See Mawbry v. United States*, 999 F.2d 1252, 1254 (8th Cir. 1993) (summary judgment reversed after defendant introduced surprise witness who had not been disclosed and plaintiff had specifically sought such information in discovery requests).

Had Plaintiffs known that Mr. Halpert might be providing substantive fact testimony as a trial witness, Plaintiffs would have pursued discovery.

**KPMG Representative - Diane Fuller.**

Plaintiffs were completely unaware of Ms. Fuller's existence until the preparation of the Final Pretrial Order. Indeed, her identification as a KPMG representative is unclear: does the United States expect her to act as a 30(b)(6)-type representative of the organization, speaking to matters outside her personal knowledge? Additionally, the substance of Ms. Fuller's expected testimony regarding the KPMG responses to the IRS promoter penalty investigation as described in her June 12, 2007 declaration was not described in the United States' response to Interrogatory No. 15, or in any supplemental response. Had Plaintiffs been aware that the government might be offering testimony by KPMG or one of its partners regarding the promoter penalty examination of KPMG, Plaintiffs would have pursued additional discovery.

WHEREFORE, Plaintiffs respectfully request this Court enter an order precluding the United States from introducing the testimony of the undisclosed witnesses at trial. Additionally,

the Plaintiffs respectfully request that the United States be precluded from offering evidence regarding its Offset Defense which was not contained in its Answer to Interrogatory No. 15.

DATED this 10th day of August, 2007.

CHICOINE & HALLETT, P.S.

s/ John M. Colvin
Darrell D. Hallett
John M. Colvin
Chicoine & Hallett, P.S.
Attorneys for the Plaintiffs Carlos E. Sala
    and Tina Zanolini-Sala
1011 Western Ave. Suite 803
Seattle WA, 98104
Telephone: (206) 223-0800
Facsimile: (206) 467-8170
Email: dhallett@chicoine-hallett.com
    jcolvin@chicoine-hallett.com
