# EXHIBIT 5

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.
WASHINGTON, D.C. 20005-2111
———
TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

DIRECT DIAL
202-371-7322
DIRECT FAX
202-661-8254
EMAIL ADDRESS
JBARLOON@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

*RECEIVED OCT 24 2006 CHICOINE & HALLETT*

October 20, 2006

**VIA E-Mail and U.S. MAIL**

John M. Colvin, Esq.
Chicoine & Hallett, P.S.
1011 Western Ave., Suite 803
Seattle, WA 98104

RE:  Carlos E. Sala and Tina Zanolini-Sala v. United States of America, Civil Action No.: 05-cv-00636-LTB-PAC

Dear Mr. Colvin:

As you know, this Firm represents KPMG LLP ("KPMG") in connection with a Rule 45 subpoena for documents and for 30(b)(6) testimony in the above-captioned matter, which subpoena we accepted on behalf of KPMG on October 12, 2006.

As I have discussed with both you and your co-counsel Mr. Hallett, although the subpoena calls for production of documents on October 23, 2006 and for deposition on October 26, 2006, you have agreed to allow KPMG more time to respond to the subpoena so that KPMG can provide the parties with information that might enable the parties to reach a stipulation that would obviate the need for testimony or production of documents from KPMG. I have discussed this approach with counsel for the government, Mr. Geier, as well. In this regard, as we discussed yesterday, we are working on gathering the facts and documents necessary to allow KPMG to make representations that could form the basis for such a stipulation. Given the number of matters set forth in the subpoena, we anticipate that we will not be in a position to respond substantively on these issues until the end of next week.

John M. Colvin, Esq.
October 20, 2006
Page 2

We are, however, producing at this time two KPMG documents responsive to the subpoena. These documents are Timothy Gillis's KPMG calendar from October 1999 and a November 2, 1999 email from Tracie Henderson to Carolos Sala, with a cc to Mr. Gillis. These documents bear the Bates numbers KPMG-SALA-0001 through 0003. We are producing these documents now because Mr. Gillis is being deposed on Monday, but we are reserving all of our rights with regard to objections to the subpoena.

You informed me yesterday that you and the government will ask the Court for an extension of the discovery deadline and that you anticipate obtaining a limited extension. As we discussed, we appreciate your courtesy and professionalism in this matter, and we are hopeful that we will be able to resolve these issues in an amicable fashion. If, however, the parties cannot obtain an extension of time for KPMG to respond to this extensive and burdensome discovery, then please inform KPMG of that fact immediately so that it can take steps to protect its rights. Specifically, if this matter cannot be resolved through stipulations and agreements, then KPMG will object to the subpoena for testimony and for documents. Without waiving any objections here, KPMG anticipates that it would object on the ground that the subpoena is overly broad and unduly burdensome. The subpoena seeks testimony and documents on a wide range of topics that are unrelated to the litigation between the Salas and the United States. Many of the specific requests are very broad. For example, the request for "all documents provided to the IRS during the course of the Section 6707 tax shelter registration examination which related to any transactions described by the digital option variant of Notice 2000-44" would require the production of thousands of documents and would likely entail burdensome and time-consuming redaction of documents.

In addition, to the extent that the subpoena requests documents and testimony relating to sensitive and confidential communications between KPMG and the IRS, KPMG would object on the ground that providing such documents or testimony would be burdensome to KPMG and that the Salas cannot demonstrate a substantial need for the testimony or material. Obviously, to the extent that these requests call for privileged or work product materials, KPMG would object on that ground as well.

Finally, KPMG would object to the subpoena for testimony on the ground that the 30(b)(6) notice sets forth several topics that we do not believe are appropriate for a 30(b)(6) witness. For example, the notice asks KPMG to designate a person knowledgeable and competent to testify on numerous matters about which few if any individuals at KPMG have any direct knowledge.

John M. Colvin, Esq.
October 20, 2006
Page 3

      Based on our discussions, I believe that we can work through these issues but, as we discussed yesterday, we want to ensure that you understand KPMG's concerns with regard to the subpoena. Please let me know if you believe that anything in this letter is inaccurate or if you would like to discuss any matters relating to the above issues.

                                 Sincerely,

                                 Joseph L. Barloon

cc:    David N. Geier, Esq.