# EXHIBIT 7

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

# Issued by the
# UNITED STATES DISTRICT COURT

Southern DISTRICT OF New York

Carlos E. Sala and Tina Zanolini Sala,

V.

United States of America

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 05-vc-00636-LTB-PAC

Court where pending: (D.Colo)

TO: Refco Capital Markets, Ltd., One World Financial Center, 200 Liberty Street, New York, NY 10281-1094

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Greenberg Traurig, LLP, MetLife Building, 200 Park Avenue, New York, NY 10166 | Fri. July 21, 2006 at 9:30 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached "Attachment to Fed.R.Civ.P.45 Subpoena."

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 6/20/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Darrell D. Hallett, 1011 Western Ave. Suite 803, Seattle, WA 98104

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - C    VEB 4/99

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                       DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

CARLOS E. SALA and
TINA ZANOLINI SALA,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Court where pending:

DISTRICT OF COLORADO
Civil Action No. 05-cv-00636-LTB-PAC

---

ATTACHMENT TO FED. R. CIV. P. 45 SUBPOENA DUCES TECUM

---

Pursuant to Federal Rule of Civil Procedure 45, and in connection with the *subpoena duces tecum* attached hereto, Refco Capital Markets, Ltd., One World Financial Center, 200 Liberty Street, New York, NY 10281-1094 is hereby required to appear at the offices of Greenberg Traurig, LLP, MetLife Building, 200 Park Avenue, New York, NY 10166, telephone: (212) 801-9250, on July 21, 2006, commencing at the hour of 9:30 a.m., and then and there to give testimony and produce documents in the above-captioned cause of action, said deposition, to be subject to continuance or adjournment until completed.

The production of the requested documents may be effected by mailing the originals or copies of each (including electronic copies viewable by commercially available computer programs) to: (1) Darrell Hallett at Chicoine & Hallett P.S., Waterfront Place

ATTACHMENT TO SUBPOENA        1

One, Suite 803, 1011 Western Avenue, Seattle, Washington 98104; and (2) David N. Geier, Tax Division - Civil Trial Section, Western Region, P.O. Box 683, Ben Franklin Station, Washington, D.C. 20044-0683.

## DEFINITIONS

1.   The term "Deerhurst" refers to Deerhurst Management Company, Inc., Deerhurst Trading Strategies LLC, Deerhurst Investors General Partnership, Deerhurst Trading Company, Northbridge Capital Management and/or Breckenham Trading Co., Mr. Andrew Krieger, their subsidiaries, related entities, employees, agents, or representatives.

2.   The term Refco Capital Markets, LTD, refers to the summonsed party, and any representative, employee, agent, advisor, assignee, contractor, or other person who, because they are acting as the summoned party's representative, can be required by that summoned party to furnish information and produce documents, including any person acting on the summoned party's behalf in this case.

3.   The term "Deerhurst Transaction" shall mean any transaction, investment, and/or trading program involving Deerhurst from January 1, 1999, through December 31, 2004, including Deerhurst Trading Strategies, LLC and the Lone Star investment program.

4.   Unless the time period is otherwise specified, documents are requested from January 1, 1999 to September 30, 2004.

You are further required to bring with you at that time and place the following:

## DOCUMENTS REQUESTED

ATTACHMENT TO SUBPOENA          2

1.     Any contracts and/or agreements between Deerhurst and Refco between January 1, 1999 and September 30, 2004.

2.     Any contracts and/or agreements between Carlos E. Sala and Refco between January 1, 1999 and September 30, 2004.

3.     Any contracts and/or agreements between Solid Currencies, Inc. and Refco between January 1, 1999 and September 30, 2004.

4.     All documents pertaining to rules, restrictions, terms, and/or guidelines pertaining to accounts in the name of Deerhurst, Carlos E. Sala, or Solid Currencies, Inc.

5.     Any communication and/or correspondence between Deerhurst and Refco between January 1, 1999 and September 30, 2004.

6.     Any communication and/or correspondence between Carlos E. Sala and Refco between January 1, 1999 and September 30, 2004.

7.     Any communication and/or correspondence between Solid Currencies, Inc. and Refco between January 1, 1999 and September 30, 2004.

8.     All documents that reflect account transactions related to Deerhurst Investors General Partners.

9.     All documents that reflect account transactions related to Deerhurst Trading Strategies, LLC, including both Deerhurst Trading Strategies Class A and Deerhurst Trading Strategies Class B (Lone Star).

10.    All documents that reflect account transactions related to Carlos E. Sala.

ATTACHMENT TO SUBPOENA              3

11. All documents that reflect account transactions related to Solid Currencies, Inc.

12. All records of Deerhurst foreign currency and foreign currency option trades from September 1, 1999 to December 31, 2001.

13. All credit support annexes, collateral agreements and/or margin agreements executed in connection with any Deerhurst Transaction.

14. All documents pertaining to any margin account opened, operated, or utilized by, on behalf or for the benefit of, Carlos E. Sala and/or Solid Currencies, Inc., from January 1, 1999 to December 31, 2001, including but not limited to, account applications and documents related to any collateral, guaranty, or other similar arrangement in connection with any margin account.

15. All document reflecting any loan or margin loan obtained by Carlos E. Sala and/or Solid Currencies, Inc.

16. All documents reflecting any computation or determination by Refco of the relative risk inherent in the positions in foreign currency or options on foreign currency in the accounts held by Carlos E. Sala, Solid Currencies, Inc., or Deerhurst during the period September 1, 1999 through December 31, 2001, including any determination of whether any additional deposit of funds would be required by Refco.

17. All documents reflecting any deposit, transfer, and/or withdrawal of any asset or liability by Carlos E. Sala and/or Solid Currencies, Inc. in any Deerhurst Transaction for the period from September 1, 1999 to December 31, 2001.

ATTACHMENT TO SUBPOENA                4

18. All documents which identify the Refco account representative(s), sales-trader and/or compliance officer responsible for any Deerhurst or Carlos E. Sala account or account transactions.

19. All documents reflecting any due diligence performed by Refco or others pertaining to the accounts, account openings, or trading activity for the accounts for Deerhurst, Carlos E. Sala and/or Solid Currencies, Inc.

20. All documents reflecting whether any Deerhurst, Carlos E. Sala or Solid Currencies account is an omnibus account and the identity of all related accounts.

21. Any credit support agreements or guarantees relating to Deerhurst, Carlos E. Sala, or Solid Currencies applicable between January 1, 1999 and September 30, 2004.

22. All documents reflecting commissions, fees or other consideration paid between Refco and Deerhurst, or to or for their benefit, from January 1, 2000 to December 31, 2005.

23. All agreements entered into between, or on behalf of, Deerhurst and Refco regarding the payment of fees, commissions, or other compensation in effect at any time from January 1, 1999 to September 30, 2004.

24. All internal communications, including but not limited to, memos, confirmations, trade tickets, risk evaluations, correspondence regarding the foreign currency options purchased, sold, or settled by Deerhurst, Carlos E. Sala, and/or Solid

Currencies between January 1, 1999 and September 30, 2004.

25. All documents, including but not limited to, memos, trade blotters, risk runs, or hedging runs, reflecting how the options purchased by Deerhurst, Carlos E. Sala and/or Solid Currencies, Inc. between January 1, 1999 and September 30, 2004 were priced.

26. All documents, including but not limited to, memos, trade blotters, risk runs, hedging runs, or other information reflecting how the options purchased by Deerhurst between January 1, 1999 and September 30, 2004 were hedged.

27. All documents reflecting or discuss the risk to Refco of any option trade executed for Deerhurst, Carlos E. Sala, and/or Solid Currencies, Inc.

28. All internal confirmations and trade tickets for the options purchased and sold by Deerhurst, Carlos E. Sala, and/or Solid Currencies, Inc. between January 1, 1999 and September 30, 2004.

29. All correspondence sent to or generated by Refco's compliance department concerning Deerhurst, Carlos E. Sala, and/or Solid Currencies, Inc.

30. A copy of Refco's compliance manual in effect during the period October 1, 2000 to December 31, 2000.

ATTACHMENT TO SUBPOENA    6

Pursuant to Fed.R.Civ.P. 45(a)(1)(d), the text of Fed.R.Civ.P. 45(c) and (d) is included as follows:

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) require disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

ATTACHMENT TO SUBPOENA            7

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events of occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party is whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ATTACHMENT TO SUBPOENA        8

DATED this 20th of June, 2006.

Attorneys for Plaintiffs Carlos E. Sala and Tina Zanolini Sala

John M. Colvin
Darrell D. Hallett
**Chicoine & Hallett, P.S.**
Waterfront Place One, Suite 803
1011 Western Avenue
Seattle, WA 98104
Telephone: (206) 223-0800
Facsimile: (206) 467-8170
jcolvin@chicoine-hallett.com

ATTACHMENT TO SUBPOENA            9