# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00636-LTB-PAC

CARLOS E. SALA and
TINA ZANOLINI-SALA,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

---

## UNITED STATES' RESPONSE TO PLAINTIFFS' INTERROGATORIES

---

Defendant United States of America (hereinafter "Defendant" or "United States"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, and in response to the Plaintiffs' First Request for Production, states as follows:

General Objections To All Requests

1.    Defendant objects to the discovery to the extent that it seeks to impose discovery obligations beyond those imposed by the Federal Rules of Civil Procedure.

2.    Defendant objects to the discovery to the extent that they would require disclosure of information subject to a claim of privilege or protection under the work product doctrine including, but not limited to, attorney-client, deliberative process, and information otherwise protected by 26 U.S.C. § 6103.

3.  The discovery, with sub-parts, exceeds the permissible number of interrogatories

allowed in this action.  Rule 33(a), Fed. R. Civ. P.

4.   Defendant reserves the right to supplement, correct or amend any of its responses should it learn that in some material respect, the information disclosed is incomplete or incorrect and if the additional corrective information has not otherwise been made known to the plaintiffs during the discovery process or in writing.

### Objections and Responses to Specific Document Requests

Without limiting or waiving the foregoing, which is incorporated by reference in the responses set forth below, and without waiving any applicable privileges Defendant United States of America (hereinafter "Defendant" or "United States"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, and in response to the Plaintiffs' Interrogatories, states as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1.**

Please describe all of the evidence and legal arguments which you believe support your claim that the transactions giving rise to the claimed losses lack economic substance (Scheduling Order, page 3), including identifying facts or communications that support your claim, all witnesses who are in possession of information which may support your claim, and identifying all documents that relate to your claim.

**RESPONSE:**  The United States objects to this interrogatory to the extent that it seeks a description of all "evidence" and all "legal arguments" which support the Government's claims.  The request improperly seeks information protected as attorney work-product and seeks information beyond the scope of Rule 26, Federal Rules of Civil Procedure.  Further, the request for "evidence" will necessarily depend on the Plaintiffs' case-in-chief, for which it has the burden of proof.  To the

1999022.1

extent that the discovery seeks disclosure of "legal arguments," it is beyond the scope of Rule 26, Federal Rules of Civil Procedure.

Subject to these objections, the government's legal arguments may include binding and persuasive legal authority discussing the economic substance doctrine. In further response, the Government may rely upon the discovery conducted in this case and the testimony of Michael Schwartz, Martin White, Andrew Krieger, Carlos Sala, Christopher Dice, Carl Vertucca, Larry Nemirow, William Natbony, Beckett Cantley, Tim Gillis and John Raby. The United States may also rely upon documents exchanged during discovery, including documents produced by Carlos Sala, Michael Schwartz and MultiNational Strategies, LLC, Deerhurst and Andrew Krieger, Tim Gillis Martin White, KPMG and Brown & Wood. Many of these documents describe, mention or refer to the Deerhurst Transaction, reflect participation in the transaction or refer to activity that was to be the focal point of the transaction. These documents include marketing material, Refco and Deerhurst account statements, legal opinions, organizational documents for entities created in connection with the transaction, documents reflecting deposits, withdrawals and/or transfer to/from Deerhurst related accounts, written agreements with Refco and Deerhurst, communications by Deerhurst, MultiNational Strategies and/or transaction participants or third parties, financial statements prepared or issued in connection with the Deerhurst Transaction, and documents obtained from KPMG and/or Brown and Wood.

The Government may also rely upon expert opinion. The time for exchanging expert reports has not expired and such report, when prepared, will be in supplementation to this interrogatory response.

In further response, the organic documents, marketing material, legal opinions and drafts,

3

as well as the testimony of the witnesses referenced above, reflect the fact the tax losses were promised to the participants without regard to the economics of the shelter transaction. The Deerhurst related account activity from October through December 2000 when the losses were alleged to have been generated is markedly different then Deerhurst account activity that occurred both before and after this period. The account transactions selected by Deerhurst in this period were not of the kind that could generate the returns Mr. Sala has represented in this case that he expected from the transaction. Further, the reasons stated for the design of the transaction (October through December) were not supported by the risks and obligations incurred for that period and the transaction, including its liquidation, did not occur as either Andrew Krieger or Michael Schwartz testified about or as the Ruble opinion letter describes.

**INTERROGATORY NO. 2.**

Please describe all of the evidence and legal arguments which you believe support your claim that the transactions at issue in this case violate the partnership anti-abuse rules (Scheduling Order, page 3), including identifying all facts or communications that support your claim, all witnesses who are in possession of information which may support your claim, and identifying all documents that relate to your claim.

**RESPONSE:** The United States objects to this interrogatory to the extent that it seeks a description of the "evidence" and all "legal arguments" that support the Government's claims. The request improperly seeks information protected as attorney work-product and seeks information beyond the scope of Rule 26, Federal Rules of Civil Procedure. Further, the request for "evidence" will necessarily depend on the Plaintiffs' case-in-chief, for which it has the burden of proof. To the extent that the discovery seeks disclosure of "legal arguments," it is beyond the scope of Rule 26,

4

1999022.1

Federal Rules of Civil Procedure.

Subject to these objections, the Government's legal arguments may include binding and persuasive legal authority discussing Treasury Regulation § 1.701-2.

In further response, the Government may rely upon the discovery conducted in this case and the testimony of Michael Schwartz, Martin White, Andrew Krieger, Carlos Sala, Christopher Dice, Carl Vertucca, Larry Nemirow, William Natbony and Beckett Cantley. The United States may also rely upon documents exchanged during discovery including documents produced by Carlos Sala, MultiNational Strategies and Michael Schwartz, Deerhurst and Andrew Krieger, and Martin White. These documents include those that mention, describe or refer to the Deerhurst Transaction as well as those documents referring to Deerhurst Investors, G.P., including marketing materials, documents reflecting transfers to and from the partnership, the partnership agreement, financial statements issued to the partners, account records reflecting trading activity and account agreements between Deerhurst and transaction participants.

The discovery reflects that the partnership, which had been created only for participants requesting ordinary (and not capital) losses, was not necessary for the transaction, was in existence for a very short period of time and the stated reasons for its existence and immediate liquidation were not as represented nor did its liquidation occur as reflected in the Ruble opinion letter. Further, the account activity of the partnership supports that its creation and liquidation served no legitimate business purpose.

The Government may also rely upon expert opinion. The time for exchanging expert reports has not expired and such report, when prepared, will be in supplementation to this interrogatory response.

5

1999022.1

**INTERROGATORY NO. 3.**

Please describe all of the evidence and legal arguments which you believe support your claim that the Plaintiffs improperly valued their partnership interest by including only the value of the purchase call options and not the written call options (Scheduling Order, page 3), including identifying all facts or communications that support your claim, all witnesses who are in possession of information which may support your claim, and identifying all documents that relate to your claim.

**RESPONSE:**   The United States objects to this interrogatory on the grounds that it mischaracterizes the Government's contention. The request improperly seeks information protected as attorney work-product and seeks information beyond the scope of Rule 26, Federal Rules of Civil Procedure.  Further, the request for "evidence" will necessarily depend on the  Plaintiffs' case-in-chief, for which it has the burden of proof.  To the extent that the discovery seeks disclosure of "legal arguments," it is beyond the scope of Rule 26, Federal Rules of Civil Procedure.

Subject to these objections, the United States disputes Plaintiffs' effort to create a tax basis in Solid Currencies and Deerhurst Investors, GP by recognizing only certain long positions and failing to take into consideration the concurrently generated offsetting short positions.  In support, the Government's legal arguments may include binding and persuasive legal authority discussing tax basis, partnership and corporate liabilities, economic substance, the step transaction doctrine, IRC §§ 985-89, and the anti- abuse rules for partnerships.

In further response, the Government may rely upon all the discovery conducted in this case and the testimony of Michael Schwartz, Martin White, Andrew Krieger, Carlos Sala, Christopher Dice, Carl Vertucca, Larry Nemirow, William Natbony and Beckett Cantley.  The United States may

6

also rely upon the documents exchanged during discovery including documents produced by Carlos Sala, MultiNational Strategies and Michael Schwartz, Deerhurst and Andrew Krieger, and Martin White, all of which have been exchanged by the parties in discovery. These documents include documents constituting, mentioning, describing or referring to the Deerhurst Transaction, marketing materials, and Deerhurst and Refco statements.

The records and testimony reflect, that, in substance, the offsetting positions constituted a single economic unit that, in the face of any rationale economic view, could not be closed out separately and were not intended to be closed out separately, particularly, as is the case here, where Solid Currencies, the transferee of the positions, had no source of revenue or funds.

The Government may also rely upon expert opinion. The time for exchanging expert reports has not expired and such report, when prepared, will be in supplementation to this interrogatory response.

7

**INTERROGATORY NO. 4.**

Please describe all of the evidence and legal arguments which you believe supports your claim that the Plaintiffs' participation in the transactions with Deerhurst were not profit motivated (Scheduling Order, page 3), including identifying all facts or communications that support your claim, all witnesses who are in possession of information which may support your claim, and identifying all documents that relate to your claim.

**RESPONSE:**  The United States objects to this interrogatory to the extent that it seeks a description of the "evidence" and all "legal arguments" that support the Government's claim that Plaintiffs' participation in the transaction was not profit motivated.  The request improperly seeks information protected as attorney work-product and seeks information beyond the scope of Rule 26, Federal Rules of Civil Procedure.  Further, the request for "evidence" will necessarily depend on the  Plaintiffs' case-in-chief, for which it has the burden of proof.  To the extent that the discovery seeks disclosure of "legal arguments," it is beyond the scope of Rule 26, Federal Rules of Civil Procedure.     Subject to these objections, the Government's legal arguments may include binding and persuasive legal authority discussing the economic substance doctrine and IRC § 165.  The Government's response to interrogatories No. 1 through 3, *supra*, are incorporated herein for all purposes.  In further response, the Government may rely upon the discovery conducted in this case and the testimony of  Michael Schwartz, Martin White, Andrew Krieger, Carlos Sala, Christopher Dice, Carl Vertucca, Larry Nemirow, William Natbony and Beckett Cantley. The United States may also rely upon the documents exchanged during discovery, including documents produced by Carlos Sala, MultiNational Strategies and Michael Schwartz, Deerhurst and Andrew Krieger, and  Martin White, all of which have been  exchanged by the parties in discovery.  The documents include those

8

documents constituting, mentioning, describing or referring to Deerhurst, the Deerhurst Transaction, financial statements issued to transaction participants, and account statements and agreements.

The Government may also rely upon expert opinion. The time for exchanging expert reports has not expired and such report, when prepared, will be in supplementation to this interrogatory response.

The tax loss generating transaction took place from very late October through December 2000. Mr. Sala's testimony, including testimony regarding his negotiations leading up to his participation in the tax shelter transactions, establishes that he did not enter into the shelter with the expectation of profits as reflected in the Ruble opinion letter. Moreover, any expectation of profits was focused on the period after the shelter transaction concluded and on a new transaction investing through a newly created limited liability company and therefore such expectation, if credible, has no bearing on the shelter transaction at issue here.

**INTERROGATORY NO. 5.**

Please describe all of the evidence and legal arguments which you believe supports your claim that the gain and loss positions in the currency transactions may be integrated into a single transaction in accordance with their economic substance (Scheduling Order, page 3), including identifying all facts or communications that support your claim, all witnesses who are in possession of information which may support your claim, and identifying all documents that relate to your claim.

**RESPONSE:** The United States objects to this interrogatory on the grounds that it mischaracterizes the Government's contention in this case. The request improperly seeks information protected as attorney work-product and seeks information beyond the scope of Rule 26,

9

Federal Rules of Civil Procedure. Further, the request for "evidence" will necessarily depend on the Plaintiffs' case-in-chief, for which it has the burden of proof. To the extent that the discovery seeks disclosure of "legal arguments," it is beyond the scope of Rule 26, Federal Rules of Civil Procedure. Subject to these objections, the United States incorporates by this reference, its response to interrogatory No. 3, *supra.*

**INTERROGATORY NO. 6.**

Identify each person whom you expect to call as a witness at trial in this matter and state in detail the substance of each such person's knowledge of the facts relating to this matter.

**RESPONSE:** The United States objects to this discovery request to the extent that it seeks to presently learn the identification of each person the United States intends to call as a witness at trial in this matter and the substance of that persons knowledge of the facts relating to this matters on the grounds that is overly, unduly burdensome, and seeks information which is protected by the attorney work-product doctrine.

Subject to these objections, the Court has established a time for the parties to exchange witness lists and this request improperly seeks the disclosure of information in advance. Further, the United States has not determined the witnesses it intends to call at trial and will make such a determination in response to the trial testimony offered by the plaintiffs, who have the burden of persuasion on their entitlement to a refund.

**INTERROGATORY NO. 7.**

Please describe all of the evidence and legal arguments which you believe supports your claim that the Deerhurst transaction was without any reasonable expectation of profits (Amended Answer, Second Defense, Section A), including identifying all facts or communications that support

10

your claim, all witnesses who are in possession of information which may support your claim, and identifying all documents that relate to your claim.

**RESPONSE:** The United States objects to this interrogatory to the extent that it seeks a description of the "evidence" and all "legal arguments" that support the Government's claim that the Deerhurst Transaction was without any reasonable expectation of profits. The request improperly seeks information protected as attorney work-product and seeks information beyond the scope of Rule 26, Federal Rules of Civil Procedure. Further, the request for "evidence" will necessarily depend on the Plaintiffs' case-in-chief, for which it has the burden of proof. To the extent that the discovery seeks disclosure of "legal arguments," it is beyond the scope of Rule 26, Federal Rules of Civil Procedure.

Subject to these objections, the Government incorporates by reference its responses to interrogatories Nos. 3 and 4, *supra*. The Government's legal arguments may include binding and persuasive legal authority discussing economic substance, IRC § 165 and transactions entered into for a profit. In further response, the Government may rely upon the discovery conducted in this case and the testimony of Michael Schwartz, Martin White, Andrew Krieger, Carlos Sala, Christopher Dice, Carl Vertucca, Larry Nemirow, William Natbony and Beckett Cantley. The United States may also rely upon the documents exchanged during discovery, including documents produced by Carlos Sala, MultiNational Strategies and Michael Schwartz, Deerhurst and Andrew Krieger, and Martin White. These documents include documents constituting, mentioning, describing or referring to the Deerhurst Transaction, financial statements, marketing materials, agreements, and records reflecting purported assignments and account activity.

The records and testimony records reflect that, in substance, the tax loss generated in 2000

11

1999022.1

was part of a carefully constructed scheme that was not dependant upon, nor entered into with, the expectation of earning any meaningful economic profit. The stated reasons for the various steps of the shelter transaction (from October to December 2000) were not consistent with the reasons provided by Deerhurst and MultiNational as well as in the Ruble opinion letter. Further, the account activity during the same time period does not support the Plaintiffs' contention that the transaction had economic substance.

The Government may also rely upon expert opinion. The time for exchanging expert reports has not expired and such report, when prepared, will be in supplementation to this interrogatory response.

**INTERROGATORY NO. 8.**

Please describe all of the evidence and legal arguments which you believe supports your claim that Sala knew, should have known, or acted in reckless disregard to the fact that the claimed loss was illegal (Amended Answer, Second Defense, Section B), including identifying all facts or communications that support your claim, all witnesses who are in possession of information which may support your claim, and identifying all documents that relate to your claim.

**RESPONSE:** The United States objects to this interrogatory to the extent that it seeks a description of the "evidence" and all "legal arguments" that support the Government's claim that Sala knew, should have known, or acted in reckless disregard to the fact that the claimed loss was illegal. The request improperly seeks information protected as attorney work-product and seeks information beyond the scope of Rule 26, Federal Rules of Civil Procedure. To the extent that the discovery seeks disclosure of "legal arguments," it is beyond the scope of Rule 26, Federal Rules of Civil Procedure.

1999022.1

Subject to these objections, the Government's legal arguments may include binding and persuasive legal authority discussing fraud and reckless disregard for the truth and gross negligence such that it constitutes fraud.  In further response, the Government may rely upon the discovery conducted in this case and the testimony of Carlos Sala, Michael Schwartz, Martin White, Andrew Krieger, Christopher Dice, Carl Vertucca, Larry Nemirow, Tim Gillis, William Natbony and Beckett Cantley.  The United States may also rely on documents exchanged during discovery, including records obtained from Carlos Sala, MultiNational Strategies and Michael Schwartz, Deerhurst and Andrew Krieger, KPMG, Larry Nemirow and Martin White.  These documents include documents constituting, mentioning, describing or referring to the Deerhurst Transaction, financial statements issued to the partners, account records reflecting trading activity and account agreements between Deerhurst and transaction participants as well as opinion letters and draft opinions prepared in connection with the transaction.

The documents and testimony reflect, among other things, that Mr. Sala had an extremely large amount of taxable income for 2000 and that beginning in 1999 sought a means to impermissibly shelter this income from taxation.  According to Sala, he meticulously studied the transaction, reviewed transaction documents as well as obtained legal opinions.  Sala sought legal counsel and was unable to retain independent counsel to endorse his Deerhurst Transaction.  The record in this case further reflects that Sala was aware of and concerned about the impact of IRS Notice 2000-44 and declined to participate in another shelter transaction just months prior due to his decision to enter the Deerhurst shelter.  Prior to entering the Deerhurst Transaction, Mr. Sala sought out other shelter transactions beginning in 1999.  Mr. Sala was told that the tax losses were to be generated in 2000 and that such losses were guaranteed to occur that year regardless of the

1999022.1

economics of the transaction. Mr. Sala was aware that the Ruble opinion did not accurately reflect the true reasons (tax) for the liquidation of Deerhurst Investors, GP, which Mr. Sala was told and understood was to occur to obtain a loss. Moreover, Mr. Sala was aware that the proffered rationales for the various steps leading up to the assertion of a loss, including the expectation of profits and the true risks of the transaction, were not as stated. Further, given the level of due diligence claimed by Sala, it is not credible that he did not understand or seek information about what was transpiring in accounts he claimed to have an interest in.

The Government may also rely upon expert opinion. The time for exchanging expert reports has not expired and such report, when prepared, will be in supplementation to this interrogatory response.

**INTERROGATORY NO. 9.**

Please describe all of the evidence and legal arguments which you believe supports your claim that "the claimed loss was illegal" (Amended Answer, Second Defense, Section B) and the Deerhurst transaction was "an illegal scheme to evade the payment of taxes lawfully due" (Amended Answer, Second Defense, Section D), including identifying all facts or communications that support your claim, all witnesses who are in possession of information which may support your claim, and identifying all documents that relate to your claim.

**RESPONSE:** The United States objects to this interrogatory to the extent that it seeks a description of the all "evidence" and all "legal arguments" that support the Government's claim that the claimed loss was illegal and that the Deerhust transaction was an illegal scheme to evade the payment of taxes lawfully due. The request improperly seeks information protected as attorney work-product and seeks information beyond the scope of Rule 26, Federal Rules of Civil Procedure.

14

Further, the request for "evidence" will necessarily depend on the Plaintiffs' case-in-chief, for which it has the burden of proof. To the extent that the discovery seeks disclosure of "legal arguments," it is beyond the scope of Rule 26, Federal Rules of Civil Procedure.

Subject to these objections, the Government may rely upon both binding and persuasive legal authority discussing fraud, reckless disregard and gross negligence. In further response, the Government may rely upon the discovery conducted in this case and the testimony of Carlos Sala, Michael Schwartz, Martin White, Andrew Krieger, Christopher Dice, Carl Vertucca, Larry Nemirow, Tim Gillis, William Natbony and Beckett Cantley. The United States may also rely upon the documents exchanged during discovery, including records obtained from Carlos Sala, Michael MultiNational Strategies and Michael Schwartz, Deerhurst and Andrew Krieger, KPMG, Larry Nemirow and Martin White. The documents include documents constituting, mentioning, describing or referring to the Deerhurst Transaction, financial statements issued to the partners, account records reflecting trading activity and account agreement between Deerhurst and transaction participants as well as opinion letters and draft opinions prepared in connection with the transaction.

The documents and testimony reflect that those who assisted in the design, management and implementation of the Deerhust Transaction, were aware that the transaction included a promised tax loss, that the tax loss was to be obtained by following carefully crafted steps, which steps had no independent economic significance or substance and was not designed nor implemented to obtain an economic profit as a result of foreign currency or option trades.

In further response, the Government's response to interrogatory No. 8, *supra*, is incorporated herein by this reference.

1999022.1

**INTERROGATORY NO. 10.**

Please describe all of the evidence and legal arguments which you believe supports your claim that the individuals who assisted in promoting, marketing or implementing the Deerhurst transactions knew, should have known or acted in reckless disregard of the fact that the Deerhurst transaction was an illegal scheme to evade the payment of taxes lawfully due (Amended Answer, Second Defense, Section D), including identifying all facts or communications that support your claim, all witnesses who are in possession of information which may support your claim, and identifying all documents that relate to your claim.

**RESPONSE:** The United States objects to this interrogatory to the extent that it seeks a description of the "evidence" and all "legal arguments" that support the Government's claims. The request improperly seeks information protected as attorney work-product and seeks information beyond the scope of Rule 26, Federal Rules of Civil Procedure. Further, the request for "evidence" will necessarily depend on the Plaintiffs' case-in-chief, for which it has the burden of proof. To the extent that the discovery seeks disclosure of "legal arguments," it is beyond the scope of Rule 26, Federal Rules of Civil Procedure.

Subject to these objections, the Government may rely upon the discovery conducted in this case and the testimony of Michael Schwartz, Martin White, Andrew Krieger, Carlos Sala, Christopher Dice, Carl Vertucca, Larry Nemirow, William Natbony and Beckett Cantley. The United States may also rely upon documents exchanged during discovery including documents produced by Carlos Sala, MultiNational Strategies and Michael Schwartz, Deerhurst and Andrew Krieger, and Martin White. The documents include those mentioning, describing or referring to the

1999022.1

Deerhurst Transaction, marketing materials, purported transfers, financial statements, account records and agreements.

In further response, Mr. Schwartz, among others, designed this transaction to generate claimed tax losses. The stated rationales for the events leading to the claimed tax loss are not supported by the record, including the reasons for the creation of Solid Currencies and Deerhurst Investors, GP as well as for liquidating each. Moreover, Messrs. Schwartz and Krieger were aware that the account activity did not present the ability to earn profits as represented and that the liquidation did not occur as represented. Further, despite having retained counsel, neither presented the marketing materials regarding the transaction to counsel.

The Government may also rely upon expert opinion. The time for exchanging expert reports has not expired and such report, when prepared, will be in supplementation to this interrogatory response.

**INTERROGATORY NO. 11.**

Please describe all of the evidence and legal arguments which you believe supports your claim that Sala attempted to hide the role that KPMG played in his Deerhurst transaction by misclassifying the nature of the fees paid to KPMG (Amended Answer, Second Defense, Section H), including identifying all facts or communications that support your claim, all witnesses who are in possession of information which may support your claim, and identifying all documents that relate to your claim.

**RESPONSE:** The United States objects to this interrogatory to the extent that it seeks a description of the all "evidence" and all "legal arguments" that the Government believes supports the claim that Sala attempted to hide the role KPMG played in his Deerhurst transaction by

17

misclassifying the nature of the fees paid to KPMG.  The request improperly seeks information protected as attorney work-product and seeks information beyond the scope of Rule 26, Federal Rules of Civil Procedure.  Further, the request for "evidence" will necessarily depend on the Plaintiffs' case-in-chief, for which it has the burden of proof.  To the extent that the discovery seeks disclosure of "legal arguments," it is beyond the scope of Rule 26, Federal Rules of Civil Procedure.

Subject to these objections, the Government may rely upon the discovery conducted in this case and the testimony of  Carlos Sala, Tim Gillis, Larry Nemirow, Michael Schwartz and Martin White.  The United States may also will also rely upon the documents exchanged in discovery including documents produced by Carlos Sala and KPMG reflecting the work performed by KPMG. The United States may also rely upon written statements and representations made by or on behalf of Carlos Sala during this litigation.

### INTERROGATORY NO. 12.

Please list each representation in the Ruble opinion letter that the government believes is inaccurate and with respect to each representation identify all facts or communications that support the government's claim that Plaintiff knew or should have known that the representation was inaccurate.

**RESPONSE:** The United States objects to this request on the grounds that, to the extent that it requests the United States identify each inaccurate "representation" contained in a one hundred thirteen page opinion letter, the request is vague and ambiguous, is unduly burdensome and if each request were separately stated, would exceed the permissible number of interrogatories under the Federal Rules of Civil Procedure.  The referenced "opinion" letter includes representations of law, fact, and the application of law to facts, background representations and pure legal representations.

18

1999022.1

Subject to these objections, the United States asserts that the stated rationale for the Deerhurst Transaction steps that were to occur between October and December, 2000 were not as stated in the Ruble Opinion. Mr. Sala was aware that the minimum required investment was not as stated, and that the trial period and increasing participation interests were not implemented for reasons stated and that the expected returns for the Deerhurst Transaction were not as contained in the Ruble Opinion. Further, Sala was aware that the Deerhurst Transaction was structured to mandate participation in Deerhurst Trading, LLC. In regard to investor representations made at pages 4 and 5 of the opinion, the United States disputes Nos. 1, 2, 3, 4, 5, 14, 15 and 18.

In further response, the Government may rely upon the discovery conducted in this case and the testimony of Michael Schwartz, Martin White, Andrew Krieger, Carlos Sala, Christopher Dice, Carl Vertucca, Larry Nemirow, William Natbony and Beckett Cantley. The United States may also will also rely upon the documents exchanged in discovery, including documents produced by Carlos Sala, MultiNational Strategies and Michael Schwartz, Deerhurst and Andrew Krieger, and Martin White. The documents include documents that mention, describe or refer to the Deerhurst Transaction, marketing materials, agreements, purported assignments, financial statements and account records.

The Government may also rely upon expert opinion. The time for exchanging expert reports has not expired and such report, when prepared, will be in supplementation to this interrogatory response.

**INTERROGATORY NO. 13.**

If, in addition to the rationales set out in the Scheduling Order in this case (and which are the subject of Interrogatories 1 through 5 above), you contend that there are other legal or factual

19

reasons which operate to deny Plaintiffs the benefit of the losses claimed on their tax return, please describe these reasons in detail, including identifying all facts or communications that support your contention, all witnesses who are in possession of information which may support your contention, and identifying all documents that relate to your contention.

**RESPONSE:** The United States objects to this interrogatory to the extent that it seeks a description of the "evidence" and all "legal arguments" that support "rationales" "which operate to deny Plaintiffs the benefit of losses claimed on their tax return." The request improperly seeks information protected as attorney work-product and seeks information beyond the scope of Rule 26, Federal Rules of Civil Procedure. Further, the request for "evidence" will necessarily depend on the Plaintiffs' case-in-chief, for which it has the burden of proof. To the extent that the discovery seeks disclosure of "legal arguments," it is beyond the scope of Rule 26, Federal Rules of Civil Procedure. Subject to these objections, the Government may rely upon both binding and persuasive legal authority discussing the burden of proof, whether plaintiffs have established a prima facie case for a refund, whether Deerhurst Investors and/or Solid Currencies were truly at risk for the short options transferred to it, and whether the short options constituted liabilities under the Internal Revenue Code.

In further response, the Government may rely upon the deposition and or trial testimony and documents described in the Government's answers to these interrogatories. The Government will also rely upon expert opinion regarding the trading activity and risk associated with the partnership. The time for exchanging expert reports has not expired and such report, when prepared, will be in supplementation to this interrogatory.

20

1999022.1

**INTERROGATORY NO. 14.**

If you still contend that this is a "case involving fraud," please identify all facts and documents that support the government's contention.

**RESPONSE:** The United States contends that this is a "case involving fraud." The United States, with the agreement of Plaintiffs, has been granted until February 5, 2007 to set forth its legal and factual arguments in connection with this issue. The Government's brief in opposition will constitute a fully and complete response to this interrogatory. In further response, the United States will rely upon the testimony and documents described in these responses.

**INTERROGATORY NO. 15.**

Please describe all of the evidence and legal arguments which you believe supports your claim that the United States is entitled to setoff any amount owed Plaintiffs against an accuracy-related penalty owed, but not assessed (Amended Answer, First Defense), including identifying all facts or communications that support your claim, all witnesses who are in possession of information which may support your claim, and identifying all documents that relate to your claim.

**RESPONSE:** On November 17, 2006, the parties each received a statement of facts from counsel for KPMG. This statement was submitted in lieu of deposition testimony. The United States had previously noticed a deposition of former KPMG partner Tracie Henderson. Ms. Henderson's counsel has notified counsel that she will refuse to give testimony in this case relying on her Fifth Amendment privilege. The United States has been frustrated in its effort to learn, from the individual with the most knowledge, the role of KPMG in this case. In light of the statement issued by KPMG on November 17, 2006, the United States is evaluating its claim of setoff and will amend and/or supplement its response to this interrogatory as it is appropriate to do so.

**INTERROGATORY NO. 16.**

Please describe all of the evidence and legal arguments which you believe supports your position that Plaintiffs did not act with reasonable cause and in good faith in connection with their reporting of the Deerhurst transaction on their federal income tax return for the year 2000 as originally filed, including identifying all facts or communications that support your claim, all witnesses who are in possession of information which may support your claim, and identifying all documents that relate to your claim.

**RESPONSE:** The United States objects to this interrogatory to the extent that it seeks a description of the "evidence" and all "legal arguments" that support "rationales" "which support the Government's claim that Plaintiffs did not act with reasonable cause and in good faith in connection with the reporting of their Deerhurst Transaction on their 2000 federal income tax return. The request improperly seeks information protected as attorney work-product and seeks information beyond the scope of Rule 26, Federal Rules of Civil Procedure. Further, the request for "evidence" will necessarily depend on the Plaintiffs' case-in-chief, for which it has the burden of proof. To the extent that the discovery seeks disclosure of "legal arguments," it is beyond the scope of Rule 26, Federal Rules of Civil Procedure.

Subject to these objections, the United States incorporates by this reference its responses to interrogatories Nos.1-5 and 7-14, *supra*. In further response, the Government may rely upon all the discovery conducted in this case and the testimony of Michael Schwartz, Martin White, Andrew Krieger, Carlos Sala, Christopher Dice, Carl Vertucca, Larry Nemirow, William Natbony and Beckett Cantley. The United States may also rely upon the documents exchanged during discovery including documents produced by Carlos Sala, MultiNational Strategies and Michael Schwartz,

22

Deerhurst and Andrew Krieger, and Martin White, all of which have been exchanged by the parties in discovery. These documents include documents constituting, mentioning, describing or referring to the Deerhurst Transaction, marketing materials, and Deerhurst and Refco statements.

The Government may also rely upon expert opinion. The time for exchanging expert reports has not expired and such report, when prepared, will be in supplementation to this interrogatory response.

**INTERROGATORY NO. 17.**

In the Declaration submitted by Shirah Neiman, the government alleges that "the Carlos Sala SOS shelter that is the subject of this civil lawsuit, is one of the SOS shelter transactions encompassed by the charges in the [U.S. v. Stein] indictment." Please specifically identify where Carlos Sala's transaction is encompassed in the indictment (i.e. paragraph number), where the fees paid by Carlos Sala are encompassed in the indictment, and what facts show that Carlos Sala's transaction falls under the Stein indictment.

**RESPONSE:** The United States objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence in this case and impermissibly seeks discovery related to the criminal case in *U.S. v. Stein*. On March 23, 2006, the United States District Court for the District of Colorado denied the Government's request for a stay.

Subject to this objection, the United States refers the Plaintiffs to the briefs and documents offered in support of its stay request and further directs Plaintiffs to the November 17, 2006 letter to John Colvin, Esq. from Joseph Barloon, Esq. Writing for KPMG, Mr. Barloon states that Sala's Deerhurst Transaction was in fact one of the SOS shelter transactions referred to in its Statement of Facts submitted in conjunction with KPMG's deferred prosecution agreement.

1999022.1

**INTERROGATORY NO. 18.**

If you deny that there was a reasonable possibility for Carlos Sala to profit from the Deerhurst transactions, please describe all of the evidence and legal arguments which you believe support your position in this regard, including identifying facts or communications that support your claim, and identifying all documents that relate to your claim.

**RESPONSE:**   The United States objects to this interrogatory to the extent that it seeks a description of the all "evidence" and all "legal arguments" which it believes supports the position that were was not a reasonable possibility for Sala to profit from the Deerhurst Transaction. The request improperly seeks information protected as attorney work-product and seeks information beyond the scope of Rule 26, Federal Rules of Civil Procedure. Further, the request for "evidence" will necessarily depend on the Plaintiffs' case-in-chief, for which it has the burden of proof. To the extent that the discovery seeks disclosure of "legal arguments," it is beyond the scope of Rule 26, Federal Rules of Civil Procedure.

Subject to these objections, the Government incorporates by reference its responses to interrogatories Nos. 1, 4, 7-9 and 14. In further response, the Government may rely upon both binding and persuasive legal authority on economic substance and the step transaction doctrines. In further response, the Government may rely upon all the discovery conducted in this case and the testimony of Michael Schwartz, Martin White, Andrew Krieger, Carlos Sala, Christopher Dice, Carl Vertucca, Larry Nemirow, William Natbony and Beckett Cantley. The United States may also rely upon the documents exchanged in discovery including documents produced by Carlos Sala, Michael MultiNational Strategies and Michael Schwartz, Deerhurst and Andrew Krieger, KPMG, Tim Gillis and Martin White. The documents include those documents that mention, describe or refer to the

1999022.1

Deerhurst Transaction, and include financial statements issued to the partners, account records and account agreements and Plaintiffs' tax returns.

The Government may also rely upon expert opinion. The time for exchanging expert reports has not expired and such report, when prepared, will be in supplementation to this interrogatory response.

In further response, Plaintiffs' the tax shelter transaction (October to December 2006) did not present any reasonable possibility of an economic profit. Plaintiffs' communications with representatives of Deerhurst and MultiNational, the fees charged or incurred, and the account activity reflected in Deerhurst Investors, GP trading activity conducted on Plaintiffs' behalf each reflect that during this period, Plaintiffs were concerned only with the generation of a tax loss.

**INTERROGATORY NO. 19.**

If it is your position that Andy Krieger, Michael Schwartz or Deerhurst misrepresented Andy Krieger's trading history, please describe all of the evidence and legal arguments which you believe support your position, including identifying facts or communications that support your claim, all witnesses who are in possession of information which may support your claim, and identifying all documents that relate to your claim.

**RESPONSE:** The United States objects to this interrogatory to the extent that it seeks a description of the "evidence" and all "legal arguments" which it believes supports the position that Andy Krieger, Michael Schwartz or Deerhurst misrepresented Andy Krieger's trading history. The request improperly seeks information protected as attorney work-product and seeks information beyond the scope of Rule 26, Federal Rules of Civil Procedure. Further, the request for "evidence" will necessarily depend on the Plaintiffs' case-in-chief, for which it has the burden of proof. To the

1999022.1

extent that the discovery seeks disclosure of "legal arguments," it is beyond the scope of Rule 26, Federal Rules of Civil Procedure.

Subject to these objections, Deerhurst has declined or has been unable to produce information that is the subject of this request although such information has been subpoenaed. In further response, the Government may rely upon all the discovery conducted in this case and the testimony of Michael Schwartz, Andrew Krieger and Carlos Sala. The United States may also will also rely upon documents exchanged during discovery, including documents produced by Carlos Sala, MultiNational Strategies and Michael Schwartz, Deerhurst and Andrew Krieger. The documents include documents mentioning, describing or referring to Deerhurst, Andrew Krieger and/or the Deerhurst Transaction.

Regardless of the accuracy of any representations about past performance, which representations may be inconsistent with the documents provided by Sala and others, the account activity entered into in October through December 2000 in connection with the Deerhurst Transaction was not of a kind or type to produce the economic returns identified by Krieger, Schwartz and Sala as being reflective of Krieger's or Deerhurst's past performance.

The Government may also rely upon expert opinion. The time for exchanging expert reports has not expired and such report, when prepared, will be in supplementation to this interrogatory response.

**INTERROGATORY NO. 20.**

If it is your position that Deerhurst improperly deferred any charges or fees from 2000 to 2001, please describe all of the evidence and legal arguments which you believe support your position, including identifying facts or communications that support your claim, all witnesses who

26

1999022.1

are in possession of information which may support your claim, and identifying all documents that relate to your claim.

**RESPONSE:** The United States objects to this interrogatory to the extent that it seeks a description of the "evidence" and all "legal arguments" which it believes supports the position that Deerhurst improperly deferred charges and fees. The request improperly seeks information protected as attorney work-product and seeks information beyond the scope of Rule 26, Federal Rules of Civil Procedure. Further, the request for "evidence" will necessarily depend on the Plaintiffs' case-in-chief, for which it has the burden of proof. To the extent that the discovery seeks disclosure of "legal arguments," it is beyond the scope of Rule 26, Federal Rules of Civil Procedure.

Subject to these objections, the Government may rely upon both binding and persuasive legal authority reflecting the deferral of charges and fees. In further response, the Government may rely upon all the discovery conducted in this case and the testimony of Michael Schwartz, Martin White, Andrew Krieger, Carlos Sala, Larry Nemirow and William Natbony. The United States may also rely upon the documents exchanged during discovery including, documents produced by Carlos Sala, MultiNational Strategies and Michael Schwartz, Deerhurst and Andrew Krieger, KPMG and Martin White. The documents include those documents that mention, describe or refer to the Deerhurst Transaction, and include financial statements issued to the partners, account records and account agreements and Plaintiffs' tax returns.

In further response, the fees and charges in connection with Mr. Sala's participation in Deerhurst Investors, GP were improperly charged against the Deerhurst accounts of non-partners

27

and, although incurred in 2000, were not taken into account by Deerhurst and/or MultiNational Strategies in determining the profitability of the 2000 Deerhurst account activity.

### INTERROGATORY NO. 21.

For each request for admission that the government denied or made a qualified response please provide the basis and reasoning for the denial or qualified answer and any facts that support the denial or qualified response.

**ANSWER:** The United States objects to this interrogatory on the grounds that, with sub-parts, and taking into account the interrogatories and sub-parts already propounded, the request exceeds the permissible number of interrogatories allowed.  Rule 33, Fed. R. Civ. P.

### INTERROGATORY NO. 22.

If you denied or made a qualified response to Plaintiffs' request for admission number 4, please provide the basis and reasoning for the denial or qualified answer and any facts that support the denial or qualified response.

**ANSWER:** For its response to interrogatory No. 22, the United States incorporates by reference herein its response to request for admission 4, served concurrently herewith.

### INTERROGATORY NO. 23.

If you denied or made a qualified response to Plaintiffs' request for admission number 6, please provide the basis and reasoning for the denial or qualified answer and any facts that support the denial or qualified response.

**ANSWER:** The trades did not occur as reflected in request No. 6.  The trades reflected in request Nos. 2 and 6 appear to have been combined by Deerhurst.   The United States relies upon

1999022.1

the documents exchanged by the parties in discovery including documents produced by Carlos Sala, MultiNational Strategies and Michael Schwartz and Andrew Krieger and Deerhurst.

**INTERROGATORY NO. 24.**

If you denied or made a qualified response to Plaintiffs' request for admission number 46, please provide the basis and reasoning for the denial or qualified answer and any facts that support the denial or qualified response.

**ANSWER:** For any rational and practical economic purpose, the option pairs could not be closed-out separately and were not entered into with this intention. The Government will rely upon expert opinion regarding the trading activity and risk associated with the partnership. The time for exchanging expert reports has not expired and such report, when prepared, will be in

29

supplementation to this interrogatory.

In accordance with 28 U.S.C. § 1746, I David N. Geier declare as follows:

1. I am a trial attorney employed by the Department of Justice, Tax Division, in Washington, D.C. I have been assigned responsibility for representing the United States in this case.

2. The facts set forth in the Defendant's Response to Plaintiffs' Interrogatories are true and correct to the best of my information and belief.

I declare under penalty of perjury this 30th day of November, 2006, that the forgoing is true and correct.

_____
David. N. Geier
Trial Attorney, Tax Division
U.S. Department of Justice

Dated this ___th day of November, 2006.

TROY A. EID
United States Attorney

MARK S. PESTAL
Assistant United States Attorney

_____
DAVID N. GEIER
ANTON L. JANIK, JR.  CO#35164
AMY MATCHISON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044-0683
Telephone:     (202) 616-3448
Facsimile:      (202) 307-0054
Email:David.N.Geier@usdoj.gov

Street Address:

Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20001

CERTIFICATE OF SERVICE

1999022.1

IT IS HEREBY CERTIFIED that service of the foregoing **UNITED STATES' RESPONSE TO PLAINTIFFS' INTERROGATORIES** has been made this 30th day of November, 2006, by arranging for pick up and overnight delivery of a copy thereof via Federal Express to the following addressee:

> JOHN COLVIN
> DARRELL HALLETT
> Chicoine & Hallett, P.S.
> One Waterfront Place
> 1011 Western Avenue #803
> Seattle, WA 98104

DAVID N. GEIER
Trial Attorney, Tax Division
U.S. Department of Justice

31

1999022.1