IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| CARLOS E. SALA and | ) | |
| TINA ZANOLINI SALA, | ) | |
| | ) | 05-cv-00636-LTB-KLM |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**UNITED STATES' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE THE UNITED STATES FROM OFFERING TRIAL TESTIMONY OF UNDISCLOSED WITNESSES AND OFFERING EVIDENCE REGARDING THE OFFSET DEFENSE NOT DESCRIBED IN ITS RESPONSES TO INTERROGATORIES**

_____

Defendant, the United States of America ("United States") hereby opposes plaintiffs'

motion to preclude the United States from offering trial testimony of undisclosed witnesses and

offering evidence regarding the offset defense not described in its responses to interrogatories

("Plaintiffs' Motion").  (Docket Entry No. 179).

Plaintiffs seek to preclude the United States from presenting the testimony of Michael

Halpert, KPMG representative Diane Fuller, and an unnamed "corporate designee" of Refco

Capital Markets at trial.  In addition, plaintiffs also want to prevent the United States from

presenting any evidence at trial in support of its offset defense.  Plaintiffs argue that they are

entitled to this extraordinary relief and drastic sanction for two reasons: first, because they

contend that the United States did not timely identify these three witnesses, and second that the

United States failed to amend its interrogatory response to further describe its offset defense.  In

1

support of their punitive request, plaintiffs allege that the United States' failure in both accounts is not justified, nor is it harmless.  However, the factual record makes clear that plaintiffs were made aware of the witnesses and evidence during discovery and that United States is both justified in regard to its disclosures and that there was no harm caused to the plaintiffs by the United States' conduct.  If indeed any harm has been inflicted upon the plaintiffs' litigation position, it is the fault of plaintiffs' and plaintiffs alone.

## FACTS

Plaintiffs recite only a portion of the relevant factual background in this matter.  The United States did submit its initial disclosures in this matter on October 11, 2005, and did not include in that submission the names of Michael Halpert, Diane Fuller, or a representative of Refco.  On December 9, 2005, the United States did amend its disclosures to provide the names of additional witnesses and also this same day moved to amend its answer to the operative complaint such that it could assert the affirmative defenses of fraud and offset.  The United States did not include the names of Michael Halpert, Diane Fuller, or a representative from Refco in these disclosures.

What the plaintiffs have neglected in their recitation of the factual record is that on June 30, 2005, before the United States even answered the operative complaint, plaintiffs had moved for partial summary judgment seeking a refund of $1.5 million in interest they claimed was over-assessed because of the application of IRC Section 6404(g).  (Docket Entry No. 5).  In response, on October 3, 2005, the United States filed a Rule 56(f) motion to plaintiffs' motion for partial summary judgment, seeking additional time to conduct much needed discovery into the relationship between plaintiffs, KPMG, and the underlying tax shelter transaction.  (Docket

2679870.1

Entry No. 18).  Based upon the information the United States was able to obtain at that point regarding the involvement of KPMG in the underlying tax shelter transaction, on December 12, 2005, the United States filed a motion to amend its answer to assert that this is a case involving fraud under Section 6404(g)(2)(B) and also to assert an offset due to the IRS's under-assessment of an accuracy-related penalty.  (Docket Entry No. 40).

On December 13, 2005, in connection with its request for a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, the United States filed the first Declaration of Michael Halpert.  In this submission, Michael Halpert declared that "on March 19, 2002, the IRS provided notice to KPMG that an ongoing promoter penalty examination had been extended to include the shelter transactions identified in IRS Notice 200-44, which include the BLIPS and SOS shelters."  (Docket Entry No. 44).  That Rule 56(f) motion was granted on February 15, 2006.  (Docket Entry No. 66).  On December 15, 2005, the United States filed a motion to stay this entire action pending the resolution of the KPMG-related prosecutions in the Southern District of New York, *United States v. Stein*.  (Docket Entry No. 46).  The motion to stay was denied on March 23, 2006.  (Docket Entry No. 82).  On May 11, 2006, the United States filed a motion for reconsideration.  (Docket Entry No. 86).  On June 14, 2006, the Court entered an order denying the motion for reconsideration.  (Docket Entry No. 93).

Before the closure of fact discovery on November 27, 2006, the United States attempted to conduct discovery regarding the interaction between plaintiffs, KPMG, and the underlying tax shelter transaction.  The United States was able to learn some information through discovery, but for the most part was thwarted in its efforts.  Specifically, the United States was unable to obtain the deposition testimony of former KPMG partner, Tracie Henderson, and the author of the tax

2679870.1

opinion letter for the underlying tax shelter transaction, Raymond J. Ruble because of an ongoing criminal investigation and pending indictment.[1]  The United States has contended through the bulk of this litigation that testimony from both of these witnesses is imperative to the United States' ability to successfully defend itself.  In the absence of such testimony, the United States has been hampered and its case prejudiced.  Plaintiffs seemingly agreed that discovery from KPMG was necessary and even noticed a Rule 30(b)(6) deposition for KPMG.  In lieu of providing testimony however, counsel for KPMG Joseph Barloon, sent plaintiffs a letter dated November 17, 2006, that provided responses to each area of inquiry that plaintiffs had identified in their Rule 30(b)(6) deposition notice.  The deposition was not conducted.

On February 5, 2007, the United States filed its response to plaintiffs' motion for partial summary judgment on the Section 6404(g) issue.  (Docket Entry No. 117).  On that same date, plaintiffs filed a second motion for partial summary judgment.  (Docket Entry No. 114).  This second motion was filed in response to the United States' assertion of the offset defense.  At issue in this second motion was KPMG's relationship to plaintiffs' tax shelter transaction.  On March 12, 2007, the United States filed a second Rule 56(f) motion to continue its response to this second motion for partial summary judgment, until such time as it could procure the testimony of Tracie Henderson and Raymond J. Ruble.  (Docket Entry No. 136).  Plaintiffs opposed that motion and on May 30, 2007, this Court denied the request for relief.  (Docket Entry Nos. 142, 167).  On April 16, 2007, the United States filed a renewed motion to stay this matter pending the trial of the related criminal matter, *United States v. Stein*.  (Docket Entry No.

---

[1] Ms. Henderson, through her counsel, informed the parties that she would rely on her 5th Amendment rights and refuse to testify.  Mr. Ruble, a criminal defendant, had declined to testify in similar circumstances.

2679870.1

147).  Plaintiffs also opposed that request and this Court denied that motion on May 30, 2007.

(Docket Entry Nos. 155, 167).  The United States responded to plaintiffs' partial motion for

summary judgment on June 19, 2007.  (Docket Entry No. 169).  In support of its opposition the

United States submitted a second Declaration of Michael Halpert in which he reiterated that the

IRS was examining shelter transactions that involved KPMG.  (Docket Entry No. 171).  The

United States also submitted the Declaration of Diane Fuller.  (Docket Entry No. 173).  Ms.

Fuller's declaration set forth in a testamentary fashion only the matters earlier set forth in

KPMG's counsel's letter to plaintiffs and nothing additional.

Beginning in April 2007, the United States and plaintiffs began discussions regarding the

proposed joint pre-trial statement they were required to submit to this Court.  During these

discussions and through the exchange of drafts, plaintiffs were informed that the United States

intended to call Michael Halpert, Diane Fuller,[2] and a Refco representative to testify.  Plaintiffs

were also then informed as to what topics each of these witnesses would be called.  Specifically

the United States identified:

> *(xii)*      *Michael A. Halpert.*  Mr. Halpert is a Tax Shelter Promoter Compliance
> Specialist with the IRS and will be called to authenticate documents the IRS
> received from KPMG, and to testify to the matters stated in his declaration
> on file with this Court.

> *(vi)*      *KPMG via Diane Fuller.*  KPMG via its corporate designee may authenticate
> documents and testify regarding the facts communicated in its letter of
> November 17, 2006.

> *(i)*      *Refco via its corporate designee.*  Refco via its corporate designee may
> authenticate documents, testify about communications regarding this

---

[2] The United States discovered Diane Fuller only during preparation of the joint pre-trial
statement when it contacted KPMG counsel Joseph Barloon and requested he provide the name
of a witness who could testify at trial only as to the matters revealed in his November 17, 2006,
letter to plaintiffs.

2679870.1

transaction, testify about trading policies and guidelines in connection with this transaction, including margin requirements and liquidation of offsetting positions.

Plaintiffs included in the joint pre-trial statement their objection to the use of the witnesses in the "special issues" section.  At the pre-trial conference before Magistrate Judge O. Edward Schlatter on May 3, 2007, plaintiffs' counsel once again raised their objection to the use of these witnesses.  (Docket Entry No. 166; Transcript at 8:8-16).  Counsel for the United States represented to the Court and offered on the record that if plaintiffs wanted to conduct the depositions of the witnesses identified, that the United States had no objection, and that the Government would work with plaintiffs in that regard.  (Docket Entry No. 166; Transcript at 14:20-15:1).  In response, Magistrate Schlatter indicated that he would enter a conditional order, if that was needed, that plaintiffs were entitled to take those depositions.  (Docket Entry No. 166; Transcript at 15:2-4).  Following this appearance, plaintiffs never contacted the United States to arrange for the deposition of any of the three witnesses identified.  Plaintiffs also never sought assistance from the court to take such depositions.  Instead, plaintiffs waited nearly four months and filed this motion, claiming prejudice.

Throughout discovery the United States has consistently attempted to discover the nature of the relationship between plaintiffs and KPMG.  The United States has consistently informed the plaintiffs and this Court of its inability to obtain evidence it has identified as necessary and existing, but unavailable.  Over and over again, the United States has revealed to the plaintiffs and this Court what evidence it has been able to discover, from what sources that evidence has originated, and how the United States intends to use it at trial.  Plaintiffs' complaint is a technical argument that the United States did not reveal this information in the proper format and should

2679870.1

be punished.  However, there has been no prejudice.  Plaintiffs' assertion that "[t]he omitted

witnesses and their expected testimony were not known to Plaintiffs" is belied by the record.

(Plaintiffs' Motion at 11).  There is no surprise in the source, content, or form of the United

States' evidence.

**ARGUMENT**

**I.   THE UNITED STATES SHOULD NOT BE SANCTIONED AND PREVENTED FROM PRESENTING RELEVANT TESTIMONY AND OTHER EVIDENCE AT TRIAL BECAUSE PLAINTIFFS WERE MADE AWARE OF THE WITNESSES AND EVIDENCE AND NO HARM OR PREJUDICE HAS OCCURRED.**

> **A.  *The United States Did Not Fail to Supplement Its Disclosures or Amend Its Interrogatory Response as Required by Rule 26.***

Although titled as a motion in limine, plaintiffs' motion is really a motion for sanctions

against the United States.  Specifically, plaintiffs seek to prevent the United States from

presenting at trial the testimony of three witnesses and any and all evidence in support of its

offset defense.  Plaintiffs seek such a harsh sanction because of what they contend was the

United States' "failure" to identify the witnesses and the evidence during discovery.  Plaintiffs

move under Fed. R. Civ. P. 37(c)(1), which provides in relevant part:

> [a] party that without substantial justification fails to disclose
> information required by Rule 26(a) or 26(e)(1), or to amend a prior
> response to discovery as required by Rule 26(e)(2), is not, unless
> such failure is harmless, permitted to use as evidence at trial, at a
> hearing, or on a motion any witness or information not so
> disclosed.

Fed. R. Civ. P. 26 requires parties to disclose "the name . . . of each individual likely to

have discoverable information that the disclosing party may use to support its claims or

defenses."  In addition, Rule 26(e) requires parties to supplement these disclosures at regular

7

intervals and to amend discovery responses if those responses become incomplete or incorrect. However, the duty to supplement or amend does not mandate the application of form over substance.  See 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2049.1 (2d ed. 2007).

In determining whether Rule 37(c)(1) sanctions are appropriate, a court must first determine whether there has been a failure to supplement a disclosure or amend a prior response pursuant to Rule 26(e).  Fed. R. Civ. P. 26(e) creates a duty upon a party to supplement and amend its previous responses (1) if the party learns that the response is in some way incomplete, and (2) if the other parties have not been made known of the additional information during the discovery process or in writing.  Here, the witnesses and evidence that plaintiffs seek to preclude were made known to them during discovery and the imposition of any sanction against the United States would only serve to inappropriately elevate form over substance.

1.    Witness Testimony

As early as December 2005, when the United States filed his declaration, plaintiffs were made aware of the existence, investigative duties, and nature of the testimony that could be expected from Michael Halpert.  Similarly, plaintiffs were aware of the nature of the testimony that could be expected from KPMG representative Diane Fuller.  Indeed, it was plaintiffs' deposition notice that resulted in the November 17, 2006, letter from Joseph Barloon which was to serve as the parameters for, or in lieu of, any testimony she would provide at trial. Furthermore, in light of the United States' filings on summary judgment and this Court's decisions regarding the United States' multiple requests for stays and on plaintiffs' motion for partial summary judgment, it was clear that there would be testimony from these witnesses

8

2679870.1

presented at trial.  Finally, the parties worked together to come up with the subpoena that was

served upon Refco.  In identifying an unnamed representative from Refco as a trial witness, the

United States only sought to authenticate the documents and any related communications

obtained as a result of a joint discovery effort.  Certainly, plaintiffs were well aware of the use of

those materials that they helped obtain during the discovery process and in fact, this witness only

became necessary because the parties have not yet been successful in simply agreeing as to the

authenticity of these documents and any related communications.  Since plaintiffs were on notice

as to the existence and substance of these three witnesses through the discovery process, the

United States did not violate Rule 26.

      2.      <u>Interrogatory Response No. 15</u>

   Despite their complaints regarding its inadequacy, plaintiffs fail to provide this

Court with the United States' full response to Interrogatory No. 15:

> On November 17, 2006, the parties each received a statement of facts from
> counsel for KPMG.  This statement was submitted in lieu of deposition
> testimony.  The United States had previously noticed a deposition of
> former KPMG partner Tracie Henderson. Ms. Henderson's counsel  has
> notified counsel that she will refuse to give testimony in this case relying
> on her Fifth Amendment privilege.  The United States has been frustrated
> in its effort to learn, from the individual with the most knowledge, the role
> of KPMG in this case.  In light of the statement issued by KPMG on
> November 17, 2006, the United States is evaluating its claim of setoff and
> will amend and/or supplement its response to this interrogatory as it is
> appropriate to do so.

Consistent with this response and the United States' actions throughout this litigation,

when the plaintiffs moved for partial summary judgment as to the United States' offset defense

the United States first responded that it needed more discovery in order to be able adequately

respond and defend itself.  Plaintiffs opposed this request and this Court denied the United

2679870.1

States' request for relief.  The United States then filed its response to plaintiffs' partial motion and offered the *exact same limited evidence* it had been permitted to collect during discovery and has relied upon all along:  testimony by the same IRS representative that it provided notice to KPMG that (1) an ongoing promoter penalty examination has been extended to include shelter transactions, and (2) KPMG's response that it considered plaintiffs' shelter transaction to be included within that examination.  This was the same information provided in the United States' discovery response, and the same information that had been openly and equally shared between both parties throughout discovery.  Yet, the plaintiffs now contend that this evidence in support of the United States' offset defense is somehow new, surprising, and prejudicial.  It is not.

The real thrust of plaintiffs' argument appears to be that because the United States did not identify the evidence in the exact technical form they would like, the ultimate sanction should be imposed.  The record is clear that plaintiffs were made aware of all the evidence the United States possesses and can present in its own defense during discovery.  Any suggestion to the contrary is simply not credible.  The United States neither failed to supplement its disclosures nor amend its discovery responses in violation of Rule 26, because plaintiffs were already made aware of the witnesses and all the evidence in support of the United States' offset defense during the discovery process.  Rule 37(c) requires nothing more.

**B.  *The United States Was Justified in its Disclosures and With Regard to Amending its Discovery Responses, and Plaintiffs Have Not Suffered Harm or Prejudice.***

Even if this Court finds that the United States failed to supplement its disclosures or amend its prior discovery response as required, the Court must then consider whether a substantial justification for the failure exists and whether such failure is harmless.  Fed. R. Civ.

2679870.1

P. 37(c) (1).  Moreover, any failure to comply with the mandate of the Rule is considered

harmless when there is no prejudice to the party entitled to the disclosure.  Sender v. Mann, 225

F.R.D. 645, 656 (D. Colo. 2004).  The burden of establishing substantial justification and

harmlessness is upon the party who is claimed to have failed to make the required disclosures.

Id.  In the Tenth Circuit, the determination of whether a Rule 26 violation is justified or harmless

is entrusted to the broad discretion of the district court.  Woodworker's Supply, Inc. v. Principal

Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (failure to disclose damage theory prior to

trial was harmless where opposing party was aware of numbers upon which the damages

calculation were based, the opposing party had opportunity to cure any prejudice but failed to do

so, and failure to disclose was not likely in bad faith).

In exercising that discretion, the district court should consider "(1) the prejudice or

surprise to the party against whom the testimony is offered; (2) ability of the party to cure the

prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the

moving party's bad faith or willfulness."  Id.

First, as discussed above, there is no prejudice or surprise to plaintiffs with regard to

either the witnesses called to testify or the evidence that supports the United States' offset

defense.  A court may treat the failure to disclose witness information as harmless "if the other

party was well aware of the identity of the undisclosed witness and the scope of their relevant

knowledge well before trial." 6 Moore's Federal Practice – Civil § 26.27 (3rd ed. 2007) (citations

omitted).  Again, plaintiffs were well aware of Michael Halpert based upon his two filed

declarations.  They were likewise aware of Diane Fuller, both from her filed declaration and

from the November 17, 2006, letter to them that lays out the scope of her knowledge.  Moreover,

11

2679870.1

plaintiffs' argument as to prejudice is facetious.  When plaintiffs objected to the witnesses, the

United States offered, and the Magistrate Judge granted, unfettered access to these witnesses

several months ago.  Plaintiffs' dilatory conduct in not taking these depositions – or even

conducting informal witness interviews – should in no manner be charged to the United States.

Second, this matter is not yet set for trial; plaintiffs may still take the depositions of

Michael Halpert and Diane Fuller.  As the United States has indicated all along, it will not

oppose plaintiffs' efforts to do such and will provide any assistance that is required to make that

happen.  As to the representative from Refco, since the parties pursued the discovery jointly the

parties may still be able to simply stipulate to the use of the Refco documents and no testimony

may be necessary in that regard.

Third, again, a trial date still has not been set.[3]  Therefore, conducting these three

depositions will not disrupt trial.  In addition, since the United States does not seek to use either

witness for any additional purpose beyond what has already been fully discovered, and in large

part briefed, there is no prejudice to plaintiffs' litigation position such that the trial would need to

be delayed.

Finally, there has been absolutely no indication of bad faith or willfulness in the manner

in which the United States behaved during or after discovery in this case.  The United States has

consistently sought to discover any evidence that may shed light on the interaction between

plaintiffs, KPMG, and the underlying tax shelter transaction.  The United States has been largely

thwarted in its efforts and any deficiency in reducing such results to writing in a specific format

were the product of inadvertence at best, but never bad faith or malice.

---

[3] As of the time of this filing, a trial date has not been set.  However, a pre-trial conference is
currently scheduled for September 7, 2007, at which point a trial date may be set.

2679870.1

Plaintiffs point this Court to <u>Mawby v. United States</u>, 999 F.2d 1252, 1254 (8th Cir. 1993), as support for their argument that to allow the testimony of Michael Halpert would not be "harmless" as envisioned by the Advisory Committee.  However, <u>Mawby</u>, is not persuasive in this matter.  First, the facts in <u>Mawby</u> are distinguishable.  They do not relate to the factual scenario presented here.  In <u>Mawby</u>, the undisclosed witness was not disclosed until *the trial itself*, at which point the trial court, after objection, initially agreed to allow rebuttal testimony. The court instead did not permit rebuttal testimony and found for defendant, and against the objecting party.  On appeal, the Eight Circuit found that the error was not that the undisclosed witness was allowed to testify, but rather that the trial court did not allow the plaintiff to present rebuttal evidence.  The court also enunciated its view that "'use of an undisclosed witness should seldom be barred unless bad faith is involved.'"  <u>Id</u>.

It is difficult to even comport <u>Mawby</u> to our facts.  Here, Michael Halpert is well known to the plaintiffs.  The parameters of his testimony have already been divulged in two filed declarations.  The plaintiffs can depose Mr. Halpert in advance of trial.  And, most importantly, there has been no allegation, nor is there any evidence, of any bad faith on the part of the United States.  By plaintiffs' own authority, the United States should not be prevented from presenting the testimony of Michael Halpert.

The instant case is more akin to <u>Owner-Operator Independent Driver Association, Inc., et al. v. USIS Commercial Services, Inc.</u>, No. 04-CV-1384, 2006 U.S. Dist. LEXIS 55429, at *3 (D. Colo. August 9, 2006), where defendant disclosed that it intended to present the testimony of six witnesses at trial in the pretrial order, but had failed to disclose the witnesses prior to the close of discovery.  In <u>Owner-Operator</u>, the court found that even though the defendant had

2679870.1

failed to disclose the witnesses in violation of Rule 26(a), based upon the established record that

the topics to be covered by each of the witnesses had already been discussed in discovery, that an

affidavit from each of the witnesses had been submitted during briefing on summary judgment,

and that each was identified in the pretrial order, their testimony was permitted.  The court

found, these facts made the violation of Rule 26(a) a permissible technical violation and the

witnesses were not precluded from testifying.  Instead, the court concluded there would be little

surprise to the plaintiff in the testimony of these witnesses.  Likewise here, the "failure" on the

part of the United States to identify these three witnesses was at best a technical violation of Rule

26(a).  Plaintiffs were well aware of the testimony of Michael Halpert, Diane Fuller, and a

representative from Refco.  Indeed, they sought to discover the bulk of it.  Moreover, even if

there is prejudice, the appropriate remedy is that already offered by the United States and granted

by the Magistrate Judge:  the deposition of these witnesses.  Plaintiffs can still conduct the

depositions of these witnesses to eliminate even the scintilla of a chance of suffering any

prejudice.

Furthermore, even if any harm has come to plaintiffs it is of their own making and the

United States should not be penalized for their dilatory failures.  Plaintiffs could have deposed

Mr. Halpert as soon as December 2005 when they became aware of him.  Certainly plaintiffs

could have deposed all three witnesses as recently as April of this year, when the parties first

began their discussions regarding trial witnesses.  Indeed, at the pre-trial conference before

Magistrate Judge Schlatter plaintiffs' counsel complained about not previously having been

aware of these three witnesses.  The United States re-iterated, this time on the record, its offer to

have plaintiffs depose the witnesses.  Magistrate Judge Schlatter indicated to plaintiffs that they

2679870.1

could depose the witnesses.  However, instead of mitigating any potential "harm" to their

litigating position, plaintiffs did nothing.  They did not notice the deposition of any of the

witnesses.  They did not contact the Government about setting up a deposition for any of the

witnesses.  They did nothing.  Nothing, that is until they filed this motion after several months

had passed and the parties are on the eve of another pre-trial conference.  And now again, instead

of looking to remedy any "harm" they may suffer, they seek to have the United States

sanctioned.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to preclude the United States from offering

trial testimony of undisclosed witnesses and offering evidence regarding the offset defense not

described in its responses to interrogatories should be denied.


Dated this 4th day of September, 2007.      TROY A. EID
                                    United State Attorney
                                    MARK S. PESTAL
                                    Asst. U.S. Attorney

                                    s/ Amy Matchison
                                    DAVID N. GEIER
                                    ANTON L. JANIK, JR. CO #35164
                                    JOSEPH A. SERGI
                                    AMY MATCHISON
                                    Trial Attorneys, Tax Division
                                    U.S. Department of Justice
                                    P.O. Box 683
                                    Ben Franklin Station
                                    Washington, D.C. 20044-0683
                                    Telephone:  (202) 305-2558
                                    Facsimile:   (202) 307-0054

            Street Address:             Judiciary Center Building
                                      555 Fourth Street, N.W.
                                    Washington, D.C. 20001

2679870.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on September 4, 2007, I electronically filed the foregoing United States' Opposition To Plaintiffs' Motion to Preclude the United States from Offering Trial Testimony of Undisclosed Witnesses and Offering Evidence Regarding the Offset Defense Not Described in its Responses to Interrogatories with the Clerk of  Court using the EFC system which will send notification of such filing to the following e-mail addresses:

dhallett@chicoine-hallett.com
jcolvin@chicoine-hallett.com
david.n.geier@usdoj.gov
anton.l.janik@usdoj.gov
amy.t.matchison@usdoj.gov

s/ Amy Matchison
AMY MATCHISON
U.S. Department of Justice
Tax Division

2679870.1