# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00636-LTB-KLM

CARLOS E. SALA and
TINA ZANOLINI-SALA,

       Plaintiffs,

v.

UNITED STATES OF AMERICA,

       Defendant.

---

PLAINTIFFS' REPLY RE: MOTION IN LIMINE TO PRECLUDE THE UNITED STATES FROM OFFERING TRIAL TESTIMONY OF UNDISCLOSED WITNESSES AND OFFERING EVIDENCE REGARDING THE OFFSET DEFENSE NOT DESCRIBED IN ITS RESPONSES TO INTERROGATORIES

---

## I.    Introduction

Having failed to identify several of its proposed trial witnesses in Fed.R.Civ.P. 26(a) disclosures, and having failed to describe the factual basis for its offset defense in Interrogatory Responses, the United States takes the position that it was justified in regard to its disclosures (or lack thereof), and that any harm inflicted on the plaintiff "is the fault of the plaintiffs' [sic] and plaintiffs alone." United States' Opposition to Plaintiffs' Motion In Limine To Preclude The United States From Offering Trial Testimony Of Undisclosed Witnesses And Offering Evidence Regarding The Offset Defense Not Described In Its Responses To Interrogatories ("Opposition"), at page 2.

Apparently attempting to excuse its failure to provide timely information regarding its

1

witnesses, the government returns to its theme that it was frustrated in its attempt to obtain information regarding Mr. Sala and the Deerhurst transactions by Tracie Henderson's invocation of her Fifth Amendment rights. Opposition, at pages 3-4. How this is relevant to the specific failures complained about in the motion, i.e., the United States' failure to list Mr. Halpert, Ms. Fuller, and a "corporate designee" of Refco Capital Markets as witnesses in Rule 26(a) disclosures, and its failure to respond substantively to an interrogatory regarding the evidence it intended to rely upon in establishing its offset defense, is never explained.

In this case, the United States' failure to identify Halpert, Fuller, and a "corporate designee" of Refco Capital Markets, and its failure to timely describe additional evidence on the offset issue in its responses to interrogatories, was neither justified nor harmless. Accordingly, the government should be precluded from offering the undisclosed witnesses and evidence at trial.

## II. The Government Was Not Substantially Justified In Failing To List the Witnesses Or Respond To the Interrogatory.

A party is under a duty to supplement or correct their disclosures under Rule 26(a) at appropriate intervals, if the disclosure was incomplete or incorrect. Fed. R. Civ. P. 26(e)(1). Likewise, a party is required to amend prior responses to interrogatories if the response is incomplete or incorrect and if the additional or corrective information has not otherwise been provided. Fed. R. Civ. P. 26(e)(2). Information is "incomplete or incorrect" in some material respect if there is a reasonable likelihood that the additional information could substantially affect the opposing party's discovery plan or trial preparation. *Sender v. Mann*, 225 F.R.D. 645, 654 (D.Colo. 2004). The policy reason underlying the requirement that parties keep their disclosures current is "to avoid trial by ambush." *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003). The government first argues that it did not fail to identify the witnesses. The

2

government's contentions are addressed in turn with respect to each witness and the interrogatory responses.

**A.     Michael Halpert.**

The government first argues that the Plaintiffs were aware of the existence of Mr. Halpert as early as December of 2005, when the government submitted the first declaration of Mr. Halpert in connection with a motion. Opposition, at page 8. The short answer to this argument is that knowledge of existence of the witness: the party must be notified of the other party's intention to call the witness at trial.

Moreover, this declaration is two pages and six paragraphs long. Colvin Dec., Exh. 10. The first two paragraphs concern Mr. Halpert's function with the IRS, which was to oversee tax shelter promoter examinations to determine if the promoters met registration requirements and whether they are subject to penalties. Colvin Dec., Exh. 10, ¶¶ 1 and 2. The final two paragraphs concern the informal production of certain documents from KPMG to the government which was subsequently produced by the government in this case. Colvin Dec., Exh. 10, ¶¶ 5 and 6. In another paragraph, Mr. Halpert indicates that he has not had contact with grand jury protected information related to the *Stein* case in the Southern District of New York. Colvin Dec., Exh. 10, ¶ 4.

In the entire first Halpert declaration, there is only one conclusory sentence that provides any information regarding the promoter penalty audit of KPMG:

> On March 19, 2002, the Internal Revenue Service provided notice to KPMG that an ongoing promoter penalty examination of KPMG shelters conducted pursuant to Internal Revenue Code 6700 had been extended to include the shelter transactions identified in IRS Notice 2000-44, which include the BLIPS and SOS shelters.

Colvin Dec., Exh. 10, ¶ 3.

From this one sentence, the United States essentially argues that Plaintiffs should have

3

known that the government would called Mr. Halpert to testify at trial regarding aspects of the United States' offset defense.

However, in context, this one sentence does not provide any indication that Mr. Halpert will necessarily be called at trial. The sentence at issue does not provide any information about how notice was provided to KPMG, or how Mr. Halpert (who had a management function within the IRS) had personal knowledge of the facts relayed in paragraph 3. Additionally, Mr. Halpert's name was not provided on the government's amended 26(a) disclosure which was delivered to Plaintiffs roughly contemporaneously with the declaration.[1] Thus, there was no reason for the Plaintiffs to suspect that Mr. Halpert, as opposed to other individuals at the IRS, would be the person with the most relevant knowledge regarding the who, what, when, where and how concerning the alleged notice to KPMG.

Given that this was a matter related to one of the government's two affirmative defenses, it was incumbent upon the government to do more than sit on its heels and assume that the Plaintiffs could divine that the government intended to use Mr. Halpert as a witness for a critical element of its case. The Plaintiffs should not have to guess whether the government intended to call Halpert as a trial witness, possibly wasting substantial resources traveling to Washington DC to take his deposition[2], when in fact the government had no intention of calling him.

If the government wished to call him at trial, the United States should have identified Halpert and provided the required contact information in a timely fashion. Indeed, it was only the Second Declaration of Mr. Halpert, filed on June 19, 2007, long after the close of discovery,

---

[1] There may well have been strategic reasons that the United States would not call a witness despite the fact that he signed a declaration in the case, e.g., that he was not the person with the best first-hand knowledge of the facts set out in the declaration.

[2] Typically, the government vigorously objects to having testimony taken from IRS agents, especially if the questioning may relate to information collected by the IRS on other taxpayers, citing the non-disclosure provisions of 26 U.S.C. § 6103.

4

that sets out any details regarding the history of the IRS examination of KPMG, and the IRS's contacts with KPMG regarding Mr. Sala's investment in Deerhurst.

**B.     Diane Fuller.**

With respect to Ms. Fuller, the government argues that Plaintiff knew what to expect from Ms. Fuller because she will provide testimony consistent with the information provided by Mr. Barloon in his letter objecting to the Rule 30(b)(6) deposition notice and responding to the topic areas. Opposition, at page 8.

The United States indicated that it only learned of Ms. Fuller's existence in the course of preparing its pre-trial order:

> The United States discovered Diane Fuller only during preparation of the joint pre-trial statement when it contacted KPMG counsel Joseph Barloon and requested that he provide the name of a witness who could testify at trial only as to the matters revealed in his November 17, 2006 letter to plaintiffs.

Opposition, at page 6 n.2.

In refusing to permit his client to provide testimony in response to the Plaintiffs' Rule 30(b)(6) deposition notice, KPMG counsel (Mr. Barloon) flatly stated in his November 17, 2006 letter that there were no witnesses remaining at KPMG who had personal knowledge regarding the topics set out in the subpoena:

> With regard to the subpoena for a 30(b)(6) deposition, KPMG's role in the transaction at issue in the litigation between your client and the government is readily ascertainable from the documents already in your possession. In addition, *as there are no individuals currently at KPMG who have organizational knowledge of the topics you seek to cover*, we do not believe that it would be appropriate to seek 30(b)(6) testimony from KPMG on the issues set forth in the deposition notice ... . With those considerations in mind and without waiving any objections that KPMG might assert, set forth below are representations in response to each of the deposition topics identified by you. Please note that KPMG's responses here are based on the information available to KPMG, and *KPMG does not have access to the individuals with the most direct knowledge of the topics set forth below*.

5

Colvin Dec., Exh. 6, at page 2 [Emphasis supplied.][3]

During discovery, counsel for KPMG (Barloon) refused to participate in the Rule 30(b)(6) deposition noticed by Plaintiffs, stating in part that there were no witnesses who could testify as to the topic areas identified by Plaintiffs. The government did not seek Rule 30(b)(6) testimony from KPMG at that time or subsequently. Now, months after the close of discovery, when the government asks for a witness who can testify as to the matters discussed in his letter, Mr. Barloon has apparently identified such a witness for the government.

Plaintiffs had no way to anticipate that the United States would attempt to call a KPMG organizational witness. Moreover, while Plaintiffs were denied the opportunity to take discovery from such an organizational witness by counsel for KPMG who claimed the non-existence of such a witness, the government has obtained the identity of one from the same counsel long after the close of discovery.

## C.   Refco Capital Markets.

With respect to the unnamed representative of Refco Capital Markets, Plaintiffs were aware of the role of the entity in the transaction, and believe that their knowledge approximates that of the government. The Plaintiffs still believe that the designation of a "representative" is improper, because there is no way for the Plaintiffs to know in advance the level of personal knowledge that might be possessed by this as of yet unidentified person. However, the government's statement that the witness was only named as a protective matter in order to authenticate documents if the parties were not able to agree (Opposition, at page 9) should obviate the need for this witness, because the parties have now agreed as to the authenticity of the documents. Amended Pretrial Order, Document 195, Filed 09/07/2007, Exhibit A (Joint

---

[3] Ironically, the government states that Ms. Fuller will testify about the matters contained in a letter wherein KPMG counsel states "there are no individuals currently at KPMG who have organizational knowledge of the topics you seek to cover."

6

Exhibits), J27-J31.

**D.     Interrogatory Response No. 15.**

The government argues that its response to Interrogatory No. 15, requesting the identification of witnesses, evidence and documents it intended to use to support its Offset Defense (a matter on which it had the burden) was adequate. Opposition, at page 9. The government's response simply stated that the government had received the November 17, 2006 Barloon letter, was evaluating its setoff claim and would amend and/or supplement its response to this interrogatory as appropriate. Colvin Dec., Exh. 8, United States' Response to Plaintiffs' Interrogatories, page 21.

Neither Mr. Halpert, nor any other IRS person was identified in this response. Similarly, no person at KPMG was identified. Likewise, no documents or information were identified in support of this defense. The government only indicated that it was in possession of the November 17, 2006 letter from KPMG and was evaluating its position, and would supplement its response in the future.

The government also argues that when it filed its response to Plaintiff's Partial Summary Judgment Motion regarding the Offset Defense (on June 19, 2007), it effectively answered the interrogatory with facts and evidence consistent with the first Halpert declaration and the November 17, 2006 Barloon letter.[4] Opposition, at pages 9-10. This is far too little, far too late.

With respect to whether the June 19, 2007 declarations in support of the government's Opposition to the Plaintiffs' Motion for Summary Judgment could be considered as an amended or supplemental response to the government's non-response to Interrogatory No. 15, the case is similar to *Gallegos v. Swift & Co.*, 2007 WL 214416 (D. Colo. 2007). In the *Gallegos* case, a

---

[4] The government appears to argue that providing facts by declaration in order to resist a summary judgment motion somehow counts as supplementing its earlier non-response to Interrogatory No. 15.

7

defendant in an ADA case (Swift) asked plaintiffs to identify all jobs that they could perform at defendant's plant and the accommodation required for each job. The *Gallegos* plaintiffs argued that they had provided some of the information responsive to the interrogatory (later included – along with additional information - in plaintiffs' amended interrogatory response) in Motions for Partial Summary Judgment. The *Gallegos* court disagreed, finding that the information contained in the Motions for Partial Summary Judgment were not Rule 26 disclosures, and that the Plaintiffs were unjustified in not amending their interrogatory responses to include the omitted information. *Gallegos v. Swift & Co.*, 2007 WL 214416, at *3-*4 (D. Colo. 2007), In the *Gallegos* case, the court refused to permit the introduction of evidence that was not identified in timely Rule 26 disclosures at trial:

> Swift is entitled to rely on the material disclosed through discovery as a basis for plaintiffs' case and its own defense. To rule now, two months before trial, that this information is admissible, would prejudice Swift's defense, disrupt the schedule of the trial, or both. Accordingly, I conclude that that the information in the Amended Response, and the information contained the Motions for Partial Summary Judgment, is not admissible at trial.

*Gallegos*, 2007 WL 214416, at *4 (D. Colo. 2007).

### III. The Failure To Disclose Was Not Harmless.

While the determination of whether the failure to disclose was substantially justified or harmless is committed to the broad discretion of the trial court, the Tenth Circuit has identified four factors to guide the trial court's discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Insur. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

### A. Prejudice.

In general, non-compliance is harmless only when there has been no prejudice to the opposing party. *Linz v. American General Finance, Inc.*, 1999 WL 619045, at *6 (D. Kan. 1999). A party may not postpone identifying the substance of its witnesses' testimony until a crucial point in the proceedings, at which time it is extremely burdensome for its opponent to respond. *Perkasie Industries Corp. v. Advance Transformer, Inc.*, 143 F.R.D. 73, 76-77 (E.D. Penn. 1992). Delay and mounting costs may equate to prejudice. *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). The need for a party to take or retake depositions qualifies as prejudice, as does the fact that the opposing party is deprived of such information both in formulating its discovery plan and determining whether or not to file motions for summary judgment. *Harvey v. United States*, 2005 WL 3164236, at *14 (D. Colo. 2006).

In this case, the identification of the undisclosed witnesses came months after the close of discovery, during the preparation of the Final Pretrial Order. Had they been identified at the proper time, Plaintiffs would have deposed these witnesses and sought documents from them, then pursued additional discovery from the government and/or third parties based on their responses. The information likewise was not available for Plaintiffs to take into account in determining whether or not to file its motion for partial summary judgment on the offset issue.

### B. Ability to Cure.

The government suggests that additional depositions of the undisclosed witnesses might cure any prejudice. However, such an approach is impractical. While this allows the deposition of the undisclosed witnesses, it would preclude Plaintiffs from pursuing additional discovery on any additional matters uncovered in such depositions. It would also require substantial time and effort be diverted from the task of being fully prepared for the December 14, 2007 Trial

Preparation Conference[5] and the January 7, 2008 trial. Such an approach would undermine the legitimate expectations of the parties and the policies of Rule 26(a). *Dixie Steel Erectors, Inc. v. Grove U.S., L.L.C.*, 2005 WL 3558663, at *9 (W.D. Okla. 2007).

**C.   Disruption of Trial or Pretrial Process.**

When Rule 26(a) violations are addressed by the court prior to trial, disruption of "the trial" is not a concern. Rather, application of this factor focuses on the disruption of the pretrial process. *Dixie Steel Erectors, Inc. v. Grove U.S., L.L.C.*, 2005 WL 3558663, at *10 (W.D. Okla. 2007). Whether there was prejudice and whether such prejudice can be cured, as discussed above, are the appropriate considerations. *See also Gallegos*, 2007 WL 214416, at *4 (D. Colo. 2007) (to rule two months before trial that information not contained in timely interrogatory responses is admissible would prejudice the opposing party and disrupt the schedule of the trial).

**D.   Bad Faith**

With respect to "bad faith," there is no requirement that the court make findings as to subjective bad faith; it is enough that counsel understood the requirements of the rule and took an unacceptably casual attitude toward the required disclosures. *Dixie Steel Erectors, Inc. v. Grove U.S., L.L.C.*, 2005 WL 3558663, at *10 (W.D. Okla. 2005). Moreover, bad faith is only one factor, and exclusion may be proper in the absence of bad faith if the other factors weigh in favor of exclusion. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 955 (10th Cir. 2002), *cert. denied*, 537 U.S. 1066 (2002); *Palmer v. Asarco, Inc.*, 2007 WL 2254343, at *4 (N.D. Okla. 2007).

---

[5] The Trial Preparation Conference requires (1) the designation of portions of depositions for the out-of-jurisdiction witnesses that will be offered (2) the identification of objections to the portions of depositions that the other side wishes to designate, (3) the identification of objections with respect to any non-stipulated exhibit; and (4) preparation of findings of fact and conclusions of law (no small task in this complicated case).

10

### IV. The Government Improperly Seeks To Blame Plaintiffs For Failing To Take The Depositions Of The Undisclosed Witnesses

The government misstates the record when it claims that the appropriate remedy (depositions of the undisclosed witnesses) had been offered by the United States and granted by Magistrate Judge Schlatter at the May 3, 2007 Pretrial Conference. Opposition, at pages 14-15. During that conference, Darrell Hallett, representing the Plaintiffs, indicated his desire to obtain an advance ruling on whether the undisclosed witnesses would be permitted to testify at trial:

> So there's – our issues regarding witnesses are laid out in the special issues [section of the Pretrial Order]. I guess out of inquiry, Your Honor, since our issues deal with whether witnesses that weren't previously disclosed can be called at trial, and, if there's a determination that they can, we want the opportunity to depose them before trial, so some procedure that we could get a determination on that so we know whether they're going to appear at trial or not.

Second Declaration of John Colvin ("Second Colvin Dec."), Exh. 1, Transcript of April 5, 2007 Hearing, at page 8.

Magistrate Judge Schlatter stated:

> Here's my advice. I know that Judge Babcock says, as all judges say, that they discourage motions in limine, but I would nevertheless advise you to file something that entitled something like that and just – and indicate to them that you're aware that he doesn't like motions in limine but you wanted to bring to his attention before trial the existence of several evidentiary issues that he might be able to address at the time of your trial prep conference on June 12.

Second Colvin Dec., Exh. 1, Transcript of April 5, 2007 Hearing, at page 8.

Counsel for the government (David Geier) offered to make some of the previously undisclosed witnesses available for deposition:

> The only thing I have to add to that is with respect to – and I guess maybe this is left for Judge Babcock in a motion in limine by both parties, but to the extent that Mr. Hallett wants to take the dep – actually complete the deposition that he noticed of KPMG, or depose Refco (phonetic) or whatnot, we certainly have no objections and we'll work with them.

11

Second Colvin Dec., Exh. 1, Transcript of April 5, 2007 Hearing, at pages 14-15.

Magistrate Judge Schlatter responded that if, in resolving Plaintiffs' proposed motion in limine, the Court were to permit the previously undisclosed witnesses to testify, he would enter a conditional order that the Plaintiffs were entitled to take the deposition:

> Well, you know – and, in fact, I'll enter *the conditional order if that arises that he's entitled to it,* so treat it as such.

Second Colvin Dec., Exh. 1, Transcript of April 5, 2007 Hearing, at page 15 [Emphasis supplied.].

From context, it is clear that Magistrate Judge Schlatter is stating that, if the proposed motion in limine were resolved in such a manner that the undisclosed witnesses are permitted to testify, Plaintiffs would be entitled to take their depositions prior to trial. Nothing more.

While the government criticizes Plaintiffs for not immediately acting on Mr. Geier's statement that he had no objection to Plaintiffs deposing KPMG and Refco, an examination of the record reveals that Plaintiffs acted diligently. Plaintiffs were certainly entitled to defer taking any deposition until such time as the Court ruled on the Plaintiffs Motion in Limine. If this motion is granted, no depositions would be necessary. Second, at the time of the Pretrial Conference, the government had a motion to stay the case, which was not denied until May 30, 2007.

In May, the Court continued the scheduled June 12, 2007 Final Pretrial Conference and the July 9, 2007 trial date in order to rule on Plaintiffs' two pending motions for partial summary judgment. On July 3, 2007, the Court issued its order on Plaintiffs motion for partial summary judgment on the offset defense. Had the Court ruled in favor of Plaintiffs on the partial summary judgment motion with respect to the offset defense, the instant motion regarding the undisclosed witnesses and evidence (all of which relate solely to the offset defense) would have been moot.

On August 10, 2007, only slightly more than a month after the court declined to grant summary judgment for Plaintiffs on the government's offset defense, and in advance of the reset Final Pretrial Conference, Plaintiffs filed the instant motion. Plaintiffs were not dilatory in pursuing the motion in limine, or in failing to accept the government's offer to take depositions in advance of the Court's ruling on the motion in limine.

WHEREFORE, Plaintiffs respectfully request this Court enter an order precluding the United States from introducing the testimony of the undisclosed witnesses at trial. Additionally, the Plaintiffs respectfully request that the United States be precluded from offering evidence regarding its Offset Defense which was not contained in its Answer to Interrogatory No. 15.

DATED this 14th day of September, 2007.

                                            CHICOINE & HALLETT, P.S.

                                            s/ John M. Colvin
                                            Darrell D. Hallett
                                            John M. Colvin
                                            Chicoine & Hallett, P.S.
                                            Attorneys for the Plaintiffs Carlos E. Sala
                                                  and Tina Zanolini-Sala
                                            1011 Western Ave. Suite 803
                                            Seattle WA, 98104
                                            Telephone: (206) 223-0800
                                            Facsimile: (206) 467-8170

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2007, I electronically filed PLAINTIFFS' REPLY RE: PLAINTIFFS' REPLY RE: MOTION IN LIMINE TO PRECLUDE THE UNITED STATES FROM OFFERING TRIAL TESTIMONY OF UNDISCLOSED WITNESSES AND OFFERING EVIDENCE REGARDING THE OFFSET DEFENSE NOT DESCRIBED IN ITS RESPONSES TO INTERROGATORIES AND DECLARATION OF JOHN M. COLVIN using the CM/ECF system, which will send notification to the following at their e-mail address on file with the court:

David N. Geier

Joseph A. Sergi

Amy T. Matchison

I declare under the penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

DATED this 14th day of September, 2007.

CHICOINE & HALLETT, P.S.

s/ John M. Colvin
Darrell D. Hallett
John M. Colvin
Chicoine & Hallett, P.S.
Attorneys for the Plaintiffs Carlos E. Sala
　　and Tina Zanolini-Sala
1011 Western Ave. Suite 803
Seattle WA, 98104
Telephone: (206) 223-0800
Facsimile: (206) 467-8170