# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Case No. 05-cv-00636-LTB

CARLOS E. SALA, and
TINA ZANOLINI-SALA,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.
_____

# ORDER
_____

This federal income tax case is before me on Plaintiffs, Carlos Sala and Tina Zanolini-Sala's ("Plaintiff"), Motion *in Limine* to Preclude the United States from Offering Trial Testimony of Undisclosed Witnesses and Offering Evidence Regarding the Offset Defense Not Described in Its Responses to Interrogatories [**Docket ## 179, 180**], the Government's Response [**Docket # 185**], and Plaintiff's Reply [**Docket # 198**]. Plaintiff moves the Court under FED. R. CIV. P. 37(c)(1) to preclude the Government from offering trial testimony of IRS agent Michael A. Halpert, KPMG Representative Diane D. Fuller, and a corporate designee of Refco Capital Markets on the basis that the Government did not identify nor indicate it would call these witnesses until the preparation of the final Pre-trial Order in June 2007. For the reasons stated on the record during the October 1, 2007, hearing, and based upon the parties' motions, briefs, and the case file, I hereby FIND and ORDER the following:

1. The parties stipulate to the authenticity of documents which the unnamed Refco Capital Markets representative would authenticate if called.  Plaintiff's motion as to the Refco Capital Markets representative is therefore DENIED as moot.

2. The Government failed to designate Michael Halpert and Diane Fuller as witnesses or to supplement its disclosures to include these witnesses under FED. R. CIV. P. 26.  These witnesses also were not identified in the Government's response to Plaintiff's Interrogatory 15 specifically requesting the identification of witnesses, evidence, and documents the Government intended to use to support its first affirmative defense (the "offset defense") [**Docket # 67**].  The burden is on the Government to show its omission was both substantially justified and harmless.  The Government does not meet this burden.

The Tenth Circuit requires I consider four factor in resolving this question: prejudice, ability to cure the prejudice, disruption of the trial, and bad faith or willfulness.  *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985 (10th Cir. 1999).  Although no one factor is controlling, prejudice to Plaintiff is a significant factor in my decision.  Plaintiff has already been prejudiced by the Government's failure to provide declarations from these two witnesses until after Plaintiff—several months after the close of discovery—pursued summary judgment on the offset defense in February 2007.  Adding these witnesses on the eve of trial—as the Government suggests I allow—would only lend addition prejudice by requiring Plaintiff to divert significant resources and time from trial preparation.

The Government argues any prejudice can be cured by further discovery, including depositions of the two witnesses.  In light of the history of this case and the complex issues presented, I have serious doubt a single deposition of each witness would be sufficient.  The deposition of these witnesses would no doubt require the subsequent deposition of additional

persons, requests for production of documents, and orders to compel. Thus, the prejudice to Plaintiff is not easily cured.

The necessary investment of time and energy required for Plaintiff to prepare for these witnesses would also disrupt the critical pretrial process, as I noted in *Gallegos v. Swift & Co.*, 2007 WL 214416 (D. Colo. Jan. 25, 2007). The reasonable requisite discovery could well affect the trial date itself. It is not lost on me that the Government has repeatedly sought to delay the trial of this case. Postponing the trial date to allow additional time for continuing discovery is not an acceptable option.

While Plaintiff does not assert bad faith on the Government's part, subjective bad faith is not a necessary requirement. The Government's casual attitude toward witness disclosures is sufficient. Given the acumen and expertise of counsel in this case, this is not simply a technical violation.

I therefore find and conclude, in light of all four *Woodworker's Supply* factors, that the Government has not met its burden of establishing harmlessness and substantial justification for its failure to comply with FED. R. CIV. P. 26. Plaintiff's motion to preclude the testimony of Michael Halpert, Diane Fuller, and any other witness not disclosed in the Government's response to Plaintiff's Interrogatory 15 is therefore GRANTED.

Dated: October   1  , 2007.

BY THE COURT:

    s/Lewis T. Babcock
Lewis T. Babcock, Judge