IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CARLOS E. SALA and<br>TINA ZANOLINI SALA,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | )<br>)<br>)  05-cv-00636-LTB-KLM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

UNITED STATES' TRIAL BRIEF
_____

Defendant, the United States of America ("United States") hereby respectfully submits this Trial Brief for consideration of several evidentiary issues prior to the start of trial in this matter currently set to begin on March 10, 2008 at 8:30 a.m.

As indicated in the Joint Proposed Pretrial Order (Docket No. 186) ("Proposed Pretrial Order"), plaintiffs currently intend to present evidence and testimony at trial from Internal Revenue Service ("IRS") employee Richard Cassius Lee Starke and a paralegal employed by plaintiffs' litigation counsel, Connie Tang.

First, with regard to Mr. Starke, plaintiffs intend to offer the trial and deposition testimony of Mr. Starke in *Jade Trading, LLC, et al, v. United States*, No. 03-2164-T ("*Jade Trading*") (and accompanying exhibits) as evidence in this case. Proposed Pretrial Order at ¶ 32 and Plaintiffs' Trial Exhibits 81-87.[1]  Mr. Starke has had no involvement with the transaction

---

[1] The United States does not object to the testimony on the grounds that it was obtained in another case.

before the Court, the plaintiffs or their representatives. Mr. Starke's testimony is not relevant to any issue before this Court.

Second, after the close of discovery, plaintiffs identified Connie Tang, a paralegal employed by plaintiffs' counsel, as a witness they intend to offer at trial. According to plaintiffs, "Ms. Tang may testify regarding documents produced to the IRS during the examination of the plaintiffs' 2000 tax return." Proposed Pretrial Order at p. 27. This testimony should not be permitted because plaintiffs failed to timely identify Ms. Tang as a possible witness in this matter or even as someone who had information supportive of their claims in accordance with FED. R. CIV. P. 26. Ms. Tang was first disclosed as a possible witness during preparation of the Proposed Pretrial Order.

**I. The Testimony and Notes of Richard Starke are Irrelevant and Inadmissible.**

Regarding Mr. Starke, primarily at issue are notes prepared by him in 1994 or 1995. More specifically, the notes include legal research; analysis of case law, Internal Revenue Code sections, internal IRS memoranda, and other materials; and summaries of IRS meetings he attended; and various other notes. The notes presumably of interest to plaintiffs are found at handwritten pages 15 and 16 (Plaintiffs' Trial Exhibit 83), wherein Mr. Starke relates information about several internal IRS meetings he attended on January 9, 1995, and primarily describes statements made by other IRS employees. As a preface to these notes (at handwritten page number 15), Mr. Starke states:

> These are very loose notes; I was not sure who represented who and heard a lot of vaguely reminiscent partnership tax law.

Mr. Starke testified that when he prepared his notes he was not well-versed in partnership law and the bulk of his testimony consists of his responses to affirmative questions asking if certain

text appeared in his notes. Indeed, Mr. Starke had no present recollection of the meetings described in his notes.

In order to be relevant, and thus admissible at trial, testimony and documents must tend "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Relevance depends on the purpose for which the evidence is offered, and the proponent of the evidence is required to articulate that purpose. However, in doing so, plaintiffs confront a powerful generality:

> [T]he cerebrations and mental processes of government officials, leading to admittedly proper exercises of power, *can never be a factor in a judicial proceeding.*

*Rosee v. Bd. of Trade*, 36 F.R.D. 684, 689 (N.D. Ill. 1965) (emphasis added).

The United States anticipates that plaintiffs may attempt to offer the notes and/or prior testimony of Mr. Starke, for one of two purposes: (1) to establish the IRS's viewpoint on the tax treatment of certain transactions at issue in this case and presumably the analysis of the law to be applied in this case; or (2) to establish that an accuracy-related penalty is not applicable in this case. Mr. Starke's notes and testimony are not admissible for either purpose.

If offered for the first purpose, the exhibit is not relevant because no factual evidence is required to establish controlling law on the proper tax treatment of the transaction at issue. It is a purely legal issue that the parties have briefed. Furthermore, a challenge to a tax determination in a district court tax refund suit results in a trial *de novo* rather than a quasi-appellate type review of administrative records. *See, e.g., Lewis v. Reynolds*, 284 U.S. 281, 283 (1932); *Ruth v. United States*, 823 F.2d 1091, 1094 (7th Cir. 1987) ("courts conduct a *de novo* review of the …

2900455.1

assessment"); *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 328 (1974) (a court's determination as to a taxpayer's liability "must be based on the merits of the case and not any previous record developed at the administrative level").  Consequently, plaintiffs' ultimate ability to claim artificial losses cannot be based upon, determined, or even influenced in this suit by any individual IRS employee's thoughts or beliefs not even directed to the facts before the Court.  *See United States v. Nordbe*rg, No. CIV. A. 93-12681-NMG, 1996 WL 170119, at *2 (D. Mass. Apr. 8, 1996).  Accordingly, the Starke notes are irrelevant and inadmissible in this case.

If the notes are offered for the second purpose of establishing the inapplicability of an accuracy related penalty they are likewise not admissible.  The notes relate to statements supposedly made by IRS employees at internal meetings.  Plaintiffs had no knowledge of these purely internal statements at the time of this transaction and the notes cannot now provide a basis for justifying plaintiffs' actions.

In any event, statements made by IRS employees at internal meetings constitute neither the official position of the IRS nor law.  Plaintiffs may rely upon official IRS statements, the Internal Revenue Code, pertinent regulations, and case law, among other sources, in support of their argument that they made a reasonable attempt to comply with the provisions of the Code.  However, unofficial, purely internal statements made by IRS employees simply have no bearing on disputed facts in this case.  *See United States v. American Telephone and Telegraph Co.*, 524 F. Supp. 1381, 1387 (D.D.C. 1981) ("Extrinsic evidence as to how and why the FCC reached its decision and what it intended thereby – either by Commissioners speaking in their individual capacities or by employees of the FCC – are irrelevant to the question whether defendant's compliance was reasonable"); *Siddell v. Commissioner*, 225 F.3d 103, 111 (1st Cir. 2000)

2900455.1

(finding internal IRS memoranda discussing the internal construction of a regulation irrelevant because the "memoranda represent the personal views of the authors, not the official position of the agency").

Indeed, there are instances in which a plaintiff/taxpayer may not rely upon *published* IRS statements, even when they are available and may have informed their tax analysis. *See* 26 U.S.C. § 6110(k)(3) (providing that private letter rulings and technical advice memoranda "may not be used or cited as precedent"); *see also* 26 C.F.R. § 301.6110-7(b) (same); *Vons Cos., Inc. v. United States*, 51 Fed. Cl. 1, 8-11 (2001) (finding that private letter rulings and technical advice memoranda have precedential value *only* to the specific taxpayers to which they are issued and collecting cases to the same effect). Accordingly, unpublished, unofficial statements are not properly relied upon here.

Finally, the contents of the notes themselves (Plaintiffs' Trial Exhibit 83) constitute hearsay. Even setting aside that Mr. Starke's own disclaimers as to what the notes purport to be cast doubt on their reliability (at p. 2, *supra*), because the notes contain alleged statements of other IRS employees (at handwritten page numbers 15-16), plaintiffs must show that each of several levels of hearsay is subject to an exception. *See* FED. R. EVID. 805 (requiring that "hearsay within hearsay" must conform to an exception to be admissible). Thus, even if the Starke notes are somehow admissible in the abstract, the statements by other IRS employees contained within them must be independently admissible. Plaintiffs cannot make this showing and therefore any testimony and notes attributed to Mr. Starke should not be allowed at trial.

2900455.1

**II.  Connie Tang Should Not be Permitted to Testify at Trial Because Plaintiffs Failed to Properly Identify Her as a Witness in This Matter.**

This Court has already considered whether a party's failure to designate a witness during the discovery period constitutes a violation of Federal Rule of Civil Procedure 26 such that sanctions should be imposed.  (Docket No. 203, Order dated October 1, 2007).  Having already concluded that such sanction is warranted against the United States for its failure to formally identify Michael Halpert and Diane Fuller, plaintiffs must now suffer the same sanction for their complete failure to identify in any way that they would rely upon the testimony of Connie Tang. Indeed, plaintiffs only disclosed the possibility of calling Ms. Tang as a witness in preparation of the joint proposed pretrial order at which point they asserted that Ms. Tang may testify regarding documents produced by the government and documents produced to the IRS during the examination of plaintiffs' 2000 tax return.  Despite such designation, Ms. Tang had not been identified in plaintiffs' initial disclosures, to date there has been no amendment to plaintiffs' initial disclosures to include her name, she has not been identified in response to any discovery request, and she has not filed any declarations with this Court that would indicate that she could even potentially be a witness in this action.  To the contrary, instead of being known as a possible factual witness at trial, she has been known to the United States to be the legal assistant to plaintiffs' counsel and has been present for almost every deposition in this case and involved at all levels of the litigation, certainly not someone the government would ever presume to take on a testimonial role.

FED. R. CIV. P. 26 requires parties to disclose "the name . . . of each individual likely to

6

have discoverable information that the disclosing party may use to support its claims or defenses." In addition, Rule 26(e) requires parties to supplement these disclosures at regular intervals and to amend discovery responses if those responses become incomplete or incorrect. FED. R. CIV. P. 37(c)(1), provides in relevant part that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." In determining whether Rule 37(c)(1) sanctions are appropriate, a court must first determine whether there has been a failure to supplement a disclosure or amend a prior response pursuant to Rule 26(e). FED. R. CIV. P. 26(e) creates a duty upon a party to supplement and amend its previous responses (1) if the party learns that the response is in some way incomplete, and (2) if the other parties have not been made known of the additional information during the discovery process or in writing.

If this Court concludes, which it should, that plaintiffs failed to supplement their disclosures, the Court must also then consider whether a substantial justification for the failure exists and whether such failure is harmless. FED. R. CIV. P. 37(c) (1). The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosures. *Sender v. Mann*, 225 F.R.D. 645, 656 (D. Colo. 2004). In the Tenth Circuit, the determination of whether a Rule 26 violation is justified or harmless is entrusted to the broad discretion of the district court. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). In exercising that discretion, the district court should consider "(1) the prejudice or surprise to the party against whom the testimony is

2900455.1

offered; (2) ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*.

Based upon the Court's reasoning in its October 1, 2007, Order granting plaintiffs' motion in limine and striking the government's use and presentation of witnesses and evidence at trial, the prejudice to the United States, although not controlling, is a significant factor for consideration. Here, permitting Ms. Tang to testify at trial regarding documents that were allegedly produced both by the plaintiffs and the government absent the government having had an opportunity to examine this witness prior to trial would greatly prejudice the United States. The United States has no idea to which documents plaintiffs are even referring in presenting this testimony and has no ability to adjudge the competence of this witness to even so testify. The discovery period has now been closed for well over a year and the parties are truly on the eve of trial set to begin on March 10, 2008. There is no time for additional discovery at this point and the United States can ill-afford to divert any of its resources to this matter in light of the substantial amount of trial preparations already underway.[2] There is no justification for plaintiffs' failure to amend their disclosures and make this witness known and available to the government and it certainly is not harmless. The relevant rules and fairness require that plaintiffs be sanctioned pursuant to FED. R. CIV. P. 37(c)(1) and that the testimony of Connie Tang and any related evidence should be precluded from trial.

---

[2] In contrast, the government witnesses struck by the Court, Halpert and Fuller, were known to plaintiffs many months before trial.

Dated this 19th day of February, 2008.

                                  TROY A. EID  
                                  United State Attorney  
                                  MARK S. PESTAL  
                                  Asst. U.S. Attorney

                                  /s/ Amy Matchison  
                                  DAVID N. GEIER  
                                  JOSEPH A. SERGI  
                                  AMY MATCHISON  
                                  Trial Attorneys, Tax Division  
                                  U.S. Department of Justice  
                                  P.O. Box 683  
                                  Ben Franklin Station  
                                  Washington, D.C. 20044-0683  
                                  Telephone:  (202) 305-2558  
                                  Facsimile:   (202) 307-0054

Street Address:           Judiciary Center Building  
                                  555 Fourth Street, N.W.  
                                  Washington, D.C. 20001

2900455.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on February 19, 2008, I electronically filed the foregoing United States' Trial Brief with the Clerk of Court using the EFC system which will send notification of such filing to the following e-mail addresses:

dhallett@chicoine-hallett.com
jcolvin@chicoine-hallett.com
david.n.geier@usdoj.gov
joseph.a.sergi@usdoj.gov
amy.t.matchison@usdoj.gov

                                              /s/ Amy Matchison
                                              AMY MATCHISON
                                              U.S. Department of Justice
                                              Tax Division

2900455.1