# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00636-LTB-KLM

CARLOS E. SALA and
TINA ZANOLINI SALA,

        Plaintiffs,

   v.

UNITED STATES OF AMERICA,

        Defendant.

---

## PLAINTIFFS' PRETRIAL MEMORANDUM

---

      Plaintiffs' through their undersigned representatives, hereby respectfully submit this Pretrial Brief with respect to a few evidentiary issues that have been identified prior to the start of trial in this matter currently scheduled to begin on March 10, 2008 at 8:30 a.m.

Deposition Testimony of Richard Starke:

      The first issue is the testimony and related exhibits of Richard Starke, an attorney with IRS counsel, working as an attorney-advisor in the Associate Chief Counsel Corporate office. The parties have stipulated that Mr. Starke's deposition and related exhibits may be offered as evidence in this case, but the government reserved the right to assert evidentiary objections, including relevancy of the testimony and exhibits to the issues before this Court.

PLAINTIFFS' PRETRIAL MEMORANDUM   1

The testimony and related exhibits are directly relevant to the government's assertion of penalties as an offset in this case.  Mr. Starke's testimony aids Plaintiffs in proving that their reliance on *Helmer v. Commissioner* was reasonable.  During high level meetings at the IRS National Office in Washington D.C. regarding taxpayers who were asserting positions based on *Helmer,* Mr. Starke took detailed notes in his capacity as an IRS attorney.  These notes are important in deciding whether Plaintiffs were negligent in relying on *Helmer* when even those at the highest levels of the IRS admitted[1] that *Helmer* was the existing authority in 1999 and that the IRS "need[ed] a regulation to overrule *Helmer*":

> ...NEED REGULATION TO OVERRULE HELMER.
>
> Existing authority is contrary to a position that options create liabilities. *Helmer* held that no partnership liability is created upon receipt of option payments by partnership.
>
> While we agree that existing authority prevents treating options as creating liabilities in the proposed RR, further consideration of the appropriateness of expanding the definition of liability is recommended.

To the extent that the government is arguing that it was negligent for Plaintiffs to rely on *Helmer* in filing their 2000 tax return, Mr. Starke's testimony and exhibits are directly relevant.

Exhibits proposed by Plaintiff:

The second issue relates to the admissibility of exhibits.  The government is objecting to the admission of charts prepared by Andrew Krieger.  The charts relate to the 23 option positions at issue in this case.  The charts are relevant because they demonstrate Krieger's

---

[1] Under Fed. R. Evid. 801(d)(2), an admission by an party opponent is admissible to contradict a party's litigating position.

PLAINTIFFS' PRETRIAL MEMORANDUM

2

thought process in placing the trades, illustrating various aspects of the relevant foreign currency pairs at the time (e.g. pricing, volatility).  The government has already agreed that the entire deposition testimony of Andrew Krieger is relevant and admissible in this case.  In preparation for his testimony, Mr. Krieger prepared charts to summarize his mindset at the time he entered into the transactions and the profit he expected from each trade.  Mr. Krieger testified about the charts and was cross-examined by the government about the charts.

Exhibits proposed by the government:

The government is seeking to admit into evidence a letter drafted by a KPMG attorney, Joseph Barloon.  KPMG was subpoenaed in this case for testimony.  In response to the subpoena, we received a letter (not under penalty of perjury) from Mr. Barloon written to Plaintiff's counsel.  In it, Mr. Barloon objected to Plaintiffs' Rule 30(b)(6) deposition and refused to provide responses in accordance with the Rule.  Instead, Mr. Barloon, as counsel, proceeded to make responses.  Mr. Barloon's letter does not assert that he has any first hand knowledge of the facts, and acknowledges "that KPMG does not have access to the individuals with the most direct knowledge of the topics set forth below."  This letter is hearsay and should be excluded under Fed. R. Evid. 801 and 802.

The government is also seeking to admit into evidence a Complaint filed by Gary Jacobs and Robert King against a few of the witnesses in this case.  Neither Mr. Jacobs nor Mr. King were deposed to verify any of the allegations in the Complaint.  Again, this Complaint constitutes hearsay and should be excluded under Fed. R. Evid. 801 and 802. The Complaint is also irrelevant under Fed. R. Evid. 401 and 402.

Wherefore, Plaintiffs' respectfully request that the Court: 1) admit into evidence the testimony and exhibits of Richard Starke; 2) admit into evidence charts prepared by Andrew Krieger related to the 23 options at issue in this case; and 3) exclude the admission of Joseph Barloon's letter and the Complaint prepared by Mr. Jacobs and Mr. King.

Dated this 29th day of February, 2008.

s/Cori Flanders-Palmer
Cori Flanders-Palmer
Darrell D. Hallett
Robert Chicoine
Chicoine & Hallett, P.S.
Attorneys for the Plaintiffs Carlos E. Sala
         and Tina Zanolini-Sala
719 Second Avenue, Suite 425
Seattle WA, 98104
Telephone: (206) 223-0800Facsimile: (206) 467-8170
Email: cflanders@chicoine-hallett.com
         dhallett@chicoine-hallett.com
         rchicoine@chicoine-hallett.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2008, I electronically filed PLAINTIFFS' PRETRIAL MEMORANDUM using the CM/ECF system, which will send notification to the following:

      David N. Geier:        David.N.Geier@usdoj.gov

      Joseph A. Sergi:       Joseph.A.Sergi@usdoj.gov

      Amy Matchison:      Any.Matchison@usdoj.gov

I declare under the penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

DATED this 29th day of February, 2008.

                CHICOINE & HALLETT, P.S.

                <u>s/Cori Flanders-Palmer</u>
                Cori Flanders-Palmer
                Darrell D. Hallett
                Robert Chicoine
                Chicoine & Hallett, P.S.
                Attorneys for the Plaintiffs Carlos E. Sala
                      and Tina Zanolini-Sala
                719 Second Avenue, Suite 425
                Seattle WA, 98104
                Telephone: (206) 223-0800
                Facsimile: (206) 467-8170
                Email: cflanders@chicoine-hallett.com
                        dhallett@chicoine-hallett.com
                        rchicoine@chicoine-hallett.com