IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CARLOS E. SALA and<br>TINA ZANOLINI SALA,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | 05-cv-00636-LTB-KLM |

## UNITED STATES' MOTION TO VACATE TRIAL

Defendant, the United States of America ("United States") hereby respectfully submits this Motion to Vacate Trial in this matter currently set to begin on March 10, 2008 at 8:30 a.m.

On February 27, 2008, counsel for both parties received a letter from Jay D. Fischer, counsel for Andrew Krieger. *See* Declaration of Amy Matchison ("Matchison Declaration"), ¶ 2, Exhibit A. Mr. Krieger's deposition testimony has been designated by both parties for use at trial. Mr. Krieger's testimony included his belief that the transaction before the Court was profit driven.[1] Further, Mr. Krieger has been designated by the plaintiffs as an expert witness.

Mr. Fischer advised the parties that deposition testimony provided by Mr. Krieger in this case is "inconsistent" with statements Mr. Krieger has made to the Office of the United States Attorney for the Southern District of New York. *Id.* For example, Mr. Fischer represents that "it is "Mr. Krieger's view, based upon his review and reevaluation of the circumstances, that the

---

[1] Based upon the matters discussed in this motion, the United States no longer intends to call Mr. Krieger as a factual witness at trial.

1

3092871.1

programs in which Mr. Sala was involved were essentially tax driven as opposed to profit driven." Mr. Fischer's letter further advises that Mr. Krieger "is in the process of making a more detailed review of Mr. Krieger's deposition and . . . to the extent that there are other specific areas in which there are material inconsistencies and/or modifications in Mr. Krieger's deposition testimony" he will advise the parties. *Id.*

Counsel for both parties have contacted Mr. Fischer and he has advised that Mr. Krieger is currently out of the country. Mr. Fischer is attempting to contact Mr. Krieger to learn his return date. Matchison Declaration, ¶ 3. In addition, Mr. Fischer has represented that Mr. Krieger will not testify further in this matter until he finalizes his situation with the Office of the United States Attorney for the Southern District of New York and will invoke his Fifth Amendment rights if called upon to testify in any manner before that time. *Id.* at ¶¶ 4-5.

Consistent with the obligations imposed upon counsel under Rule 3.3 of Colorado Disciplinary Rules of Professional Conduct, undersigned counsel promptly brought this matter to the Court's attention via a conference call placed to Chambers on February 28, 2008.[2] Similarly, these same ethical obligations preclude Government counsel from presenting the testimony of Mr. Krieger in its current form and the United States no longer intends on presenting this witness via his deposition testimony at trial. *See The People of the State of Colorado v. Bertagnolli*, 861 P.2d 717, 721 (Co. 1993).

The problems caused by the inconsistencies in Mr. Krieger's testimony cannot be rectified by simply excluding the witness. Mr. Krieger's testimony is inextricably intertwined

---

[2] The parties were advised by Chambers that the issue would be discussed at the pretrial conference scheduled for March 5, 2008, and that the government should provide a copy of Mr. Fischer's letter at that time.

3092871.1

with the development of this case. For example, Mr. Krieger's testimony has been offered by plaintiffs and considered by the Court in granting summary judgment against the United States. (Docket Nos. 128 at 4-5 and 154 at 3). Further, the parties' experts have considered Mr. Krieger's testimony in preparing their reports.[3]

The United States requests the opportunity to obtain and present the testimony of Mr. Krieger in light of the representations contained in Mr. Fischer's letter. The United States would be unduly prejudiced in this tax refund suit if it were unable to follow up on the representations in Mr. Fischer's February 27, 2008, letter.

Since Mr. Krieger is not immediately available to testify and because at this time he would refuse to testify even if available, the current trial setting should be vacated.

Dated this 5th day of March, 2008.

                                      TROY A. EID
                                      United State Attorney
                                      MARK S. PESTAL
                                      Asst. U.S. Attorney

                                      /s/ Amy Matchison
                                      DAVID N. GEIER
                                      JOSEPH A. SERGI
                                      AMY MATCHISON
                                      Trial Attorneys, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 683, Ben Franklin Station
                                      Washington, D.C. 20044-0683
                                      Telephone: (202) 305-2558
                                      Facsimile: (202) 307-0054

Street Address:          Judiciary Center Building
                                      555 Fourth Street, N.W.
                                      Washington, D.C. 20001

---

[3] In addition, Mr. Krieger's revised testimony may raise question as to the adequacy of other witnesses' testimony. At such time, the government may request additional targeted discovery.

3092871.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on March 5, 2008, I electronically filed the foregoing United States' Motion to Vacate Trial with the Clerk of Court using the EFC system which will send notification of such filing to the following e-mail addresses:

dhallett@chicoine-hallett.com
jcolvin@chicoine-hallett.com
david.n.geier@usdoj.gov
joseph.a.sergi@usdoj.gov
amy.t.matchison@usdoj.gov

/s/ Amy Matchison
AMY MATCHISON
U.S. Department of Justice
Tax Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CARLOS E. SALA and <br> TINA ZANOLINI SALA, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) 05-cv-00636-LTB-KLM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DECLARATION OF AMY MATCHISON

I, Amy Matchison, pursuant to 28 U.S.C. § 1746, declare and state to the best of my knowledge as follows:

1. I am employed as a trial attorney with the United States Department of Justice, Tax Division in Washington, D.C. I am assigned responsibility for representing the interests of the United States in the above-captioned case. I make this declaration in support of the United States' Motion to Vacate.

2. Attached hereto as Exhibit A is a true and correct copy of a letter dated February 27, 2008, addressed to Darrell D. Hallett, Esq. and David N. Geier, Esq. from the offices of Fischer Porter & Thomas, P.C.

3. On Thursday, February 28, 2008, I contacted Mr. Jay D. Fischer via telephone in regard to the letter received from his office and attached hereto as Exhibit A. During this phone conversation, Mr. Fischer informed me that Mr. Krieger is currently out of the country. Mr. Fischer also informed me that he did not expect Mr. Krieger to return to the United States in

1

3097152.1

advance of trial in this matter set for March 10, 2008 or at any point during the two weeks currently scheduled for trial. Mr. Fischer represented that he did not know when Mr. Krieger would return to the United States but that he would endeavor to find out.

4. By way of follow-up telephone conversation on March 3, 2008, Mr. Fischer informed me that not only did Mr. Krieger still not intend on being available to testify in advance of trial in this matter, but that even if so called to testify that Mr. Fischer would advise Mr. Krieger to invoke his Fifth Amendment rights and refuse to respond to questions.

5. During this second telephone conversation, Mr. Fischer also represented that Mr. Krieger is currently in the process of negotiating a deal for immunity with the United States Attorney for the Southern District of New York. Mr. Fischer informed me that Mr. Krieger would continue to assert his Fifth Amendment rights and refuse to answer questions or testify in this matter until his immunity deal with the United States Attorney is final. Mr. Fischer informed me that he was not aware of when Mr. Krieger's immunity deal would be finalized.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 5th day of March, 2008, in Denver, Colorado

s/ Amy Matchison
AMY MATCHISON
Trial Attorney, Tax Division
U.S. Department of Justice

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

   I hereby certify that on March 5, 2008, I electronically filed the foregoing DECLARATION OF AMY MATCHISON with the Clerk of Court using the EFC system which will send notification of such filing to the following e-mail addresses:

dhallett@chicoine-hallett.com
jcolvin@chicoine-hallett.com
david.n.geier@usdoj.gov
joseph.a.sergi@usdoj.gov
amy.t.matchison@usdoj.gov

            /s/ Amy Matchison
            AMY MATCHISON
            U.S. Department of Justice
            Tax Division

3097152.1

# EXHIBIT A

JAY D. FISCHER
ARTHUR L. PORTER, JR.
ALAN C. THOMAS **
JOEL J. REINFELD †
DONALD H. LARSEN **

DOMINICK MINERVINI ∎
AARON E. ALBERT

OF COUNSEL

EDDIE RAYNORD HADDEN **
HOWARD R. DAVIS
REENA FORST ▫
PETER H. TILEM ♦
BART J. EAGLE *

\* N.Y. BAR ONLY
\*\* N.J. BAR ONLY
▫ N.Y., N.J. & D.C. BARS
∎ N.J. & PA. BARS
† N.J., N.Y. & AZ. BARS
♦ N.Y. & C.T. BARS

**FISCHER PORTER & THOMAS, P.C.**
ATTORNEYS AT LAW
440 SYLVAN AVENUE, SUITE 130
ENGLEWOOD CLIFFS, NJ 07632-2700
TELEPHONE: (201) 569-5959
TELECOPIER: (201) 871-4544
WWW.FPMTLAW.COM

SENDER'S E-MAIL ADDRESS:
jfischer@fpmtlaw.com

250 WEST 57TH ST., SUITE 1619,
NEW YORK, NY 10107-1606
TELEPHONE: (212) 545-1921
TELECOPIER: (212) 545-9102

155 NORTH MAIN ST.
NEW CITY, NY 10956-3850
TELEPHONE: (845) 708-0501
TELECOPIER: (845) 639-3202

2065 BOSTON POST RD.
LARCHMONT, NY 10536-3944
TELEPHONE: (914) 833-9785
FACSIMILE: (914) 833-9788

70 BLOOMFIELD AVENUE
PINE BROOK, NJ 07058-9737

PLEASE RESPOND TO
ENGLEWOOD CLIFFS, NJ OFFICE

February 27, 2008

**VIA ELECTRONIC MAIL**

dhallett@c-hlaw.com
Darrell D. Hallett, Esq.
Chicoine & Hallett
Waterfront Place One, Suite 803
1011 Western Avenue
Seattle, WA 98104

david.n.geier@usdoj.gov
David N. Geier, Esq.
United States Department of Justice
Tax Division
Civil Trial Section, Western Region
PO Box 683 - Ben Franklin Station
Washington, DC 20044

Re: **Sala v. United States**
Case No. 05-cv-00636-LTB-PAC

Gentlemen:

As you know, we represent Andrew Krieger whose deposition was taken in the above matter. We wish to advise you that subsequent to the deposition, Mr. Krieger was questioned extensively by the United States Attorney who is investigating the Ernst and Young tax shelter matter. We have learned recently that the trial of the above matter is scheduled to begin on or about March 11th.

Having had some time to consider questions raised in the *Sala* deposition, it appears Mr. Krieger provided information to the United States government that may be inconsistent with information provided in the depositions. For example, it is now Mr. Krieger's view, based upon his review and reevaluation of the circumstances, that the programs in which Mr. Sala was involved were essentially tax driven as opposed to profit driven. This, of course, does not change any of Mr. Krieger's testimony as to what Mr. Sala told Mr. Krieger regarding his (Sala's) motivation nor does it affect any testimony provided in the deposition as to the lack of any knowledge on Mr. Krieger's part as to the

FISCHER PORTER & THOMAS, P.C.

Darrell D. Hallett, Esq.
John M. Colvin, Esq.
February 27, 2008
Page 2

ultimate utilization by Sala of any gains and/or losses in the preparation of any tax returns.

We are in the process of making a more detailed review of Mr. Krieger's deposition and subsequent information provided by Mr. Krieger and, to the extent that there are other specific areas in which there are material inconsistencies and/or modifications in Mr. Krieger's deposition testimony, we shall advise you at the earliest possible date.

Very truly yours,

Jay D. Fischer

JDF:ll