IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case No. 05-cv-00636-LTB-KLM

CARLOS E. SALA and
TINA ZANOLINI-SALA,

       Plaintiffs,

  v.

UNITED STATES OF AMERICA,

       Defendant.

_____

**REPLY IN SUPPORT OF UNITED STATES'
MOTION FOR A NEW TRIAL**
_____

Defendant, the United States of America ("United States"), submits this reply in support of its motion for a new trial. (Dkt. # 258.)

Plaintiffs make two arguments. First, that Mr. Krieger's recantation is not newly discovered because: 1) the evidence of Mr. Krieger's recantation should have been presented by calling his lawyer to testify that his client intentionally lied to the Court; 2) the Government should have produced federal agents present at interviews with Mr. Krieger to testify as to what Mr. Krieger conveyed to Government prosecutors while trying to negotiate a cooperation agreement; 3) the Government should have moved the District Court for the Southern District of New York to remove restrictions imposed by Fed. R. Crim. P. 6 in order to present Mr. Krieger's statements; and 4) the Government should have granted Mr. Krieger immunity from criminal prosecution to accommodate the civil litigation. Second, Plaintiffs argue that Mr. Krieger's

1

recantation of prior "intentionally false, misleading and incomplete" testimony is not a recantation at all and the declaration goes to the weight and credibility of the evidence already received. Plaintiffs also request the Court "to include in its Order a ruling that the government has acted in bad faith by unnecessarily prolonging this proceeding, and wrongfully attempting to undermine the findings and conclusions of this Court." (Response at 2.)

As described more fully below, Plaintiffs' claims are without merit. The Government's trial counsel contacted the Court prior to trial as soon as they were alerted to the Krieger issue through a letter from Mr. Krieger's counsel. The Government's trial counsel repeatedly raised the issue throughout the trial. Despite this, the Court determined that the evidence produced by the Government was neither admissible nor reliable for several reasons. It was not until after trial that Mr. Krieger executed an agreement with the United States Attorney for the Southern District of New York (hereinafter "U.S. Attorney") and thereafter met with trial counsel and signed a declaration. Mr. Krieger's statements are newly discovered admissible evidence. Moreover, the declaration directly affects the outcome of the Court's finding on both I.R.C. § 165(c) and the economic substance argument. The Government has not acted in bad faith. To the contrary, the Government has acted in accordance with its ethical and legal obligations. First, Government trial counsel did not rely upon testimony it had reason to believe was false. Second, counsel notified this Court of the tainted testimony and attempted to avoid precisely the situation that has occurred, a decision which relies on testimony that is "intentionally false, misleading, and incomplete."

### A. The Sequence of Events Demonstrate the Government's Diligence

Plaintiffs' recitation of the facts creates an incomplete picture and does not accurately reflect the record. For example, contrary to Plaintiffs' allegations, neither the U.S. Attorney's

2

3416355.2

Office nor trial counsel concealed or hid from this Court their position regarding Mr. Krieger. Plaintiffs make much of the fact that the U.S. Attorney's Office did not keep this Court abreast of its ongoing criminal investigation into certain tax shelter transactions relating to a pending criminal case involving Ernst & Young. They further fault the federal prosecutors because they did not make this Court aware of meetings with witnesses and the receipt of information obtained pursuant to a criminal investigation. Despite these allegations, Plaintiffs have cited to no law or discussion as to why federal prosecutors have a responsibility to do so, or that by not doing so, the Government acted in bad faith. Indeed, this Court reasoned that "[w]hat he may or may not have said to the United States government, DOJ counsel, IRS agents, or whatever, in New York is beyond the pale of this case." (Exhibit 1, Trial Transcript, Vol. II, at 353:15-17.) An examination of the timeline of events regarding the defects in Mr. Krieger's deposition testimony demonstrates the Government trial counsel's diligence on this matter. As a result, a brief recitation of what transpired may be helpful.

Trial counsel did not await the outcome of this case to bring this matter to the Court's attention. (Response at 27.) In fact, trial counsel urged the Court to delay the trial so that Mr. Krieger's truthful testimony could be presented. [1]

---

[1] Plaintiffs are correct that the non prosecution agreement was entered into shortly before the entry of the judgment in this case. Indeed, the Government's trial counsel advised the Court that there were ongoing discussions which might lead to an agreement. In fact, at the final pretrial, trial counsel advised the Court that Mr. Krieger's counsel represented that 95% of the information sought by the federal prosecutors had been turned over but that Mr. Krieger's counsel could not offer a timeline for reaching an agreement. (Exhibit 2, Transcript of Final Trial Preparation Conference ("FPTC") at 16:23-17:11; see also Declaration of Amy Matchison, Dkt. # 229 at ¶ 5.) Therefore, at least as of the week before trial, and according to Mr. Krieger's counsel, Mr. Krieger had not yet supplied federal prosecutors with all the information they had requested to obtain an agreement.

3

3416355.2

On February 27, 2008, Jay Fischer, counsel to Andrew Krieger, emailed a letter to the parties in this case.[2] Mr. Fischer explained that, contrary to Mr. Krieger's sworn deposition testimony, "the programs in which Mr. Sala was involved were essentially tax driven as opposed to profit driven." (Dkt. #229.) Mr. Fischer's letter mentioned "material inconsistencies" between that testimony and the information Mr. Krieger provided to the United States Attorney. Plaintiffs' counsel communicated with Mr. Fischer by telephone and by letter about these representations. (Exhibit 2 at p. 24:2-8; Exhibit 1 at 350:11-352:10.)

The Government's trial attorneys were first put on notice of a problem with Mr. Krieger's testimony when they received Mr. Fischer's February 27 letter.[3] In fact, as soon as the Government received this letter, trial counsel initiated a conference call to the Court to raise the issue. Shortly afterward, the Government filed its first and only motion to vacate the trial date.[4]

---

[2] Although this letter has been the subject of much argument before the Court, only now have Plaintiffs alleged that it did not receive the correspondence from the author but rather obtained a copy from Government counsel.

[3] Admittedly, it was not, as we now know, the first notice to the Government prosecutors. Plaintiffs wrongfully attempt to assign the knowledge of the federal prosecutors to the Tax Division's civil trial attorneys. Fed. R. Crim. P. 6 prevents the sharing of such information.

[4] The Court may recall that at the initial stages of this case, and at the request of the United States Attorney, the Government requested a stay in light of a pending criminal prosecution and an ongoing criminal investigation. Mr. Sala communicated with, and secured a legal opinion from, Raymond J. Ruble about his shelter transaction. Mr. Ruble is one of the named criminal defendants in *United States v. Stein*, a criminal case in the Southern District of New York. Mr. Sala's accountant, Tracie Henderson, also refused to provide testimony as a result of the ongoing criminal proceedings. The Court denied the Government's motion for a stay. Also early on, Plaintiffs filed a motion for summary judgment on the issue of whether they had filed a qualified amended return. The Government requested, over Plaintiffs' objection, the opportunity to conduct discovery before responding. The parties timely completed discovery. In December 2007, the parties jointly requested a brief continuance to determine if a settlement could be obtained. No trial setting has been vacated at the sole request of the Government and no unilateral request was made by the Government apart from the stay motion prior to March 5, 2008.

Trial counsel requested the opportunity to secure the accurate testimony of Andrew Krieger. Trial counsel explained, "**it seems like an opportunity ought to be given to make sure that this Court hears what is the correct or present testimony of the witness who is backing away from – very strongly backing away**" from his earlier testimony.  (Exhibit 2 at 20:11-14.)(Emphasis supplied.)  Plaintiffs strenuously objected to the Court's reliance on the letter arguing among other things, that the letter constituted inadmissible "hearsay on hearsay." (*Id.* at 25:21.)  Plaintiffs also alleged that that Mr. Fischer did not have personal knowledge of the facts contained in his communications because he was not present for the interviews conducted by the U.S. Attorney's Office.  (Exhibit 2 at 25:21-23; 26:7-11.)    The Court denied the Government's request to postpone the trial and the trial commenced on March 10, 2008.

Plaintiffs offered Mr. Krieger's testimony on March 11, 12 and 13, 2008.  On March 11, 2008, the Government renewed its objection to Mr. Krieger's testimony and formally offered the February 27, 2008, letter as substantive evidence and as evidence of the credibility of Mr. Krieger's testimony.[5]  At that time the Court read into the record the contents of a letter and attachments sent by Mr. Krieger's counsel to the Court and declined to vacate the trial setting in response.  (Exhibit 1 at 350:16-352:25.)   The Court specifically discussed the qualifying language in the letter which rendered it indefinite.  (*Id*. at 363:7-366:4.)  The Court further explained that Mr. Krieger was not the author of the letter nor present to testify line by line and page by page to recant (*id.* at 354:20-355:2) and that the prior testimony was given under oath at

---

[5]     Government trial counsel also stated that they were advised by their ethics officer that, pursuant to applicable ethical rules, they were barred from relying on the statements of Mr. Krieger in his deposition.  Plaintiffs' counsel received advice that allowed them to rely on Mr. Krieger's deposition testimony, as they did not appear inclined to notify the Court of Mr. Fischer's letter, and, as noted, they opposed our request to continue the trial to allow Mr. Krieger to resolve his criminal matter and complete his agreement with the United States Attorney so that he could testify at the trial in this case.

a time when Mr. Krieger was represented by counsel and had the opportunity to review his testimony and that this testimony was not timely corrected in accordance with Fed. R. Civ. P. 30. *Id.*

On March 12, 2008, Mr. Fischer sent another letter by email to counsel for both parties that provided more specific recantations of Mr. Krieger's testimony. *But see* Docket No. 264 at ¶¶ 4 and 5 (reflecting the letter was addressed correctly but never received by Plaintiffs' counsel).[6]

Plaintiffs argue that the Government's tactical decision not to offer this letter into evidence somehow demonstrates that Mr. Krieger's subsequent declaration cannot constitute newly discovered evidence. (Response at 25-6.) Plaintiffs are incorrect for several reasons. First, the Court had already denied the Government's motion to vacate and its objection to the use of Mr. Krieger's deposition testimony. Plaintiffs nowhere suggest that they would have consented to a Government motion to reconsider either ruling based upon Mr. Fischer's March 12th letter. Indeed, given the Court's denial of the motion to vacate and its March 11th ruling permitting the use of Mr. Krieger's deposition testimony, it seemed obvious that the Court would have denied such a motion and that Plaintiffs would have opposed it. Because the March 12th letter contained many of the same deficiencies as the February 27th letter and did not overcome

---

[6] Plaintiffs' counsel claim they never received the email in part because, "Mr. Hallett does not personally use email or computers." (Declaration of Connie Tang, Dkt. # 264 at ¶ 2.) Plaintiffs seem to infer that this is in some way the fault of Government counsel. (Responses at 7.) Any such suggestion is wholly unsupported and false. Also, it is mind-boggling that having claimed not to have received the earlier letter from Mr. Krieger's counsel sent by e-mail, that Plaintiffs' counsel did not alert Mr. Krieger's counsel to this alleged e-mail defect to ensure that they received future communications from them. Apparently, this issue was never raised in the conversations plaintiffs' counsel had with Mr. Krieger's counsel, nor did Plaintiffs' counsel advise the Government's trial counsel.

6

the Court's previously stated concerns, the Government did not offer the letter.[7] Finally, Plaintiffs' position ignores the simple fact that the Government raised the issue at the pretrial and during trial. It was not part of a "last-ditch effort to derail the Court's expeditious resolution of this case," as Plaintiffs suggest. (Response at 27.)

**B.  Mr. Krieger's Declaration Constituted Newly Discovered Evidence**

As described above, Plaintiffs make several arguments that Mr. Krieger's recantation is not newly discovered. Plaintiffs' arguments each fail for the reasons set forth below.

---

[7]  The March 12, 2008, letter was again authored by Jay Fischer, who the Plaintiffs note was not present at all of the meetings with the federal prosecutors. Nevertheless, Mr. Fischer conveyed what another lawyer for Mr. Krieger (Peter Tilem) "believed" were inconsistencies in Mr. Krieger's deposition testimony. According to Mr. Fischer, however, neither Mr. Tilem nor others had yet had an opportunity to "thoroughly review the transcript with Mr. Krieger" and had not discussed the entirety of the testimony with him. (Dkt. # 260, Exhibit B to Declaration of Andrew Krieger.) Further, and critically, the letter, did not state what was inaccurate about the testimony cited to or explain, or attempt to explain, what the correct testimony would be. While the February 27th letter was, in the Government's view, a sufficient basis to seek a continuance, the March 12th letter did not meet the Court's concerns.

Plaintiffs attempt to demonstrate that had the March 12th letter been disclosed to the Court it would have resolved the Court's concerns because the letter contained a recantation by page and line. (Exhibit 1 at 354:20-355:2.) This is not the case. The Court also found fault with the February 27th letter because Mr. Krieger was not personally making the recantation but instead was relaying information through Mr. Fischer. In fact, according to the March 12th letter, Mr. Krieger had not even completed reviewing his transcript.

Moreover, as we explained in footnote 5, the parties have ethical obligations with respect to the presentation of testimony that might be false, and the Government's lawyers had advised the Court that they could not rely on Mr. Krieger's deposition testimony. As we noted, the Government's trial lawyers did not believe that, based on the March 12th letter, Plaintiffs would have consented to a motion to reconsider either of the Court's rulings with respect to the motion to vacate the trial setting or the objection to the testimony. But the Government did not know that Plaintiffs' lawyers had not opened Fischer's March 12th letter, and we assumed that counsel had carefully and fully considered their ethical obligations in this matter. Notably, counsel for Plaintiffs do not contend that they would not have relied on Mr. Krieger's deposition had they read the March 12th Fischer email that had been sent to them.

7

3416355.2

1. <u>The Testimony Was Not Otherwise Available</u>

Plaintiffs contend that the recanted testimony was not newly discovered because it was known and could have been offered by the United States at the time of trial. (Response at 6.) This is incorrect.

*(a) Testimony of Jay Fischer*

Plaintiffs fault the Government for not calling Mr. Krieger's counsel to testify. The Government's trial counsel were advised of the recanted testimony on February 27, 2008, long after the close of discovery. In addition, Mr. Fischer is located in New Jersey and not subject to a trial subpoena issued by this Court. Furthermore, as a lawyer, Mr. Fischer has an ethical obligation to his client that would prevent him from testifying about his client's false testimony let alone at the same time that he was both negotiating a non prosecution agreement related to that testimony and instructing his client not to provide sworn testimony without an agreement. However, setting all of these reasons aside, Mr. Krieger's statements were made to the federal prosecutors during his effort to secure a non prosecution agreement. These statements may not, when viewed in this light, constitute a statement against penal interest but rather, just the opposite. They may constitute truthful (albeit incriminating) statements made to avoid prosecution.[8] Of course, to the extent that the statements are truly statements against Mr. Krieger's interest, Plaintiffs have offered no support for the proposition that a lawyer can be expected to testify against his client's interest in this situation.

---

[8] Mr. Fischer's letter was proffered under several exceptions to the hearsay doctrine. The Court determined that none applied. Plaintiffs have offered no explanation as to why Mr. Fischer's presence would resolve the hearsay problems that prohibited his letter from being admitted into evidence in the first place.

8

*(b)  Testimony of Government Officers*

The testimony of Government officers would be subject to the same hearsay constraints discussed above. Further, the prosecutors believed that certain information obtained from Mr. Krieger during the criminal investigation may have been subject to grand jury secrecy rules embodied in Rule 6(e) of the Federal Rules of Criminal Procedure. (Declaration of Deborah Landis at ¶ 2.)  Plaintiffs suggest that the Government (either the criminal or civil components) was required in this case to interfere with a criminal investigation to obtain judicial authorization to disclose grand jury material before an agreement had been reached with the witness to secure his cooperation. Plaintiffs offer no legal authority to support their position.

*(c)  Grant of Immunity*

Plaintiffs suggest, again without legal citation, that Mr. Krieger's evidence cannot be deemed newly discovered because the Government could have elected to grant him immunity. This argument is nonsensical. Presumably, Plaintiffs are suggesting that the criminal prosecutors, knowing of the upcoming trial in this case, should have sought, or would not have opposed, the grant of immunity to Mr. Krieger so that he could testify at the trial, despite the fact they were not yet ready to reach a non prosecution agreement with him. In fact, it would be improper for federal prosecutors to request immunity to permit Mr. Krieger to provide testimony in a civil case in those circumstances, and surely Plaintiffs would have pointed that out to the Court. Moreover, Mr. Krieger and his counsel were involved in ongoing discussions with the United States Attorney's Office, and therefore immunity was not necessary to further the criminal investigation. If Plaintiffs are suggesting that the civil trial attorneys should have sought immunity for Mr. Krieger, that suggestion is without merit as the civil trial attorneys did not know that Mr. Krieger was providing information to the prosecutors. At all events, even if

9

the civil trial attorneys had made a request for immunity after they had received Mr. Fischer's February 27th letter, federal prosecutors would have had every reason to object to the grant of immunity as it would have interfered with their criminal investigation.

    2.    The Government was Diligent in Discovery –
           Mr. Krieger Intentionally Provided False Testimony

While Plaintiffs argue to the contrary, the fact of the matter is that Mr. Krieger gave "intentionally false, misleading, and incomplete" responses to questions propounded in discovery. Mr. Krieger's declaration refers to the pages and lines of his deposition testimony that were false and explains why they were false, misleading, and incomplete. Mr. Krieger lied. Had Mr. Krieger provided truthful responses to the questions put to him and was not intent on supporting Mr. Sala's case, he would have testified differently. The Government's intention is not to impeach Mr. Krieger, but rather to present truthful testimony about what transpired in Plaintiffs' tax shelter. This is precisely why Courts are asked to address recanted testimony.

    3.    Plaintiffs' Cases Do Not Support the Denial of the Motion

Plaintiffs rely heavily on an unpublished trial court decision from Georgia, *FMT Corp., Inc. v. Nissei ASB Company*, 1995 WL 478853 (N.D. Ga.). That decision has no application here. In a two page decision, the trial court in that case was unwilling to reopen the record to allow for the testimony of a witness that another court, in a related case, determined to be not credible. Unlike the facts in this case, the sworn testimony was in existence at the time of the trial. Despite this, the opinion offers no explanation as to when the testimony was discovered or an explanation of how the witness came to provide testimony in a related case. This is very different than this case, where the sworn statement came after the close of evidence and, thus, was not available to the Government during the trial.

10

Plaintiffs also rely on a case out of the Eastern District of New York, *U.S. v. Schlesinger*, 438 F.Supp.2d 76 (E.D. N.Y. 2006). Plaintiffs contend that this case supports their argument that Mr. Krieger's declaration does not constitute a recantation of his previous testimony. According to Plaintiffs, the facts of *Schlesinger* are significant because in that case the witness "only recanted two specific items of trial testimony" and the recantation did not include "the more important aspects" of the testimony. (Response at 22.) In fact, *Schlesinger* supports why the declaration in this case constitutes newly discovered evidence. Prior to Mr. Krieger reaching a deal with the United States Attorney's Office, the Government's trial counsel was in the same position confronted by the defendant in Schlesinger. Mr. Krieger's counsel provided a recantation in broad strokes and without new testimony. However, since trial, Mr. Krieger has specifically identified by line and page numbers those portions of his testimony that were "intentionally, false, misleading and incomplete" and provided a declaration setting forth his recanted deposition testimony and material facts relating to Plaintiffs' transaction. Moreover, in *Schlesinger* the Court was confronted with the repudiation of recanted testimony, which is not the case here. According to *Schlesinger* and the authorities it cites, such repudiations suggest that the witness is completely irresponsible and the repudiation cannot be offered as substantial evidence in a new trial. 438 F.Supp.2d at 102-3. That is very different from the situation here where Mr. Krieger has not repudiated his recantation.

**C.     Krieger's Declaration Constitutes Material Evidence in this Case**

The Government's motion highlighted the testimony of Mr. Krieger that was adopted by the Court in reaching its conclusions. Plaintiffs now argue that Mr. Krieger's recantation is not material to their case. However, Mr. Krieger has stated, in the most basic of terms, the testimony he provided was "intentionally false, misleading, and incomplete." Mr. Krieger' statements are

11

emphatic and unequivocal. Simply put, Mr. Krieger provided false testimony to help Mr. Sala win his case. (Dkt. # 260, Exhibit 3.) Plaintiffs specifically relied on that testimony to support their claim. It was Mr. Krieger who carried out the predetermined steps in Mr. Sala's shelter. He is the only fact witness able to testify about what actually transpired. His testimony is neither merely cumulative nor impeaching. Mr. Krieger's declaration reveals the transaction for what it was – an abusive tax shelter. We described in our opening brief (at 11-13), how Mr. Krieger's testimony would have impacted the Court's findings and conclusions in this case.

### D.     The Government Did Not Act in Bad Faith

Plaintiffs make the following specific accusations: that federal prosecutors abused and misused their criminal investigatory power and processes in order to further the Government's position in this case, and presumably coerced Mr. Krieger to change his testimony (Response at 26); federal prosecutors purposefully withheld from the Court information they had learned from Mr. Krieger until after trial (Response at 27); and that the Government continually attempted to improperly delay the outcome of this case (Response at 27.)[9] None of these allegations are supported by the record because they are simply not true. Federal prosecutors have diligently pursued an unrelated criminal matter. And as described above, the Government's trial attorneys alerted the Court about the importance of the Krieger issue before, during, and after the close of the evidence in this case.

None of Plaintiffs' allegations change what Mr. Krieger has stated about this case and about his absolute refusal to provide sworn testimony at the time of the trial. Instead, Plaintiffs contrive and fashion a convoluted plot where federal prosecutors first abused and misused their powers in order to obtain helpful evidence for the trial attorneys in this case, but then hid the

---

[9] Plaintiffs also allege bad faith in the preparation of the declaration but fail to acknowledge that the declaration is consistent with the March 12, 2008, letter sent by Mr. Krieger's counsel.

very helpful information they developed by purposefully refusing to disclose or obtain leave under Fed. R. Crim. P. 6(e) to disclose that helpful information to the Government's trial attorneys.  (Declaration of Deborah Landis.)  Plaintiffs' allegations are pure fantasy.  Indeed, the very fact that federal prosecutors were purportedly continuing to hide this information while at the same time the Government's trial attorneys were requesting a continuance to allow them to obtain and present Mr. Krieger's truthful testimony belies Plaintiffs' plot theory.  Plainly, the Government was not attempting to hide truthful information.  Moreover, the Government's trial counsel relayed the status of the negotiations (as conveyed by Mr. Krieger's counsel) to the Court and requested that the evidence be kept open.  (Dkt. # 229**;** Exhibit 2 at 9-30.)

Finally, Plaintiffs accuse federal prosecutors of purposely delaying reaching an agreement with Mr. Krieger until after this case was decided.  (Response at 25-26.)  Plaintiffs do not address that they had been aware since at least September 2007 that Mr. Krieger had moved to Dubai, making efforts to reach any agreement more difficult.  (Dkt. # 264 at ¶ 7.)   Plaintiffs also ignore that Mr. Krieger's counsel advised the parties of the status of the negotiations and that information that the Government had requested had not yet been turned over at the time of the trial.  (Exhibit 2 at 16:23-17:11).  Plaintiffs' allegations are simply unfounded.

13

## CONCLUSION

For the reasons above and in the opening brief the Government seeks a new trial or the opportunity to present additional evidence.

Dated this  10th  day of July, 2008.

>TROY A. EID
>United States Attorney
>MARK S. PESTAL
>Assistant U.S. Attorney
>
>s/ David Geier
>DAVID N. GEIER
>JOSEPH A. SERGI
>AMY MATCHISON
>Trial Attorneys, Tax Division
>U.S. Department of Justice
>P.O. Box 683
>Ben Franklin Station
>Washington, D.C. 20044-0683
>Telephone:  (202) 616-3448
>Facsimile:   (202) 307-0054
>Email: David.N.Geier@usdoj.gov

Street Address:  Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20001

3416355.2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on July 10, 2008, I electronically filed the foregoing REPLY IN SUPPORT OF UNITED STATES' MOTION FOR A NEW TRIAL with the Clerk of Court using the EFC system which will send notification of such filing to the following e-mail addresses:

dhallett@chicoine-hallett.com
jcolvin@chicoine-hallett.com
david.n.geier@usdoj.gov
joseph.a.sergi@usdoj.gov
amy.t.matchison@usdoj.gov

                                    s/ David Geier
                                    DAVID N. GEIER
                                    U.S. Department of Justice
                                    Tax Division

3416355.2