# EXHIBIT 1

1        IN THE UNITED STATES DISTRICT COURT

2            FOR THE DISTRICT OF COLORADO

3    Civil Action No. 05-cv-00636-LTB-KLM

4    CARLOS E. SALA and TINA ZANOLINI-SALA,

5        Plaintiffs,

6    vs.

7    UNITED STATES OF AMERICA,

8        Defendant.

9

10                  **REPORTER'S TRANSCRIPT**
                   (Trial to Court - Volume 2)

11

12

13        Proceedings before the HONORABLE LEWIS T. BABCOCK,

14   Judge, United States District Court for the District of

15   Colorado, commencing at 8:41 a.m., on the 11th day of March,

16   2008, in Courtroom C401, United States Courthouse, Denver,

17   Colorado.

18

19

20

21

22

23

24   Proceeding Recorded by Mechanical Stenography, Transcription
     Produced via Computer by Gwen Daniel, 901 19th Street,
25   Room A259, Denver, Colorado, 80294, 303.571.4084

1    entire deposition it resolved one of our concerns, which was an

2    incomplete picture.  So that concern is resolved.

3            THE COURT:  Okay.

4            MR. SERGI:  The second matter, your Honor, is we would

5    like to offer now at this time the February 27th letter from

6    Mr. Krieger's counsel into evidence.  The document has been

7    marked as Exhibit B88, and the copies have been provided to the

8    Court and to the plaintiffs.  And so I would like to offer that

9    into evidence.  We thought this would be an appropriate time,

10   given how it relates to the deposition.

11           THE COURT:  Under the rule of completeness I think --

12   I assume that plaintiff is going to object to the February 27

13   letter?

14           MR. CHICOINE:  Yes, your Honor, and we would like to

15   be heard, if that's possible.

16           THE COURT:  Well, let me flesh this out a little bit.

17   I reviewed the other day on a motion for continuance I think

18   Cori Flanders' letter of March 3rd and the attached e-mail

19   chain.  And of course I reviewed the February 27, 2008, letter.

20           I received -- counsel should not send letters to

21   judges.  If they want to file a pleading, that's fine, although

22   neither Mr. Fischer nor Mr. Krieger are parties to this case.

23   But in any event Mr. Fischer took it upon himself to fax to me

24   a copy of the February 27 letter, I've already quoted that,

25   together with a March 4, 2008, letter from Mr. Chicoine, which

1    states:

2         "Dear Mr. Fischer:   On Thursday, February 28, 2008,

3    you, Darrell Hallett, and I had a phone conversation in

4    response to your letter dated February 27, 2008.   You and

5    Mr. Hallett had a follow-up conversation on Friday, February

6    29, 2008.   The purpose of these conversations was to seek

7    clarification of your letter dated February 27, 2008.   This

8    letter confirms that in those conversations you stated that you

9    were unaware of any false or perjurous statements of material

10   fact made by Mr. Andrew Krieger in his deposed testimony in the

11   above-referenced matter.

12        "You also informed us upon further review of

13   Mr. Krieger's deposition transcripts that if you become aware

14   of any inconsistencies between statements made by Mr. Krieger

15   in his recent discussion with the U.S. Attorney's Office in

16   New York and his," Sala's, "testimony, you will notify the

17   government and our law firm."   Signed by Mr. Chicoine.

18        Then Mr. Fischer attached a copy of the March 5, 2008

19   letter to Mr. Chicoine.   It's not lengthy, I'll quote it:

20        "Dear Mr. Chicoine:   I apologize for not getting back

21   to you sooner in reply to your letter of March 4, 2008.   I was

22   out yesterday and Monday the 3rd for medical reasons.

23        "With respect to your letter of March 4, 2008, I refer

24   you specifically to my letter of February 27, 2008, as to any

25   inconsistencies between the statement made by Mr. Krieger in

1   his recent interview with the United States Attorney's Office

2   in New York and his," Sala, "deposition testimony.

3          "I confirm that review of subject deposition testimony

4   is being conducted.  If there appears to be any further

5   inconsistencies between Krieger's testimony and his recent

6   interview with the United States government, we will notify the

7   parties in the referenced case.  Any representation that you

8   make to any party as to my characterization of Mr. Krieger's

9   statements must be consistent with my letter of February 27,

10  2008."

11         And then a letter of March 6, 2008, from Mr. Fischer

12  to me, which I did not invite:

13         "Dear Judge Babcock:  This office represents Andrew

14  Krieger, whose deposition was taken in the instant matter.  It

15  is my understanding that a hearing in this matter was held

16  yesterday, and that among the issues which may have been

17  considered is the accuracy of Mr. Krieger's deposition

18  testimony.  Messrs. Chicoine and Hallett, Esquires, attorneys

19  for plaintiff, gave me the clear impression that a conference

20  call would be arranged to enable me to participate in the

21  subject hearing to the extent it dealt with Mr. Krieger's

22  deposition testimony.  Not having received such a conference

23  call, I enclose for your Honor's information correspondence

24  which reflects my position with respect to the subject

25  deposition."  Signed by Mr. Fischer.

1    I would not on my own or on request of counsel,

2  frankly, entertain Mr. Fischer's input into the, quote,

3  "accuracy," unquote, or I suppose, quote, "inaccuracy,"

4  unquote, if any, or whatever it may be or may have been at that

5  hearing.  Neither he nor Mr. Krieger are parties to this case.

6  The parties to this case are Mr. Sala and his wife, because she

7  had to sign the tax return – Mr. Sala, I hope you've expressed

8  your personal regrets to your wife about that – and the United

9  States government.

10    Now as I said the other day, Mr. Krieger's deposition

11  testimony is what it is, taken long ago over two days, with

12  opportunity to review under Rule 30(e), and under oath.

13    My review of this correspondence frankly fails to

14  inject, insofar as I am concerned as the presiding judge here,

15  anything other than speculation.  What he may or may not have

16  said to the United States government, DOJ counsel, IRS agents,

17  or whatever, in New York is beyond the pale of this case.

18    Now I reincorporate -- the reason why I go through

19  this is that under the rule of completeness it would seem to me

20  that if the February 27 letter is to be considered as an

21  exhibit, it ought to include all of this communication, which

22  until his letter to me was wholly *ex parte*.  There's

23  communication among counsel to a case and others all the time.

24  So if it is to be considered it ought to be considered as one

25  package.

1      MR. SERGI:  Your Honor, we have no objection to

2  including all the letters.

3      THE COURT:  I said "if."

4      MR. SERGI:  Oh, "if."  But I just wanted to explain

5  our logic --

6      THE COURT:  Well, your logic for introducing it as an

7  exhibit as substantive evidence is probably, and you will

8  correct me if I'm wrong, to throw into doubt the credibility of

9  Mr. Krieger.  Right?

10      MR. SERGI:  That would be one of the reasons, your

11  Honor.  The other direct reason would be it's a statement

12  against interests which affects on the bearing of this case.

13      THE COURT:  What statement?

14      MR. SERGI:  The fact that he's essentially driven by

15  taxes instead of profit.

16      THE COURT:  Well, there's no reference in any of this

17  communication to any specific answer given in a deposition.

18      MR. SERGI:  But, your Honor, we hold that it is

19  relevant that Mr. Krieger feels that today and --

20      THE COURT:  How do I know that?  I don't know that

21  from any of this communication.  If Mr. Fischer had said -- or

22  if Mr. Krieger was here to say, I recant answer so-and-so in

23  response to question so-and-so, lines such and such through

24  such and such, page, X, Y and Z, that might be one thing, but

25  he's not here to do that.  And to inject something outside of

1    this case to that effect would be wholly improper under the

2    federal rules of evidence.

3         MR. SERGI:  Your Honor, this letter -- taking aside

4    from the fact that this letter -- looking at this letter, not

5    even as compared to the deposition, but rather as a statement

6    by an agent for Mr. Krieger, he says on the first page of the

7    letter:  For example, it is now Mr. Krieger's view, based upon

8    his review and reevaluation of the circumstances, that the

9    programs in which Mr. Sala was involved were essentially

10   tax-driven as opposed to profit-driven.

11        So even without reference to the deposition, that is

12   hearsay.  But we would submit that it comes in because it's a

13   statement against interests, number one, and it's relevant to

14   the case because it shows Mr. Krieger, the trader's, view on

15   economic substance.

16        THE COURT:  Well, I want to hear from Mr. Chicoine.

17   It may be a statement against interests, but it's not sworn to

18   in the form of an affidavit, it's simply a representation by

19   Mr. Fischer in that February 27 letter.

20        MR. SERGI:  Okay.  In the alternative, your Honor, we

21   feel it falls under the residual hearsay exception under

22   federal rule of evidence 807, because there's a bunch of

23   hurdles that need to be met.  One is the fact that Mr. Krieger

24   now believes that the transaction -- his profit -- his

25   motivation in the trading is relevant to the issue of economic

1    clouded in this respect:  What has given rise to the letter of

2    February 27 is some troubling motivation for the letter.  And

3    by that I mean the reference that Mr. Krieger was questioned

4    extensively by the U.S. attorney who is investigating the Ernst

5    & Young tax shelter matter.  I don't even know what that is.

6    The timing is troubling as well.

7         This whole sequence of events that give rise to the

8    February 27 letter virtually on the eve of the trial of this

9    case, in light of the repeated efforts by the government to

10   delay, postpone, stay, and otherwise put off the trial of this

11   case, is troubling.

12        It says "it appears" Mr. Krieger provided information

13   to the United States government."  "It appears."  It is not

14   definite.  It is not stated in terms that Mr. Krieger did.  It

15   says that "it appears" that he provided information to the

16   United States government, as qualified.  That may be

17   inconsistent.

18        Early on in learning to write opinions I learned the

19   difference, and in reading statutes and case opinions I learned

20   the difference between "may" and "is," between "shall" and

21   "may."  So that's not specific and it's qualified.

22        Then he says:  "For example, it is now Mr. Krieger's

23   view based upon his review and reevaluation of the

24   circumstances and the programs," i.e. I suppose Deerhurst, "in

25   which Mr. Sala was involved were essentially tax-driven as

1   opposed to profit-driven."

2       So that says to me, as written, the programs were

3   essentially tax-driven as opposed to profit-driven, not that

4   Mr. Sala's motive in entering Deerhurst was essentially --

5   essentially, and a use of adverbs is also a weasel way of

6   writing -- not that Mr. Sala's motive was tax-driven as opposed

7   to profit-driven.

8       Now whether or not these transactions had economic

9   substance generally from an objective point of view, whether or

10  not Deerhurst did, the GP or the LLC, is a matter that I can

11  determine from all of the evidence in the case.

12      It goes on to say that this of course does not change

13  any of Mr. Krieger's testimony as to what Mr. Sala told

14  Mr. Krieger regarding his, Sala's, motivation.

15      So that's not inconsistent at all.  Nor does it affect

16  any testimony provided in deposition as to any lack of

17  knowledge on Mr. Krieger's part as to the ultimate utilization

18  by Sala of any gains and/or losses in the preparation of his

19  tax returns.

20      Well, it is ambiguous.  To the extent that an

21  ambiguity might be resolved to any degree, frankly it would be

22  resolved in Mr. Sala's favor.

23      Now it never hurts to go to the source, the font of

24  the Federal Rules of Evidence.  Rule 102 says that, "These

25  rules shall be construed to secure fairness in the

1   administration, elimination of unjustifiable expense and delay

2   and promotion of growth and development of the law of evidence

3   to the end that the truth may be ascertained and proceedings

4   justly determined."

5          Frankly, this February 27 letter does not meet that

6   overarcing goal of the Federal Rules of Evidence.

7          Drilling deeper, of course, is the question as to

8   whether anything referenced by Mr. Fischer attributable to

9   Mr. Krieger constitutes a statement against interests under

10  Rule 804(b)(3).  Beginning with the predicate that any

11  statement attributable to Mr. Krieger is ambiguous, it is very

12  difficult to determine that it meets the test of that rule.

13         I know the government can indict a ham sandwich, but I

14  would be shocked that the government would indict Mr. Krieger

15  based upon any information contained within this February 27

16  letter.  Now whether or not there's substance behind that

17  vis-a-vis 18 U.S.C. 1001 or otherwise affecting Mr. Krieger, I

18  can't determine that.

19         It is a stringent rule.  The statement has to be so

20  far contrary to the declarant's pecuniary or proprietary

21  interest.  There's no indication that it is in any way contrary

22  to his pecuniary or proprietary interest.  Or so far tended to

23  subject the declarant to civil or criminal liability.  The

24  ambiguity certainly doesn't meet that high hurdle.  Or to

25  render invalid a claim by the declarant against another.  There

1    is no such claim by Mr. Krieger against any other indicated.

2    That a reasonable person in the declarant's position would not

3    have made the statement unless believing it to be truth.

4           The letter simply doesn't meet this standard.   The

5    hurdle, frankly, is even higher under Rule 807, because if not

6    covered under Rule 803 or 804, there has to be equivalent

7    circumstantial guarantees of trustworthiness.   It doesn't meet

8    that standard either.   And that rule is even more restrictive

9    in that (a) the statement is offered as evidence of a material

10   fact.   Well, that may be, because profit motive versus tax

11   incentive is indeed a material fact in this case, but it has to

12   be more probative on the point for which it is offered than any

13   other evidence which the proponent, in this case the

14   government, can procure through other reasonable efforts.

15          The government is well armed in this case, and

16   obviously, being no shrinking violet and armed with the

17   artillery that it has, I think will have sufficient evidence in

18   this case to make it a close case.   So (b) is not met here.

19          And (c), of course, segues with Rule 102:   The general

20   purposes of these rules and the interests of justice will best

21   be served by admission of a statement into evidence.   Given its

22   ambiguity, it's frankly lack of trustworthiness, the cloud

23   under which it is proffered, indeed to admit it would be 180

24   degrees contrary to that admonition in 807(c).

25          So you can mark the exhibit, and it will be tendered